SWAIN, S.

# 05 CV 5231

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

          v.

AMERINDO INVESTMENT ADVISORS INC.,
ALBERTO WILLIAM VILAR, and GARY ALAN
TANAKA,

          Defendants.

## JUDGE SWAIN

05 Civ.    (   )

**[PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING
ORDER AND ORDER APPOINTING A RECEIVER AND GRANTING OTHER
RELIEF**

Upon the application of the plaintiff United States Securities and Exchange

Commission ("Commission") for an order:

1.      Directing defendant Amerindo Investment Advisors Inc. ("Amerindo") (the

"Defendant") to show cause why an order should not be entered pending

adjudication of this action: (a) preliminarily enjoining Amerindo from violating

Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a),

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections

206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers

Act"), 15 U.S.C. § 80b-1 et seq.; (b) appointing a temporary receiver for

Amerindo; (c) requiring Amerindo to provide an accounting; and (d) preventing

Amerindo from destroying, concealing, or altering any books, records, documents, electronic data or computer files;

2.      Pending adjudication of the relief described in paragraph 1 above, (a) temporarily restraining Amerindo from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act, (b) appointing a temporary receiver for Amerindo; (c) requiring Amerindo to provide an accounting; (d) preventing Amerindo from destroying, concealing, or altering any books, records, documents, electronic data or computer files; and

3.      Upon the Commission's Complaint, the Declaration of Elzbieta Wraga, and the exhibits thereto, and the Memorandum of Law submitted by the Commission in support of its Application for Order to Show Cause, Temporary Restraining Order, Appointment of a Receiver and Other Relief, due consideration having been had thereon.  Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein in that the Commission has made a sufficient and prima facie showing that:

(i)      Amerindo has violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act as charged in the Complaint;

(ii)     there is a likelihood that these violations will continue unless restrained and enjoined;

(iii)    the appointment of a temporary receiver is necessary to:  (i) preserve the status quo, (ii) liquidate assets held by Amerindo to prevent the diminution

2

of the value of those assets, (iii) ascertain the true financial condition of Amerindo, and the disposition of clients' funds, (iv) prevent the further misappropriation or misuse of the property and assets by Amerindo, and (v) prevent the encumberance or disposal of property or assets of Amerindo.

(iv)     that a Temporary Restraining Order restraining Amerindo from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act, prohibiting the destruction, concealment or alteration of documents, electronic data and computer files, and requiring Amerindo to provide an accounting, is necessary to preserve the status quo.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED,** pending a hearing and determination of the Commission's Application for Preliminary Injunction, Amerindo, and its principals, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale, or in connection with the purchase or sale, of any security, or while acting as an investment adviser, by the use of any means or instrument of transportation or communication in, or any instrumentality of, interstate commerce, or of the mails, or of any facility of any national securities exchange:

1.     employing any device, scheme, or artifice to defraud;

3

2.      obtaining any money or property by means of, or otherwise making, any

untrue statement of a material fact or omitting to state a material fact

necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading; or

3.      engaging in any act, transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser, the

advisory client, or any other person; or

4.      engaging in any act, practice, or course of business which is fraudulent,

deceptive, or manipulative,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and

Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act.

## II.

**IT IS FURTHER ORDERED,** that Amerindo, and any person or entity acting at

its direction or on its behalf are restrained from destroying, altering, deleting or

concealing any documents, including electronically stored information, in the possession,

custody, or control of Amerindo, its principals, agents, employees, servants, accountants,

banks, and attorneys, that relate, directly or indirectly, to the allegations of the Complaint

herein.  This paragraph applies to all forms of information, including but not limited to,

information stored on computer memory or posted on, made available in, or sent or

received through, electronic mail, the World Wide Web, Internet news groups, electronic

bulletin board systems, online interactive conversational spaces or chat rooms, classified

advertising sections of any online services, fax-back services, or in any other location

accessible by modem communications.

## III.

**IT IS FURTHER ORDERED,** that Amerindo file with this Court and serve upon the Commission, within five (5) business days, a verified written accounting, signed on behalf of Amerindo under penalty of perjury, listing and describing: (a) all assets, liabilities, and property currently held, directly or indirectly, by or for Amerindo's benefit, describing each asset and liability, its location and amount; (b) all money, property, assets, or other income received by Amerindo, or for its direct or indirect benefit, from January 1, 2000 to the date of its accounting, describing the source, amount, disposition and location of each of the items listed; (c) all money, property, or assets transferred to Amerindo by clients from January 1, 2000 to the date of its accounting, describing the source, amount, disposition and location of each of the items listed; (d) all money, property, and assets transferred by Amerindo to any person or entity from January 1, 2000 to the date of its accounting, describing each asset transferred, its value, the person or entity to which it was transferred and the present location of such asset; (e) the names and addresses of all Amerindo clients, and individuals and entities for whom Amerindo, Alberto William Vilar ("Vilar") or Gary Alan Tanaka ("Tanaka") maintained and/or exercised discretionary authority over their securities transactions or accounts; and (f) the names and last known addresses of all banks, brokers, insurance companies, bailees, debtors, trustees, custodians, or other persons or entities currently holding assets belonging to or for the benefit of Amerindo.

## IV.

**IT IS FURTHER ORDERED,** that pending further order of this Court,

_____, Esq. be, and hereby is, appointed to act as temporary receiver for

defendant Amerindo.  The temporary receiver is hereby empowered to:

A.     take and retain immediate possession, custody, and control of all assets

and property and the books and records of original entry of Amerindo;

B.     take all steps he deems necessary to secure and protect the assets and

property of Amerindo, including but not limited to the premises, files, and

information systems;

C.     engage and employ persons, in his discretion, to assist him in carrying out

his duties and responsibilities hereunder, including accountants, attorneys,

registered investment advisers, and experts;

D.     acquire and retain all rights and powers which Amerindo has to manage,

control, operate and maintain its businesses (including, but not limited to,

the power to direct, hire, suspend, and terminate personnel), and to

possess, receive, or use income, earnings, rents, and profits with full

power to commence, maintain, defend or participate in legal proceedings,

to sue for, collect, receive and take into possession all goods, chattels,

rights, general intangibles, choses in action, credits, monies, effects, lands,

books and records of account, and other papers, including exclusive

authority to make expenditures on behalf of Amerindo, with a view to

preventing loss, damage, and injury to public investors, and preserving

assets and the records of Amerindo;

E.     The temporary receiver shall have the power to open and close bank

accounts, securities accounts and commodities accounts; to purchase or

sell securities and commodities contracts in any such account of

Amerindo;  to honor client requests for redemptions or to otherwise

transfer funds and accounts away from Amerindo; and to execute checks

or otherwise disburse money from those bank or securities accounts of

Amerindo to pay its obligations in the normal course of business;

F.     if appropriate, file for relief and protection under the Federal Bankruptcy

Code, on behalf of Amerindo, after notice to all parties in this action;

G.     report to the Court and the parties within 30 days, the following

information for Amerindo:

    1.     The amount of cash on hand;

    2.     The amounts remaining due or owed as of the close of business on

         May 31, 2005 to Amerindo clients;

    3.     Any other monthly income and expenses of Amerindo; and

    4.     Whether a bankruptcy filing is appropriate for Amerindo.

H.     report to the Court and the parties by July 15, 2005, subject to such

reasonable extensions as the Court may grant, the following information

for Amerindo:

    1.     all assets, liabilities, money, funds, securities, and real or personal

         property currently held directly or indirectly by or for the benefit

         of Amerindo and each of its controlled, related or affiliated

         entities, including, but not limited to, bank accounts, brokerage

         accounts, investments, business interests, and real and personal

property, wherever situated, identifying and describing each asset and liability, its current location and amount;

2. all money, assets, funds, securities, and real or personal property received by Amerindo for Amerindo's direct or indirect benefit, at any time from January 1, 2000, to the date of the accounting, describing the source, amount, disposition and current location of each of the items listed;

3. all money, assets, funds, securities, and real or personal property disbursed by Amerindo for the direct or indirect benefit of Vilar or Tanaka, at any time from January 1, 2000, to the date of the accounting, describing the source and recipient, amount, and date of disbursement of each of the items listed;

4. the names, last known addresses, and account-identifying information of all financial institutions, bailees, creditors, and other persons and entities that are currently holding any money, assets, funds, securities, real or personal property for the direct or indirect benefit of Amerindo; and

I. take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction:

A.    Amerindo and each of its creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against Amerindo, without first seeking leave from this Court, with at least twenty-four (24) hours notice to the Commission.  Leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action; and

B.    no creditor of or claimant against Amerindo, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets transferred to the temporary receiver under this Order, nor interfere in any way with the exclusive jurisdiction of this Court over the receivership estate.

**VI.**

**IT IS FURTHER ORDERED,** that Amerindo show cause, if there be any, to this Court at _____ __.m. on the ____ day of June, 2005, in Room ____ of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order preliminarily enjoining it from committing further violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act, and why all other relief granted

9

by this Order should not be extended until the final determination of this action on the merits.

## VII.

**IT IS FURTHER ORDERED,** that all papers responding to this Order to Show Cause shall be filed not later than 4:00 p.m. on June ____, 2005.  Service on the Commission shall be made by (a) delivering such papers by hand or by fax to the Northeast Regional Office of the Commission at 3 World Financial Center, 4th Floor, New York, New York 10281, attention Paul Gizzi, Esq.  Service by fax shall be made to 212-336-1317.  The Commission shall have until 4:00 p.m. on June ____, 2005, to serve and file reply papers upon any party serving responsive papers by fax or by overnight mail.

## VIII.

**IT IS FURTHER ORDERED,** that service of this Order and supporting papers and all pleadings and papers to be served in this action, including subpoenas to non-parties, but not including the Summons and Complaint, may be made personally, by overnight courier, by telecopy, or by such other means as the Court may direct by further order.

## IX.

**IT IS FURTHER ORDERED,** that the Commission cause a copy of this Order

to Show Cause, and of the papers upon which it was granted, to be served upon

Amerindo by 5:00 p.m. on _____ ____, 2005.

Issued at _____ _.m., at New York, New York, this ___ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

11