USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/03/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC.,
ALBERTO WILLIAM VILAR, and GARY ALAN
TANAKA,

   Defendants.

05 Civ. 5231 (LTS)

# [PROPOSED] PRELIMINARY INJUNCTION ORDER AND ORDER TO APPOINT A MONITOR FOR AMERINDO AND TO CONDUCT AN EXAMINATION OF CLIENT ACCOUNTS

Upon the application of the plaintiff United States Securities and Exchange Commission ("Commission") for a preliminary injunction and an order appointing a monitor for Amerindo Investment Advisors Inc. ("Amerindo") and to conduct an examination of client accounts:

## I.

**IT IS HEREBY ORDERED,** that Amerindo, and its principals, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are preliminarily enjoined from, directly or indirectly, singly or in concert, in the offer or sale, or in connection with the purchase or sale, of any security, or while acting as an investment adviser, by the use of any means or instrument of transportation

*copies given Counsel of record 6/2/05*
*Chambers of Judge Swain*

or communication in, or any instrumentality of, interstate commerce, or of the mails, or of any facility of any national securities exchange:

1. employing any device, scheme, or artifice to defraud;

2. obtaining any money or property by means of, or otherwise making, any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, the advisory client, or any other person; or

4. engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4), pursuant to Rule 206(4)-2(a) of the Investment Advisers Act of 1940.

## II.

**IT IS HEREBY ORDERED,** that Amerindo, and any person or entity acting at its direction or on its behalf are restrained from destroying, altering, deleting or concealing any documents, including electronically stored information, in the possession, custody, or control of Amerindo, its principals, agents, employees, servants, accountants, banks, and attorneys, that relate, directly or indirectly, to the allegations of the Complaint herein. This paragraph applies to all forms of information, including but not limited to,

information stored on computer memory or posted on, made available in, or sent or received through, electronic mail, the World Wide Web, Internet news groups, electronic bulletin board systems, online interactive conversational spaces or chat rooms, classified advertising sections of any online services, fax-back services, or in any other location accessible by modem communications.

### III.

**IT IS FURTHER ORDERED,** that pending further order of this Court, ~~Robert Knuts~~ [handwritten], Esq. be, and hereby is, appointed to act as a monitor for defendant ~~Amerindo.~~ The monitor is hereby empowered to:

[handwritten margin note: Effective upon the Monitor's service and filing with the Court of his written acceptance of the appointment,]

A. have full and complete immediate access to the books and records of Amerindo;

B. have the full and complete ability to interview all Amerindo principals, officers, employees, agents, consultants, or anyone who is otherwise associated with Amerindo, including employees at Amerindo Investment Advisers, Inc.(Panama), Amerindo Advisors (U.K.) Limited, and Amerindo Investment Advisors (Cayman) Limited, who conduct investment advisory business with Amerindo;

C. in consultation with Amerindo's Investment Committee, monitor purchases or sales of securities and commodities contracts in any client account of Amerindo, and if necessary, to engage and employ persons, in his discretion, to assist him in carrying out his duties and responsibilities hereunder, including a registered investment adviser;

3

D.     in consultation with Amerindo's Investment Committee, have the power to review and monitor instructions to custodians for securities or bank accounts controlled by Amerindo or over which Amerindo, or its principals, officers, employees or agents, have discretionary authority;

E.     have the power to review and monitor client requests to purchase, sell, transfer or redeem any securities or funds in accounts for which Amerindo serves as an investment adviser, or over which any Amerindo principals, officers, employees or agents exercise discretionary authority;

F.     have the power to review and monitor bills or invoices sent to Amerindo and any expenditures that Amerindo intends to make;

G.     determine the names and addresses of all Amerindo clients, and how their funds were invested by Amerindo, including but not limited to the amount of funds they had invested as of December 31, 2004, the type of investments held, where their investments were custodied, and who had discretionary authority over their accounts;

H.     determine the names of all individuals and entities owning securities accounts or initiating securities transactions over which Amerindo, Alberto William Vilar ("Vilar"), Gary Alan Tanaka ("Tanaka") or any other Amerindo employee have maintained and/or exercised discretionary authority, how these individuals' and entities' funds were invested, including but not limited to the amount of funds they had invested as of December 31, 2004, the types of investments they held, where their

investments were custodied, and who maintained discretionary authority over the account;

I. determine the relationship between or among Amerindo, Amerindo Investment Advisers, Inc. (Panama), Amerindo Advisors (U.K.) Limited, and Amerindo Investment Advisors (Cayman) Limited;

J. determine the location and amount of all assets, liabilities, and property currently held, directly or indirectly, by or for Amerindo's benefit;

K. determine the source, amount, disposition and location of all money, property, assets, or other income received by Amerindo, or for its direct or indirect benefit, from January 1, 2002 to the present;

L. determine the source, amount, disposition and location of all money, property, or assets transferred from clients to Amerindo from January 1, 2002 to the present;

M. determine all money, property, and assets transferred by Amerindo to any person or entity from January 1, 2002 to the present, including each asset transferred, its value, the person or entity to which it was transferred and the present location of such asset;

N. determine the names and last known addresses of all banks, brokers, insurance companies, bailees, debtors, trustees, custodians, or other persons or entities currently holding assets belonging to or for the benefit of Amerindo;

O. identify all money, assets, funds, securities, and real or personal property disbursed by Amerindo for the direct or indirect benefit of Vilar, Tanaka,

or any of their beneficiaries, including Renata Tanaka, at any time from January 1, 2002 to the present, describing the source and recipient, amount, and date of disbursement of each of the items listed; and

P. have the ability to apply to the Court for an Order compelling compliance with this Order or seeking modification of this Order.

## IV.

**IT IS FURTHER ORDERED** that Amerindo shall pay, upon approval of this Court as set forth below, the reasonable costs, fees and expenses of the monitor incurred in connection with the performance of his respective duties described herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the monitor to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses of the monitor and those employed by him shall be made by application to the Court, with notice to Amerindo and an opportunity to be heard, setting forth in reasonable detail the nature of such costs, fees and expenses.

## V.

**IT IS FURTHER ORDERED** that the monitor and all persons who may be engaged or employed by the monitor to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the monitor or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the monitor or such other person in bad faith acted or omitted to act. This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the monitor and any other person who may be engaged or

employed by the monitor hereunder, even if such claims are filed after the termination of any such agreement.

Amerindo shall indemnify, defend and hold harmless the monitor and his law firm and his or its agents, employees, consultants, successors, and assigns, from and against all actions (pending or threatened and whether at law or in equity in any forum), liabilities, damages, losses, costs, and expenses, including but not limited to reasonable attorneys' and other professionals' fees, arising from conduct or omission of the monitor or his law firm or his or its agents, employees, and consultants under the terms of this Order.

## VI.

**IT IS FURTHER ORDERED** that, subject to all rights and privileges available under the law, Amerindo, its principals, officers, directors, agents, servants, employees, and attorneys-in-fact, shall:

A. provide to the monitor all information in its possession, custody or control, requested relating to the past and present operations, activities and condition of Amerindo and shall take no action, directly or indirectly, to hinder, obstruct, delay or otherwise interfere in any manner with the actions of the monitor or any other person engaged or employed by the monitor to assist him in carrying out his duties and obligations herein; and

B. provide to the monitor forthwith access to and a written description and the location of all of the following documents which it has within its current possession, custody or control:

1) all lists, files and data bases of Amerindo's purchases and sales of securities and other assets to clients covering the period from January 1, 2002 to the present, and

2) all accounting and financial books and records of original entry and, as requested by the monitor, all supporting documentation and the names of all persons making entries in each such book or record.

Issued at 5:00 pm., at New York, NY this 3d day of June, 2005

_____
UNITED STATES DISTRICT JUDGE
LAURA TAYLOR SWAIN