Eugene Licker (EL-0334)
Paula K. Colbath (PC-9895)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendant
Amerindo Investment Advisors Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
SECURITIES AND EXCHANGE                                  :
COMMISSION,                                              :
                                                         :
                Plaintiff,                               :
                                                         :      **ANSWER OF DEFENDANT AMERINDO**
        -against-                                        :      **INVESTMENT ADVISORS INC.**
                                                         :
AMERINDO INVESTMENT ADVISORS                             :
INC., ALBERTO WILLIAM VILAR, and                         :
GARY ALAN TANAKA,                                        :
                                                         :
                Defendants.                              :
-------------------------------------------------------- X

    Defendant Amerindo Investment Advisors Inc. ("Amerindo"), by its attorneys, Loeb & Loeb LLP, for its answer to the complaint, states as follows:

    1.  Defendant Amerindo neither admits nor denies the allegations in the first sentence of paragraph 1, which purport to state conclusions of law or statements of relief sought by Plaintiff as to which no response is required, and denies the allegations in the second sentence of paragraph 1.

    2.  Denies knowledge or information sufficient to form a belief as to the truth allegations in paragraph 2, except denies that Amerindo served as the investment adviser to client L.C., that L.C. made any request of Amerindo, that Amerindo provided L.C. an account

statement, that Amerindo refused to transfer her investment and that Amerindo misappropriated L.C.'s funds for its own business and personal purposes.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 except denies that Amerindo instructed L.C. to wire money to a brokerage account.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 5, except admits that the SBA never approved a license for the Amerindo Venture Fund LP.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 except denies that Amerindo ignored requests by L.C. that Amerindo redeem her investment in the SBIC fund.

7. Admits, on information and belief, the allegations in paragraph 7 except denies that they have both been incarcerated since May 26 and have been unable to continue to run Amerindo.

8. Admits the allegations in paragraph 8 except denies that any Amerindo client has inquired about the safety and custody of their funds and securities.

9. Defendant Amerindo neither admits nor denies the allegations in paragraph 9, which purport to state conclusions of law or statements of relief sought as to which no response is required, except admits that other than Vilar and Tanaka there is not an individual at Amerindo with full decision-making authority and denies the implicit allegations that clients have expressed concerns and that Amerindo holds funds and investments on behalf of its clients.

10. Denies the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendant Amerindo neither admits nor denies the allegations in paragraph 13, which purport to state conclusions of law or statements of relief sought as to which no response is required.

14. Defendant Amerindo neither admits nor denies the allegations in paragraph 14, which purport to state conclusions of law or statements of relief sought as to which no response is required.

15. Defendant Amerindo neither admits nor denies the allegations in paragraph 15, which purport to state conclusions of law or statements of relief sought as to which no response is required.

16. Defendant Amerindo neither admits nor denies the allegations in paragraph 16, which purport to state conclusions of law or statements of relief sought as to which no response is required.

17. Defendant Amerindo neither admits nor denies the allegations in paragraph 17, which purport to state conclusions of law or statements of relief sought as to which no response is required, except admits that Amerindo maintains a place of business in New York, New York, and denies that Amerindo misappropriated investor funds for personal use from an account at a broker-dealer in New York, New York.

18. Denies the allegations in paragraph 18, to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admits that Vilar is Chief Executive Officer of Amerindo.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that Tanaka is Executive Vice-President of Amerindo.

21. Admits the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 except denies the implicit allegation that L.C. had investments with Amerindo.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Admits the allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 except refers to the contents of the notice posted n the SBA website for the contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 except denies that Amerindo directed L.C. to transfer funds.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 except denies that the AMI Account was an Amerindo-affiliated account.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 except refers to the contents of the notice posted n the SBA website for the contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 except denies that Amerindo directed L.C. to transfer funds.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 except denies that the AMI Account was an Amerindo-affiliated account.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 except denies the implicit allegation that L.C. had an Amerindo account.

59. Admits, on information and belief, the allegations in paragraph 59 except denies that they have both been incarcerated since May 26 and have been unable to continue to run Amerindo.

60. Admits the allegations in paragraph 60 except denies that any Amerindo client has inquired about the safety and custody of their funds and securities.

61. Defendant Amerindo neither admits nor denies the allegations in paragraph 61, which purport to state conclusions of law or statements of relief sought as to which

no response is required, except admits that other than Vilar and Tanaka there is not an individual at Amerindo with full decision-making authority and denies the implicit allegations that clients have expressed concerns and that Amerindo holds funds and investments on behalf of its clients.

62. Defendant Amerindo repeats and realleges its responses to paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. Denies the allegations in paragraph 63 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

64. Denies the allegations in paragraph 64 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64.

65. Denies the allegations in paragraph 65 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65.

66. Denies the allegations in paragraph 66 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66.

67. Defendant Amerindo repeats and realleges its responses to paragraphs 1 through 67 with the same force and effect as if fully set forth herein.

68. Denies the allegations in paragraph 68 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69. Denies the allegations in paragraph 69 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70. Denies the allegations in paragraph 70 to the extent it sets forth allegations about Amerindo and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

71. Defendant Amerindo repeats and realleges its responses to paragraphs 1 through 70 with the same force and effect as if fully set forth herein.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. Denies the allegations in paragraph 74.

75. Defendant repeats and realleges its responses to paragraphs 1 through 74 with the same force and effect as if fully set forth herein.

76. Defendant Amerindo makes no response to the allegations in paragraph 76, as said allegations and claims are made against Defendants Vilar and Tanaka.

77. Defendant Amerindo makes no response to the allegations in paragraph 77, as said allegations and claims are made against Defendants Vilar and Tanaka.

78. Defendant Amerindo makes no response to the allegations in paragraph 78, as said allegations and claims are made against Defendants Vilar and Tanaka.

79. Defendant Amerindo repeats and realleges its responses to paragraphs 1 through 78 with the same force and effect as if fully set forth herein.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Defendant Amerindo repeats and realleges its responses to paragraphs 1 through 82 with the same force and effect as if fully set forth herein..

84. Defendant Amerindo makes no response to the allegations in paragraph 84, as said allegations and claims are made against Defendants Vilar and Tanaka.

85. Defendant Amerindo makes no response to the allegations in paragraph 85, as said allegations and claims are made against Defendants Vilar and Tanaka.

86. Defendant Amerindo makes no response to the allegations in paragraph 86, as said allegations and claims are made against Defendants Vilar and Tanaka.

### FIRST DEFENSE

87. The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

88. The complaint, and each claim therein, is barred (in whole or in part) by the doctrines of waiver, estoppel, ratification and/or acquiescence.

### THIRD DEFENSE

89. Plaintiff's complaint fails to allege that Defendant Amerindo acted with the requisite scienter.

WHEREFORE, Defendant Amerindo Investment Advisors Inc. demands judgment as follows:

    A. Dismissing Plaintiff's complaint in its entirety;

    B. Denying any and all of Plaintiff's claims for relief;

    C. Granting Defendant Amerindo Investment Advisors Inc. its costs, disbursements, and attorneys' fees incurred in this action; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 19, 2005

                                      Loeb & Loeb LLP

                                      By: _____
                                      Eugene Licker (EL-0334)
                                      Paula Colbath (PC-9895)
                                      345 Park Avenue
                                      New York, New York 10154-0037
                                      212-407-4000

                                      Attorneys for Defendant
                                      Amerindo Investment Advisors Inc.

TO: Mark K. Schonfeld, Esq.
Regional Director
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-0077

Wilson Sonsini Goodrich & Rosati
12 East 49th Street, 30th Floor
New York, New York 10017
(212) 999-5804
Attorneys for Defendant Gary Alan Tanaka

Kobre & Kim LLP
888 Seventh Avenue
New York, New York 10106
(212) 488-1200
Attorneys for Defendant Gary Alan Tanaka

Hoffman & Pollok LLP
260 Madison Avenue
New York, New York 10016
(212) 679-2900
Attorneys for Defendant William Vilar

11