

**LOEB & LOEB LLP**

EUGENE R. LICKER

345 Park Avenue
New York, NY 10154-1895

Direct  212.407.4157
Main    212.407.4000
Fax     646.219.7454
elicker@loeb.com

Via E-Filing

March 23, 2006

Hon. Laura Taylor Swain
United States District Judge
United States District Court
40 Centre Street
Room 1205
New York, NY 10007

Re: S.E.C. v. Amerindo et al., 05-Cv.-5231 (LTS)

Dear Judge Swain:

    We represent Amerindo Investment Advisors Inc., a California corporation (referred to by the SEC as "Amerindo US"), one of the defendants in the above action, and write in response to the March 20, 2006 letter of Paul Gizzi, Esq., on behalf of the SEC. While, as I have made clear to the Court on other occasions in this case, I have the greatest respect for the SEC and its representatives, Mr. Gizzi's request for relief from this Court, without benefit of any form of evidentiary proof or even formal (or informal, for that matter) motion practice, is highly unusual and, with all respect, should be denied.

    As your Honor knows, on December 9, 2005, the parties appeared before your Honor and, among other things, agreed on a set of circumstances that led the Court to relieve Mr. Knuts of his responsibilities as Monitor for Amerindo US. Mr. Knuts had completed the tasks assigned him by this Court and submitted a report, in which he confirmed that Amerindo US had terminated its advisory contracts with all of its former clients, that Amerindo US never had custody of those clients' funds and therefore had nothing to return to the clients, and that no client reported any losses due to the kind of conduct described in the SEC complaint. I, on behalf of Amerindo US, confirmed that it had no intention of re-entering the advisory business. As to the latter point, the SEC requested, and Amerindo US agreed, that a mechanism be put into place whereby the SEC would be notified in the unlikely event that circumstances changed and Amerindo US decided to re-enter the advisory business.[1]  The SEC undertook to draft such a stipulation.

---

    [1]  In referring to Amerindo US, I refer only to the entity that I represent and in its current condition. Its principals have been charged with crimes but convicted of nothing. Depending on the final resolution of these matters, they may very well wish to re-enter the business and may wish to do so through the vehicle of what was Amerindo US. These comments are not intended to prejudice that possibility.

Los Angeles   New York   Chicago   Nashville   www.loeb.com

A limited liability partnership including professional corporations



Without benefit of supporting declaration, analysis, or even motion, the SEC has sought greater relief from this Court than that which Amerindo US agreed to provide. In Article IV of the proposed Order, the SEC has asked this Court to order Amerindo US to notify the SEC "prompt[ly]," in the event that any person or entity contacts a long list of people (whether or not Amerindo US is aware of such contact) about an account that the contacting person or entity "believes" (whether or not the contacting party expresses such belief) "may be an investment, with or in" a list of nine entities and persons, only one of which is Amerindo US. Presumably, the "support" for this intrusive (and impossible) relief is Mr. Gizzi's comment in his covering letter (page 1) that "[t]he Commission has spoken with a number of investors who indicated that 'Amerindo' was acting as their investment advisor, and they have questions about their accounts."

As I told Mr. Gizzi at the time he initially proposed, and I objected to, this provision, there are a number of reasons why it is unworkable and unwarranted and therefore unwise. First, as drafted, Amerindo US would have the responsibility to notify the SEC if, for example, a former employee is contacted, whether or not that former employee passed the information on to anyone else. Moreover, Amerindo would have the responsibility to notify the SEC if a person initiated a contact about an account that person believed to be an account "with or in" the long list of entities, even if the person does not make that clear. Amerindo is supposed to provide the SEC notice of "any written or oral communication," presumably including any telephone call, voice mail, e-mail, or even a shout across a crowded avenue. The request is, with all respect, unworkable.

Second, the request is unwarranted. While I have known Mr. Gizzi for many years and have no doubts about the good faith of the representation he included in his letter, the devil is always in the details, and Mr. Gizzi's comment is devoid of details. At the outset of this matter, I know that I, as well as my client, and presumably the SEC as well, received numerous inquiries from troubled investors (with accounts managed by entities _other than_ my client). In each case my client and I referred the inquirer to the person whom we believed to be the proper party. All written contacts were provided to the Monitor. After several months, those inquiries trickled down to a very few and have now disappeared almost entirely. I made clear to Mr. Gizzi that in the event any persons or entities contacted me with Amerindo-related questions or comments, I would be glad to refer them to Mr. Gizzi. In light of the above, the SEC's requested relief is unwarranted.

As a result, the requested relief is unwise. Since it is unworkable, in the event that inquiries are made, it is absolutely inevitable that Amerindo US will find itself in unwitting contempt of this Court's order, a position that no litigant (or anyone else) wants to or should be forced to assume. Since it is unwarranted, the damage to Amerindo US done by such a result would not be offset by any measurable benefit to the SEC. Amerindo US thus respectfully requests that the Court strike Article IV from the proposed order. In the event that the Court is not inclined to deny the SEC's request at this juncture, Amerindo US would request that the Court direct the SEC to make a formal motion, providing the requisite factual and legal support.



One final matter. The proposed order tracks language in the extant order to the effect that Amerindo US is required to preserve information relevant to the (now Amended) Complaint. Amerindo US has done so and will undertake to do so going forward. As your Honor may know, Amerindo US has relinquished its office space, and the files (other than those seized by the government) are being held by this law firm. Some very limited materials that were seized have been returned by the Postal Inspectors as being beyond the scope of the search warrant, and the Assistant United States Attorney in charge of the case has given us permission to return to their owners personal items found in the former offices of Amerindo US. While the extant order, and the proposed order, are somewhat vague as to the materials that Amerindo US is required to preserve, we would appreciate clarification from your Honor that materials that are purely personal (clothing, personal correspondence not touching on investment activities and not involving persons named in the Amended Complaint, personal photographs) are not included within the preservation order. We would interpret this to pertain only to such materials that the AUSA has given his permission for us to return to their owners.

We are, of course, available to discuss these matter with the Court should your Honor so desire.

Respectfully submitted,

Eugene R. Licker

cc: Paul G. Gizzi Esq.
Glenn C. Colton Esq.
Robert R. Leinwand, Esq.
Steven Kobre, Esq. (all by e-filing)