UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : ECF Case |
| AMERINDO INVESTMENT ADVISORS INC., <br> AMERINDO INVESTMENT ADVISORS, INC., <br> AMERINDO ADVISORS UK LIMITED, <br> AMERINDO MANAGEMENT INC., <br> AMERINDO TECHNOLOGY GROWTH FUND, INC. <br> AMERINDO TECHNOLOGY GROWTH FUND II, INC. <br> TECHNO RAQUIA, S.A., <br> ALBERTO W. VILAR, and <br> GARY ALAN TANAKA, | : 05 Civ. 5231 (LTS)(DFE) |
| Defendants. | : |

---

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO FILE UNDER SEAL AND STAY THE PROCEEDING

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this memorandum of law in opposition to Defendant Amerindo Investment Advisors Inc.'s ("Amerindo US") motions to file the Declaration of Eugene R. Licker (the "Licker Declaration") under seal and to stay the proceeding as to Amerindo US.[1]

### BACKGROUND

The SEC instituted this securities enforcement action in June 2005 and filed an amended complaint (the "Amended Complaint") in November 2005. See Declaration of

---

[1] The SEC does not oppose Mr. Licker's motion to withdraw as counsel for Amerindo US from this proceeding.

Mark D. Salzberg ("Declaration") at Ex. 1. In December 2005, Your Honor granted a motion from the United States Attorney's Office (the "USAO") to stay discovery in this action, which continued until the conclusion of the parallel criminal trial, United States v. Vilar, 05 Cr. 621 (RJS).[2] See Declaration at Ex. 2 (Docket Entry 67). Defendants Alberto W. Vilar and Gary Alan Tanaka were subsequently convicted on twelve and three counts, respectively. See Declaration at Ex. 3 (Docket Entries 11/19/09). In an April 15, 2010 Order, Your Honor lifted the stay in this action and ordered the defendants to respond to the Amended Complaint. See Declaration at Ex. 4.

The SEC staff met with Mr. Licker, counsel to Amerindo US on June 3, 2010. See Licker Declaration ¶ 29. On June 4, 2010, Mr. Licker served the SEC with the motions discussed herein. As is set forth below, the staff opposes the motion to file the Licker Declaration to file under seal as well as the motion to stay the action with respect to Amerindo US.

## MOTION TO FILE UNDER SEAL

The United States Supreme Court has recognized the existence of a common-law right of access to judicial proceedings, which includes a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, 435 U.S. 589, 597-98 (1978). The justifications for this right include that citizens are entitled to monitor the work of "public agencies" and the press is entitled to publish information regarding the operation of government. Id. at 598.

---

[2]   Notwithstanding Mr. Licker's assertion that the "SEC then stayed its action pending the outcome of the criminal case," Amerindo US Memorandum of Law at 1, it was the USAO who moved to stay discovery in this action. See Declaration at Ex. 2 (Docket Entries 70-72)

2

Recognition of this right tends to promote both the fairness and integrity of court proceedings. Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508-09 (1984).

The Second Circuit has held that, upon a determination that a document is "relevant to the performance of the judicial function and useful in the judicial process," Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), the decision of whether or not to seal court records requires "weighing the importance of the presumption of public access, depending on the type of judicial function at issue, against the interests to be protected by sealing." Encyclopedia Brown Prods., Ltd. v. Home Box Office Inc., 26 F. Supp.2d 606, 610-11 (S.D.N.Y. 1998). Accordingly, a judge generally must "carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994); see also SEC v. Oakford Corp., 00 Civ 2426, 2001 WL 266996, *2 (S.D.N.Y Mar. 16, 2001) (the power to seal "should be exercised with great caution").

Here, Amerindo US has not made a particularized showing of the need to seal the Licker Declaration. Instead, it has offered a conclusory allegation that the declaration contains "confidential information regarding the financial and managerial structure" of Amerindo US and therefore should be filed under seal. Memo at 3. It is not clear, however, why the records of a now-defunct registered investment adviser – of which defendants and convicted felons Vilar and Tanaka were the co-founders and the sole directors and principals, Amended Complaint ¶¶ 14, 15, and which was a named defendant in this action - would need to be sealed from the public. Moreover, Mr. Licker's assertions that such disclosures would harm Amerindo US' former employees are, at best, speculative. See Memo at 3. Finally, the SEC respectfully asserts that, in

light of Mr. Licker's argument that the SEC action should be stayed with respect to Amerindo US, see infra, it is appropriate that all documents supporting such argument be designated as "public records" and made available to the public.[3]  See, e.g., United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995).  Accordingly, the SEC respectfully submits that Your Honor should deny Amerindo US' motion to file the Licker Declaration under seal.

## MOTION TO STAY

When considering whether or not to grant a stay, a court will typically consider factors including:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and the burden on the defendants; (3) the interests of the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

See SEC v. Chakrapani, 09 Civ. 325 (RJS), 2010 WL 2605819, at *10 (S.D.N.Y. Jun 29, 2010) (citing Volmar Distrib., Inc. v. N.Y. Post Co., 92 Civ. 2875 (WCC), 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

Here, the reasons for denying the stay are clear: this securities enforcement action was stayed for over four years due to the parallel criminal action and, as previously articulated to Your Honor, the SEC believes that it is now appropriate to expeditiously litigate the action to conclusion.  The staff thus respectfully asserts that it is not appropriate to further delay Amerindo US's obligation to respond to the Amended

---

[3]  On June 28, 2010, Your Honor issued an Order directing Amerindo US to file an additional submission no later than July 12, 2010, justifying its request to file the Licker Declaration under seal.  See Declaration at Ex. 5.  The SEC hereby respectfully requests the opportunity to make an additional submission in response thereto if appropriate.

4

Complaint. Moreover, the staff believes that it is in both the courts' and the public's interest to reach a final resolution of the allegations set forth in the Amended Complaint. As more fully set forth therein, the SEC has stated a number of allegations against Amerindo US, including that Vilar and Tanaka used the entity, along with the other Amerindo advisory entities (Amerindo Panama and Amerindo UK), as part of a common enterprise to defraud and deceive investors, Amended Complaint ¶¶ 23-26; and, ultimately, transferred over $20 million from brokerage accounts to fund Amerindo US' cash shortfalls, Amended Complaint ¶¶ 178-186.[4] Defendant Amerindo US' purported burden – namely, that Amerindo US' former employees will somehow be harmed if the SEC obtains a default judgment against the entity – is a speculative assertion that cannot form the basis of a decision to further delay this action. Accordingly, the SEC respectfully asserts that further delay is not warranted and the motion to stay the action as to Amerindo US should be denied.

---

[4] The Amended Complaint alleges that Amerindo US is a registered investment adviser that serviced numerous clients, including Amerindo Funds, Inc., a registered open-end investment company, with one outstanding series, the Amerindo Technology Fund, Inc, that had an aggregate net asset value of approximately $122 million as of January 31, 2005. Amended Complaint ¶ 8. The allegations concerning Amerindo US set forth in the Amended Complaint, however, do not pertain to the Amerindo Technology Fund or Amerindo US' pension plan clients; rather, they concern the defendants' – including Amerindo US' – defrauding of customers in other Amerindo-related investment vehicles, including the purported SBIC fund, the Guaranteed Fixed Rate Deposit Accounts and the Amerindo Technology Growth Fund. Amended Complaint ¶¶ 36-51, 73-157, 158-172. The fact that Amerindo US maintained a legitimate business that was not relevant to the other fraudulent activities set forth in the Amended Complaint does not somehow vitiate the other allegations concerning Amerindo US set forth in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, plaintiff hereby respectfully requests that the Court deny defendant Amerindo US' motions to file the Licker Declaration under seal and to stay the proceeding with respect to Amerindo US.

Dated: New York, New York
July 7, 2010

*/s/ Mark D. Salzberg*
Mark D. Salzberg (salzbergm@sec.gov)
Paul G. Gizzi (gizzip@sec.gov)
Attorney for the Plaintiff
Securities and Exchange Commission
3 World Financial Center
New York, New York  10281
Telephone (212) 336-0159

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 7, 2010, I electronically filed (1) PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO FILE UNDER SEAL AND STAY THE PROCEEDING and (2) DECLARATION OF MARK D. SALZBERG IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMSSION'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO FILE UNDER SEAL AND STAY THE PROCEEDING with the Clerk of this Court using the CM/ECF system, and am relying upon the transmission of the Clerk's Notice of Electronic Filing for service upon all parties of record in this action.

_/s/ Mark D. Salzberg_
Mark D. Salzberg