

D9 f

LAW OFFICES
# STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

425 PARK AVENUE
NEW YORK, NY 10022
www.stillmanfriedman.com

CHARLES A. STILLMAN
JULIAN W. FRIEDMAN
PAUL SHECHTMAN
SCOTT M. HIMES
MARJORIE J. PEERCE
JOHN B. HARRIS
JAMES A. MITCHELL
MICHAEL J. GRUDBERG
NATHANIEL Z. MARMUR

MARY MARGULIS-OHNUMA
NATHANIEL I. KOLODNY
ELIZABETH S. WEINSTEIN
DANIEL V. SHAPIRO
ERIK M. ZISSU

TELEPHONE
(212) 223-0200
FACSIMILE
(212) 223-1942

**VIA FACSIMILE**

July 14, 2011

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
40 Centre Street, Room 1205
New York, NY 10007-1581

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 19 JUL 2011

Re: SEC v. Amerindo Investment Advisors, Inc., et al.
05-CV-5231 (LTS) (S.D.N.Y.)

Dear Judge Swain:

Please be advised that I represent Paul Marcus and his family members, who own over 240,000 shares (out of a total outstanding of approximately 430,000) in Amerindo Technology Growth Fund, Inc., one of the named defendants in this action. Your Honor has previously granted me permission to participate in pre-trial conferences in this matter, and I appeared (along with Mr. Marcus himself) at the last conference in this matter held on December 10, 2010.

I am writing in response to the July 5 letter to the Court from Mark D. Salzberg, counsel for the SEC. In that letter, Mr. Salzberg asks for an adjournment until September 14, 2011 of the status conference now scheduled for July 29. Mr. Salzberg states that "[t]he parties are discussing a potential agreement pursuant to which the defendants would consent to the Department of Justice distributing a portion, but not all, of the forfeited Amerindo assets to all Amerindo investors ..." and goes on to request the adjournment "in order to provide time for the parties to continue the discussions...."

We respectfully request that Your Honor deny this request, and that the July 29 conference be held as scheduled in order to give all concerned persons the opportunity to express their positions. We believe that there are two reasons supporting our position.

First, the bulk of the assets at issue consist of cash and marketable securities that belong to funds that were managed by Amerindo Investment Advisors, Inc. We do not believe

LAW OFFICES
STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

that Messrs. Vilar and Tanaka have any claim to those funds, since we do not believe that they own shares in the entities to which the invested assets actually belong. If it is true, as we believe, that Messrs. Vilar and Tanaka do not have any claim to the underlying assets, then their consent should not be required as a prerequisite to any distribution. And if that is so, their withholding of such consent should not be permitted to block or delay this Court's disposition of the assets in question.

Second, even if the consent of Messrs. Vilar and Tanaka is required before the funds can be distributed, we believe that the history of the negotiations between the parties illustrates that Court intervention is necessary to protect the interests of the investors -- the innocent parties here. In his June 8, 2011 letter to Your Honor requesting the adjournment of the conference from June 15 to July 29, Mr. Salzberg stated that the staff of the SEC and the United States Attorney's Office "expect[ed] to promptly resume discussions with defendants' counsel concerning a 'global settlement' whereby the Department of Justice would distribute forfeited Amerindo assets to Amerindo investors." However, the emails and correspondence subsequent to that letter indicate that reaching such an agreement without Court intervention is unlikely.

The difficulty in reaching such an agreement is evidenced by emails exchanged between and among SEC counsel, counsel for the United States in the criminal matter, and Mr. Vilar's counsel at the end of last month. For example, in a June 21 email, counsel for Mr. Vilar stated that while Mr. Vilar wanted to pay the investors, "as his counsel I cannot agree to any 'final order of forfeiture' of all the funds you have now and have been de facto controlling." On the same day, counsel for the SEC wrote to Mr. Vilar's counsel stating that this position was "inconsistent with the position taken by your client before Judge Swain." Counsel for the United States elaborated as follows: "We clearly have a fundamental misunderstanding which must be addressed immediately. At the conference before Judge Swain in the SEC action, I outlined the procedure for returning investor funds while the appeal was pending and both Mr. Vilar's counsel in the SEC action and Mr. Tanaka acting pro se said they had no opposition to this procedure."

As for Mr. Tanaka, his letter to Your Honor dated June 6, 2011 states his view that "a transparent and responsible committee of appropriate interested parties" should "make any final recommendations of restitution, or otherwise, to the court." We do not know exactly what Mr. Tanaka meant by this statement. However, it is certainly not a consent to the distribution of Amerindo assets.

We respectfully submit that the above-referenced emails and correspondence demonstrate that no agreement has been reached regarding the distribution of the assets in question. We believe that the likelihood of reaching such an agreement in the future will be increased if the Court convenes the parties, requires them to report on the status of their negotiations, and -- if Your Honor deems it appropriate -- becomes personally involved in those discussions. We respectfully submit that there is no reason to allow another six weeks (from July 29 to the requested September 14 adjourn date) to pass without requiring the parties to report orally to the Court on the status of this matter. Each additional delay results in the likelihood of greater harm to the beneficial owners of the assets, which apparently are not being actively managed and may be deteriorating in value.

2

LAW OFFICES
**STILLMAN, FRIEDMAN & SHECHTMAN, P.C.**

Respectfully yours,

Julian W. Friedman

JWF:cn

cc: Mark D. Salzberg, Esq.
Sharon Levin, Esq.
Vivian Shevitz, Esq.
Robert Leinwand, Esq.
Victoria B. Eiger, Esq.
Mr. Gary Alan Tanaka