Gary A. Tanaka

Terminal Island FCI
P.O. Box 3007
San Pedro CA 90731

9 September 2011

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
40 Centre Street, Room 1205
New York NY 10007-1581

Re: SEC v. Amerindo Investment Advisors et al. 05-CV-5231(LTS)(S.D.N.Y.)

Dear Judge Swain,

I have some comments prompted by the submission of two lists of possible Amerindo investors by Ms. Sharon Levin from the files of Amerindo for our meeting on the 14th of this month. While these extensive lists are a useful starting point, they contain a myriad of names: clients, former clients (fully redeemed, or investors in other Amerindo investment vehicles), and non-clients (marketing contacts, brokers, associates). I should also point out the list from the files of Amerindo (UK) is dated over three years prior to the company closing, while second list appears to have been compiled from those direct inquiries to the SEC/DOJ in regards to prospective redemption procedures.

I will be pleased to assist in any blanket investigation of the persons and entities identified on the two lists, if this is proposed. I would endorse the requirement of any redemption applicant to include their latest Amerindo documents, as suggested-because all of our clients, even those with small holdings of our offshore fund ATGF would have their initial investment notification and receipts in their files, as well as information from us afterwards in regular quarterly fund reports with the net asset values.

Also, if I might point out at this time,
1) the restitution order amounts listed for the so-called "victims" should be checked to see if they account for the two approved payments ($150,000 + $250,000,1 believe) to the Mayers, and a late payment of $30,000 sent to Lecube-Chavez in the interval after her last statement which was the basis for the original SDNY calculation,
2) payment on the basis of 'last statement' would be appropriate and equitable for all of our fixed deposit investors, although I should mention that our account valuations were a compilation of the client principal investment combined with any interest accrued by the date of the statement included,
3) our ATGF investors should be redeemed on the basis of the last twice-monthly net asset value which would have been at the end of April 2005.

In looking ahead, the 'initial' redemption proposal should, most likely, result in a surplus remaining in the client asset portfolio. This could be maintained as a reserve to pay any valid delayed client claim submissions, pending the outcome of our criminal appeal being finalized before the Second Circuit.

Finally, I am very much concerned that

1) the client portfolio had to once endure the buffeting of the sharp market fall of 2008/9 without the benefit of professional management guidance, and clients appear to be, once again, poised on the threshold of another similar risk.

2) the previously mentioned nearly $20 million cash balance in the client portfolio, as far as I am informed, is still not accruing overnight interest; this is compounded by the fact the account is still due a massive $1 million estimated interest balance in compensating adjustments from the past incident, which, should rightfully be grounds to negotiate penalties, from JP Morgan Chase for their over two plus years of unprofessionally, and possibly fraudulently, abusing on our cash balance for their benefit.

In closing, I wish to emphasize that the Amerindo (U.K) Pension Plan which is a U.K. pension plan for our U.K. employees, and the Amerindo Internet Fund, a $10 million Cayman Island fund, both formerly custodied at Bear Stearns with our other Panama offshore accounts should also not be forgotten from our agenda.

Yours sincerely,

*[signature]*

c.c  Mark D. Salzberg, Senior Counsel
Securities & Exchange Commission
3 World Trade Center, Suite 240
New York NY 10281-1022

Sharon Levin
U.S. Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York NY 10007

Nathan Dershowitz
Dershowitz, Eiger & Edelson PC
220 Fifth Avenue, Suite 300
New York NY 10001

Vivian Shevitz
46 Truesdale Lake Drive
South Salem, New York

Robert Leinwand
Robinson Brog Leinwand, Greene, Genovese & Gluck PC
875 Third Avenue
New York NY 10022

Julian W. Friedman
Stillman, Friedman & Schechtman PC
425 Park Avenue
New York NY 10022



# Fax

| | | | |
|---|---|---|---|
| **To:** | The Honorable Laura Taylor Swain | **From:** | Barbara Tanaka Cerrudo |
| **Fax:** | 1-212-805-0426 | **Pages:** | 3, including cover page |
| **Phone:** | | **Date:** | 9/12/2011 |
| **Re:** | SEC v Amerindo Investment Advisors 05-CV-5231 (LTS) (S.D.N.Y.) | **CC:** | Mark Salzbert, SEC<br>Sharon Levin, US Attorney's Office<br>Nathan Dershowitz<br>Vivian Shevitz<br>Robert Leinwand<br>Julian Friedman |

☐ **Urgent**    X **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

● **Comments:**

Dear Judge Swain,

My brother, Gary Tanaka, sent an original copy of this letter earlier via surface mail. He asked that I send a copy by facsimile to your attention, as back-up, in case there were any problems in the delivery of that original. If there any problems with this facsimile, my contact information is listed below.

Thank you.

Sincerely,


Barbara Tanaka Cerrudo
(760) 564-8156
(760) 564-9817 (fax)
Minidoka@aol.com