# ALFRED HEITKONIG
PO BOX 9024038 SAN JUAN, PR 00902   TEL: 917 721 2300 EMAIL: alfredo@ahfs.biz

November 30, 2011

Honorable Laura Taylor Swain
United States District Court
500 Pearl Street
New York, NY 10007

Dear Honorable Judge Swain,

I am an investor and victim in the Amerindo Affair. Thank you for allowing me to observe the hearings in your Courtroom. I decided to write to your Honor since a letter from Attorney Begos (copy attached) and restitution/repayment were the subject of discussion during the hearing held in your Courtroom on September 23rd 2011 (I am writing Judge Sullivan a similar letter).

Attorney Begos' comments regarding Judge Sullivan's Restitution Order seem to imply that victims who testified during the trial should receive preferential treatment above and before investors and victims who did not testify.

I am the person who put up my upstate property as part of Alberto Vilar's bail package. I did so out of good conscience since Mr. Vilar was a friend of my late father and I did not want to believe he was guilty. Attorney Begos' letter makes reference to those victims who testified for the prosecution, those who aided the defense and those who provided bail. I believe all groups are a necessary part of the legal machine we refer to as our justice system. I question the possible implication that one group could be in line for restitution or repayment before another. For the record, let me state that I met several times with the Government and cooperated fully with all questions, requests and submissions. That the Government chose not to call me to testify for whatever reason should not prejudice my right to restitution in any manner.

Judge Sullivan's Restitution Order states an amount due the Mayers from Messrs. Vilar & Tanaka of approximately $18,000,000-. This is confusing as this account, according to the documents produced in my deposition taken on April 2005 in an action brought by the Mayer family against Amerindo, was valued at approximately only $11,000,000-. Furthermore, during the trial, it was stated that the Mayers' tax returns showed a return of capital from Amerindo in the approximate amount of $4,000,000- in recent years. How can $11,000,000 - $4,000,000= $18,000,000? To my dismay, Judge Sullivan's Restitution Order does not mention the undersigned or my family (nor certain other victims), and unfortunately this may seemingly be lending itself to misinterpretation.

I do recall during the Amerindo Affair trial, the Government introduced an exhibit clearly detailing the amounts owed each investor victim; this exhibit was compiled from the statements of account requested by and submitted to the Government by the investor victims. This exhibit has not resurfaced and I hope and pray that it will be located and be used to jumpstart and streamline the process so that our funds can be returned to us. I remain very concerned that as discussed in your courtroom on September 23, 2011, the amounts due to us investor victims has yet to be established. This exhibit could be an excellent starting point to establish the amounts due us victims.

I'm certain all investor victims continue to anxiously await resolution and restitution. However, as a group, we also have elders among us. My mother is 85 years old and the Amerindo Affair has been, continues foremost in her mind, and is taking its toll on her. Will she see her late husbands' hard earned money returned to her in her lifetime? Our elders are losing hope, and that in their twilight years is terrible; they do not have the luxury of time.  I continue hope and pray for swift action. I thank your Honor for your kind and just review of my letter.

Sincerely,

Alfred Heitkonig

Cc:
Honorable Richard Sullivan (By Hand)
Mark D. Salzburg, Esq. (salzburgm@sec.gov)
Sharon Levin, Esq. (Sharon.Levin@usdoj.gov)

# Begos Horgan & Brown LLP
Attorneys At Law

Patrick W Begos
Christopher G Brown
Michael F Horgan Jr

www.begoshorgan.com

327 Riverside Avenue
Westport Connecticut 06880
Tel 203.226.9990
Fax 203.222.4833

7 Pondfield Road
P O Box 369
Bronxville New York 10708.0369
Tel 914.961.4441
Fax 914.961.4442

September 21, 2011

**By Federal Express**

Hon. Laura Taylor Swain
United States District Court
500 Pearl Street
New York, NY 10007

       Re:    **SEC v. Amerindo**
              **05-cv-5231**

Dear Judge Swain:

      This firm represents three victims of defendants' crimes, Lisa, Debra and Herbert Mayer. Alberto Vilar and Gary Tanaka stole more from the Mayers than from any other victims; of the $34,899,102.53 in restitution awarded, $18,306,984.53 - more than half – is payable to the Mayers.

      I had planned to attend the September 14, 2011 conference in this matter; I am, unfortunately, unable to attend on the adjourned date of September 23, 2011. I respectfully request that the Court grant to me the same courtesies extended to Julian Friedman (counsel for Paul Marcus) and Eugene Hestres-Velez (counsel for Alfred Heitkoenig), and permit me to be placed on the service list and to address the Court on behalf of my clients. May this letter serve as my remarks.

      Over the last eighteen months, I have made repeated pleas – to Judge Sullivan, to the US Attorney's office, and to counsel for Vilar and Tanaka – to take whatever steps are necessary to allow the money and securities that have been frozen by the Government to be distributed to the victims of Vilar's and Tanaka's crimes. I enclose a copy of my September 22, 2010 letter to criminal counsel, and my October 1, 2010 letter to Judge Sullivan, as examples. Though Vilar and Tanaka, and their attorneys, all told Judge Sullivan that they wanted to see the Mayers and other victims repaid (and they received lighter sentences in return), no money has been distributed to any victim since the restitution orders were entered in April 2010.

      Because substantially all of their money was invested with Amerindo (and personally guaranteed by Vilar and Tanaka), the Mayers were in desperate financial straits in 2010, and their situation is even more dire today. Dr. Herbert Mayer, who has been ill for many years, has gotten significantly sicker in recent weeks, and may not live to see any restitution. His daughters, Lisa and Debra Mayer, currently do not have the funds for a funeral. The house that the three of them share is in foreclosure; and a sale has been delayed only through continued efforts of counsel. Winter



**Begos Horgan & Brown LLP**
Attorneys At Law

Hon. Laura Taylor Swain
September 21, 2011
Page 2

approaches, and it is anyone's guess how they will pay to heat their house and keep the electricity on.

As I understand the status, the Government requires an agreement by Vilar and Tanaka before any of the to-be-forfeited money will be distributed to victims before Vilar's and Tanaka's criminal appeal is concluded. Given Vilar's and Tanaka's statements to Judge Sullivan (as summarized in my October 10, 2010 letter), such an agreement would appear to be no problem. Yet no agreement has been reached, and, as I understand it, Vilar and/or Tanaka's lawyers continue to find reasons not to agree. I understand that Your Honor cannot force them to agree, but I hope that Your Honor can use any appropriate means at your disposal to attempt to persuade the parties to reach an agreement that permits restitution to be distributed.

One final point that I would like to make is that I understand Vilar and/or Tanaka are contending that any distribution should be made pro rata to the victims of Vilar's and Tanaka's crimes, and to non-victim investors. While the Mayers do not want anything to delay a distribution to them, they do not see how that method of distribution is appropriate. The victims were awarded formal restitution more than a year ago, but the investors have yet to prove any claim. Victims, like the Mayers, had funds in guaranteed, fixed-rate deposits that were stolen, while investors suffered losses of investments in a mutual fund, which is expected to fluctuate in value. (I note that the Mayers also have such investment losses.) The victims assisted in the conviction of Vilar and Tanaka, while various investors maintained that Vilar and Tanaka were innocent, or should continue to control Amerindo's investments. One or more even assisted in the defense of criminal charges and/or posted bail. Given the anguish that victims like the Mayers have suffered for years as a result of Vilar's and Tanaka's crimes, it is difficult to understand how their restitution should be reduced by payments to investors who were not the victims of any crime.

Respectfully submitted,

Patrick W. Begos

PWB:mtf
Enclosures
cc:    (by email; w/enclosure)
       Mark D. Salzberg, Esq. (salzbergm@sec.gov)
       Sharon Levin, Esq. (Sharon.Levin@usdoj.gov)
       Robert Leinwand, Esq. (rrl@robinsonbrog.com)
       Julian W. Friedman, Esq. (jfriedman@stillmanfriedman.com)
       Eugene F. Hestres-Velez, Esq. (ehestres@bbh-law.com)
       Mr. Gary Tanaka (by regular mail)