

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2012

By Hand Delivery

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 620
New York, New York 10007

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, New York 10007

> Re:  United States v. Alberto William Vilar, et al.
>      05 Cr. 621 (RJS)
>
>      SEC v. Amerindo Investment Advisors, Inc., et al.
>      05 Civ. 5231 (LTS)

Dear Judges Sullivan and Swain:

The Government respectfully submits this letter in response to the recent letters submitted by Vivian Shevitz, counsel for Alberto Vilar and Victoria Eiger, counsel for Gary Tanaka.

The Government disputes many of the representations made by defense counsel.  First, counsel's claim that the Government has refused to provide information to the defense on how the forfeited funds would be distributed is false.  Since at least July 2011, the Government has, in e-mail correspondence and conference calls, engaged in lengthy discussions with counsel regarding the proposed mechanism for remitting forfeited funds to victims and other Amerindo Investors, *i.e.* the Department of Justice ("DOJ") Petition for Remission Process.  *See* Email from Sharon Cohen Levin to counsel dated August 1, 2011 (the "August 1 Email"), attached as Exhibit A and Email from Sharon Cohen Levin to counsel dated September 9, 2011 (the "September 9 Email"), attached as Exhibit B.  In fact, Government counsel provided, as attachments to the August 1 Email, a copy of the Code of Federal Regulations governing Petitions for Remission, 28 C.F.R. Part 9,

and a sample Petition for Remission, which are also included in Exhibit A.

Furthermore, in the September 9 Email Government counsel proposed an interim distribution plan. The September 9 Email details the amount of the interim distribution, how the funds will be distributed, who will be eligible to receive those funds, and how the distribution will be calculated.

> 1. To avoid any disputes as to the amount of the forfeiture order, we agree to limit this initial distribution to $17 million.
>
> 2. We agree that the amount of loss to each investor will be the amount of their balance in their last Amerindo statement. For the 5 victims in the criminal case the amount of their loss will be the amount of their loss as stated in the restitution order without interest (which for most victims is the amount of their last statement).
>
> 3. In the event that there is not enough money for each victim or investor to receive full recovery, the funds will be distributed on a pro rata basis by the loss amount.
>
> 4. No priority will be given to victims over investors in this Initial Distribution.
>
> In the event that the forfeiture is affirmed on appeal, the remaining forfeited funds will eligible for distribution by DOJ but the restrictions of the proposed stipulation will not apply.

September 9 Email, Exhibit B. The Government also attached a proposed stipulation to the September 9 Email, which is included in Exhibit B.

Counsel further contends that the Government has failed to confirm that all Amerindo Investors will be eligible to receive a distribution and receive notice of their right to such a distribution. This is not the case. The Government has repeatedly advised counsel that it is the position of this Office that all Amerindo Investors are eligible for remission and the victims listed in the Restitution Orders will not be given priority over other Amerindo Investors. The Government advised

counsel that it will send notice by mail to each victim and Amerindo Investor.  The Government offered to provide the list of Amerindo Investors to defense counsel in an effort to ensure that the Government's list includes all Amerindo Investors.  *See* September 9 Email at Exhibit B ("I am attempting to put together a list of the names and addresses of all Amerindo investors so we can prepare to send them a letter notifying them of the Petition process. Once I have a completed list, we can forward it to Mr. Tanaka to see if he has any additions.")

Moreover, on September 23, 2011, at a conference held before Judge Swain in SEC v. Amerindo Investment Advisors, Inc. et al., the Government explained to the Court and counsel how the Government proposed to distribute the forfeited funds.  A copy of the transcript of the September 23, 2011 conference is attached to this letter as Exhibit C.

Second, defense counsel's assertion that the Government has had control of the assets listed in the Substitute Assets Order since 2005 and has failed to manage those assets is wrong. *See* Shevitz Letter at 1 ("the government has been *de facto* responsible for the funds it caused to be in limbo since 2005"). The Government in a forfeiture action lacks the authority to restrain pre-trial Substitute Assets.  *See* United States v. Gotti, 155 F.3d 144, 150 (2d Cir. 1998) ("[W]hile the pretrial restraint of substitute assets might arguably serve the stated legislative purpose of preserving assets for forfeiture upon conviction, the unambiguous language . . . provides no authority for the restraints.") It was not until after the Defendants' conviction, that this Office, sought a Post-Conviction Restraining Order for the Substitute Assets.  This Restraining Order was entered by the Court on October 26, 2009.  However, the entry of the Restraining Order does not provide the Government with the authority to liquidate or manage the assets listed in the Restraining Order.  Those assets are simply restrained.  It is not until the Government obtains title, through the entry of a Final Order of Forfeiture that the United States Marshals Service has the authority to liquidate the Substitute Assets.[1]

---

[1]      Even assuming that any of the victims or other Amerindo Investors want the defendants to assist in the management or liquidation of the Substitute Assets, the Government cannot agree to allow the defendants to have a role in the asset management. The defendants by virtue of their felony convictions are barred from association with any investment adviser. *See* Orders attached as Exhibit D. Accordingly, the defendants cannot have a role in the management or liquidation of the Substitute Assets.

Third, the Government is not asking the Defendants to "agree to forfeiture." Rather, the Government has simply requested that the Defendants agree not to seek the return of any forfeited funds remitted to victims and Amerindo Investors under the Remission process if the forfeiture is overturned on appeal. As Government counsel explained to defense counsel in the September 9 Email,

> In most cases, DOJ will not make a distribution under the Remission Process until the appeal has been resolved. Since the appeal in this criminal case is unlikely to be resolved for some time, I have requested that DOJ consider Victim and Investor petitions now and make a limited initial distribution. I have been advised by DOJ that they will consider petitions and process an initial distribution under the Remission Process prior to the resolution of the appeal if the defendants agree not to seek the return of the any forfeited funds restored to victims and/or Amerindo Investors under the Remission Process if the forfeiture is overturned on appeal.

September 9 Email, Exhibit B. The entry of the Final Order of Forfeiture will not affect any of the Defendants' appellate rights with respect to the forfeiture. This point was specifically explained to defense counsel in an email on July 15, 2011. *See* Email from Sharon Cohen Levin to counsel dated July 15, 2011, attached as Exhibit E. Moreover, the entry of a Final Order of Forfeiture is critical here. Without a Final Order the Government has no legal authority to liquidate the Substitute Assets so forfeited funds can be distributed to victims and Amerindo Investors through the Petition for Remission process.

Finally, with respect to defense counsel's assertion that they "are willing to have the government make interim payments to those 'in need' – like the Mayer family claims to be" (Shevitz letter at 1), the Government has been in contact with counsel for the Mayer family, Patrick Begos, who has advised the Government that he has repeatedly attempted to contact defense counsel to discuss this issue with no success. After the SEC conference on September 23, Mr. Begos sent defense counsel an email dated September 27, 2011 outlining the dire financial situation of the Mayer family and providing them with an accounting of the Mayer family's expenses and requesting that funds be released to the Mayer family. Mr. Begos further advised counsel that the

Government agreed to modify the Substitute Assets Order to allow these funds to released.  The Government refrained from submitting an Application for a Final Order of Forfeiture to allow these funds to be released.  Defense counsel has failed to respond to the Mayer Family's request for release of funds. Accordingly, on December 1, 2011, the Government filed an application for a Final Order of Forfeiture.  Attached hereto as Exhibit E is the email correspondence from Mr. Begos to defense counsel.

The Government respectfully submits this letter in an effort to help clarify some of the issues raised by defense counsel prior to the January 10, 2012 conference.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
Sharon Cohen Levin
Chief, Asset Forfeiture Unit
Assistant United States Attorney
Tel.: (212) 637-1060

cc:  (All Via Electronic Mail)
     Attorneys for Defendants
          Vivian Shevitz (vivian@shevitzlaw.com)
          Susan C. Wolfe (scwolfe1@aol.com)
          Jane Simkin Smith (jssmith1@optonline.net)
          David C. Burger (dcb@robinsonbrog.com)
          Robert R. Leinwand (rrl@robinsonbrog.com)
          Nathan Dershowitz (NDershowitz@lawdea.com)
          Victoria Eiger (Veiger@lawdea.com)
          Minidoka@aol.com

     Mark D. Salzberg (SalzbergM@SEC.GOV)
     Neal Jacobson (JacobsonN@SEC.GOV)

     Julian Friedman (jfriedman@stillmanfriedman.com)
     Patrick W. Begos (pwb@begoshorgan.com)

     Tom Hall (HallT@HallandHallLaw.com)