PREET BHARARA
United States Attorney for the
Southern District of New York
By: SHARON COHEN LEVIN
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        - v. -                   :
                                 :   **Response to Courts'**
ALBERTO WILLIAM VILAR,           :   **JANUARY 13, 2012 ORDER**
        a/k/a "Albert Vilar,"    :
                                     S3 05 Cr. 621 (RJS)
GARY ALAN TANAKA,                :

                Defendants.      :

- - - - - - - - - - - - - - - - -x
                                 :
SECURITIES AND EXCHANGE          :
COMMISSION                       :
                                 :
                Plaintiff,       :   05 Civ. 5231 (LTS)
                                 :
        - v. -                   :
                                 :
AMERINDO INVESTMENT ADVISORS     :
INC., et al.,                    :
                                 :
                Defendants.      :
                                 :
- - - - - - - - - - - - - - - - -x

The Government respectfully submits this Response to the Courts' January 13, 2012 Order.

I. **THE FUND**

While the Government has no objection to the Courts' proposal that a Receiver be appointed in the Securities and

Exchange Commission ("SEC") action "to administer" monies paid to victims and investors, the Government does not believe that the Receiver's distribution should be limited to $17 million. *See* Courts' Order Dated January 13, 2012, p. 5 and 9. If a Receiver is appointed, the Government proposes that the Court vacate the Order of Forfeiture of Substitute Assets with respect to all the Amerindo Assets included in the Order[1] so that the Receiver may

---

[1] The Amerindo Assets include the following:
(A) Any and all assets of the following companies:
  i. Amerindo Investment Advisors Inc.
  ii. Amerindo Investment Advisors, Inc.
  iii. Amerindo Investment Advisors (UK) Ltd.
  iv. Techno Raquia, S.A.
  v. Amerindo Management Inc.
  vi. Amerindo Technology Growth Fund Inc.
  vii. Amerindo Technology Growth Fund II, Inc.
  viii. Olafson, Inc.
  ix. Amerindo Master Venture Fund LLC.

(B) JP Morgan Chase (f/k/a Bear Stearns & Co., Inc.) brokerage account numbers:
  i. 102-17995, held in the name of Techno Raquia, S.A.
  ii. 102-01485 held in the name of Amerindo Management Inc., sub-Account M26
  iii. 102-01490, held in the name of Amerindo Technology Growth Fund Inc.
  iv. 102-01495, held in the name of Amerindo Technology Growth Fund, II, Inc.
  v. 102-15833, held in the name of Olafson, Inc.
  vi. 102-05012, held in the name of The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme
  vii. 102-25590, held in the name of Amerindo Master Venture Fund LLC
  viii. 102-25612, held in the name of Amerindo Investment Advisors Inc. Money Purchase Plan and Trust

have available all of the identified Amerindo Assets for distribution.  To do otherwise could create an inconsistent result.  If a Receiver is appointed to distribute only $17 million and the remainder of the Amerindo Assets are forfeited and are subject to remission under the Department of Justice's Petition for Remission process pursuant to 28 Code of Federal Regulations ("CFR"), Part 9, there could be two different standards for the valuation of claims.  Therefore, the Government suggests that the Court vacate the Order of Forfeiture of Substitute Assets with respect to all of the Amerindo Assets so those assets may be placed under the jurisdiction of the Court in the SEC action, who in turn could appoint a Receiver to distribute all of the Amerindo Assets to all the victims and other Amerindo Investors.[2]

---

       (C)    SG Americas Securities, LLC account number 64524357, held in the name of Amerindo Technologies Growth Fund

       (D)    Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.

       (E)    Approximately $1.6 million in funds on deposit at U.S. Bank for the benefit of Amerindo Technology Growth Fund II, Inc.

The Government proposes that the Defendants' interests in various corporate entities and their individual personal assets remain subject to the Order of Forfeiture of Substitute Assets.

[2]    The vacatur of this portion of the Order of Forfeiture of Substitute Assets would have no effect on the Defendants' appeal of the forfeiture money judgment.

## II. THE OFFSET

The Government objects in part to the Court's proposal that "[a]ll amounts distributed from the Fund be offset from the forfeiture money judgments previously entered against the defendants in U.S. v. Vilar and Tanaka." See Courts' Order Dated January 13, 2012, p. 5 and 9.

In the criminal case, the Court entered a personal forfeiture money judgment against the Defendants in the amount of $54,351,159, representing the proceeds of the fraud on the GFRDA Investors as well as the proceeds of the money laundering and fraud offenses against Lily Cates. The forfeiture money judgment was calculated based on the proceeds the Defendants obtained from the following investors:

1. The Mayer Family
2. The Tara Colburn Trust
3. Graciela Lecube-Chavez
4. Robert Cox
5. Worldwide Tops
6. Paragon Ventures
7. Binna Holdings
8. Just Capital
9. Nemo Holdings
10. Pelican Trust
11. Lynx Investments
12. Lily Cates

See Gov't March 1, 2010 Letter at 5-11. The forfeiture money judgment only included the proceeds the Defendants obtained in connection with the fraud and money laundering offenses with

4

respect to these specific Investors.[3]

The majority of courts that have considered the issue do not allow for an offset for monies paid out to victims in restitution in the same case. *See Eg.* United States v. McGinty, 610 F.3d 1242, 1248 (10th Cir. 2010) ("Nothing in the statutory scheme permitted the district court to reduce the mandated criminal forfeiture order because the defendant also had to satisfy his obligation to pay restitution."); United States v. Hoffman-Vaile, 568 F.3d 1335, 1344-45 (11th Cir. 2009) ("We are not persuaded by . . . [the defendant's] argument that her forfeiture amount should be reduced because she has paid restitution to the other victims. Although 'this might appear to be a "double dip," restitution and forfeiture serve different goals[.]' '[T]he focus of restitution is on the victim, [but] forfeiture focuses on the defendant.' 'In addition to forcing the disgorgement of dishonest profits, therefore, forfeiture is also a punitive action against the defendant.'") (citations omitted); United States v. Emerson, 128 F.3d 557, 566 (7th Cir. 1997) ("[T]he district court did not

---

[3] In a Memorandum and Order dated August 25, 2010, the Court indicated that it inadvertently erred in entering the forfeiture money judgment of $54,351,159. That it was the Court's intent to "impose forfeiture only in connection with the investments of individuals who testified at trial and for whom the Government was seeking restitution: namely, the Mayers, Tara Colburn, Graciela Lecube-Chavez and Robert Cox. It also indicated that it would impose forfeiture in connection with the money-laundering offenses and the frauds perpetrated against Cates." August 25, 2010 Memorandum and Order at 8.

abuse its broad discretion in . . . refusing [the Defendant's] setoff request. We find no compelling precedent suggesting that the district court could not order both restitution and forfeiture.").

The Second Circuit, in United States v. Kalish, 626 F.3d 165, 169-70 (2nd Cir. 2010), declined to decide this issue stating:

> We see no infirmity in the District Court's imposition of both a forfeiture remedy and a restitution remedy. These remedies are authorized by separate statutes, and their simultaneous imposition offends no constitutional provision. We recognize, however, that once some payment has been made by way of restitution, a defendant would be in a position to argue that such a payment should be a credit against any then remaining forfeiture amount . . . In the absence of any claim that [the defendant] has made any restitution payment, however, we need not decide whether such an argument would prevail.

In all of the cases cited above, the Courts addressed whether the forfeiture money judgment should be reduced based upon payment to victims whose losses comprise the forfeiture money judgment. No Court authorized the reduction of a forfeiture money judgment for payments made to a third party whose losses do not form the basis for the forfeiture money judgment.

In light of the unique circumstances of this case and the Government's intent to provide compensation to the victims and investors in the most expeditious manner possible, the Government

6

has no objection to an offset of the Defendants' forfeiture money judgment by the amounts paid to the victims whose losses formed the basis for the forfeiture money judgment. To allow an offset from the Defendants' personal forfeiture money judgment for funds repaid to third party investors whose losses did not form the basis for that money judgment would confer an unintended benefit on the Defendants and would undermine the penalty imposed under the forfeiture law.

One of the intended purposes of forfeiture, in addition to divesting the defendants of their ill-gotten gains, is punishment. *See* Libretti v. United States, 516 U.S. 29, 41 (1995) ("The fact that the Rules attach heightened procedural protections to imposition of criminal forfeiture as punishment for certain types of criminal conduct cannot alter the simple fact that forfeiture is precisely that: punishment.") Forfeiture is a mandatory component of a Defendant's sentence. *See* United States v. Monsanto, 491 U.S. 600, 606 (1989), ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied...") It is a personal judgment against the defendant that can be satisfied from any of the assets of a defendant, irrespective of whether they were obtained with untainted monies. In calculating the amount of a forfeiture money judgment, a Court looks to the amount of monies a defendant received as a result of his or her

7

crimes, irrespective of whether or not said defendant is still in possession of such proceeds. See United States v. Awad, 598 F.3d 76, 79 (2d Cir. 2010) ("[C]riminal forfeiture need not be traced to identifiable assets in a defendant's possession.") (citation omitted)

The Courts' proposed offset is also problematic because the forfeiture money judgment is on appeal and the Court in the criminal action has indicated that it believes "[a] proper forfeiture award would have been $36.7 million smaller, as it should not have included amounts pertaining to the investments of the clients of Stephen Gray." August 25, 2010 Memorandum at 12. If the amount of the forfeiture money judgment is reduced on appeal and the forfeiture money judgment is offset for funds returned to third party investors, the forfeiture money judgment could be fully satisfied. As a result, the Defendants would not face any forfeiture penalty and their remaining personal assets would be immune from forfeiture. Accordingly, the Government proposes that only monies paid to the victims whose losses form the basis for the forfeiture money judgment be applied to that forfeiture money judgment.[4]

---

[4] The Government proposes that any monies paid out to any Amerindo Investors listed in the Restitution Order should be credited against that Restitution Order.

### III. THE RELEASES

With respect to the Court's proposal that the Defendants provide the Government with releases acknowledging that in the event the forfeiture or their convictions are overturned on appeal they will not seek the return of those monies paid out under either of the Courts' proposals, this release would not be necessary if the Court vacates the Order of Forfeiture of Substitute Assets with respect to the Amerindo Assets and places those funds within the jurisdiction of the Court in the SEC action.

### IV. EXEMPTION OF ILLIQUID ASSETS

The Government has proposed that the Court vacate the Order of Forfeiture of Substitute Assets with respect to the Amerindo Assets. It therefore, has no objection to the exemption of the illiquid assets from the Order of Forfeiture of Substitute Assets.

Dated:    New York, New York
          January 27, 2012

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

                        By:   _____/s/_____
                              SHARON COHEN LEVIN
                              Assistant United States Attorney
                              Telephone: (212) 637-1060