UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,                   : Docket No. 05-cr-00621 (RJS)

v.

ALBERT WILLIAM VILAR, aka ALBERTO VILAR,
and GARY ALAN TANAKA,

Defendants

------------------------------------------------------------ X

SECURITIES AND EXCHANGE COMMISSION,

                                                             : Docket No. 05-civ-5231 (LTS)
Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS, INC. et al.,

Defendants.

------------------------------------------------------------ X

## GARY TANAKA'S SUBMISSION REGARDING
## JANUARY 13, 2012 ORDER

As appellate counsel for Gary Tanaka in the criminal matter, I respectfully submit this response, on behalf of Tanaka, to the Court's Order of January 13, 2012.

### Summary of Tanaka's Position

Generally speaking, Tanaka believes that the Court's proposal for a Consensual Structure (Attachment A to Court's Order of January 13, 2012) has merit, and, with some modifications, he would endorse it. He cannot endorse the "Consent and Motion Practice" alternative outlined in Court's Attachment B, and he has objections to the structure proposed for "management and distribution of the illiquid assets, as stated below.

In addition, given that Mr. Vilar will be objecting to the Court's proposals on additional grounds and given that Vilar's proposal addresses or eliminates Tanaka's objections to the Court's proposals), Tanaka believes that the alternative proposal advanced by Vilar provides a more appropriate way of proceeding.[1] Tanaka therefore joins in Vilar's proposal, except in one area, where we believe the Court's proposed way of proceeding is correct and preferable. Specifically, the Court has proposed a distribution plan that will allocate distributions proportionally to the allowed amount of each investor's claimed loss and account equitably for original investments and prior distributions (Court's Attachment A ¶ II(d)); Vilar's proposal contemplates pro rata distribution to all claimants based on valuation of investors' interest as of May 2005, without reference to prior distributions.

As a preliminary matter and underlying Tanaka's objections and proposals is this: at this juncture, Tanaka cannot agree to the premise expressly underlying the Court's proposals: that there is general agreement "that investors are entitled to the return of substantially all of the funds and other assets that have been restrained in the criminal proceeding in connection with the forfeiture process." Doc. 497, at p.2. Without knowing the aggregate sum of the investors' claims – the sum of their last statement balances or value of their interests as of May 2005 – and the total value of the restrained assets (including the illiquid private securities), it is impossible to say whether or not the investors are entitled to substantially all of the restrained

---

[1] We refer to Vilar's proposal that, with the parties' consent and the Court's approval, defendants will withdraw their appeals from the forfeiture and restraining orders, and the Court will vacate both forfeiture orders; then, the assets held in seven identified accounts which are among the substitute assets (and which, together, are valued at $26,708,448 without counting unpriced stocks) can be distributed to investors as part of a global settlement of the civil SEC case.

2

assets. In addition, among the restrained assets is a pension account for the benefit of Vilar, Tanaka, and others. Tanaka's position is that the restraint or forfeiture of this account raises special issues and that, to the extent investor claims can be satisfied without touching it, that is what should happen.

That being said, Tanaka agrees – as he has always agreed – that the investors are owed substantial sums, that investors should be paid as expeditiously as possible, and that the value of the assets should be maximized.

## Tanaka's Objections to the Court's Proposals

The source of the Courts' authority must be the consent of the parties, for the validity of the conviction and the forfeiture orders are on appeal; no liability in the SEC matter has been established and the government's position is that it will not distribute without the defendant's consent while the appeal is pending in the Second Circuit. Tanaka desires to resolve the SEC matter as part of the process the Court has undertaken, jointly, in the criminal and SEC matters. Under the Court's proposal, Tanaka would be waiving important rights (including giving up any claims against the government for amounts distributed from the fund, even if the convictions and forfeiture are overturned), without receiving any benefit. He objects to that.

The Consensual Structure contemplates the appointment of a receiver in the SEC matter. Tanaka objects to that because of the expense that it would entail, and, therefore, joins in the proposals of others that a Magistrate Judge be appointed to administer an investor notification and claim evaluation process, in accordance with the principles and process outlined in Section II of Court's Attachment A. Whatever funds might be used to administer the fund (in addition to funds paid out to investors) should be credited against Tanaka's and Vilar's obligations and

should reduce the forfeiture amount.

Tanaka objects to the "Consent and Motion Practice" alternative set forth in Court's Attachment B, because it does not resolve the SEC matter, because it, too, contemplates a costly receiver, and for the additional reasons set forth in Vilar's submission. Having put the entity defendant out of business, and having made it impossible for the defendants to continue to act on the entity defendants' behalf, it is inappropriate and unfair to ask the defendants to cooperate in the entry of default judgments against them, especially where it is not even clear that the "partial judgment against the entity defendants" that the proposal contemplates would cap the liability of those entities or end the SEC proceedings against them.

With respect to Court's Attachment C, Tanaka again opposes the appointment of a Receiver. Tanaka agrees that the illiquid assets should be *valued*, but does not agree that they should necessarily be liquidated at this point. (As do others, he proposes that the services of David Ross be utilized, for that would take advantage of work he has already done and minimize the expense of valuation.) Who should manage these assets and determine whether and how to liquidate them depends upon whether the value of the other assets exceeds all claimants' claims. If it does, then the handling of those assets should not be determined by a steering committee of investors. In fact, Tanaka should have a voice in the matter, regardless of the valuation of the assets, because he has an interest, one way or another, in the maximization of their value.

4

We appreciate the Court's time and attention to this matter, and hope that these comments will help bring this matter to a resolution, as promptly as the complexity of the circumstances will permit.

Dated: January 26, 2012

Respectfully submitted,

Victoria B. Eiger
DERSHOWITZ, EIGER & ADELSON, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
(212) 889-4009
veiger@lawdea.com

5

## DECLARATION OF SERVICE

Jasna Rajs, declares the following to be true under penalty of perjury:

1. I am not a party to this action and I am over 18 years of age.

2. On January 27, 2012, I served Gary Tanaka's submission regarding January 13, 2012 Order by emailing true copies to:

   Sharon Levin (sharon.levin@usdoj.gov)
   Benjamin Naftalis (benjamin.naftalis@usdoj.gov)
   Mark Salzberg (salzbergm@sec.gov)
   Neil Jacobson (jacobsonn@sec.gov)
   Vivien Shevitz (vivian@shevitzlaw.com)
   Susan C. Wolfe (scwolfe1@aol.com)
   Jane Simkin Smith (jssmith1@optonline.net)
   David C. Burger (dcb@robinsonbrog.com)
   Julian Friedman (jfriedman@stillmanfriedman.com)
   Patrick W. Begos (pwb@begoshorgan.com)
   Miridoka@aol.com
   John Preetzmann Aggerholm (jpaggerholm@hotmail.com)
   Timothy Wright (twright@entecworks.com)
   Thomas J. Hall (hallt@hallandhalllaw.com)
   Alfred Heitkonig (via his counsel, Julian Friedman- jfriedman@stillmanfriedman.com)
   Gary Tanaka (via Corrlinks)

3. On January 26, 2012, I also sent courtesy copies of Gary Tanaka's submission to:

   Honorable Laura Taylor Swain (by fax 212-805-0426); and
   Honorable Richard J. Sullivan (sullivannysdchambers@nysd.uscourts.gov)

Dated: January 27, 2012

*/s/ Jasna Rajs*

Jasna Rajs