DsF

# ALFRED HEITKONIG
PO BOX 9066607 SAN JUAN, PR 00911  TEL: 917 721 2300  EMAIL: alfredo@ahfs.biz

January 26, 2012

05 civ 5231 (LTS)

Honorable Richard J Sullivan
United States District Court
500 Pearl Street
NY, NY 10007

05 CRIM 621 (RJS)

Honorable Laura Taylor Swain
United States District Court
500 Pearl Street
NY, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 30 2012

Dear Judges Sullivan an Swain,

I would like to begin by thanking you both for the Joint Conference held in Judge Swain's Courtroom on January 10th. I understand it is a special event that two US District Court Judges hold a conference together. This is evidence to me of your Honors' interest that this Amerindo Affair will be set on the right track and that our funds are finally released and returned to us. I had hoped to speak up during the January 10th Conference, yet your Honors chose to limit comments to the respective attorneys. At the Conference, Mr. Friedman, who I hold in very high regard, represented me (and my family). Nevertheless, I do feel very strongly that certain comments and issues must be brought to your Honors' attention and thus I now decide to represent myself. Thank you for the opportunity to express my thoughts on this matter.

In my opinion, when the Government arrested Messrs. Vilar & Tanaka, they altered the course of Amerindo and it's investors, perhaps with the best of intentions, but throwing caution to the wind and having no plan to contain the ensuing chaos. In the aftermath of the Criminal Trial, the Amerindo Client Claimants have been left to fend for themselves with no input or direction from those in charge. I would wish my seven year Amerindo Affair Saga upon no one.

In AUSA Levin's letter to your Honors dated January 8th, she discusses "the proposed mechanism for remitting forfeited funds to victims and other Amerindo Investors" and the DOJ remission process. I believe that it is this frame of thinking that has resulted in a logjam of inaction. The Government need not create an illusion

containing Amerindo Victims vs. other Amerindo Investors. This not only creates confusion, it also erroneously infers that there exist different tiers of rights. I respectfully submit that there are only Amerindo Client Claimants (ACC), not Amerindo Victims and Amerindo Investors.

Much has been recently discussed about the Mayer family. The Mayer family is an Amerindo GFRDA client as am I. What's the difference? The difference is that the Mayers were asked by the Government to testify at the Criminal Trial and did testify, and I was not asked to testify by the Government and did not testify at the Criminal Trial. That's it.

I would add that in March 2005, in the course of my deposition in an action brought by the Mayers against Amerindo, I was presented with documentation that showed that the Mayers were receiving more interest on their GFRDA account than I was for exactly the same type of account for the exactly the same time period. Despite this, the Government refers to the Mayers as the victims and lists me as an investor. We are both ACC. We have both been anxiously and desperately been awaiting the return of our frozen funds for seven very long years.

The framework of presenting Amerindo victims vs. Amerindo investors has, in my opinion, also set the stage for the Government to introduce the Court to substitute assets, forfeited assets or funds and ultimately paving the way for a Restitution Order. I don't know what happened to the term Custodial Funds or why it has been omitted.

I have been made aware that Amerindo maintained Custodial Accounts at Bear Stearns (later moved to JP Morgan Chase). These accounts were clearly identifiable to specific investments. In other words, specific Custodial Accounts were the property of specific ACC.

Your Honors make mention of the need to "identify any investors with interests in the illiquid private securities" in Attachment C of your January 13 Order. I would respectfully submit that the Government's "victim vs. investor" frame of thinking has served to pervert the entire process and that there exist specific ACC with specific interests in specific Custodial Assets. Of critical importance to this entire Amerindo Affair is that the funds in Custodial Accounts are not assets of the perpetrators or defendants but rather are the property of a specific few ACC holding interests or shares in the specific Custodial sub-accounts. There should be no comingling of these accounts or monies. For example, in the Custodial Funds, I have been made aware of two sub accounts specifically entitled ATGF. I am also an Amerindo ATGF client. I

do not understand on what basis the Government can pretend that said funds do not belong to ATGF investors (ATGF ACC) or that said funds could be subject to DOJ remission rules or procedures in any instance at all.

DOJ regulations should not apply to ACC Custodial Funds, said regulations should only apply to asset property of the perpetrators or defendants. These are my objections to the intended distribution mechanisms. The Government (or the defendants) should not hold the right to block the distribution of Custodial Assets to the ACC; said assets belong to us if the first place.

Notwithstanding the fact that I believe the DOJ remission rules or procedures do not apply to ACC funds, and the defendants do not have the right to oppose the distribution of our funds, I contend the defendants would have agreed to lift their opposition to distribute monies to the ACC if certain of the defendants' perceived personal assets were omitted from immediate distribution to the ACC and left to be decided after the Appeal Process. That probably would only have taken a short phone call. There is absolutely no reason that the entire portfolio of Amerindo monies, Custodial Assets or Funds, Substitute Assets or Forfeited Funds, whatever the Government is choosing to call our monies, has remained undistributed or pending results of the defendants' Appeal. I believe that the defendants only concern themselves with less than 25% of these monies; and at least 75% of the frozen monies could have been available for immediate distribution to the ACC as per above. Two years have elapsed since the defendants have been sentenced and no one has made the call. That could have been a simple enough solution which was never even attempted.

The Government admits that they still don't know how much money is out there or what is owed to each specific ACC. Therefore even if the process described in your Attachment A could be sped up, or even as per above, say the 75% with the agreement of the defendants, the Government stated it would take them up to six months just to establish who is owed what. This is shocking. I hope and pray that your Honors can continue to find the time and will to oversee the distribution process, including the details of who is owed what otherwise I'm afraid this desperate situation will continue indefinitely, to the further detriment of all ACC.

Regardless of the mechanism your Honors ultimately approve to begin the distribution process, be it a Magistrate, Receiver, Trustee or etc., perhaps you would be willing to consider an ACC Steering Committee. I would suggest myself, Julian Friedman & Patrick Begos. I believe this group would represent roughly 90% of all

ATGF and GFRDA ACC. Mr. Begos and Mr. Friedman are accomplished attorneys in good standing and I have an MBA from Fordham University with a concentration in Finance and Accounting. I believe we could assist in speeding up the process. If the ACC has to endure another 6 months, Dr. Mayer and my 86 year old mother may have passed on and countless hardships endured; please help us avoid this at all cost.

I again thank your Honors for the opportunity to speak up. I hope that I have not crossed any boundries; this was not my intention, I am only calling it as I see it. Yes, I am outraged at years of inaction by the Government, but I hold absolutely no grudges, I welcome whoever can help with open arms, my only motivation is to find a fast and proper solution and that all ACC receive their monies without further delay. I hope and pray for swift and just action.

Respectfully Submitted,

Alfred Heitkonig

cc: Sharon Levin, Esq. (Sharon.levin@usdoj.gov)
    Mark D. Salzberg, Esq. (salzbergm@sec.gov)
    Julian Friedman, Esq. (jfriedman@stillmanfriedman.com)
    Patrick W. Begos, Esq. (pwb@begoshorgan.com)
    Vivian Shevitz, Esq. (Vivian@shevitzlaw.com)
    Victoria B. Eiger, Esq. (veiger@lawdea.com)
    Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
    Eugene F. Hestres, Esq. (ehestres@bbh-law.com)