RECEIVED JAN 27 2012 CHAMBERS OF LAURA TAYLOR SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
: 05 Cr. 621 (RJS)
– against – :
:
ALBERTO WILLIAM VILAR and GARY ALAN :
TANAKA, :
:
Defendants. :
:
-------------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION, :
:
Plaintiff, :
: 05 Civ. 5231 (LTS)
– against – :
:
AMERINDO INVESTMENT ADVISORS, INC., *et al.*, :
:
Defendants. :
:
-------------------------------------------------------------------x

**Mayers' Submission Regarding January 13, 2012 Order**

Debra and Lisa Mayer, on their own behalf and on behalf of their Father, Dr. Herbert Mayer (together "Mayers"), by their attorneys, Begos Horgan & Brown LLP, submit the following objections and/or comments regarding the Court's January 13, 2012 Order.

**Vilar and Tanaka Should Be Precluded From Seeking Return of Funds from Investors**

The procedures provide that Vilar and Tanaka will not make any claim against the Government for sums distributed from the Fund (ATT.A, § I.d; ATT B, § III; ATT C, § VII). The procedures also require investors to release Vilar, Tanaka, and their affiliates to the extent they receive a distribution from the Fund (ATT A, § I.e). As drafted, there is nothing to prevent Vilar or Tanaka from making

a claim against an investor for those sums. The procedures should preclude Vilar, Tanaka and their affiliates from making any claim against investors for sums distributed from the Fund, even if their criminal convictions and forfeiture order are overturned on appeal.

**Distribution of Funds in Excess of "Principal", If Money is Available**

The procedures provide that any distributions, both of the Fund and of illiquid assets, are accounted for as return of "principal," as defined in the procedures (ATT A, § I.f; ATT C, § VIII). The procedures should state that investors are not limited to the return of "principal," in the event that money or assets remain after investors have received all of their "principal."

**Excess Illiquid Assets**

Attachment C contemplates that all of the illiquid assets will be exempted from the substitute asset order and be placed under the management of a receiver. It is possible that the value of the illiquid and liquid assets will exceed the amount of the forfeiture ultimately upheld. The Mayers object to the extent that Attachment C could be construed as interfering with an investor's right to seek to enforce their own judgments against Vilar, Tanaka or affiliated entities out of the "excess" assets.

To be more specific, the Mayers' have been awarded criminal restitution in the amount of $18,306,984.53 (including pre-judgment interest). The Mayers have a civil judgment against Vilar, Tanaka and Amerindo in the amount of $19,139,299.78, with additional amounts for attorneys' fees and other claims to be added in the near future. The forfeiture orders already in place give the Government certain priorities regarding the frozen assets. The Mayers do not seek to change those priorities. However, the transfer of illiquid assets to a receiver appointed in the SEC action should not give the SEC, or any of the defendants, a greater interest in those assets *vis a vis* judgment

creditors like the Mayers that the SEC currently has. To this end, the Mayers suggest a caveat in Attachment C in substantially the following form: "Nothing in this procedure shall eliminate or diminish the rights of investors or judgment creditors of Vilar, Tanaka or their affiliates in any of the illiquid assets, except to the extent such investors or judgment creditors receive distributions of those illiquid assets or the proceeds thereof."[1]

**Investors' Rights to Appeal**

Attachment A provides that investors have the right to object to other investors' claims and to the overall distribution (ATT A, § II). It further provides that investors (and parties) can make objections to Judge Swain, "whose determination will be final, subject only to appeal in accordance with the relevant provisions of Title 28 of the United States Code." (ATT A, § II.g).

But investors, as non-parties to the SEC action, generally do not have the right to appeal. *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S. Ct. 586, 587-88, 98 L. Ed. 2d 629 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled"). While the Court has recognized exceptions to this rule, *Devlin v. Scardelletti*, 536 U.S. 1, 9, 122 S. Ct. 2005, 2010, 153 L. Ed. 2d 27 (2002) (non-named class member could appeal under certain circumstances), the area is fraught with uncertainty and potential for dispute, *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 129 S. Ct. 2230, 2235, 173 L. Ed. 2d 1255 (2009)

---

[1] To avoid any misunderstanding, he Mayers do not suggest that they can collect both the $18,306,984.53 and the $19,139,299.78, because both of those amounts represent different courts' calculations of the sums they are due (at different times), due to the same GFRDA investment. However, if the state judgment for the GFRDA exceeds the restitution judgment (which is not entirely clear because post-judgment interest began accruing on the restitution judgment at an earlier date), or if the state court awards additional damages for other misconduct, the Mayers do not want to be foreclosed from any right they have to seek to recover those additional sums out of frozen assets.

(*Devlin* "was premised on the class-action nature of the suit, ... and specifically noted that party status depends on 'the applicability of various procedural rules that may differ based on context'" [citation omitted]).

Under *Marino*, 484 U.S. at 304, 108 S. Ct. at 588, a non-party investor seeking to appeal would first have to move to intervene in the SEC Action: "we hold that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement."

The Mayers suggest that the right of investors to appeal should be addressed at the outset, rather than requiring motions to intervene and/or disputes over whether intervention is necessary. One solution would be to order that an investor's submission of a claim against the Fund (ATT A, § II.b) be deemed a request to intervene in the SEC action for the limited purpose of the distribution of the Fund, which motion would be granted by the Court as a matter of course. This would have the added benefit of allowing investors to participate in the ECF system for the case.

Dated: January 26, 2012

BEGOS HORGAN & BROWN LLP

By: _____
Patrick W. Begos (PB4372)
Attorneys for the Mayers
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990

## Declaration of Service

PATRICK W. BEGOS declares the following to be true under penalty of perjury:

1. I am not a party to this action and I am over 18 years of age.

2. On January 26, 2012, I served the annexed Mayers' Submission Regarding January 13, 2012 Order by emailing true copies to:

Sharon Levin, Esq. (Sharon.Levin@usdoj.gov)
Benjamin Naftalis, Esq. (benjamin.naftalis@usdoj.gov)
Mark D. Salzberg, Esq. (salzbergm@sec.gov)
Neal Jacobson, Esq. (jacobsonn@sec.gov)
Vivian Shevitz, Esq. (vivian@shevitzlaw.com)
Nathan Dershowitz, Esq. (ndershowitz@lawdea.com)
David C. Burger, Esq. (dcb@robinsonbrog.com)
Julian W. Friedman, Esq. (jfriedman@stillmanfriedman.com)
Eugene F. Hestres-Velez, Esq. (ehestres@bbh-law.com)
minidoka@aol.com
Mr. John P. Aggerholm (jpaggerholm@hotmail.com)
Mr. Timothy Wright (twright@entecworks.com)
Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)

and by causing a true copy thereof, in a properly sealed, post-paid wrapper, to be deposited in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to:

GARY TANAKA
No. 57819-054
FCI Terminal Island
P.O. Box 3007
San Francisco, CA 90731

Dated: January 26, 2012

Patrick W. Begos