UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

................................................x
:
:
UNITED STATES OF AMERICA :
:
-v- : No. 05 Cr. 621 (RJS)
:
ALBERTO WILLIAM VILAR and :
GARY ALAN TANAKA, :
:
Defendants. :
:
................................................x
:
SECURITIES AND EXCHANGE :
COMMISSION, :
Plaintiff, :
-v- : No. 05 Civ. 5231 (LTS)
:
AMERINDO INVESTMENT ADVISORS :
INC., et al., :
:
Defendants. :
:
................................................x

**Lusk Submission Regarding January 13, 2012 Order**

Peter A. Lusk by his attorney, Timothy S. Wright, submits the following comments concerning the Court's January 13, 2012 Order (the "Order").[1] By way of background, Mr. Lusk is a creditor of Alberto Vilar with a claim of approximately $850,000 (relating to the loan to Mr. Vilar of funds for his bail deposit, which were later converted and supplemented to pay attorneys

---

[1] Capitalized terms or those in quotations used in this submission and not otherwise defined shall have the same meaning as set forth in the Order.

1

fees, plus accrued interest on the amounts advanced). Mr. Vilar anticipated repaying Mr. Lusk the amount owed out of Mr. Vilar's personal U.K. pension assets. It is understood that these pension assets along with other assets, including those of the "entity defendants," have been frozen pursuant to the Substitute Assets Order. Mr. Lusk's objective is to obtain repayment of the amount owed to him by Mr. Vilar. However, Mr. Lusk understands that, for this to occur, it is necessary to satisfy the claims of the "investors" in some manner. Mr. Lusk is experienced in financial and investment matters, and hopes his comments may assist the parties to these proceedings.

### Action by the Parties will be Facilitated by Disclosure of Known Assets

To date, there has been considerable delay in distributing assets to "investors." The Defendants have raised concerns with interim distributions in part because it is unclear whether the frozen assets are sufficient or insufficient to satisfy all claims. To move forward, it is proposed that the Court issue a new Order requiring the United States Department of Justice and the Securities and Exchange Commission (the "Plaintiffs") to list clearly all of the assets subject to the Substitute Assets Order (the "Assets") and include in such listing (i) the owner of each of the Assets including cash, (ii) the fair market value of Assets other than cash where that fair market value can be ascertained from public markets, (iii) in the case of illiquid Assets (hereafter, the "private securities"), a written description of the nature of each asset including type of security, issuer or obligor of the security, and pertinent terms and conditions associated with the security, and (iv) the location and custodian of each of the Assets. This listing will provide a foundation for the parties to work from. It will also assist other persons working with the Assets in the future such as the Receiver envisioned by Attachment A to the Order and the "steering committee" envisioned by Attachment C to the Order.

As part of this new Order, it is also proposed that the Plaintiffs be directed to hire a suitable person to provide guidance on the estimated current fair market value of the private securities and recommend whether or not action should be taken with respect to these assets. The report of that expert should be made available to the parties, and the cost of the analysis should be borne by the Assets. An initial approximation of the value of the private securities can be used as a foundation for further action by the parties to satisfy the claims of "investors."

### Action by the Parties will be Facilitated by Disclosure of Known Claims

Attachments A and C to the Order envision the determination of claims against the Assets. In Attachment A, the Receiver will take into account various information and the objections to any claim in putting together a proposed plan for distribution of the Fund. The language of Attachment A at sections I.f. and II.d. refers to original amounts entrusted or invested, and at section II.d. to "prior distributions" to investors. Attachment C at section VIII refers to amounts originally entrusted to Amerindo and affiliates. It is our view that this suggested standard is not desirable in determining the claims of "investors."

It is proposed that the nature of the claims against the Defendants be determined on a preliminary basis by the Plaintiffs based on the books and records of the "entity defendants" which we understand were seized by and are in the custody of the Plaintiffs. A date near the date when the businesses of the entity defendants were closed should be picked consistent with the best available records. The claims of all investors should be determined on a preliminary basis as of this date. The Defendants should be enlisted to help in this matter if needed. This approach will provide the parties with an initial estimate of the totality of the claims against the Assets, which should facilitate decision making. This approach is also more equitable than

3

looking to the original investment of investors, because it properly takes into account the effect of market forces over time on the original investments made. These market forces may have had a positive or negative affect on the amount invested. For example, one investor could have made an original investment of $1,000 at an opportune time and his investment balance in 2005 is much higher than his original investment. Conversely, another investor could have made an original investment of $1,000 at an inopportune time and his investment balance in 2005 is much lower than his original investment. It does not seem equitable to provide a claim for $1,000 to the first investor who made a good investment decision, while providing the same claim to the second investor who made a poorer investment decision. Similarly, these investors could have made good or bad decisions in deciding whether and when, if at all, to take distributions from their investment accounts. This is why we believe the claims of investors should all be determined as of a specific time, when they have been equally affected by market forces and their prior decisions on interim distributions.

### General Agreement with the Objectives of Attachment C

Attachment C assumes the Receiver envisioned by Attachment B has been appointed. The Receiver and/or the Court will then oversee a process whereby the investors elect a steering committee to retain, with Court approval, counsel and a financial advisor to provide advice with respect to the private securities. The goal is to create a vehicle where the private securities can be transferred for management and/or distribution. We believe it is very desirable to provide management of the private securities and it is appropriate that the cost of management be borne by the assets. We would expect the Receiver and/or the Court to be mindful of the expenses

charged by the various advisors.

Mr. Lusk appreciates the opportunity to make these comments.

Dated: January 27, 2012

                                                                  /s/_____
                                                        Timothy S. Wright, Esq.

                                                        Attorney for Peter A. Lusk
                                                        Suite 300
                                                        420 Lexington Avenue
                                                        New York, New York 10170

Courtesy copies sent as follows:

Honorable Laura Taylor Swain (by fax: 212-805-0426)
Honorable Richard J. Sullivan (sullivannysdchambers@nysd.uscourts.gov)

Cc:

Sharon Levin (sharon.levin@usdoj.gov)
Benjamin Naftalis (benjamin.naftalis@usdoj.gov)
Mark Salzberg (salzbergm@sec.gov)
Neal Jacobson (jacobsonn@sec.gov)
Susan C. Wolfe (scwolfc1@aol.com)
Jane Simkin Smith (jssmith1@optonline.net)
David C. Burger (dcb@robinsonbrog.com)
Julian Friedman (jfriedman@stillmanfriedman.com)
Patrick W. Begos (pwb@begoshorgan.com)
Minidoka@aol.com
John Preetzmann Aggerholm (jpaggerholm@hotmail.com)
Thomas J. Hall (hallt@hallandhalllaw.com)
Gary Tanaka (by U.S. Mail)
Vivian Shevitz (vivian@shevitzlaw.com)

## Tim Wright

| | |
|---|---|
| **From:** | Tim Wright <twright@entecworks.com> |
| **Sent:** | Friday, January 27, 2012 3:17 PM |
| **To:** | Benjamin Naftalis; David C. Burger; Hon. Richard J. Sullivan; Jane Simkin Smith; John Aggerholm; Julian Friedman; Mark Salzberg; Minidoka@aol.com; Neal Jacobson; Patrick W. Begos; Sharon Levin; Susan C. Wolfe; Thomas J. Hall; Vivian Shevitz (vivian@shevitzlaw.com) |
| **Cc:** | 'peter@peterlusk.com' |
| **Subject:** | Submission by Peter A. Lusk concerning the 1-13-12 Order in USA v. Alberto Vilar et. al. |
| **Attachments:** | Lusk Submission to USDC Order re Vilar et al 01-27-12.pdf |

Dear all,

Attached please find a Submission by Peter A. Lusk in response to the Order dated January 13, 2012 in the Matter of the United States of America v. Alberto William Vilar and Gary Alan Tanaka, and the related civil case brought by the Securities and Exchange Commission. We appreciate the opportunity to offer these comments.

Sincerely,
Tim Wright

Law Offices of Timothy S. Wright
Suite 300
420 Lexington Avenue
New York, New York 10170
O: (212) 758-7687
C: (203) 561-4882

---

*Courtesy Fax Copy to:*

*Honorable Laura Taylor Swain*

*(fax # 212-805-0426)*

*6 pages in total*

*1-27-12*
*TSW*

1