

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE  NEAL JACOBSON
3 WORLD FINANCIAL CENTER, ROOM 4300  (212) 336-0095
NEW YORK, NEW YORK 10281-1022

March 8, 2012

**BY FAX**

Honorable Laura Taylor Swain
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 1 9 2012
```

Re:   SEC v. Amerindo Investment Advisors, Inc., et al., 05-Civ.- 5231 (LTS)

Dear Judge Swain:

We write to request that the court relieve the Securities and Exchange Commission ("SEC") of any requirement to respond or otherwise engage in any motion practice in connection with the recent dispositive motions filed by defendants Gary Alan Tanaka and Alberto Vilar in this action until all of the pending matters can be addressed at the scheduled March 30, 2012 status conference.

As the Court knows, the parties to this action and the parallel criminal action have been attempting, with the Courts' direction and assistance, to formulate a consensual plan for returning funds to Amerindo investors including by possibly appointing a receiver in this case to administer claims. In all other respects this case has largely remained dormant. On March 7, 2012 and without any prior notice, Mr. Tanaka filed a motion to dismiss the November 17, 2005 amended complaint in this action and Mr. Vilar filed a motion for summary judgment seeking dismissal of the action against him.

The motions were the first communications of any kind by the defendants to the SEC staff that they intended to seek the dispositive relief set forth in the motions. Neither motion contained the certification required by Rule 2.b.(ii) of the Court's Individual Rules of Practice setting forth in clear terms that the moving party has used its best efforts to resolve informally the matters raised in the motions.

The relief requested in the motions has the potential to derail or, at the very least delay, the recent attempts to return funds to Amerindo investors. In order to provide the SEC staff time to consider an appropriate response to the relief requested in the motions including the possibility of seeking to amend the complaint as well as the potential impact the motions might have on the recent efforts to return funds to investors, the SEC staff sought the consent of Mr. Tanaka's and Mr. Vilar's respective counsel to defer motion practice until the parties and the Court had the opportunity to consider how best to proceed in this case at the upcoming status conference. David

Honorable Laura Taylor Swain and
March 8, 2012
Page 2

Burger, Mr. Vilar's counsel, consented to the request. Vivian Shevitz, Mr. Tanaka's counsel, did not consent.

In the SEC staff's view, neither defendant will be prejudiced by deferring motion practice, if any, with respect to the dispositive motions until after the March 30 status conference at which time the Court can determine how best to proceed in this case. Accordingly, we respectfully request that the Court relieve the SEC of any requirement to respond or otherwise engage in any motion practice in connection with the motions until after the March 30 status conference.

Respectfully Submitted,

Neal Jacobson
Senior Trial Counsel

Cc (via email):

Vivien Shevitz (Vivian@shevitzlaw.com)
Susan C. Wolfe (scwolfe1@aol.com)
Jane Simkin Smith (jssmith1@optonline.net)
David C. Burger (dcb@robinsonbrog.com)
Nathan Dershowitz (NDershowitz@lawdea.com
Victoria Eiger (veiger@lawdea.com)
mimidoka@aol.com
Mark Salzberg (Salzbergm@sec.gov)
Julian Friedman (jfriedman@stillmanfriedman.com)
Patrick W. Begos (pwb@begoshorgan.com)
Sharon Levin (Sharon.levin@usdoj.gov)
Honorable Richard J. Sullivan

2