

**Alfred C. Heitkonig**
PO Box 9024038
San Juan, PR 00902
Tel 1 (917) 721-2300
alfredosanjuan@hotmail.com



July 24, 2012

Honorable Richard J. Sullivan
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE: SEC v. Amerindo Investment Advisors, Inc. et al
05 Civ. 5231 (LTS)(JLC)
United States v. Vilar, et al
05-cr-621 (RJS)

Dear Judge Sullivan:

In response to and in compliance with your Order dated July 17, 2012, in the above referenced matter, I hereby submit the following on behalf of my family, including my cousin John P. Aggerholm:

1. **Appointment of Receiver**

We welcome your Honor's suggestion for the appointment of a receiver in this matter, subject to the limitations contained in your Order, i.e. the limited functions and authority of said receiver and the $50,000 limitation regarding the expenses to be incurred in connection with his functions and duties. We understand that Mr. David Ross has already undertaken substantial analysis of the Amerindo accounts and records. In order to save both time and expense, we would support the nomination of Mr. Ross as receiver.

2. **Right to the Assets**

While there are several interrelated issues that will eventually have to be decided before a complete distribution is made, such as cut-off dates, types of investments and accounts, applicable interest rates and others, ultimately the main issue with respect to the account holders is a simple one. It is undisputed that we, the specific Amerindo investor claimants, are the owners of the assets/funds in the various Amerindo accounts. Likewise, it is beyond dispute that the account holders have been twice harmed, first by the conduct perpetrated by Messrs. Vilar and Tanaka for which they were convicted, and now by the delay in the distribution of the funds in the accounts.

At no time, at least to our recollection, have defendants Vilar and/or Tanaka come forward with any evidence establishing any rights to any of the funds in the various Amerindo accounts. Quite to the contrary, as indicated in Mr. Friedman's March 19, 2012 letter, defendants have acknowledged that they have no interest or rights to said funds. Additionally, it is submitted, and I represent to the Court, that at no time prior to their arrest and while demands were being made by the undersigned to Mr. Vilar for the delivery of the account funds, were any claims made by either Mr. Vilar and/or Tanaka regarding any proprietary or other type of right in the account funds. Quite to the contrary, we were always reassured that the funds were safe and that we would receive all our monies. I can specifically state that Mr. Vilar repeatedly told me that the custodial assets held at Bear, Stearns & Co. in the ATGF Custodial Accounts were the sole property of the specific Amerindo investor claimants. Therefore, we respectfully submit that there is no legal basis to delay or withhold the distribution of the account funds to their rightful owners by reason of any belated claims on the part of Messrs. Vilar and/or Tanaka, in the absence of hard evidence establishing otherwise.

As stated by the SEC in its letter dated March 19, 2012, to Judge Taylor Swain, "... [A]s the Commission staff views the record below, neither Mr. Vilar nor Mr. Tanaka have any legitimate claim to any Amerindo client assets including the accounts holding assets of the GFRDA, ATGF, and ATGFII funds, all of which were purported clients of Amerindo Investment Advisors, Inc. ("Amerindo Panama"), irrespective of the Commission's well-founded claims for disgorgement, prejudgment interest, and penalties. Messrs. Vilar and Tanaka were at most authorized signatories on the accounts." This fact was essentially confirmed by your Honor in footnote 4 at page 12 of the August 26, 2010, Memorandum and Order regarding forfeiture on file.

We would also highlight the existence of a custodial agreement between Bear, Stearns & Co. and Messrs. Vilar and Tanaka. In our humble opinion this document will bear great relevance to numerous issues at hand, including individual ownership/reporting requirements within the ATGF structure and custodial accounts.

3. **Advance Distribution**

Although as before stated there are admittedly a number of incidental issues that will eventually have to be resolved prior to the complete distribution of the assets, there can be no dispute that all of the Amerindo investor claimants are entitled to some or all the funds. At this very late stage, moving into the eighth year of this nightmare, a distribution is simply put, long overdue.

Therefore, it is respectfully submitted that a limited distribution to all of the shareholders that have come forward and whose names appear from the Court records as having an interest in the accounts, without prejudice of the eventual determination to be made by the Court, would not result in prejudice to any of the Amerindo investor claimants and on the

other hand would assist in mitigating our losses and damages. I would like to propose a 10% immediate distribution to all Amerindo investor claimants as per their Amerindo Statements. At this late stage, we know who all the Amerindo investor claimants are; whoever has not come forward by now does not have a right or interest.

An immediate distribution of only 10% of each Amerindo investor claimant's last statement of account would be less than $4 Million. We know that approximately $50 Million exist. Even if adjustments needed to be made to certain Amerindo investor accounts, that would allow for a 90%+ margin of error and certainly there would be no risk of overpayment to any one Amerindo investor claimant. In addition, an immediate 10% distribution would also serve to jumpstart the remission process and provide hope and closure to the elder Amerido investor claimants who are in their twilight of their lives. Such distribution, of course, would be deducted from Amerindo investor claimant's respective accounts once a final tally is obtained and the exact amount owed to each Amerindo investor claimant's account is determined.

I hope this can be immediately considered and put in motion.

Very Respectfully Submitted.

Alfred C. Heitkonig

c: (via email):

Eugene F. Hestres Velez, Esq. (ehestres@bbh-law.com)
Sharon Levin, Esq. (Sharon.levin@usdoj.gov)
Benjamín Naftalis, Esq. (benjamin.naftalis@usdoj.gov)
Mark Salzberg, Esq. (Salzbergm@sec.gov)
Neal Jacobson, Esq. (jacobsonn@sec.gov)
Vivian Shevitz, Esq. (Vivian@shevitzlaw.com)
Jane Simkin Smith (jssmithl@optonline.net)
David C. Burger, Esq. ( dcb@robinsonbrog.com)
Nathan Dershowitz, Esq. (ndershowitz@lawdea.com)
Patrick W. Begos, Esq. (pwb@begoshorgan.com)
Julian Friedman, Esq. (jfriedman@stillmanfriedman.com)
Tomas J. Hall, Esq. (hallt@hallandhalllaw.com)
Mr. John P. Aggerholm (jpaggerholm@hotmail.com)