D&F


# Begos Horgan & Brown LLP
Attorneys At Law

Patrick W Begos  
Christopher G Brown  
Daniel Green  
Michael F Horgan Jr  

www.begoshorgan.com

2425 Post Road - Suite 205  
Southport CT 06890  
Tel 203.254.1900  
Fax 203.222.4833  

7 Pondfield Road  
P O Box 369  
Bronxville NY 10708.0369  
Tel 914.961.4441  
Fax 914.961.4442  

August 2, 2012

**By Email (sullivannysdchambers@nysd.uscourts.gov)**

Hon. Richard J. Sullivan  
United States District Court  
500 Pearl Street  
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2012
```

  Re: SEC v. Amerindo  
     05-cv-5231-RJS

Dear Judge Sullivan:

  This firm represents the Mayer family. I write, pursuant to the Court's July 17, 2012 Order, to respond to various parties' submissions in connection with that Order.

**Objection to Powers Proposed by Mr. Friedman**

  The Order expressly contemplates that the receiver be given limited powers, not to go beyond "taking steps to value and preserve the seized assets and beginning the process of determining how much is owed to victims and investors." (Order, p. 2).

  The Mayers object to the assertions in Julian Friedman's July 25, 2012 letter, arguing that the Court give far more power to a proposed receiver than is appropriate. For example, he proposes that the receiver be given power to "select and open new asset custody accounts" and to "instruct current asset custodians to transfer assets to selected new custody accounts." This is unnecessary and inappropriate. It is unnecessary because the "seized assets" at issue are held in accounts at JP Morgan Securities, subject to a restraining order issued by Your Honor in the criminal action, as well as additional restraint imposed by the Mayers pursuant to their state court judgment (and perhaps other restraints). There is no reason why the assets cannot be valued and preserved where they are. It is inappropriate because a receiver cannot legitimately take assets that are subject to restraints and liens imposed by other parties and courts, and transfer those assets to some other custodian of his choosing, to be held under some other name. Simply


Begos Horgan & Brown LLP
Attorneys At Law

Hon. Richard J. Sullivan
August 2, 2012
Page 2

put, any receiver is subject to whatever restraints and liens currently exist against the assets. I do not interpret the Order as purporting to override that realty, but merely point out that Mr. Friedman's suggestions would have the Court do so.

The Mayers further object to Mr. Friedman's submission to the extent he is requesting that the receiver have other powers set forth in various attachments to his letter, including powers to commence or defend litigation, to retain counsel, to authorize payments, or to operate the businesses of the account holders. Though other courts have vested receivers with broad powers, the "receiver" proposed in this case is not really a "receiver" in the sense used in those other cases. Thus, a "receiver" is typically understood as someone who takes possession of, and actively manages, a business or assets. The "receiver" proposed by the Court is not really taking possession of anything; he is merely valuing assets already subject to restraint (and making basic recommendations regarding the investment of cash, or the conversion of private securities that might have been subject to some merger or acquisition). In this regard, the duties of "receiver" proposed by the Court are much more closely aligned with the duties of the "monitor" that Judge Swain previously appointed in this action (*see* Doc. No. 10). Perhaps "monitor" is a better term, as it does not carry with it the assumptions that Mr. Friedman makes about the appointment of a receiver.

While Mr. Friedman might argue that the Mayers' objection is unfounded given that the receiver will have no power to determine claims or distribute funds, the Mayers are legitimately concerned about any action that might later be argued to impact the priorities among claimants. For example, there is certain to be a dispute in any distribution regarding the priority between owners of shares in a purported mutual fund (Amerindo Technology Grown Fund, Inc. ("ATGF") that may or may not have ever actually existed as a distinct entity, on the one hand; and investors in Guaranteed Fixed Rate Deposit Accounts ("GFRDA"), which investments were expressly guaranteed by Vilar, Tanaka and all of their Amerindo entities. Similarly, there will be questions whether ATGF shareholders' claims are limited to funds held in the specific ATGF account at JP Morgan (Account 102-01490, which has a balance of $522). There may be disputes between victims who are beneficiaries of a criminal restitution award and investors who are not; or between investors (like the Mayers) who have a civil judgment and those who do not. Care must be taken so that the powers given to the receiver to value and preserve assets cannot be used, intentionally or inadvertently, to affect the substantive rights of any investor, victim, or judgment creditor. Certainly, actions like moving assets from one account to another (especially if assets are commingled in the new accounts) would pose significant problems.

**Objection to David Ross as Receiver**

Mr. Friedman has proposed David Ross as Receiver, to which the Mayers object. As is evident from Mr. Friedman's letter, Mr. Ross has a prior association not only with Mr. Tanaka and Mr. Tanaka's family, but with Mr. Friedman's firm.

Mr. Ross' prior association with Mr. Tanaka and his family should be sufficient reason to disqualify him as receiver, because it was Mr. Tanaka's crimes and continuing misconduct that have resulted in these proceedings in the first place. Mr. Friedman states that Mr. Ross



Hon. Richard J. Sullivan
August 2, 2012
Page 3

"performed services" for Mr. Tanaka and his family; but he does not state what those services were, or whether Mr. Ross has any other relationships (business or otherwise) with Mr. Tanaka or any Amerindo affiliate. Especially where Mr. Friedman is proposing that the receiver be given broad immunity and indemnification for his actions, it is not appropriate to appoint someone with a prior relationship with the criminal and his family.

Mr. Ross's prior associations are also a problem because the Order contemplates that the receiver may "begin the process of determining how much is owed to victims and investors." Mr. Friedman notes that Mr. Marcus consulted with Mr. Tanaka's family on a proposal for "distribution to investors of the assets held by" the Amerindo entities. (Friedman Letter, p. 4, note 1). Given that Mr. Ross may already have formed an opinion, in consultation with the wrongdoer's family, as to how funds should be distributed, he is not an appropriate choice. Of equal concern is Mr. Ross' affiliation with Mr. Friedman's firm, because Mr. Friedman represents a particular ATGF investor. As noted above, there is almost certainly to be a dispute regarding how much is owed to ATGF investors like Mr. Marcus compared to GFRDA investors and others. No one with a prior relationship with a member of one investor group should be given any authority over matters that will lead (no matter how indirectly) to determining how much is owed to victims and investors.

Mr. Friedman argues that Mr. Ross is familiar with the seized assets and has already performed work in valuing them. But there is no reason why the information that Mr. Ross has amassed (for which it appears he was fully paid) cannot be made available to the receiver.

**Ms. Shevitz's Proposal**

It is not clear that a response is necessary; it should suffice to say that the Mayers object to her proposal that they take a partial distribution in full satisfaction of their state court judgments and their restitution award.

Respectfully submitted,

Patrick W. Begos

cc:  (by email)
Sharon Levin, Esq. (Sharon.Levin@usdoj.gov)
Benjamin Naftalis, Esq. (benjamin.naftalis@usdoj.gov)
Mark D. Salzberg, Esq. (salzbergm@sec.gov)
Neal Jacobson, Esq. (jacobsonn@sec.gov)
Vivian Shevitz, Esq. (vivian@shevitzlaw.com)
Jane Simkin Smith, Esq. (jssmith1@optonline.net)
Nathan Dershowitz, Esq. (ndershowitz@lawdea.com)
David C. Burger, Esq. (dcb@robinsonbrog.com)
Julian W. Friedman, Esq. (jfriedman@stillmanfriedman.com)

 Begos Horgan & Brown LLP
Attorneys At Law

Hon. Richard J. Sullivan
August 2, 2012
Page 4

    Eugene F. Hestres-Velez, Esq. (ehestres@bbh-law.com)
    Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
    Mr. Alfred Heitkonig (alfredo@ahfs.biz)
    Mr. John P. Aggerholm (jpaggerholm@hotmail.com)
    Mr. Timothy Wright (twright@entecworks.com)