

Vivian Shevitz
Attorney at Law
401 Cumberland Ave. – Apt. 609
Portland, Maine 04101
207-899-2502
914-763-2122 (cell)
888-859-0158 (fax)
Vivian@shevitzlaw.com

August 3, 2012

Hon. Richard J. Sullivan (By email)
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/02

Re:  SEC v. Amerindo – 05 cv 5231 (RJS)

Dear Judge Sullivan:

Defendants Tanaka and Vilar object to the SEC's proposals of "potential receiver candidates", most especially to the two former federal SDNY prosecutors.  While each of the individuals who has been proposed may have fine experience in a variety of tasks, not one appears to have any experience whatsoever in the highly specialized field of venture capital or the highly specialized task at hand here:  valuing, and preserving the value of, securities in private technology companies. The securities portfolio, including many outside sources of cash, are not the end product of a bankruptcy action, nor are the vast majority of the private companies bankrupt; therefore, neither the experience of a bankruptcy trustee nor the manager of troubled companies is particularly relevant. The private securities are sitting in seized accounts; we do not need the expertise of experienced criminal investigators to find or forfeit them.

Thus, we object to paying Steven Feldman $465/hour to, as he says, "take on the duties of gathering assets," "protecting the assets against

forfeiture to the State," or "evaluating the competing proposals for managing and valuing the assets". We know where the assets are; there is no need to gather them. It would be highly abusive to pay these people *at all*, much less pay them more than three and a half times the CJA rate for "finding", and "collecting" assets that the government has spent seven years keeping in place without any management whatsoever. We need someone to manage and value the assets – and have proposed James Stableford's firm to manage them, and David Ross to evaluate the privates, with a view to selling them -- not to pay some high priced lawyer $465/hour to evaluate competing proposals to do this work.

Likewise, we object to paying Shirah Neiman (who has spent her life as an SDNY prosecutor, another one of whom we do *not* need in this case) and the former Chairman of the SEC Richard Breeden $450/hour to value the private securities when neither professes to have any relevant experience in this technical field, or to assess investor claims when this task – which involves a relatively small number of investors (only about 50 claims compared to the *25,000* claims in the *Bennett Funding* case referred to in Ms. Neiman's letter) –easily could be performed by a Magistrate Judge, who indeed is authorized to do so. See, 28 USC § 636 (b)(2) and (3) ("(2) A judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate judge to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts. (3) A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.")

Everyone seems to agree that what is needed here is evaluating the private securities, which David Ross already evaluated in 2010 at the expense of Gary Tanaka and his family. Everyone *knows* (as Mr. Marcus stated since the case started and again at Mr. Tanaka's sentencing) that management of the funds is needed.

The SEC, in its letter of August 2, 2012, suggests that Mr. Ross should not be authorized to do the work that he knows how to do, because of some perceived "conflict" in his having done work for Mr. Tanaka and Mr. Marcus previously. The SEC wants "no hint" of a conflict. Yet it proposes Shirah Neiman, who states that as a prosecutor she DID work specifically on this case.

The bottom line is this: A Receiver is not needed. If the SEC *really* wants to get money to the investors, it should rid itself of this overly punitive view of the defendants' conduct and of the case.

A Magistrate should be selected to supervise David Ross's evaluation, and Open Fields' management of the funds. The Magistrate should be permitted and empowered to employ David Ross, for no more than $15,000 at $175/hour, to update the evaluation, and then to Monitor James Stableford's firm in managing the funds.

As to claims and the evaluation of them, we submitted papers last Friday in which we identified all known claims, determined by the documents referenced in the government's papers (*i.e.,* the Amerindo statements) and, where necessary, the defendants' memories. A Receiver is not needed, and we will appeal if one is imposed. We need to wrap this up, or it will be another seven years until investors get their money.  (It is, moreover, astounding and offensive that the SEC sees itself clear to use its (hopefully-limited) pot of taxpayer funds to champion the "causes" of offshore investors who *chose* an offshore entity for their investments for the very purpose of avoiding U.S. taxes, U.S. rules and U.S. regulations!)

Finally we reiterate our objection, and interpose it anew, to litigating against non-parties who, as the SEC recognized previously have no *interest* in the specific assets (hence should have no "say" in determining how those assets are administered.)  We have our hands full litigating against "parties" already and should not have to litigate also against people with individual interests who did not intervene.

In this regard we note Ms. Levin's submission, seeking to have her voice heard but at the same time stating – falsely: "the Government is not a

party to the above referenced action." In fact the DOJ's motion to intervene was *granted* in December 2005:

| 12/09/2005 | Minute Entry for proceedings held before Judge Laura Taylor Swain : Initial Pretrial Conference held on 12/9/2005. DOJ's application to intervene granted - discovery stayed pending further order of the Court and defendant's time to respond to the amended complaint is extended to 5/31/06. (sac, ) (Entered: 01/03/2006) |

Ms. Levin seemingly is trying to distance "the Government" from participation as a party in this action, in light of the argument it knows we made in the previously filed Motion to Dismiss —and, should it be necessary, will make in the Court of Appeals, in response to appointment of a Receiver -- that the SEC case and the criminal case are but *one* case for Double Jeopardy and Due Process purposes, and that litigation of this SEC case should not be allowed to proceed. "Commingling" captions of the cases at will, as the government and the court have done, demonstrates the point.

We ask to have this letter-reply to the Court's order to respond to the Receiver proposal filed.

Very truly yours,

/s/
Vivian Shevitz

Cc: All parties and "participants":
    Mark Salzberg
    Neal Jacobson
    David Burger
    Sharon Levin
    Benjamin Naftalis
    Nat Dershowitz
    Vicky Eiger
    Julian Friedman
    Patrick Begos
    Eugene Hestres

Hall & Hall
Peter Lusk
Huw Davies
John Preetzman-Aggerholm
Alfred Heitkonig
Jane Simkin Smith