# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

June 10, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-13
```

Via E-mail
Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Lisa Mayer and Debra Mayer v. J.P. Morgan Securities LLC, et al.
              12 Civ. 5240 (RJS) (KNF)
              5 cv 5231

Dear Judge Sullivan:

       This firm represents J.P. Morgan Securities LLC ("JPMorgan") in the above-captioned action (the "Mayer Action"). I write with respect to the report filed by Ian Gazes, the Receiver appointed by this Court in the related matter of Securities and Exchange Commission v. Amerindo Investment Advisors, Inc., 05 Civ. 5231 (RJS) (the "SEC Action"), to address issues in the report concerning JPMorgan. Although JPMorgan is not a party to the SEC Action, Mr. Gazes kindly shared the report with me, since it concerns funds and securities held at JPMorgan that have been restrained by order of the Court (the "Funds") and is relevant to JPMorgan's Interpleader claims, asserted in its answer to the Mayer Action (the "Interpleader").

       In his Report, the Receiver proposes that he take custody and control of cash and cash proceeds of publicly-held securities (to be liquidated by JPMorgan) in four of the restrained JPMorgan accounts, numbered 102-17995, 102-01485, 102-01490, and 102-01495. The Receiver proposes that he hold these funds in a Receivership account to be established at JPMorgan. He further proposes that the non-public securities in the foregoing accounts, as well as all Funds in the remaining restrained accounts, remain as they are, with their disposition to be determined at a future date. See Receiver's Report, 05 Civ. 5231 (RJS), ECF No. 283, ¶¶ 9-13, 18-25. The Receiver further proposes to set up an "Interim Distribution" process, pursuant to which he may distribute the money in the Distribution Fund to persons who make claims in a procedure that he proposes. Id., 16-34; 43-44.

Hon. Richard J. Sullivan
June 10, 2013
Page 2 of 3

  JPMorgan respectfully requests that, if the Court adopts the Receiver's proposals or otherwise decides that claims to the Funds should be determined within the Receivership process in the SEC Case, the Court should also order that JPMorgan be discharged from liability with respect to the Funds and should enjoin any and all claimants to the Funds from prosecuting their claims in any other forum. We note that JPMorgan would be entitled to seek such an order through the Interpleader in the Mayer Case. *See* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1714 (3d Ed. 2013) (in first stage of interpleader, court determines right of party invoking remedy to compel claimants to litigate their claims to the stake in one proceeding; if grounds for interpleader are satisfied, disinterested stakeholder may be discharged). JPMorgan should not be deprived of a complete discharge simply because claims to the Funds are to be decided by the Receiver in the SEC Action rather than by the Court through the Interpleader.[1]

  In the event that the Court elects not to proceed with distribution through the Receivership, then JPMorgan should be permitted to seek a discharge and injunction through the Interpleader in the Mayer Case. The Interpleader was brought pursuant to both Fed. R. Civ. P. 22 ("Rule Interpleader") and 18 U.S.C. § 1335. Since there is no requirement in Rule Interpleader that the Funds be deposited into the registry of the Court, the discharge could be effectuated even if the Court decides that JPMorgan should continue to hold the Funds pending resolution of the claims rather than deposit them to the registry of the Court, or directs that the Funds be transferred to the custody of the Receiver. *See, e.g.*, 6247 Atlas Corp. v. Marine Ins. Co., Ltd., 155 F.R.D. 454, 461 (S.D.N.Y. 1994) (no requirement to deposit the "stake" under Rule 22).

  Finally, JPMorgan is entitled to seek attorneys' fees in connection with a properly-invoked Interpleader. A/S Krediit Pank v. Chase Manhattan Bank, 303 F.2d 648, 649 (2d Cir. 1962). JPMorgan respectfully requests that in the event the Court determines to discharge JPMorgan in connection with transferring the Funds to the Receiver, rather than by motion practice in the Interpleader, JPMorgan be given an opportunity to seek its legal fees and costs in connection with filing the Interpleader.

  We thank the Court for its consideration of this letter.

Respectfully submitted,

Andrea Likwornik Weiss

cc (*by e-mail*):
  Patrick Begos, Esq. (pwb@begoshorgan.com)
  AUSA Sharon Cohen Levin (Sharon.Levin@usdoj.gov)
  Mark D. Salzberg, Esq. (salzbergm@sec.gov)
  Neal Jacobson, Esq. (jacobsonn@sec.gov)

---

[1] Once a court has determined that interpleader is proper, claims to the property are determined in what is commonly known as the "second stage" of interpleader. *See id.*

Hon. Richard J. Sullivan
June 10, 2013
Page 3 of 3

    Vivian Shevitz, Esq. (vivian@shevitzlaw.com)
    Jane Simkin Smith, Esq. (jssmith1@optonline.net)
    David C. Burger, Esq. (dcb@robinsonbrog.com)
    Paula K. Kolbath, Esq. (pcolbath@loeb.com)
    Nathan Dershowitz (ndershowitz@lawdea.com)
    Andrew E. Goldsmith, Esq. (agoldsmith@khhte.com)
    Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
    Eugene F. Hestres-Velez, Esq. (ehestres@bbh-law.com)
    Timothy Wright (twright@entecworks.com)
    Robert Fryd (Rfryd@wbcsk.com)
    Julian Friedman, Esq. (jfriedman@stillmanfriedman.com)
    David Mainzer, Esq. (mainzer@sposilco.com)
    James Webster, Esq. (jwebster@khhte.com)
    Ian Gazes, Esq. (ian@gazesllc.com)