

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, ROOM 4300
NEW YORK, NEW YORK 10281-1022

NEAL JACOBSON
(212) 336-0095

June 10, 2013

**BY EMAIL**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-13
```

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   SEC v. Amerindo Investment Advisors, Inc., et al., 05-Civ.- 5231 (RJS)

12 CV 5240

Dear Judge Sullivan:

The staff of the Securities and Exchange Commission ("SEC") submits this letter in support of the recommendations contained in the May 30, 2013 Receiver's Initial Report and Recommendations ("the Receiver's Report").

The Receiver's Report recommends setting up a claims process in the SEC's civil action and making an initial, interim distribution from the Investor Accounts to investors holding allowed claims. Establishing a claims and distribution process is a standard function for a receiver in an SEC civil injunctive action. *E.g., SEC v. Byers*, 637 F. Supp. 2d 166 (S.D.N.Y. 2009) (Chin, J.) (court approved *pro rata* distribution plan for receivership consisting of commingled real estate, commodity fund and diamond mining assets). The SEC also supports the Receiver's proposal to retain an accountant and/or other professionals, as needed, subject to a cap on fees and Court approval, to assist him in implementing the claims and distribution process. Although the Receiver's Report currently recommends maintaining the funds in accounts and sub-accounts at a financial institution, the SEC believes that the Receiver should consider depositing cash and the proceeds of the sale of the public securities (and the private securities at a later date) into the Court Registry Investment System, subject to whatever rights, if any, that parties may have to the Investor Accounts, in order to reduce administrative costs.

In his June 7, 2013 letter to the Court, counsel to the Mayers asserts that a procedure for distributing funds to claimants cannot be implemented until the Mayers' priority to the Investor Accounts is determined in the turnover proceeding (now styled as the interpleader action *Lisa & Debra Mayer v. J.P. Morgan Securities LLC, et al.*, 12 Civ. 5240 (SDNY)) and that their claim should be excluded from the receivership process. Counsel also states that to date, no party has asserted any legal basis in the interpleader action to invalidate or subordinate the Mayers' judgment lien.

The SEC submits that the claims and distribution process proposed by the Receiver in this case is the appropriate forum to determine the rights of the Mayers and all other investors and other potential claimants to the identified Investor Accounts and other assets properly belonging to

investors (*e.g.*, the approximately $4 million owing to the Amerindo Technology Growth Fund II by the foreign liquidator of the Amerindo Internet Growth Fund). The interpleader process would require individual claimants to join the interpleader action and engage in cumbersome civil litigation to recover their losses. Nobody has contested the fact that the Investor Accounts hold the commingled funds of investors in various Amerindo-related investment vehicles. The only question before the Court is how to allocate the funds among the various claimants to those funds.[1] Again, the receivership claims and distribution process is well suited for making these determinations. *E.g.*, *SEC v. Byers*, 671 F. Supp. 2d 531 (S.D.N.Y. 2009) (Chin, J.) (court resolved disputed unsecured and secured claims against receivership assets).

The SEC also disagrees with the Mayers' contention that the priority of their claim must be determined in the turnover action before a claims process can be implemented in this case. As discussed above, the receivership claims process is well-suited for determining the priority, if any, of the Mayers' claim to the Investor Accounts.

Although the SEC does not dispute the validity of the Mayers' judgments, the SEC believes that the Mayers should not be permitted to continue their turnover action in favor of the procedure recommended by the Receiver for two reasons. First and foremost, the Court's October 26, 2009 Post-Conviction Restraining Order entered in the criminal case, No. 05-cr-621 [Docket No. 364], specifically prohibits all persons with knowledge of the restraining order from hypothecating or encumbering, either directly or indirectly, the Investor Accounts, among other assets. As the purpose of the Mayers' levy and turnover action filed after entry of the restraining order is to permit the Mayers to perfect a lien on the Investor Accounts in contravention of the Court's restraining order, the Court should not permit the turnover action to continue to the detriment of other claimants to the Investor Accounts.

In addition, the SEC believes that the Mayers' levy is ineffective on substantive grounds. The Mayers' judgments are against Alberto Vilar, Gary Tanaka, Amerindo Investment Advisors Inc. ("Amerindo US") and Amerindo Investment Advisors, Inc. ("Amerindo Panama"). None of the Investor Accounts are held in the names of any of these entities, and, therefore, the Mayers' judgments cannot attach to the funds in the accounts. But even if the Mayers did obtain judgments against the account holders, the funds in the Investor Accounts consist of commingled investor funds and are not the unencumbered property of the named account holders or Vilar and Tanaka notwithstanding the fact that Vilar and Tanaka controlled the accounts by virtue of their signatory authority over them. *E.g.*, *United States v. Fontana*, 528 F. Supp. 137, 143-46 (S.D.N.Y. 1981) (Government's tax lien would not attach to property in which taxpayer held mere legal title if third party held beneficial interest in the property by operation of a constructive trust).

---

[1] The SEC understands that Alberto Vilar and Gary Tanaka, who are not the named account holders to the Investor Accounts, have asserted an interest in those accounts as well. In the SEC's view, their claims can be determined in the claims process along with all other claims to the Investor Accounts.

Honorable Richard J. Sullivan
June 10, 2013
Page 3

For the reasons set forth above, the SEC respectfully requests that the Court implement the Receiver's proposals set forth in the Receiver's Report and deny the Mayers' request to continue to assert their lien in the turnover action.

Respectfully Submitted,

Neal Jacobson
Senior Trial Counsel

Cc (via email):

Andrea L. Weiss, Esq.
Sharon C. Levin, Esq.
David Mainzer, Esq.
Julian W. Friedman, Esq.
Thomas J. Hall, Esq.
Robert Fryd, Esq.
Andrew E. Goldsmith, Esq.
Neal R. Jacobson, Esq.
Tomoko Onozawa, Esq.
James Webster, Esq.
Vivian Shevitz, Esq.
Ian Gazes, Esq.
David C. Burger, Esq.