LAW OFFICES
## STILLMAN & FRIEDMAN, P.C.

425 PARK AVENUE
NEW YORK, NY 10022
www.stillmanfriedman.com

CHARLES A. STILLMAN
JULIAN W. FRIEDMAN
SCOTT M. HIMES
MARJORIE J. PEERCE
JOHN B. HARRIS
JAMES A. MITCHELL
MICHAEL J. GRUDBERG
NATHANIEL Z. MARMUR
BRIAN D. COAD

MARY MARGULIS-OHNUMA

NATHANIEL I. KOLODNY
ERIK M. ZISSU
LAURA P. WEXLER
ELAINE K. LOU

TELEPHONE
(212) 223-0200
FACSIMILE
(212) 223-1942

**VIA E-MAIL**

June 11, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-13

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    In Re Mayer v. JP Morgan Securities LLC (1:12-cv-05240-RJS)
            SEC v. Amerindo (1:05-cv-05231-RJS)

Dear Judge Sullivan:

        We represent both Paul Marcus and Dr. Ronald Salvitti, who are Third-Party Defendants in the above-captioned action. In addition, prior to being named as a Third-Party Defendant, Mr. Marcus filed a motion, pursuant to Rule 24, F.R.Civ.P., for intervention as of right or, in the alternative, permissive intervention as a Respondent.

        We are in receipt of the letter to Your Honor dated June 7 from Patrick Begos, counsel for the Mayers, and the letter dated June 10 from Neal Jacobson of the SEC Staff. We believe, as does the SEC Staff, that the Mayers' claim should be dealt with in the distribution process recommended by the Receiver. However, we note that Mr. Gazes himself stated (in paragraph 41 of his Initial Report) that "the viability of the proposed claims and interim distribution process is contingent on … a final resolution of the Mayers' petition."

        We are obviously prepared to proceed in whatever manner Your Honor directs, and are anxious for the opportunity to do so, since our clients vigorously dispute the claim by the Mayers that their state court judgment somehow entitles them to a priority over other claimants. In fact, we have maintained that opposition to the Mayers' priority claim since it was first made, and the second page of Mr. Begos's letter contains a representation to Your Honor in this connection that is simply untrue. Thus, in the second paragraph on that page, Mr. Begos states: "I note that, to date, no party (or putative third-party) in the Turnover Proceeding has asserted

LAW OFFICES
**STILLMAN & FRIEDMAN, P.C.**

any legal basis to invalidate or subordinate the Mayers' judgment lien." This is not correct, and we have no idea why Mr. Begos would make this statement.

Mr. Marcus filed his motion to intervene in the Mayers' so-called "Turnover Proceeding" in November 2012. I submitted an affidavit in support of that motion. While I apologize for the length of the quotations from that affidavit set forth below, I think that the following language in that document conclusively negates Mr. Begos's attempt to create the impression that no one is disputing the Mayers' claimed entitlement to have their state court judgment enforced against the accounts discussed in Mr. Gazes's Initial Report. My affidavit stated as follows:

> 5. It was not until after counsel for the Mayers received a copy of my November 12 letter to the Court that he sent me a copy of the Petition. And it was only on receipt of that document that I realized that the Mayers are not using this proceeding solely to seek a distribution on account of claimed hardship. Rather, once I saw the Petition itself, I learned that this proceeding is an attempt to vindicate the Mayers' claim that their State Court judgments against Mr. Vilar, Mr. Tanaka, and Amerindo Investment Advisors, Inc. should be enforced -- in their entirety and without regard to the claims of any other investors -- against the assets currently being held in accounts at JPMorgan Chase in the name of Amerindo Technology Growth Fund II Inc. ("ATGF") and Amerindo Management Inc. ("AMI").
>
> 6. Mr. Marcus seeks leave to intervene in order to refute that claim. As set forth in his proposed Answer to the Petition (Exhibit A annexed hereto), it is his position that all of the Amerindo-associated assets now being held by JPMorgan Chase -- including the assets in the two accounts specified in the Petition -- should be distributed among all claimants who have been identified in the prior proceedings in this Court in *United States v. Vilar and Tanaka*, 05-CR-0621-RJS and *SEC v. Amerindo Investment Advisors, Inc., et al.*, 05-CV-5231-RJS....
>
> 7. It is respectfully submitted that the relief sought by Petitioners in this proceeding is inconsistent with the proceedings conducted over the last year and a half in the criminal case.... It is to highlight that inconsistency, and defend the proceedings in the two related cases contemplating a distribution to all claimants according to a rational methodology to be approved by this Court -- rather than allowing a preferential distribution to Petitioners -- that Mr. Marcus seeks to intervene in this action.

* * *

2

Law Offices
**STILLMAN & FRIEDMAN, P.C.**

### The Merits of Mr. Marcus' Defenses

9.  Petitioners do not contest that while their judgments are against Mr. Vilar, Mr. Tanaka, and Amerindo Investment Advisors, Inc., none of the three is a record owner of the JPMorgan Chase accounts against which Petitioners seek to enforce their judgments. None of those accounts are in the names of any of the three judgment debtors. Rather, the accounts are in the following names:

- Amerindo Technology Growth Fund Inc.
- Amerindo Technology Growth Fund II Inc.
- Amerindo Management Inc.
- Amerindo Master Venture Fund LLC
- Techno Raquia S.A.
- Olafson Inc.
- Amerindo Investment Advisors Inc. Money Purchase Plan and Trust
- The Trustees of the Amerindo Adv (UK) Ltd. Retirement Benefits Scheme

10.  However, Petitioners simply ignore the fact that the JPMorgan Chase accounts are not in the names of any persons or entity against whom they have obtained a judgment. Instead, they claim (in paragraphs 19 and 20 of their Petition) that this Court's entry of an Order of Forfeiture of Substitute Assets in the criminal case "identified the ATGF II Account and the AMI Account as 'property of the defendants' (i.e., Vilar and Tanaka) ...," and that the entry of that Order "confirmed that the money and securities in ATGF II and AMI Accounts had been property of Vilar and Tanaka, that was properly reachable by their creditors." Similarly, in paragraph 28, Petitioners claim that any assets that ever were in the name of ATGF or AMI "are owned by Amerindo and/or Vilar and Tanaka" -- conveniently, the persons and entities against whom Petitioners have judgments.

11.  This attempt by Petitioners to read this Court's Order of Forfeiture of Substitute Assets as establishing that Messrs. Vilar and Tanaka were the owners of the JPMorgan Chase accounts is completely unsupportable. First, as discussed above, it directly contradicts the title of the accounts themselves. The fact that the

3

LAW OFFICES
**STILLMAN & FRIEDMAN, P.C.**

> assets here were not even held in the name of any person or entity against whom the Mayers have a judgment should be the end of any attempt by them to enforce their judgments against the JPMorgan Chase accounts.
>
> 12.   Moreover -- completely apart from the fact that the JPMorgan Chase accounts are not in the names of the judgment debtors -- Petitioners' position contradicts the manner in which this Court and all parties have been dealing with those accounts in the criminal case and the SEC action (*supra*, ¶¶ 6-7).
>
> 13.   Finally in this connection, Petitioners' assertion that the money in at least two of the JPMorgan Chase accounts belongs to Messrs. Vilar and Tanaka -- the entire basis for the Petition (*supra*, ¶ 10) -- also contradicts numerous admissions made by those Defendants that they had no beneficial interest in the assets in the JPMorgan Chase accounts, and that to the degree that they ever exercised any dominion and control over those accounts (for example, by their signatory authority), they did so only as constructive trustees for the investors, who were the beneficial owners of the assets in question....

Consistent with the language in my affidavit submitted in support of the motion to intervene, Mr. Marcus's proposed answer in the Mayers' Turnover Proceeding (annexed as Exhibit A to the affidavit itself) contains the following Affirmative Defenses:

> **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
>
> 40.   The Petition fails to state a claim upon which relief can be granted.
>
> **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
>
> 41.   Petitioners' claims are barred because the assets against which Petitioners seek to enforce their judgment are not the property of Petitioners' judgment debtors.

And the answer filed by Mr. Marcus to the Third-Party Complaint of JPMorgan Securities LLC contains the following:

> 2.   Third-Party Defendant ... admits that he has asserted a claim to the Funds in the Criminal Case and the SEC Case and that he has disputed the Mayers' entitlement to a turnover of the Funds to them....

\*   \*   \*

LAW OFFICES<br>
**STILLMAN & FRIEDMAN, P.C.**

> 55. Third-Party Defendant ... admits that he has asserted a claim to the Funds, and further admits that he is not currently a party to the Mayer Turnover Proceeding but has asserted objections to any turnover of the Funds to the Mayers.

Similar allegations were made by Dr. Salvitti in his own answer to the Third-Party Complaint.

Mr. Marcus and Dr. Salvitti are ready to dispute the Mayers' claim to priority in whatever forum this Court determines to be appropriate, and we respectfully request that the Court grant Mr. Marcus's pending motion to intervene if it allows the Turnover Proceeding to move forward despite the request to the contrary in Mr. Jacobson's letter. However, in the interim, Mr. Begos's erroneous assertion that no one has disputed his clients' claim to priority must be corrected.

Respectfully submitted,

Julian W. Friedman

JWF:cn

cc:  Ian Gazes, Esq. (ian@gazesllc.com)
     Neal Jacobson, Esq. (jacobsonn@sec.gov)
     Mark D. Salzberg, Esq. (salzbergm@sec.gov)
     Sharon Cohen Levin, Esq. (Sharon.levin@usdoj.com)
     Vivian Shevitz, Esq. (Vivian@shevitzlaw.com)
     Jane Simkin Smith, Esq. (jssmith1@optonline.net)
     David C. Burger, Esq. (dcb@robinsonbrog.com)
     Nathan Dershowitz (NDershowitz@lawdea.com)
     Patrick W. Begos, Esq. (pwb@begoshorgan.com)
     Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
     Eugene F. Hestres-Velez, Esq. (ehestres@bbh-law.com)
     Mr. Alfred Heitkonig (alfredo@ahfs.biz)
     John Preetzmann Aggerholm (jpaggerholm@hotmail.com)
     Timothy Wright (twright@entecworks.com)
     Michael Sotomayor (Msotomayor333@gmail.com)
     Andrea Likwornik Weiss, Esq. (aweiss@llf-law.com)