UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-20-13
```

SECURITIES AND EXCHANGE
COMMISSION,

                   Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                   Defendants.

No. 05 Civ. 5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On May 30, 2013, Receiver Ian Gazes submitted a Report and Recommendation ("R&R") regarding his investigation into the assets forfeited in the related case, *United States v. Vilar, et al.*, No. 06 Cr. 621 (RJS). The Court is now in receipt of responses to the R&R from (1) Lisa and Debra Mayer (the "Mayers"), petitioners in another related action, *In re Mayer v. JP Morgan Secs., LLC*, No. 12 Civ. 5240 (RJS) (the "Turnover Proceeding"); (2) J.P Morgan Securities LLC, Respondent and Third-Party Plaintiff in the Turnover Proceeding; (3) Paul Marcus and Dr. Ronald Salvitti, Third-Party Defendants in the Turnover Proceeding; (4) the Securities and Exchange Commission ("SEC"); (5) Defendants[1]; and (6) Alfred C. Heitkonig, John Preetzmann Aggerholm, Elna Heitkoenig, and Maaike Hickok, also Third-Party Defendants in the Turnover Proceeding.

Defendants, unfortunately, continue to take the untenable position that Defendant Tanaka – who was convicted on multiple counts of securities fraud – should be permitted to manage the

---

[1] In addition, Defendants have submitted sixteen 'exhibits' to their letter, although the exhibits are neither ordered nor, in many cases, clearly referenced in the letter. It is not the Court's job to transform Defendant's document dump into an orderly submission, and it will not do so. Accordingly, if Defendants wish to make the exhibits part of the record, they may submit a revised letter that clearly cross-references and orders the exhibits. Finally, the Court notes its receipt of two letters that are not responsive to the R&R: (1) a letter from Defendants, dated May 29, 2013, in essence objecting preemptively to the Receiver's proposals, and (2) a letter from the Mayers, dated June 19, 2013,

forfeited assets for the benefit of both himself and his former investors. Absurd on its face, that position is particularly outrageous given that much of the delay in restoring the forfeited assets to their rightful owners is attributable to Defendants' conduct in this matter. Defendants' response to the R&R – a 19-page, single-spaced, at times incoherent hodge-podge of *ad hominem* accusation and conspiracy theory – sadly continues the trend of opposing all reasonable efforts to manage the forfeited assets and resolve this matter.

Except for Defendants, the responses to the R&R generally favor moving forward with the Receiver's recommendations. Because the Court agrees that the R&R proposes a prudent, expeditious course to resolving this litigation and restoring the forfeited assets to their rightful owners, the Court hereby adopts in their entirety the proposals set forth in the R&R and in the accompanying Order dated June 19, 2013. Accordingly, IT IS HEREBY ORDERED THAT the Receiver shall begin the process of establishing a distribution fund and a claims and interim distribution procedure. IT IS FURTHER ORDERED THAT the Receiver shall update the Court by July 19, 2013 regarding the status of these activities. No distributions, however, shall be made without further order of the Court. While the Receiver is working to establish the distribution mechanisms, the Court will work in parallel to resolve the Turnover Proceeding.

SO ORDERED.

Dated:   June 19, 2013
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

addressing only disputes with Defendants over the Turnover Proceeding.