UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

Defendants.

No. 05 Civ. 5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

For the reasons set forth in the accompanying Order dated June 19, 2013, the Receiver is authorized to implement a claims and interim distribution process (the "Claims Process") as set forth herein.

IT IS HEREBY ORDERED THAT the Receiver is empowered and authorized to establish a Distribution Fund consisting of the Cash and the liquidation proceeds of the Public Securities (the "Liquidation Proceeds") held in the Investor Accounts for the purposes of making an interim distribution (the "Interim Distribution") to holders of Allowed Claims (as herein defined).

IT IS FURTHER ORDERED THAT the Distribution Fund shall be held in accounts to be maintained at JP Morgan at interest under a master account in the name "SEC v. Amerindo Investor Advisors Inc. et al. Ian J. Gazes as Receiver" with five (5) sub-accounts corresponding to the existing J.P. Morgan Accounts (the "Distribution Accounts")

IT IS FURTHER ORDERED THAT the entities holding on deposit the Miscellaneous Accounts shall, at the Receiver's written direction, immediately turn over all Cash held on

deposit in the Miscellaneous Accounts[1] for deposit into the appropriate Distribution Accounts and shall provide the Receiver final account statements.

IT IS FURTHER ORDERED THAT J.P. Morgan is directed to liquidate the Public Securities and deposit the proceeds, less the amount of J.P. Morgan's reasonable fees and expenses, into the appropriate Distribution Accounts.

IT IS FURTHER ORDERED THAT, in his discretion, the Receiver may direct that all Cash and other assets held in any additional accounts not explicitly identified in but nevertheless subject to the Order of Forfeiture of Substitute Assets (the "Additional Accounts") be turned over for deposit into the appropriate Distribution Accounts.

IT IS FURTHER ORDERED THAT the Receiver shall be the sole authorized signatory on the Distribution Accounts.

IT IS FURTHER ORDERED THAT the Private Securities and the remaining JP Morgan Accounts not designated for liquidation shall remain as they presently exist and further liquidation or other disposition thereof shall be subject to further order of this Court.

IT IS FURTHER ORDERED THAT in order to be eligible for an Interim Distribution, all parties asserting claims ("Claims") must complete and submit a claim form ("Claim Form"), substantially in the form annexed hereto as Attachment "A", so as to be received in hand by the Receiver by a date to be fixed by the Court's order implementing the Claims Process (the "Bar Date").

IT IS FURTHER ORDERED THAT notice of the Bar Date, substantially in the form attached hereto as Attachment "B", shall be given by (a) first class mail to all known Amerindo

---

[1] The Miscellaneous Accounts comprise: (1) SG Americas Securities, LLC Account No. 64524357, held in the name of Amerindo Technologies Growth Fund; (2) Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.; and (3) Approximately $1.6 million in funds on deposit at U.S. Bank for the benefit of Amerindo Technology Growth Fund II, Inc.

investors and (b) publication in the Financial Times for circulation in the United States (including Puerto Rico) and Europe.

IT IS FURTHER ORDERED THAT within seven (7) days of the Bar Date, the Receiver shall file a Claims Register reflecting (a) the number and amount of Claims timely filed and (b) the name and address of each claimant, and (c) the amount of each Claim.

IT IS FURTHER ORDERED THAT the Receiver, each of the Defendants, the SEC, the OUSA, any claimant or other party in interest, shall have fourteen (14) days from the docketing of the Claims Register to file written objections to any filed Claim (the "Objection Date").

IT IS FURTHER ORDERED THAT any filed Claim to which no objection has been timely filed shall be deemed an Allowed Claim.

IT IS FURTHER ORDERED THAT any filed Claim to which an objection has been timely filed shall be deemed a Disputed Claim as to any amount disputed and shall be deemed an Allowed Claim to the extent of the amount of the Claim, if any, that is not disputed.

IT IS FURTHER ORDERED THAT within fourteen (14) days of the Objection Date, the Receiver shall file a revised Claims Register reflecting all Allowed and Disputed Claims. Thereafter, the Receiver may petition the Court to authorize him to make an Interim Distribution from the Distribution Funds to holders of Allowed Claims. In the event the Court grants the petition, holders of Allowed Claims shall be entitled to receive an amount equal to fifty percent (50%) of their pro rata share of the Distribution Fund based on all Claims filed.

IT IS FURTHER ORDERED THAT for purposes of any Interim Distribution, the Receiver shall be authorized to draw on any and all Distribution Accounts in his sole discretion which, for the purposes of the Interim Distribution, shall be treated as a single fund.

IT IS FURTHER ORDERED THAT the Receiver's fees and expenses, other than the costs attendant to noticing the Bar Date, incurred in connection with the claims and interim distribution process shall be paid from the $50,000 in funds withdrawn from a restrained account

to provide for the Receiver's compensation (the "Compensation Fund").  In the event that the balance of the Compensation Fund is insufficient to satisfy the Receiver's fees, the Receiver shall seek an order of the Court further modifying the Restraining Order to provide for the releases of additional funds.

IT IS FURTHER ORDERED THAT the Receiver's expenses incurred in connection with the claims and interim distribution process including but not limited to the costs associated with the mailing and publication of the Notice of Bar Date, shall be payable from the Distribution Accounts.

IT IS FURTHER ORDERED THAT should the Receiver determine that it is necessary to employ additional professionals in order to implement the Claims Process, the Receiver shall seek a further order of the Court authorizing such employment and the terms and source of compensation.

IT IS FURTHER ORDERED THAT to the extent that any action undertaken by the Receiver in connection with the Claims Process gives rise to tax liabilities which would otherwise be attributable to the Amerindo entities, the Receiver is authorized to pay such taxes from the Distribution Accounts.

IT IS FURTHER ORDERED THAT neither the Receiver nor any professionals retained or employed by the Receiver shall have or incur any liability to any entity/person for any action taken or omitted to be taken in connection with or related to the preparation, implementation, or administration of the Claims Process except for willful misconduct or gross negligence.

IT IS FURTHER ORDERED THAT in the event that any order or decision of the Court on which the Claims Process is any way predicated, including but not limited to, the Defendants' criminal convictions, the Order of Forfeiture of Substitute Assets ("Forfeiture Order"), the Restraining Order, the Appointment Order, or an order approving the claims and interim distribution process, is reversed, modified or vacated by subsequent order of any court, such

reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or by the Receiver in connection with claims and interim distribution process or any other action authorized by this Court.

IT IS FURTHER ORDERED THAT independent of the outcome of their pending appeals, the Defendants have asserted various claims in the assets forfeited pursuant to the Forfeiture Order, including the Investor Accounts.[2] The implementation of the Claims Process is without prejudice to the Defendants' claims in any of the forfeited assets.

IT IS FURTHER ORDERED THAT the proposed Claims Process only provides for an Interim Distribution to holders of Allowed Claims and reserves payment on account of Disputed Claims pending resolution. If authorized by the Court, the Receiver, following the initial Interim Distribution, will formulate a proposed dispute resolution process with respect to the Disputed Claims.

IT IS FURTHER ORDERED THAT The Claims Process contemplates the liquidation of only certain forfeited assets in order to fund an initial Interim Distribution. If authorized by the Court, the Receiver, following the initial Interim Distribution, will liquidate some or all of the remaining forfeited assets to the extent necessary to make additional and/or final distributions on account of Allowed Claims.

SO ORDERED.

Dated:        June 19, 2013
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] The Investor Accounts comprise the three Miscellaneous Accounts plus: (1) JP Morgan Account No. 102-17995, held in the name of Techno Raquia, S.A.; (2) JP Morgan Account No. 102-01485 held in the name of Amerindo Management Inc., sub-Account M26; (3) JP Morgan Account No. 102-01490, held in the name of Amerindo Technology Growth Fund Inc.; and (4) JP Morgan Account No. 102-01495, held in the name of Amerindo Technology Growth Fund II, Inc.,

A copy of this Order has been sent to:

Sharon Levin, Esq.
sharon.levin@usdoj.gov

Benjamin Naftalis, Esq.
benjamin.naftalis@usdoj.gov

Mark D. Salzberg, Esq.
salzbergm@sec.gov

Neal Jacobson, Esq.
jacobsonn@sec.gov

Vivian Shevitz, Esq.
Vivian@shevitzlaw.com

Jane Simkin Smith
jssmith1@optonline.net

David C. Burger, Esq.
dcb@robinsonbrog.com

Nathan Dershowitz, Esq.
ndershowitz@lawdea.com

Patrick W. Begos, Esq.
pwb@begoshorgan.com

Julian W. Friedman, Esq.
jfriedman@stillmanfriedman.com

Thomas J. Hall, Esq.
hallt@hallandhalllaw.com

Eugene F. Hestres-Velez, Esq.
ehestres@bbh-law.com

Mr. Alfred Heitkonig
alfredo@ahfs.biz

Mr. John P. Aggerholm
jpaggerholm@hotmail.com

Mr. Timothy Wright
twright@entecworks.com

E. Ronald Salvitti, M.D.
ersalvittimd@swpaeyecenter.com

# Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. VILAR, and
GARY ALAN TANAKA,

Defendants.

05 Civ. 5231 (RJS)

ECF CASE

## PROOF OF CLAIM FORM

Please fill in the information below and supply the supporting documents requested as an attachment to this proof of claim form. This should be received by the Court appointed Receiver for Amerindo Investment Advisors (Panama) *et al.*, whose name and address is below, so as to be received in hand on or before 4:00 p.m. May ___, 2013 by (a) certified mail return receipt requested or (b) overnight courier:

Ian J. Gazes, Esq.
Gazes LLC
151 Hudson Street
New York, New York 10013

Debtor means one or more of the Amerindo entities in which you gave Principal Funds.

Principal Funds means all funds given to the Debtor(s) and NOT returned to you.

Profits means the appreciated value of the Principal Funds prior to May 25, 2005 such as by way of example interest if you held promissory notes and NOT paid to you.

**If you are not sure of a fact, please so state, and provide the best documentation you have.**

## PART A

Please answer the questions below and submit together with this completed form any written agreements between you and the Debtor(s) as concerns the establishment and/or opening of an account with the Debtor(s) and Profits prior to May 25, 2005.

## THIS PROOF OF CLAIM ONLY COVERS PRINCIPAL FUNDS AND PROFITS AS OF MAY 25, 2005

1. Your name and address, including the name of any entity through which you provided Principal Funds with the Debtor(s).   If your name or address had changed, please specify.

2. Name and address of Debtor(s) (Amerindo entity) in which you gave the Principal Funds.

   Please specify and provide documents reflecting the transmittal of Principal Funds to the Debtor(s).

3. Details including the amount and supporting documentation related to Principal Funds you claim as of May 25, 2005:

4. Details including the amount and supporting documentation related to any Profits you claim as of May 25, 2005:

5. Did you receive any distributions from the Debtor on account of your Principal Funds you claim as of May 25, 2005?

If yes please specify any and all distributions and include any payments to third parties by the Debtor(s) on your behalf.

Please attach the last statement you received from the Debtor(s).

**Please provide copies of all documents that support your claim as of May 25, 2005.**  Documents could include but are limited to promissory notes, itemized statements of your accounts, cancelled checks, wire transfer confirmations, letters, contracts, judgments, and security agreements. If the claim is secured please attached all document supporting same.

Please answer the questions below and submit together with this completed form any written agreements between you and the Debtor(s) as concerns the establishment and/or opening of an account with the Debtor and appreciated value after May 25, 2005.

## PART B

## THIS PROOF OF CLAIM ONLY COVERS PRINCIPAL FUNDS AND PROFITS AFTER MAY 25, 2005

1. Your name and address, including the name of any entity through which you provided Principal Funds with the Debtor(s).  If your name or address had changed, please specify.

2. Name and address of Debtor(s) (Amerindo entity) in which you gave the Principal Funds.

   Please specify and provide documents reflecting the transmittal of Principal Funds to the Debtor(s).

3. Details including the amount and supporting documentation related to Principal Funds you claim after May 25, 2005:

4. Details including the amount and supporting documentation related to any Profits you claim after May 25, 2005:

5. Did you receive any distributions from the Debtor on account of your Principal Funds you claim after May 25, 2005?

If yes please specify any and all distributions and include any payments to third parties by the Debtor(s) on your behalf.

Please attach the last statement you received from the Debtor(s).

**Please provide copies of all documents that support your claim after May 25, 2005.**  Documents could include but are limited to promissory notes, itemized statements of your accounts, cancelled checks, wire transfer confirmations, letters, contracts, judgments, and security agreements. If the claim is secured please attached all document supporting same.

**Please redact all account numbers other than the last 4 digits on the statement including personal identification numbers such as social security numbers and business EIN numbers.**

**DO NOT SEND ORIGINAL DOCUMENTS.**

**Signature:**

_____ I am the account owner      _____ I am the account owner's authorized agent

Please note that, although you may make a claim through an agent, you DO NOT NEED TO HAVE AN AGENT to make this claim, and pay or offer to pay an agent merely to make this claim or obtain payment on your account. Your claim will not be reduced if you do not have an agent.

Print Name:          _____
Title:               _____
Company:             _____
Email:               _____
Telephone Number:    _____


_____        _____
Signature                         Date

If claim has been assigned please provide the following information:

Name of Assignee:      _____
Address of Assignee:   _____
Email of Assignee:     _____
Tel No. Of Assignee:   _____
Date of Assignment:    _____

# Attachment B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>              v.<br><br>AMERINDO INVESTMENT ADVISORS INC.,<br>AMERINDO INVESTMENT ADVISORS, INC.,<br>AMERINDO ADVISORS UK LIMITED,<br>AMERINDO MANAGEMENT INC.,<br>AMERINDO TECHNOLOGY GROWTH FUND, INC.,<br>AMERINDO TECHNOLOGY GROWTH  FUND II, INC.,<br>TECHNO RAQUIA, S.A.,<br>ALBERTO W. VILAR, and<br>GARY ALAN TANAKA,<br><br>                Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

## NOTICE OF PROOF OF CLAIM DEADLINE WITH RESPECT TO
## AMERINDO INVESTOR ADVISORS INC. *ET AL.*

On May __, 2013 the United States District Court for the Southern District of New York

entered an Order establishing procedures for the filing of proofs of claim on account of funds given to

or through the following entities (collectively, "Amerindo"):

Amerindo Investment Advisors Inc.
Amerindo Investment Advisors, Inc. (Panama)
Amerindo Advisors UK Limited
Amerindo Management Inc.
Amerindo Technology Growth Fund, Inc.
Amerindo Technology Growth Fund II, Inc.
Techno Raquia, S.A.
Amerindo Investment Advisors, Inc.

Please read this notice carefully as it sets forth certain requirements and deadlines established

by the Court with respect to the filing of claims against Amerindo.  Failure to comply with the

requirements and deadlines set forth herein may affect your right receive to a distribution on account

of your claim.

Please be further advised that this notice is being sent to numerous persons and entities. The fact that you have received this Notice does not mean that you have a valid claim against Amerindo or that the Receiver or the Court believes that you have a valid claim against Amerindo. You may consult with an attorney regarding any possible claim against Amerindo but are not required to do so in order to file a proof of claim.

**1.     WHO MUST FILE A PROOF OF CLAIM**

If you assert that you are owed a debt by Amerindo, you **MUST** file a proof of claim. A proof of claim must be filed even if the claim is not now fixed, liquidated or certain.

**2.     WHAT TO FILE**

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**3.     WHEN AND WHERE TO FILE**

Except as provided for herein, the form proofs of claim (two) are enclosed herewith. One proof of claim form concerns all transactions priuor to May 25, 2005 and the other proof of claim concerns transactions after May 25, 2005. The completed proofs of claim must be sent to Ian J. Gazes, the Court appointed Receiver, so as to be received in hand **on or before May ___, 2013.** All proofs of claim must be mailed or delivered to:

Gazes LLC
Attn: Ian J. Gazes
151 Hudson Street
New York, New York 10013

2

Proofs of claim will be deemed filed only when received by Ian J. Gazes, the Receiver, so as to be received in hand on or before the Bar Date. The completed proofs of claim must be mailed and may **NOT** be delivered by facsimile, telecopy or electronic mail transmission.

Dated: New York, New York
_____, 2013

_____
Ian J. Gazes, Esq.
Gazes LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERINDO INVESTMENT ADVISORS INC., <br> AMERINDO INVESTMENT ADVISORS, INC., <br> AMERINDO ADVISORS UK LIMITED, <br> AMERINDO MANAGEMENT INC., <br> AMERINDO TECHNOLOGY GROWTH FUND, INC., <br> AMERINDO TECHNOLOGY GROWTH  FUND II, INC., <br> TECHNO RAQUIA, S.A., <br> ALBERTO W. VILAR, and <br> GARY ALAN TANAKA, <br><br> Defendants. | 05 Civ. 5231 (RJS) <br><br> ECF CASE |

NOTICE OF PROOF OF CLAIM DEADLINE WITH RESPECT TO
AMERINDO INVESTOR FUNDS

On May __, 2013 the United States District Court for the Southern District of New York

entered an Order establishing procedures for the filing of proofs of claim on account of funds invested

with or through the following entities (collectively, "Amerindo"):

Amerindo Investment Advisors Inc.
Amerindo Investment Advisors, Inc. (Panama)
Amerindo Advisors UK Limited
Amerindo Management Inc.
Amerindo Technology Growth Fund, Inc.
Amerindo Technology Growth Fund II, Inc.
Techno Raquia, S.A.
Amerindo Investment Advisors, Inc.

Please read this notice carefully as it sets forth certain requirements and deadlines established

by the Court with respect to investor claims against Amerindo.  Failure to comply with the

requirements and deadlines set forth herein may affect your right receive to a distribution on account

4

of your claim.

Please be further advised that this notice is being sent to numerous persons and entities. The fact that you have received this Notice does not mean that you have a valid claim against Amerindo or that the Court believes that you have a valid claim against Amerindo. You may consult with an attorney regarding any possible claim against Amerindo but are not required to do so in order to file a proof of claim. _____

**1.    WHO MUST FILE A PROOF OF CLAIM**

If you assert that you are owed a debt by Amerindo, you **MUST** file a proof of claim. A proof of claim must be filed even if the claim is not now fixed, liquidated or certain.

**2.    WHAT TO FILE**

A proof of claim form is available by contacting the Receiver at:

> Gazes LLC
> Attn: Ian J. Gazes
> 151 Hudson Street
> New York, New York 10013
> Tel. (212) 765-9000
> Fax (212) 765-9675
> office@gazesllc.com

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**3.    WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be sent to Ian J. Gazes, the Court appointed Receiver, so as to be received in hand by the Receiver **on or before May ___, 2013.** All proofs of claim must be mailed or delivered to:

Gazes LLC
Attn: Ian J. Gazes
151 Hudson Street
New York, New York 10013

Proofs of claim will be deemed filed only when <u>received</u> by Ian J. Gazes, the Receiver so

as to be received in hand on or before the Bar Date. Proofs of claim may NOT be delivered by

facsimile, telecopy or electronic mail transmission.

Dated: New York, New York
         _____, 2013

_____
Ian J. Gazes, Esq.
Gazes LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000

6