UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-8-13
```

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                Defendants.

No. 05 Civ. 5231 (RJS)

LISA MAYER, *et al.*,

                Petitioners,

-v-

J.P. MORGAN SECURITIES, LLC, *et al.*,

                Respondents.

No. 12 Civ. 5240 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of a letter from J.P. Morgan Securities, LLC ("JP Morgan"), dated July 2, 2013, regarding various demands it has received from Alberto Vilar ("Vilar") and Gary Tanaka ("Tanaka," and with Vilar, "Defendants"). Specifically, Defendants have demanded that, in light of their recently-filed *mandamus* action before the Second Circuit, JP Morgan (1) not liquidate any public securities held in the accounts that are the subject of the interpleader action in *Mayer v. J.P. Morgan Securities, LLC*, No. 12 Civ. 5240 (RJS); and (2) supply them with current account statements for all Amerindo accounts that JP Morgan maintains. The Court is also in receipt of a letter from Defendants, dated July 3, 2013, asking the Court to (1) stay the above-captioned cases and the forfeiture order it issued in the related criminal case, *United States*

*v. Vilar*, No. 05 Civ. 621 (RJS), pending resolution of Defendants' appeal; (2) direct JP Morgan to transfer restrained assets into an interest-bearing account; and (3) direct JP Morgan to produce the requested account statements to them.

In typical fashion, Defendants' letter cites no legal authority for their demands, and the Court has already directed JP Morgan as to how to dispose of the restrained assets. (*See* Doc. Nos. 290, 291.) Accordingly, Defendants' requests are DENIED, and IT IS HEREBY ORDERED THAT JP Morgan shall comply with the Court's Orders as to the liquidation of public securities held in restrained accounts. The Court notes that, under its Order of June 19, 2013, "[n]either the Receiver nor any professionals retained or employed by the Receiver shall have or incur any liability . . . for any action taken or omitted to be taken in connection with or related to the preparation, implementation, or administration of the [claims and interim distribution process] except for willful misconduct or gross negligence."

SO ORDERED.

Dated:   July 8, 2013
         New York, New York

                                         RICHARD J. SULLIVAN
                                         UNITED STATES DISTRICT JUDGE