# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

July 2, 2013

Via E-mail
Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  7-8-13

Re:   Lisa Mayer and Debra Mayer v. J.P. Morgan Securities LLC, et al.
          12 Civ. 5240 (RJS) (KNF)

Dear Judge Sullivan:

This firm represents respondent and third-party plaintiff J.P. Morgan Securities LLC ("JPMorgan") in the above-captioned action, a turnover proceeding commenced by the Mayers in which JPMorgan counterclaimed, cross-claimed and filed a third-party complaint for Interpleader (the "Interpleader").   I write to (i) advise the Court of demands made upon JPMorgan by Vivian Shevitz, counsel for Alberto Vilar and Gary Tanaka (defendants in the related criminal and SEC cases), since the Court's June 19, 2013 Orders in the SEC Case (the "June 19 Orders") and (ii) request that the Court expedite proceedings to enable JPMorgan to obtain a discharge of liability in the Interpleader.

On or about June 28, 2013, Ms. Shevitz filed a Petition for Writ of Mandamus (the "Mandamus Petition") in the Second Circuit seeking, *inter alia*, an order directing this Court to vacate or stay its June 19 Orders directing, *inter alia*, that certain of the funds subject to the Interpleader be liquidated by JPMorgan and transferred to the Receiver. *See* ECF No. 290 and No. 291.  On June 28, Ms. Shevitz sent an e-mail to me (annexed hereto as Exhibit A) advising me of the Mandamus Petition and stating that she "direct[s my] client to NOT sell securities without consulting with Mr. Tanaka and Mr. Vilar."  In light of the Mandamus Petition, Ms. Shevitz's email, and the fact that JPMorgan has not yet been discharged from liability with respect to the funds that are the subject of the Interpleader, JPMorgan may be at risk if it complies with the Court's June 19 Orders before the Second Circuit acts on the Mandamus Petition.  We respectfully request permission not to liquidate any securities or transfer any funds until the Second Circuit acts and until JPMorgan is discharged from any liability.

Hon. Richard J. Sullivan
July 2, 2013
Page 2 of 3

I received a second e-mail from Ms. Shevitz on July 1, 2013 (annexed hereto as Exhibit B) commanding me to "immediately supply the current account statements for all Amerindo accounts maintained by your client." No subpoena was included with Ms. Shevitz's request.[1] It is unclear to which accounts Ms. Shevitz refers in her e-mail, but for purposes of this letter, I assume Ms. Shevitz is referring to the accounts that are the subject of the Interpleader. In light of the fact that the Court has removed these accounts from Vilar and Tanaka's control, and indeed stated in one of the June 19, 2013 Orders that Ms. Shevitz's proposal to have Mr. Tanaka and Mr. Vilar manage the forfeited assets is "[a]bsurd" and "untenable," ECF No. 290 at 1-2, we seek the Court's input and direction prior to addressing Ms. Shevitz's request.

Finally, although we are mindful that the Court stated in one of the June 19, 2013 Orders that it would work to resolve the turnover (Interpleader) proceeding while the Receiver does his work, *see* ECF no. 290 at 2, we respectfully request that the Court expedite the process so that JPMorgan may be discharged in connection with any liquidation or turnover of funds to the Receiver. We note that the Court, at the Receiver's request, immunized the Receiver from liability in connection with the Claims Process. *See* ECF No. 291 at 4. JPMorgan, a mere stakeholder with no decision making authority, and a clear entitlement to a discharge through the Interpleader, has not been similarly immunized and continues to be subjected to a barrage of false accusations and demands from Ms. Shevitz in actions to which it is not a party (including in the Mandamus Petition). Accordingly, we request that the Court convene a conference to resolve the turnover/Interpleader matter or permit JPMorgan to move for a discharge, injunction, and attorneys' fees, as requested in our June 10, 2013 letter.

We thank the Court for its consideration of this letter.

Respectfully submitted,

Andrea Likwornik Weiss

cc (*by e-mail*):
Patrick Begos, Esq. (pwb@begoshorgan.com)
AUSA Sharon Cohen Levin (Sharon.Levin@usdoj.gov)
Mark D. Salzberg, Esq. (salzbergm@sec.gov)
Neal Jacobson, Esq. (jacobsonn@sec.gov)
Vivian Shevitz, Esq. (vivian@shevitzlaw.com)
Jane Simkin Smith, Esq. (jssmith1@optonline.net)
David C. Burger, Esq. (dcb@robinsonbrog.com)

---

[1] Account statements for accounts titled (i) Amerindo Management Inc.; (ii) Amerindo Technology Growth Fund, Inc.; (iii) Amerindo Technology Growth Fund II; (iv) The Trustees of the Amerindo Adv (UK) Ltd Ret Bnfts Schm; (v) Olafson, Inc.; (vi) Techno Raquia S.A.; (vii) Amerindo Master Venture Fund LLC; and (viii) Amerindo Investment Advisors Inc Money Purchase Plan and Trust were previously produced to Ms. Shevitz in response to an April 18, 2012 subpoena issued in the SEC case to JPMorgan.

Hon. Richard J. Sullivan
July 2, 2013
Page 3 of 3

Paula K. Colbath, Esq. (pcolbath@loeb.com)
Nathan Dershowitz (ndershowitz@lawdea.com)
Andrew E. Goldsmith, Esq. (agoldsmith@khhte.com)
Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
Eugene F. Hestres Velez, Esq. (ehestres@bbh-law.com)
Timothy Wright (twright@entecworks.com)
Robert Fryd (Rfryd@wbcsk.com)
Julian Friedman, Esq. (jfriedman@stillmanfriedman.com)
David Mainzer, Esq. (mainzer@sposilco.com)
James Webster, Esq. (jwebster@khhte.com)
Ian Gazes, Esq. (ian@gazesllc.com)

# EXHIBIT A

| | |
|---|---|
| **From:** | Vivian Shevitz <vivian@shevitzlaw.com> |
| **Sent:** | Friday, June 28, 2013 11:34 AM |
| **To:** | Andrea L. Weiss; Adam D. Weiss |
| **Cc:** | vivian@shevitzlaw.com; 'Jane Simkin Smith'; Ian Gazes |
| **Subject:** | JP Morgan / Amerindo |
| **Attachments:** | Mandamus + Appendix  June 28 2013.pdf |

Andrea and Adam:

Please be advised that the attached document has just been filed by me in the Second Circuit, and served on Judge Sullivan and Ian Gazes, concerning case in which we seek a Writ of Mandamus.

As signatories on the accounts maintained by your clients, we direct your client to NOT sell securities without consulting with Mr. Tanaka and Mr. Vilar.

Vivian Shevitz
Attorney at Law *
401 Cumberland Ave. – Apt. 609
Portland, Maine 04101
207-899-2502
914-763-2122 (cell)
Fax: 888-859-0158
Vivian@shevitzlaw.com

  *Admitted in New York; United States Supreme Court; United
   States Courts Of Appeals for the First, Second, Third, Seventh, and
   Ninth Circuits; United States District Courts for the Southern District
   Of New York and the Eastern District of New York.

   ))((
  ('>')
~~( )~~
   ^ ^

1

# EXHIBIT B

| | |
|---|---|
| **From:** | Vivian Shevitz <vivian@shevitzlaw.com> |
| **Sent:** | Monday, July 01, 2013 5:26 PM |
| **To:** | Andrea L. Weiss; Adam D. Weiss |
| **Cc:** | 'Gary Tanaka'; Alberto Vilar ; vivian@shevitzlaw.com; 'Jane Simkin Smith' |
| **Subject:** | JP MOrgan:  Amerindo account statements |

Please immediately supply the current account statements for all Amerindo accounts maintained by your client.

If your refuse, as you have done, please supply the reason.


Vivian Shevitz
Attorney at Law *
401 Cumberland Ave. – Apt. 609
Portland, Maine 04101
207-899-2502
914-763-2122 (cell)
Fax: 888-859-0158
Vivian@shevitzlaw.com

   *Admitted in New York; United States Supreme Court; United
   States Courts Of Appeals for the First, Second, Third, Seventh, and
   Ninth Circuits; United States District Courts for the Southern District
   Of New York and the Eastern District of New York.

```
   ))((
  ('>')
~~( )~~
   ^ ^
```

1