Vivian Shevitz

Attorney at Law

401 Cumberland Ave. – Apt. 609

Portland, Maine 04101

(207) 899-2502

Cell (914) 763-2122

Vivian@shevitzlaw.com

July 3, 2013

Hon. Richard J. Sullivan (by email)
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-8-13

     Re:   JP Morgan v. SEC et al, 12 cv 5240 (RJS)
     *RELATED TO:* USA v. Vilar and Tanaka, 05 cr 621 (RJS)

Dear Judge Sullivan:

     I write in response to JP Morgan's letter to you dated July 2, 2013. Although we are not parties to the designated lawsuit in which it writes, *i.e.,* 12 cv 5240 (RJS), Ms. Weiss sent me a copy of the letter.

     JP Morgan writes, in essence, to seek the Court's assistance in extricating it from its entanglement in these related cases. The entanglement, we submit, is principally the result of the defective forfeiture orders in the criminal case. Rather than extricate JP Morgan and immunize it from costs and liabilities, we ask the Court to (a) stay the forfeiture and the two civil cases; (b) tell JP Morgan to put the money into an interest- bearing account and reverse its own "Abandonment" of accounts; and (c) tell JP Morgan to immediately send us all account statements so that we can be *informed* of the assets which – if the asset freezes are vacated – belong to Mr. Vilar and Mr. Tanaka.

1

From the time we took over the case on appeal, we have requested – simply -- a STAY of the defective forfeiture. This Court refused to grant the stay, and, unfortunately, the result has been complication and confusion. The Court puts responsibility on the defendants for what is going on here. But we are in legal limbo because (a) the Court acknowledged the forfeiture "error," (b) the Court nonetheless put the same wrong number into the substitute asset order, (c) the government conceded on appeal that the forfeiture orders are invalid; and (d) the Court refused a second time to grant a stay – indeed the motion is still pending (DOC 552).

Everyone is acting as if we are not even entitled to NOTICE of what's going on, *and, claiming everything is our fault*. Once the defendants' "right title and interest" was restrained, *de facto* in 2005, then pursuant to an all-assets restraining order in 2009 (which we have appealed), then ordered forfeited, in 2009, Mr. Vilar and Mr. Tanaka HAVE BEEN UNABLE TO "DO ANYTHING", INCLUDING GETTING LAWYERS FOR THEIR AMERINDO ENTITIES OR THEMSELVES.

Time and again we have complained about the unfairness of moving forward to indirectly resolve matters relating to property interests in the restrained assets when, by virtue of the defective forfeiture orders, the defendants do not have the ability to pay for counsel. The Court should stay ALL cases until the appeal is over.

The Court should also modify the restraining order to include a provision directing JP Morgan to put the cash in the restrained accounts into interest bearing accounts, and to provide account statements to the defendants. With due respect, if the Court can "order" JP Morgan to sell securities, if it can order funds taken out of the restrained accounts to pay a Receiver, it can order JP Morgan to put the money into an interest bearing account.

JP Morgan is the only one here with ability to do something with the funds – and it is a custodian that should always have swept funds into an interest bearing vehicle (as Bear Stearns did, until it decided to stop (at a time Mr. Vilar and Mr. Tanaka had no control). We have requested, pleaded, and demanded that it take action to safeguard the

2

funds.  Yet the only action it takes is to request its legal fees, and tells the Court to hurry up to decide the Interpleader case so *it* can be "discharged from liability with respect to the funds that are the subject of the Interpleader."

The Court should also tell JP Morgan to give us account statements.  Whether or not this Court refused to allow the defendants to manage or control the accounts, nonetheless while ownership of and claims to the assets in the accounts are still in dispute, there is no justification for JP Morgan to withhold information from the account holders detailing the assets held by the custodian bank.  We want copies of the account statements because, despite the legal limbo, we want to know what's going on.  (We note that either on its own or at someone's direction, JP Morgan *has* been giving account statements to some third-party functionary at Cititrust in the Bahamas, whom we do not know.)

Further, with respect to JP Morgan's request for a conference "to resolve the turnover/Interpleader matter to move for a discharge, injunction, and attorneys' fees", the Court should appreciate that the "victims" in the case – for whom this case was supposedly brought – Lily Cates, Graciela LeCube Chavez, the Coxes – also named as third party defendants in the interpleader, have not yet appeared and hopefully will not have to  "lawyer up" to get what they should have gotten long ago.   Consequently, a "conference" in the Interpleader case will not accomplish anything.

We also note the Order dated June 27, 2013 in the turnover/ Interpleader case (Doc. 91, 6-27-13) allowing James Webster to withdraw as counsel for the Amerindo UK Pension Fund, and instead appear for one of the former-employee-beneficiary-trustees.  You quoted Mr. Webster's reason for withdrawing, which is that Gary Tanaka and Alberto Vilar, "who are managing trustees and members of the UK Retirement Scheme, refused to consent to have Mr. Webster act on the scheme's behalf."

You seem to have accepted Mr. Webster's uninformed contention as if it were an obstructive act and ordered that the UK Pension Fund

3

"shall retain new counsel and ... file a notice of appearance." The point is: the UK Pension Fund has no money to hire a lawyer to appear; and the Court stripped the defendants of their right title and interest in that entity as well. (Further, the defendants *never* owned the pension fund. It is a foreign entity, and is not subject to personal jurisdiction in the first place.).

Once again, the defective forfeiture orders have put the defendants and their property in legal limbo making it impossible to move forward. We again seek a formal stay of the forfeiture orders and a stay of the civil cases in which interests in any property that is subject to the defective forfeiture orders is sought to be resolved. The Court should immediately direct JP Morgan to put all cash into an interest bearing account, and to reactivate all "abandoned" accounts. They are not abandoned. It should also direct JP Morgan to send me continued account statements.

Hopefully in the interim the government – whose lawyers have never spoken with me after demanding that defendants give up all substitute assets – will in fact talk about a fair resolution based on May 25, 2005 statements. (We note that the Mayers' state judgment may be appealed by David Burger, Esq. but is hampered by an inability to fund lawyers. Because of the inability to fund lawyers a judgment was obtained against the individuals, and for inflated amounts. Any contract the Mayers had, through ABA and DABA, was with a (foreign) corporate entity, not individuals).

I ask that this letter be docketed in the criminal case, 05 cr 621, the SEC case, 05 cv 5231, and the interpleader case, 12 cv 5240.

Very truly yours,
/s/
Vivian Shevitz

Cc: by email:

aweiss@llf-law.com
adam.weiss@llf-law.com

4

Benjamin.naftalis@usdoj.gov
Justin.Anderson@usdoj.gov
Sharon.levin@usdoj.gov
sacobsonn@sec.gov
Salzberg.m@sec.gov
dcb@robinsonbrog.com
Ian@gazesllc.com
jfriedman@stillmanfriedman.com
pwb@begoshorgan.com
pcolbath@loeb.com
ndershowitz@lawdea.com
agoldsmith@khhte.com
jwebster@khhte.com
hallt@hallandhalllaw.com
ehestres@bbh-law.com
twright@entecworks.com
rfryd@bscsk.com
Mainzer@sposilco.com
Jssmith1@optonline.net
Vivian@shevitzlaw.com