UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERINDO INVESTMENT ADVISORS INC., *et al.*, <br><br> Defendants. | 05 Civ. 5231 (RJS) <br><br> ECF CASE |

### RECEIVER'S FIRST STATUS REPORT

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned cases, hereby submits this First Status Report and request that the Court so-order this Report adopting certain modifications to the Court's Claims and Distribution Orders (herein defined) as more fully set forth below.

### I. SUMMARY BACKGROUND

1. On October 17, 2012, the Court entered an order appointing (the "Appointment Order") the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the [related] criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors."

2. On March 14, 2013, the Court entered an order in the related criminal case, *United States of America v. Alberto William Vilar and Gary Tanaka*, S3 05 Cr. 621 (RJS) (the

"Criminal Case"), modifying its previously entered Post-Conviction Restraining Order (the "Restraining Order") to authorize the withdrawal of $50,000.00 from a restrained account to provide for the Receiver's compensation.

3. On May 30, 2013, the Receiver filed his Initial Report and Recommendations ("R&R").

4. On June 20, 2013, the Court signed two orders (together, the "Claims and Distribution Orders") adopting the R&R and directing the Receiver to "begin the process of establishing a distribution fund and a claims and interim distribution procedure" as set forth in the R&R.

## II. STATUS

Establishment of Distribution Fund

5. Pursuant to the Claims and Distribution Orders, the Receiver is empowered and authorized to establish a Distribution Fund consisting of the cash and the liquidation proceeds of the public securities held in four (4) accounts maintained at J.P. Morgan Chase (the "J.P. Morgan Accounts") and three additional accounts held at other financial institutions (the "Miscellaneous Accounts" and with the Chase Accounts, the "Investor Accounts").[1,2,3] Under the R&R, it was initially contemplated and the Receiver proposed, *inter alia*, the establishment of an interest bearing master Distribution Account at JP Morgan with four (4) sub-accounts corresponding to the existing J.P. Morgan Accounts. Subsequent to the filing of the R&R and after consultation with the Receiver's proposed tax and accounting professionals the Receiver determined that

---

[1] Capitalized terms not defined herein shall have the meanings accorded such terms in the R&R.

[2] The R&R provides that there are five accounts but further consultation with JP Morgan and examination of the bank statements reveal there are four accounts with cash and/or public securities that are presently being liquidated for the interim distribution.

[3] The Receiver has also identified other accounts including without limitation accounts held by the receiver in the Cayman Islands as set forth in the R&R, which will also be included as part of the interim distribution..

there could be negative tax consequences if the Receiver was to open an independent master account versus selling and distributing the liquid funds to investors under the existing accounts. The Receiver in his business judgment has determined to adopt the foregoing as his protocol in this matter subject to this Court's approval.[4,5]

Claims and Interim Distribution Procedure

7. Under the Claims and Distribution Orders, any party seeking an Interim Distribution must complete and submit a Claim Form by the Bar Date.

7. The Receiver submits that the Bar Date subject to this Court's approval should be forty-five (45) days commencing July 30, 2013, which is one day after the Receiver (a) will cause the publication of the Notice of Bar Date in the Financial Times, and (b) one day after the mailing of the Notice of Bar Date and form proofs of claim to known investors and parties in interest.

Additional Professionals

8. The Receiver has determined that it is necessary to employ tax/accounting professionals in order properly implement the claims and distribution processes. Pursuant to the Claims and Distribution Orders, the Receiver will shortly seek entry of an order of this Court authorizing such employment.

---

[4] In order to open a master distribution account the Receiver must obtain or utilize an existing defendant TIN tax number.

[5] The proceeds from the Miscellaneous Accounts and other sources identified in the R&R will deposited in to the appropriate J.P. Morgan Accounts.

## **CONCLUSION**

9. The Receiver requests that the Court so-order this First Status Report (a) authorizing the Receiver to hold at interest all the liquidated funds[6] in the J.P. Morgan Accounts[7] as directed by the Receiver with the Receiver being the sole signatory on those accounts and directing J.P. Morgan to comply herewith, (b) authorizing and directing J.P. Morgan[8] to comply with the Receiver's instructions/directions as concerns all steps the Receiver determines is necessary to implement the liquidation of the assets, set up the accounts and interim distribution of the assets without further order of this Court, and (c) set the bar date for the filing of proofs of claim for forty-five (45) days commencing July 30, 2013 or September 13, 2013.

Dated: New York, New York
  July 18, 2013                                      /s/ Ian J. Gazes_____
                                                    Ian J. Gazes, Receiver
                                                    Gazes LLC
                                                    151 Hudson Street
                                                    New York, New York 10013
                                                    (212) 765-9000

So-Ordered
Dated: July ___, 2013

_____
Hon. Richard Sullivan
U.S. District Court Judge

---

[6] This would include all cash and securities designated by the Receiver as well as funds/securities turned over from third parties and the Miscellaneous Accounts.

[7] These accounts may be converted to money market accounts or similar accounts in order to convert such accounts to interest bearing accounts.

[8] The direction is without prejudice to and with full reservation of J.P. Morgan's right to object to any instructions/directions of the Receiver.