August 12, 2013

**CONFIDENTIAL**
Ian J. Gazes, Esq.
Receiver for Amerindo Investment Advisors Inc. *et. al.*
151 Hudson Street
New York, New York 10013

Dear Mr. Gazes:

This Consultant Fee Agreement (this "Agreement") is entered into as of July 10, 2013 and serves to confirm Ian J. Gazes, the Court appointed receiver (the "Receiver") to Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., Techno Raquia, S.A. (collectively "Amerindo") and Gazes LLC, as Counsel to the Receiver ("Receiver's Counsel") (Receiver and Receiver's Counsel collectively as "Client"), retention of CBIZ Accounting Tax & Advisory of New York LLC and CBIZ Accounting Tax & Advisory of San Diego LLC[1] (collectively "CBIZ" or "Consultant"), and is made with reference to the following:

**SCOPE OF SERVICES**

Client desires to hire Consultant in the role of financial advisor to provide certain consulting services regarding financial, accounting, tax and/or economic matters relating to the ongoing civil proceeding in the Southern District of New York (case number 1:05-cs-05231) with the Securities and Exchange Commission (the "SEC"), as Plaintiff, against Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., Techno Raquia, S.A., Alberto W. Vilar, and Gary Alan Tanaka, collectively as Defendants.

Now therefore, for good and valuable consideration, the parties agree as follows:

1. Consultant will serve as consultant and possible expert witness regarding such issues as the Client may direct in the case. Consultant will be working with Client, and **the Consultant's work product shall be considered subject to Attorney Work Product Privilege until such time that Client chooses to designate Consultant as an expert witness in this Matter**.

2. CBIZ will engage in services per the request of the client, including the following:

    a. Assist the Receiver with any investigation into value and liquidation of the forfeited assets, including the necessary steps to be taken to preserve the value of the forfeited assets.

    b. Analyze the extent and nature of potential claims against the forfeited assets.

    c. Assist the Receiver in establishing a distribution fund consisting of the liquidation proceeds held in investor accounts for the purpose of making interim distributions to

---

[1] CBIZ Accounting Tax & Advisory of New York LLC and CBIZ Accounting Tax & Advisory of San Diego LLC are wholly-owned subsidiaries of CBIZ, Inc.

        allowed claim holders.

        d. Assist the Receiver in establishing and maintaining procedures for the claims and distribution process.

        e. Analyze transactions with investors, insiders, related and/or affiliated companies, subsequent and prior to the date of the filing of the petition, as instructed by the Receiver.

        f. Assist the Client in any litigation proceedings against the financing institutions of the Defendants, insiders and other potential adversaries.

        g. Attend meetings with the Client.  Prepare presentations to the Client that provides analyses and updates on diligence performed.

        h. Analyze potential tax liabilities in connection with the claims and distribution process.

        i. Perform any other services that may be necessary in our role as accountants/financial advisors to the Client or that may be requested by Client.

3. In exchange for Consultant's services provided to Client with regard to this case, Client will pay for the time and expenses incurred by CBIZ in the course of providing the services.  CBIZ is willing to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with "SEC's receiver billing guidelines" and any such other procedures as may be fixed by order of this Court for professional services rendered by CBIZ,  Currently, the applicable hourly rates for employees of Consultant range from: Managing Directors and Directors $395.00 to $595.00; Senior Managers and Managers $310.00 to $410.00; and Senior Associates and Associates $170.00 to $310.00.  These rates are subject to change over the course of this engagement.  CBIZ has agreed to a voluntary reduction of 30% on all fees associated with the work performed under this agreement.

4. Our engagement is not an audit, review, or compilation in accordance with Generally Accepted Accounting Principles.  We will rely on the documentation and information provided by management without audit or other verification.  We wish to emphasize that our engagement is not designed for, and cannot be relied upon, to disclose errors, irregularities, or illegal acts, including fraud or defalcations that may exist.  However, we will inform you of such matters that come to our attention.

**TERMS OF PAYMENT**

Consultant will deliver statements for fees and expenses to Client on a monthly basis.  Services and expenses not posted as of the monthly closing date will appear on a subsequent bill.    CBIZ acknowledges that all applications for compensation are interim and are subject to a cost benefit review and final review at the close of the receivership. At the close of the receivership, the receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the receiver during the course of the receivership.

CBIZ acknowledges that, to the extent requested by the SEC, interim fee applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the court as part of the final fee application submitted at the close of the receivership.

**CONSULTANT'S WORK PRODUCT SHALL BE SUBJECT TO ATTORNEY-CONSULTANT OR ATTORNEY WORK-PRODUCT PRIVILEGE**

**Consultant will be retained by the Receiver and the Receiver's law firm of Gazes LLC, and Consultant's work product shall be considered subject to the rules of Attorney – Consultant/Attorney Work Product Privilege.**  Consultant shall not produce any work papers if subpoenaed without first notifying Client to enable Client to make appropriate legal objections.

**E-MAIL COMMUNICATIONS**

In connection with this engagement, we may communicate with you or others via e-mail transmission.  As e-mails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that e-mails from us will be properly delivered and read only by the addressee.  Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure or communication of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection with the performance of this engagement.  In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of e-mail transmissions including any consequential, incidental, direct, indirect, or special damages, or disclosure or communication of confidential or proprietary information.

**EXCLUSIONS**

This engagement does not include any services not specifically identified in this Agreement.  Any additional services requested by you will be subject to a separate written understanding before the additional services are commenced and billed at our standard hourly rates.

The parties agree that it is common that litigants challenge the bases, experience and credentials of opposition experts.  The admissibility of testimony is a legal matter and we make no warranties that our testimony or our work product will be admitted into evidence by the court or trier of fact. Client's counsel retains sole responsibility for assessing the admissibility of any evidence or testimony contemplated in connection herewith.  As such, should testimony be excluded as a result of any evidentiary challenge, Client agrees to hold Consultant harmless for any damages, losses or negative results in litigation.  Any and all fees and expenses incurred by Consultant are still due and owed upon presentation of Consultant's invoice, and Client is not relieved of liability for such fees and expenses.

The parties intend this Agreement and the attached Terms and Conditions to be the final expression of the terms of their agreement and further intend this Agreement be the complete and exclusive statement of all the terms of their agreement.  This Agreement supersedes all prior agreements and all agreements made contemporaneously with the execution of this Agreement.  Any prior agreement or oral contemporaneous agreements may not be used to contradict, supplement or explain this Agreement.

**DISCLOSURE OF RELATIONSHIPS**

CBIZ has performed an examination to determine whether it has any connection to the Defendants, any other parties in interest, and their respective attorneys and accountants (each an "Interested Party" and, collectively, the "Interested Parties"). CBIZ reviewed the docket in the Amerindo case and also conducted a national search of CBIZ, Inc.'s client database, to determine whether CBIZ had any connection to any Interested Party. Our review has indicated that CBIZ does not represent, and has not previously represented, any Interested Parties except that CBIZ: (a) works with and/or for the professionals in this case, or in other cases, including Ian Gazes, the Receiver, and Gazes, LLC, counsel to the Receiver, although no one professional has comprised more than 1% of CBIZ, Inc.'s revenue in the prior 12 months.

However, for the sake of specificity to the prior disclosures and abundance of caution, we specifically note the following active relationships:

      a) Clients associated with Ian Gazes, Esq. and Gazes LLC, as Chapter 7 Trustee and his Counsel, include the following:
         i. CBIZ has been retained as the accountant to the Estate of Ziff Davis Media Inc., et al. (SDNY – 08-10768)
         ii. CBIZ has been retained as the accountant to the Estate of Fortunoff Holdings LLC et al. (SDNY - 09-10497)
         iii. CBIZ has been retained as the accountant to the Estate of Michael Mazzeo Electric Corp. et al. (SDNY – 11-14888)
         iv. CBIZ has been retained as the accountant to the Estate of Sadler Recording Studios, Inc. (SDNY – 12-11416)
         v. CBIZ has been retained as the accountant to the Estate of WJB Capital Group, Inc. (SDNY – 12-11831)
         vi. CBIZ is in process of being retained as the accountant to the Estate of West Glen Communications, Inc. (SDNY - 13-12327)
      b) Maurice Kassimir has an arrangement with CBIZ where he receives an annual salary of $15,000 in connection with the tax compliance for client's gifts and estates. Further, Mr. Kassimir is the owner and President of Maurice Kassimir & Associates, P.C. ("MKA"). MKA entered into a formal sublease arrangement with CBIZ effective January 1, 2009. Neither Mr. Kassimir nor his firm has any connection with the Receiver in the Amerindo case or any case in which Ian Gazes has engaged CBIZ.

        Mr. Kassimir advises that he was an advisor to Lily Cates regarding her claims against Amerindo and the Company's owners but that engagement was terminated many years ago. Mr. Kassimir has agreed that he will not represent Ms. Cates for the foreseeable future. If Ms. Cates contacts Mr. Kassimir for additional services, CBIZ will immediately inform the Receiver and the Court.

        Mr. Kassimir and his staff will not be involved in the CBIZ engagement related to Amerindo in any capacity and CBIZ will not be discussing or sharing any information with Mr. Kassimir or his law firm. Further, CBIZ and Mr. Kassimir have never discussed the Amerindo cases or related claims with CBIZ or the Receiver except in regard to this disclosure.

We appreciate this opportunity to be of service to you. If the foregoing is in accordance with your understanding, please sign this original where indicated and immediately return it to us with the requested retainer in the enclosed envelope. A copy is enclosed for your records.

Sincerely,
CBIZ MHM, LLC

S/ Esther DuVal
Esther DuVal

*Enclosure*

This engagement and its terms as set forth above are accepted and authorized:


 S/ Ian J. Gazes              _Septermber 27, 2013_
Ian J. Gazes                   Date
The Receiver to Amerindo Investment Advisors Inc.,
Amerindo Investment Advisors, Inc.,
Amerindo Advisors UK Limited,
Amerindo Management Inc.,
Amerindo Technology Growth Fund, Inc.,
Amerindo Technology Growth Fund II, Inc., and
Techno Raquia, S.A.

**TERMS AND CONDITIONS**

These Terms and Conditions and the Engagement Letter, and any subsequent amendments or addenda thereto, (collectively the "Agreement") constitute the entire agreement between Ian Gazes as Receiver to Amerindo and Gazes LLC (collectively "Client") and CBIZ Accounting Tax & Advisory of New York LLC and CBIZ Accounting Tax & Advisory of San Diego LLC[2] (collectively "CBIZ") regarding the services described in the Engagement Letter.  Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Engagement Letter.

A. *Services.*  CBIZ will provide the Services described in the Engagement Letter and will use reasonable efforts to perform the Services in accordance with the timeframe set out.  CBIZ has every expectation that this engagement will be conducted by the CBIZ professionals designated for this engagement.  If for any reason any of those individuals are not able to complete this engagement, professionals with similar qualifications and experience will do so.  Where any changes are necessary, CBIZ will give Client reasonable notice of the changes.

B. *Changes to Service*s.  Either party may request changes to the Services as set out in the Engagement Letter.  Changes must be requested in writing with sufficient detail to enable the other party to assess the impact of the requested change on the cost, timing or any other aspect of the Services.  Both parties agree to consider and, if appropriate, agree to any changes.  Any changes must be in writing and signed by both parties.  Until a change is agreed in writing, the latest agreed terms will apply.

C. *Intentionally Omitted*

D. *Limitation of Distribution of Analysis, Conclusions and Report.*  Our analysis, conclusions and any report, which are to be used only in their entirety, are for your use solely to assist you in the above-referenced matter.  They are not to be used for any other purpose, or by any other party for any purpose, without our express written consent.  Any summary of, or reference to the opinion, any oral presentation with respect thereto, or other references to CBIZ in connection with the matter, will be, in each instance, subject to CBIZ's prior review and written approval, except as may be required by a governmental agency or court.  The opinion will not be included in, summarized or referred to in any manner in any materials distributed to the public without CBIZ's express prior written consent.

E. *Limited Warranties.*  CBIZ warrants that the Services will be performed and supervised by qualified personnel.  Not withstanding anything to the contrary contained in this agreement, ALL SERVICES PROVIDED HEREUNDER BY CBIZ ARE PROVIDED "AS IS" AND "WITH ALL FAULTS," AND TO THE EXTENT PERMITTED BY APPLICABLE LAW, CBIZ HEREBY DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES OF EVERY KIND, WHETHER EXPRESS OR IMPLIED, OR WHETHER ARISING BY OPERATION OF LAW, COURSE OF PERFORMANCE OR DEALING, CUSTOM, USAGE IN THE TRADE OR PROFESSION OR OTHERWISE, INCLUDING WITHOUT LIMITATION WARRANITES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (EVEN IF ADVISED OF SUCH PURPOSE).  In the event that the Client identifies any CBIZ employee that the client believes is not qualified to perform the Services, Client may request that such employee be replaced on the engagement.  Replacement of such employee(s) is the sole remedy available to Client for breach of this warranty.

F. *Limitation of Liability and Indemnification.* In no event shall CBIZ be liable to Client or any third party for any loss, damage, cost or expense attributable to any act, omission or misrepresentations by Client, its directors, employees or agents.  In no event shall CBIZ be liable to Client, whether a claim be in tort, contract or otherwise for (a) any amount in excess of the total professional fees paid by Client to CBIZ under the Engagement Letter or any addendum to which the claim relates or (b) any consequential, indirect, lost profit or similar damages relating to or arising from the Services provided under this Agreement, except to the extent finally determined to have resulted from the gross negligence, wilful misconduct or fraudulent acts of CBIZ relating to such services.  CBIZ shall have no liability to Client

---

[2] CBIZ Accounting Tax & Advisory of New York LLC and CBIZ Accounting Tax & Advisory of San Diego LLC are wholly-owned subsidiaries of CBIZ, Inc.

arising from or relating to any third party hardware, software or materials ("Third Party Materials"), including, but not limited to, the selection thereof or failure of such Third Party Materials to perform in accordance with specifications or any defects therein.

Client agrees to indemnify and hold harmless CBIZ and its personnel from any and all third party claims, liabilities, costs, and expenses, including reasonable attorneys' fees, relating to the Services under this Agreement, except to the extent judicially determined to have resulted from the gross negligence or wilful misconduct of CBIZ.

G.   *No Obligation to Provide Services after Completion.*  CBIZ agrees to enter into the Engagement and provide services in connection therewith with the understanding that there shall be no obligation to furnish services after completion of the original assignment.  If the need for subsequent services related to an assignment occurs, including updates, conferences, testimony, preparation for testimony, document production, interrogatory response preparation, or reprint and copy services whether by request of the Client or by subpoena or other legal process initiated by a party other than the Client, Client agrees to compensate CBIZ for its time at its standard hourly rates then in effect, plus all expenses incurred in the performance of such services.  CBIZ reserves the right to make adjustments to the analysis, opinion and conclusion set forth in any report as CBIZ deems necessary as a result of its consideration of additional or more reliable data that may become available.

H.   *Safe Environment.*  As a material condition to CBIZ entering into this Agreement, Client agrees that in any circumstances under which a CBIZ employee is required to work at any premises or location operated or controlled by Client, Client will take all actions and precautions necessary to ensure that such work sites are free from all known or reasonably foreseeable safety hazards, and that such working environments are free from all forms of harassment and discrimination.

I.   *General.*

   1.   *Force Majeure*. Neither party shall be liable to the other for any delay or failure to perform any of the Services or obligations set forth in this Agreement due to causes beyond its reasonable control.

   2.   *No Jury Trial*. In the unlikely event that differences arise between the parties related to or arising from this Agreement that are not resolved by mutual agreement, to facilitate a judicial resolution and save time and expense of both parties, Client and CBIZ agree not to demand a trial by jury in any action, proceeding or counterclaim.

   3.   *Partial Invalidity*. If any provision of this Agreement is determined to be invalid under any applicable statue or rule of law, it is to that extent to be deemed omitted, and the balance of the Agreement shall remain enforceable.

   4.   *Headings*. The section headings used herein are for reference and convenience only and shall not enter into the interpretation hereof.

   5.   *Independent Contractor*. CBIZ, in furnishing services to the Client, is strictly an independent contractor.  CBIZ does not undertake to perform any regulatory or contractual obligation of the Client or to assume any responsibility for the Client's business or operations.

   6.   *Waiver*. No waiver, delay or omission by either party in exercising any right or power shall impair such right or power or be construed to be a waiver.  A waiver by either party of any of the covenants to be performed by the other or any breach thereof shall not be construed to be a waiver of any succeeding breach or of any other covenant.  No waiver or discharge shall be valid unless in writing and signed by an authorized representative of the party against whom such waiver or discharge is sought to be enforced.

   7.   *Governing Law*. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflicts of law principles.  The parties

hereby irrevocably submit to the jurisdiction of the federal or state courts in the State of New York, specifically and exclusively in the state or federal courts in New York County, over any dispute or proceeding arising out of this Agreement and agree that all claims in respect of such dispute or proceeding shall be heard and determined in such court.  The parties to this Agreement hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they may have to the venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute.