Vivian Shevitz
Attorney at Law
46 Truesdale Drive
South Salem, New York 10590
(914) 763-2122
Vivian@shevitzlaw.com

October 3, 2013

Hon. Richard J. Sullivan (by email)
United States District Judge
Southern District of New York
40 Centre Street
New York, New York 10007

        Re:  SEC v. Amerindo, Vilar and Tanaka, 05 cv 5231(RJS)
           <u>Request for Conference</u>

Dear Judge Sullivan:

    I request a Conference pursuant to the Court's rules to seek a stay, and renew the request for CJA funding to cover work in this case protecting the defendants' property rights, as well as to discuss other relief sought by the SEC without asking for a conference.[1]  Further, we were not given notice or an

---

[1]    By motion dated September 5, 2013 filed without seeking a pre-motion conference, the SEC seeks "reconsideration" of the Court's March 11, 2013 Order granting partial summary judgment in light of the Second Circuit's ruling about the Mayers, under Fed. R. Civ. P. 60 (a).  On September 27, 2013 "the Receiver", identifying himself as "the Court appointed receiver (the "Receiver") to Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., Techno Raquia, S.A. (collectively "Amerindo")" applied for an Order "authorizing the Receiver to retain [a financial advisor] CBIZ effective [last] July 11, 2013 according to the terms and conditions set forth in an engagement Letter" we have never seen before and which discloses conflicts of interest, including that the firm pays one of the witnesses against the defendants (Kassimir) who represented Lily Cates.  The Receiver seeks money presumably from the "forfeited" funds to pay these professionals for their "work" but there are no forfeited funds and a Stay in Mandamus action 13-2550 prohibits distribution of "substitute assets."  The Receiver was never appointed as Receiver of the entities he names.  This Court entered an order approving the Receiver's request (DOC 312, 05 cv 5231) but we never had any opportunity to respond.

opportunity to be heard, as to Ian Gazes "application" to hire CBIZ. We ask that the decision approving that request be withdrawn, because we were not notified of the motion in time to respond, nor given an opportunity to respond. We also seek basic *information* about defendants' assets, including how much is being held by the government or with its knowledge, where it is located, what claims it has received, and how much the claims of Amerindo Panama clients are (and their bases) so we can be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).

We suggest the need for a conference because: (1) There is *no* "pot" of funds subject to court/ government control. The Court of Appeals ruled that the sentencing, including forfeiture, must be vacated. Any government "rights" to those funds is reversed and will be vacated. Title "reverts" to the "owners" in that the interests the government wanted forfeited, are not forfeited. (2) The Court of Appeals Ordered that there be *no distribution* from the "substitute assets" pending the appeal.[2] (3) There is no final appeal decision: the Court granted a Stay of the Mandate and extended our time for a Petition for Rehearing until October 11, 2013. (4) There has never been a finding of "disgorgement" or "disgorgeable sums. The SEC sought disgorgement based on "the principal amount of the restitution ordered" and prejudgment interest "from the date of the first violation." There is no restitution judgment. A new Second Circuit case makes clear that "disgorgement" is *not* restitution but rather a Court must make a determination between "profits" a defendant would have obtained absent "the fraud", and any *caused* by "the fraud." *SEC v. Razmilovic*, http://caselaw.findlaw.com/us-2nd-circuit/1639826.html ,slip op. p.25 (2d Cir. 2013) (Because the [disgorgement] remedy is remedial rather than

---

We expect that Mr. Jacobson or the Receiver, will next make a motion or informal request to bar us further from making claims (though we have done so repeatedly with the statement that defendants' claim is to *all* the seized funds) or apparently also from having any say in their contemplated distribution of the previously denominated "substitute assets." On Friday, September 27, 2013, after I asked Mr. Gazes for a list of Amerindo claimants who have submitted claims to date (after Gazes asked for extra time to compile and check claims). Mr. Jacobson in response, told me he will "urge the Receiver to seek to modify the claims process (or [the SEC] will do so on our own motion if necessary) to bar [Mr. Vilar and Mr. Tanaka] from having any say in the claims resolution process and from participating in the distribution of funds held in for their clients.

[2] "It is further ORDERED that the motions in Case No. 13-2550 for a stay, and for reconsideration of the prior denial of a stay by the applications judge, are GRANTED in part, <u>pending the disposition of the criminal appeal</u>, Case Nos. 10-521-cr(L), 10-580-cv(CON), 10-4639-cr(CON). The <u>motions for stay and for reconsideration are granted only to the extent that they request a stay of the distribution of the substitute assets</u>." See DOC 25 in 13-2550 (specifically requesting a stay of the SEC's forging ahead with a Receiver using "substitute assets"); DOC 38 (disposition of the Mandamus petition).

punitive, the court may not order disgorgement above this amount." *SEC v. Cavanagh*, 445 F.3d 15 105, 116 & n.25 (2d Cir. 2006). The very purpose of the trial in this case was to allow the court to distinguish Razmilovic's fraudulent gains from those that did not result from his frauds, and to order disgorgement of only the former. (5) under *Gabelli v. SEC,* 133 S.Ct. 1216 (2013), penalties cannot be imposed for conduct predating the 5-year limitation period for SEC penalty actions, and the SEC has not clarified the dates of alleged offenses as to which it seeks penalties. Further, the SEC has already obtained penalties against Alberto Vilar and Gary Tanaka in the administrative context.

      We ask for a conference and ask that it be scheduled for after the date on which the rehearing petition is due in the Court of Appeals in the criminal case, which is October 11, 2013,

                        Very truly yours,
                        /s/
                        Vivian Shevitz

Cc:    All counsel (SEC and Criminal case)
        Michael Humes
        Jane Fisher-Byrialsen