

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0095

October 9, 2013

**BY EMAIL**

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: **SEC v. Amerindo Investment Advisors Inc., et al., 05-Civ.- 5231 (RJS)**

Dear Judge Sullivan:

  The staff of the Securities and Exchange Commission ("Commission") respectfully submits this letter in response to the October 3, 2013 request by Defendants Alberto Vilar and Gary Tanaka (collectively, the "Individual Defendants") for a conference. Although the Commission staff does not oppose a conference, it is not clear to the staff what purpose a conference would serve at this time. The Commission staff also opposes any stay of this case -- or any other delaying tactic by the Individual Defendants -- that would serve to further defer the Receiver's ability to return client funds to their rightful owners.

  Although it is not entirely clear exactly what relief the Individual Defendants seek, they appear to request a conference to address (i) the request that Vivian Shevitz be appointed as CJA counsel in this civil action; (ii) the Court's Order granting the Receiver's application to appoint CBIZ Accounting Tax and Advisory of New York ("CBIZ NY") as accountants and financial advisors to the Receiver; (iii) the Commission's motion for reconsideration in light of the Second Circuit's affirmance of the Individual Defendants' convictions and, in particular, the Court's ruling concerning the Mayers' transaction; (iv) a possible stay of this case; and (v) payment of fees to the Receiver and his advisors.

  Although Ms. Shevitz has requested to be appointed as CJA counsel in this case, she has articulated no legal basis for such an appointment in this civil action. The applicable authority for such an appointment is Section V. of the United States District Court for the Southern District of New York's Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act, which does not appear to apply to the Commission's civil enforcement action.

  The Individual Defendants take issue with the Court's Order approving the Receiver's application to employ CBIZ NY as financial advisor to the Receiver. However, it is routine for receivers appointed in Commission actions to retain professionals to assist in administering assets subject to the receivership. *See, e.g., SEC v. Byers*, 590 F. Supp. 2d 637 (S.D.N.Y. 2008) (court

Honorable Richard J. Sullivan
October 9, 2013
Page 2

review of fee application filed by receiver's accountant and financial advisor). Consequently, there is no basis for the Court to revisit its Order authorizing CBIZ NY's retention.

The staff strongly opposes the Individual Defendants' attempt to stay this case and, in particular, the Receiver's work in returning client funds to their rightful owners. The Court's Orders entered on June 20, 2013 granting the Receiver control over bank accounts held in the names of the Individual Defendants' clients, are well within the Court's equitable power in this civil action in light of the Individual Defendants' convictions for serious securities fraud violations, the Second Circuit's recent affirmance of those convictions, and the Court's finding of serious securities laws violations by the Individual Defendants in this case. *See, e.g., SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010) ("There is no question that district courts may appoint receivers as part of their broad power to remedy violations of federal securities laws."); *SEC v. Malek*, 2010 WL 4188029 at *2 (2d Cir., Oct. 25, 2010) (approving distribution plan of commingled funds subject to receiver's control to defrauded investors; "[A] federal receiver is appointed, under the district court's broad equitable discretion, to restore to a defrauded entity or defrauded persons that which was fraudulently diverted from its or their custody and control.").

Finally, the Individual Defendants' contention that the Second Circuit's Order prevents the Court from approving and allowing payment of fees for the Receiver and his professionals (as opposed to permitting a distribution to claimants) pending resolution of the criminal appeal is inconsistent with the Second Circuit's Order and with common sense. Because the Second Circuit's Order specifically contemplated that the Receiver would continue working on the claims resolution process, the panel must have also contemplated that the Receiver be paid. *See* Order in *Vilar & Tanaka v. United States of America and Securities and Exchange Commission*, Nos. 13-2527 & 13-2550 (2d Cir. Aug. 21, 2013) ("The motions for stay and for reconsideration are granted *only* to the extent they request a stay of the distribution of the substitute assets. In all respects other than the actual distribution of the substitute assets the motions are DENIED.") (emphasis added).

Ultimately, the Commission staff believes that the Receiver should be permitted to continue the important task of assessing claims over the Amerindo investors' funds – which the Individual Defendants misleadingly refer to as "defendants' assets" – and taking steps, after resolution of the criminal appeal, to distribute the assets to the harmed investors. Accordingly, the staff respectfully opposes any attempt to stay this case.[1]

Respectfully Submitted,

Neal Jacobson
Senior Trial Counsel

---

[1] Because a pre-motion conference is not required before filing a motion for reconsideration pursuant to Rule 2A of the Court's Individual Rules of Practice, the Individual Defendants' contention that the Commission was required to request a pre-motion conference before filing its motion for reconsideration is frivolous.

Honorable Richard J. Sullivan
October 9, 2013
Page 3


Cc (via email):

Vivian Shevitz (Vivian@shevitzlaw.com)
Jane Simkin Smith (jssmith1@optonline.net)
David C. Burger (dcb@robinsonbrog.com)
Ian Gazes (Ian@gazesllc.com)