# MANDATE

S.D.N.Y.-N.Y.C.
05-cr-621
Sullivan, J.

S.D.N.Y.-N.Y.C.
05-cv-5231
Sullivan, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

Present:
    Pierre N. Leval,
    José A. Cabranes,
        *Circuit Judges.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 17, 2013

Alberto William Vilar, AKA Albert Vilar, Gary Alan Tanaka,

    *Petitioners*,

v.                                   13-2527

United States of America,

    *Respondent*.

Alberto William Vilar, Gary Alan Tanaka,

    *Petitioners*,

v.                                     13-2550

---

[*] Judge Chester J. Straub, originally a member of this panel, recused himself from consideration of these motions. The remaining two members of the panel, who are in agreement, have decided the matter. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

**MANDATE ISSUED ON 10/17/2013**

Securities and Exchange Commission,

*Respondent.*

---

Petitioners, through counsel, move to consolidate these two matters. Upon due consideration, it is hereby ORDERED that the motion is GRANTED, and the matters are consolidated for the purposes of this order.

Petitioners additionally petition for writs of mandamus, and move for leave to proceed *in forma pauperis*, in both cases, and for a stay, pending resolution of the mandamus proceeding, of the District Court's July 8, 2013 order, denying the petitioners' motion for a stay. This request for a stay is before this panel by way of a motion for reconsideration of an order of an applications judge of this Court denying an emergency motion for a stay.

Upon due consideration, it is hereby ORDERED that the motions for leave to proceed *in forma pauperis* are GRANTED for the purpose of filing the mandamus petitions.

It is further ORDERED that the petitions for writs of mandamus are DENIED. We deny the petitions in part because of the petitioners' failure to make out the exceptional circumstances necessary to justify issuing the extraordinary writ of mandamus, and in part because we have no doubt that the District Court will recognize the importance of a prompt decision of these motions. *See In re von Bulow*, 828 F.2d 94, 96-97 (2d Cir. 1987).

It is further ORDERED that the motions in Case No. 13-2550 for a stay, and for reconsideration of the prior denial of a stay by the applications judge, are GRANTED in part, pending the disposition of the criminal appeal, Case Nos. 10-521-cr(L), 10-580-cv(CON), 10-4639-cr(CON). The motions for stay and for reconsideration are granted only to the extent that they request a stay of the distribution of the substitute assets. In all respects other than the actual distribution of the substitute assets the motions are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit