UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-28-13
```

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC., *et al.*,

    Defendants.

05 Civ. 5231 (RJS)

ECF CASE

**MEMO ENDORSED**

### RECEIVER'S SECOND STATUS REPORT

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, submits this Second Status Report and respectfully states as follows:

### I. PROCEDURAL BACKGROUND

1.    On October 17, 2012, the Court entered an order appointing the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the [related] criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors."

2.    On March 14, 2013, the Court entered an order in the related criminal case, *United States of America v. Alberto William Vilar and Gary Tanaka*, S3 05 Cr. 621 (RJS), modifying its previously entered Post-Conviction Restraining Order to authorize the withdrawal of $50,000.00 from a restrained account to provide for the Receiver's compensation.

Case 1:05-cv-05231-RJS   Document 314   Filed 10/04/13   Page 2 of 5

3.  On May 30, 2013, the Receiver filed his Initial Report and Recommendations ("R&R").

4.  On June 20, 2013, the Court signed two orders (together, the "Claims and Distribution Orders") adopting the R&R and directing the Receiver to "begin the process of establishing a distribution fund and a claims and interim distribution procedure" as set forth in the R&R.

5.  On July 19, 2013, the Receiver filed his First Status Report which Report was "so ordered" by the Court on July 30, 2013. Among other things, the Report established (a) August 6, 2013 as the deadline for the Receiver to publish notice of the proof of claims Bar Date in the Financial Times and (b) September 20, 2013 as the Bar Date to file proofs of claim.[1]

6.  On September 30, 2013, the Court ordered that all objections to filed proofs of claim be submitted by November 8, 2013.

## II. STATUS

Notice of Bar Date and Filing of Proofs of Claim

7.  On August 5, 2013, at the instance of the Receiver the Financial Times published Notice of Bar Date. The Affidavit of Publication is attached to this Report as Exhibit "A".

8.  Commencing on August 5, 2013 and continuing on August 16, 2013, the Receiver mailed the Notice of Bar Date along with a form Proof of Claim to all known natural persons and entities believed to hold potential claims against the Amerindo entities as well as other parties in interest.[2] The Receiver is in possession of but has not filed the Certificate of Mailing because

---

[1] Capitalized terms not defined herein shall have the meanings accorded such terms in the R&R or First Status Report.

[2] Upon information and belief the criminal defendants have previously forwarded letters to investors in the Amerindo funds. The Receiver requested the mailing list of such investors utilized by the criminal defendants for the foregoing mailing but through counsel such request was refused.

Case 1:05-cv-05231-RJS   Document 314   Filed 10/04/13   Page 3 of 5

the criminal defendants have to the best of the Receiver's knowledge and belief on two separate occasions sent letters to claimants providing what the Receiver believes was misleading if not inaccurate information.[3]

9. By the close of business on September 20, 2013, the Receiver had received a total of thirty (30) Proofs of Claim. The Claims Register, which is attached to this Report as Exhibit "B" and separately filed on the docket, reflects investor claims aggregating $100,208,291.74; however, it is believed that the actual aggregate claim amount may be notably higher as many claimants asserted a right to profits on their initial investment amounts but did not assert a specific amount. In addition there are potential claimants who are known to the parties but who did not file a proof of claim.[4] Further, there are 3 non-investor claims aggregating $3,282,838, which does not include the benefits/pension proof of claim.

Establishment of Distribution Fund

10. Pursuant to the Claims and Distribution Orders, as modified, the Receiver is empowered and authorized to establish a Distribution Fund consisting of the cash and the liquidation proceeds of the public securities held in four (4) accounts maintained at J.P. Morgan Chase (the "J.P. Morgan Accounts") and three additional accounts held at other financial institutions (the "Miscellaneous Accounts" and with the Chase Accounts, the "Investor Accounts").

11. As of the date of this Report, each of the J.P. Morgan Accounts has been reestablished with the Receiver as sole signatory with aggregate cash balances of approximately $21,000,000.00. In consultation with J.P. Morgan, there is only one unrestricted public security

---

[3] The Receiver will docket the Certificate of Mailing should the Court deem it appropriate.
[4] The Receiver intends to re-notice the known creditors who did not file a proof of claim.

Case 1:05-cv-05231-RJS   Document 314   Filed 10/04/13   Page 4 of 5

that can be immediately liquidated. The remaining securities in the J.P. Morgan Accounts are either restricted shares or private un-priced securities.

12. The Receiver has been in communication with the Miscellaneous Accounts depositories including SG Americas Securities and anticipates receipt of some or all of Miscellaneous Accounts funds, believed to total approximately $5,000,000.00, within the next ninety (90) days. Likewise, the Receiver anticipates that the Bahamian Liquidator for the Amerindo Internet Growth Fund in the Cayman Islands will soon receive necessary court approval to turn over to the Receiver roughly $4,000,000 allegedly attributable to the Amerindo Technology Growth Fund II.

13. Finally, the Receiver has identified upwards of the thirty (30) potential escheated Amerindo accounts in New York and California.

Additional Professionals

14. On October 2, 2013, the Court entered an order authorizing and empowering the Receiver to retain CBIZ Accounting Tax and Advisory of New York, LLC and CBIZ Accounting Tax and Advisory of San Diego, LLC as financial advisor to the Receiver.

### III. RECOMMENDATIONS

Objections to Claims

15. The Receiver proposes that the Court schedule an omnibus hearing date following the November 8, 2013 claims objection deadline with respect to any objections to claims that are filed. The Receiver suggests that the hearing be held on or after January 8, 2014 as this will afford the Receiver the opportunity to resolve any claim objections subject to this Court's approval and afford the claimant an opportunity to respond to any objection.

16.     Upon completion of the claims process or prior thereto the Receiver will propose to the Court a resolution as concerns the distribution of the assets to the allowed claimants and the process of liquidating the private securities.

17.     The Receiver proposes that the parties entitled to object to the proofs of claim may examine the filed proofs of claim at the Receiver's office. However, the Receiver proposes that the criminal defendants and/or their agents not be permitted to take notes or copy the proofs of claim given the criminal defendants letter campaign to investors.

### CONCLUSION

18.     The Receiver requests that the Court so-order this Second Status Report and adopt the recommendations set forth in paragraphs "16" and "17" above.

New York, New York  
October 4, 2013

        /s/ Ian J. Gazes  
Ian J. Gazes, Receiver  
Gazes LLC  
151 Hudson Street  
New York, New York 10013  
(212) 765-9000

So-Ordered  
Dated: October 25, 2013

_____  
Hon. Richard Sullivan  
U.S. District Court Judge

5