UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. VILAR, and
GARY ALAN TANAKA,

                Defendants.

05 Civ. 5231 (RJS)

ECF CASE

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION
UNDER FED. R. CIV. P. 60(b)(6) FOR RECONSIDERATION, IN PART, OF
THE COURT'S MARCH 11, 2013 MEMORANDUM AND ORDER,
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this reply memorandum in further support of its motion under Fed. R. Civ. P. 60(b)(6) for reconsideration, in part, of the Court's March 11, 2013 Memorandum and Order, granting in part and denying in part the Commission's motion for partial summary judgment, to address certain issues raised by Defendants Alberto Vilar and Gary Tanaka's November 4, 2013 opposition to the Commission's motion ("Opposition"). Vilar and Tanaka utterly fail to cite to any credible facts or applicable law to support their Opposition, resorting instead to attempting to re-litigate the case against them.

The *only* issue left open by the Court's March 11, 2013 Memorandum and Order with respect to Vilar and Tanaka's fraud on the Mayer family was the location of the underlying securities transaction. *SEC v. Amerindo Investment Advisors, Inc., et al.*, 2013 WL 1385013 at *8 (S.D.N.Y., March 11, 2013) (Court found all elements of Sections 10(b) and 17(a) fraud with the exception of "where the Mayers incurred irrevocable liability"). The Second Circuit Court of Appeals, however, conclusively decided this issue when it affirmed Vilar and Tanaka's criminal convictions. *United States v. Alberto Vilar and Gary Tanaka*, 729 F.3d 62 (2d Cir. 2013).

Nevertheless, in a frivolous attempt to, once again, re-litigate the elements of their criminal convictions for securities fraud, Vilar and Tanaka contend that the issue of "domestic transaction" has not been determined and that there has been no jury finding of any "material" misstatement by Vilar or Tanaka to the Mayers. Opposition at ¶¶ 2-5. They utterly ignore the fact that the Second Circuit clearly held that, "based on the record evidence, a jury would have found [beyond a reasonable doubt] that Vilar and Tanaka engaged in fraud in connection with a *domestic* purchase or sale of securities pursuant to Section 10(b) and Rule 10b-5." *Id.* at 77 (emphasis in original). The Second Circuit also rejected Vilar and Tanaka's claims that the jury

did not find that the misstatements made to the Mayers and other domestic GFRDA investors were material. *Id.* at 93-94.

Vilar and Tanaka next contend that the Second Circuit left open the issue of what the "offense conduct" is so that the Court cannot determine their liability to the Mayers. Opposition at ¶ 6. However, the Second Circuit specifically affirmed Vilar and Tanaka's convictions for securities fraud on the Mayer family. *Id.* at 78. ("[U]pon a review of the record, we have no doubt that the jury would have found Vilar and Tanaka guilty of violating Section 10(b) and Rule 10b-5 with respect to the Mayers and Lecube-Chavez specifically.").

Vilar and Tanaka next assert that the Commission has not identified any offense conduct within the five-year statute of limitations applicable to penalties. Opposition at ¶ 7. This argument is premature, as it relates to the monetary remedies the Court may impose on the Defendants for their fraudulent conduct. As Vilar and Tanaka know, the Court has set a briefing schedule to determine what disgorgement and penalties, if any, to impose on them for their fraudulent conduct in connection with their fraud on the Testifying GFRDA Investors. In any event, the record is clear that the Mayers reinvested the entire balance of their GFRDA security in January, 2001, within five years of the filing of the Commission's November 17, 2005 Amended Complaint. *See also Vilar*, 729 F.3d at 78 (Second Circuit noted that the "evidence similarly shows that Lisa Mayer was in Puerto Rico when she re-invested her family money in the GFRDA program.").

Finally, Vilar and Tanaka argue that the imposition of civil money penalties on them is barred by the Eighth Amendment to the United States Constitution because they have already been penalized by having been barred from association with an investment adviser. Opposition at ¶¶ 8-10. This argument is also premature, as the Commission is only seeking a finding of

liability in the present motion. However, the Defendants' argument is similarly meritless. *See, e.g., SEC v. Bankosky*, 716 F.3d 45 (2d Cir. 2013) (affirming officer and director bar against defendant who was also ordered to pay disgorgement and a civil money penalty); *Rizek v. SEC*, 215 F.3d 157 (1st Cir. 2000) (affirming Commission order imposing securities industry bar and civil money penalty).

The remainder of Vilar and Tanaka's Opposition contains unsupported arguments and *ad hominem* attacks on the Commission staff, the Court, and the Mayer family, as well as frivolous and unjustified allegations of wrongdoing by specific named Commission staff members, in an apparent effort to establish that the "equities" lie in favor of denying the Commission's motion. Such arguments constitute nothing more than a continuation of the Defendants' bad-faith attempt both to re-litigate matters determined years ago without any credible supporting evidentiary or legal basis as well as to deflect the focus from their brazen fraud. *See, e.g.,* Opposition at ¶ 8 (frivolously accusing a Commission staff member of improperly "inducing" Mr. Tanaka to agree to a bar from association with an investment adviser based on his criminal conviction)[1]; Opposition at ¶ 11 (frivolously alleging that the Commission "never allowed fair litigation in this case"); Opposition at ¶ 12 (frivolously singling out two Commission staff members and alleging that they commenced the action more than eight years ago by seeking a TRO without providing adequate notice to Vilar and Tanaka, and "installed" an attorney for them and had a monitor

---

[1]  Ms. Shevitz fails to advise the Court that Mr. Tanaka appeared in the administrative proceeding *pro se* and that Mr. Tanaka's executed offer of settlement – of copy of which the Commission staff previously provided her – includes Mr. Tanaka's confirmation in writing before a notary that his "offer [was] made voluntarily, and that no promises, offers, threats or inducements of any kind or nature whatsoever" were made to him by the Commission or the staff "in consideration of [the offer] or otherwise to induce him to submit [the offer]."

3

appointed)[2]; Opposition at ¶ 15 (frivolously stating that the "SEC has continued to take the position that Mr. Vilar and Mr. Tanaka are not entitled to notice or an opportunity to be heard"); Opposition at ¶ 18 (maliciously characterizing the Mayers as "tax cheats"); Opposition at ¶ 19 (citing, without any legal support, to one sentence in a 20-year old letter to argue that the Commission staff had no basis to investigate Amerindo Panama, an investment adviser, for fraud on its United States clients); Opposition at ¶ 20 (frivolously citing to one sentence in a 10-year old unauthenticated and unsourced internal email between two *Amerindo employees* to argue that the Commission somehow deliberately withheld exculpatory evidence regarding the fraud on Lily Cates and is engaging in a "campaign of suppression of relevant information"); Opposition at ¶21 (frivolously singling out a Commission staff member for "[taking] defendants' management rights away on Day One" and wrongfully insinuating misconduct in another case).[3]

---

[2] The docket in this case reflects that proper notice was provided to Vilar and Tanaka at the inception of the case. In any event, had Vilar and Tanaka believed that a monitor should not have been appointed by the Court, they had ample time to move for reconsideration of that order in June 2005.

[3] Vilar and Tanaka cite to *SEC v. Pentagon Capital Management PLC*, 2013 US DIST LEXIS 151298 (S.D.N.Y. Oct. 21, 2013) in support of their allegation that the Commission is improperly restraining the Defendants' assets and preventing them from paying counsel. This is another baseless argument, as there are no civil restraints on the Defendants' assets. Moreover, the assets subject to the Receivership in this case belong to the Defendants' clients and are held in the names of the entity defendants, who have defaulted in this action, and do not belong to Vilar and Tanaka. Finally, the Defendants fail to advise the Court that in *Pentagon Capital Management,* Judge Sweet exercised his discretion to modify the restraints to permit the payment of legal fees for the corporate entities, but specifically declined to modify the restraints to allow for payment of the individual defendant's counsel fees. *Id. at* *18, n.3 (because individual defendant can represent himself *pro se*, "the Court does not exercise its discretion to modify the restraining notice to allow Chester as an individual to pay counsel fees for further appellate review at this time."). Of course, the *Pentagon Capital Management* case also does not involve convicted felons whose fraud convictions had already been affirmed on appeal.

## CONCLUSION

Vilar and Tanaka have presented no credible evidentiary or legal basis in support of their Opposition to the Commission's motion.  Their Opposition appears to be designed solely to delay the case and distributions to their defrauded victims, and to provide a vehicle to air their baseless grievances.  Accordingly, the Commission respectfully requests that the Court (i) grant the Commission's motion for reconsideration; (ii) enter summary judgment against Vilar and Tanaka with respect to their fraud on the Mayers; and (iii) grant the Commission such other relief as is just and proper.

Dated: New York, New York
       November 7, 2013                    Respectfully submitted,

                                           /s/ Neal Jacobson
                                           By:  Neal Jacobson
                                                Mark D. Salzberg
                                           Securities and Exchange Commission
                                           New York Regional Office
                                           3 World Financial Center, Suite 400
                                           New York, New York  10281
                                           Telephone: (212) 336-0095
                                           Facsimile:  (212) 336-1324
                                           Email: Jacobsonn@sec.gov

Of Counsel:
Alistaire Bambach