

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY ST., SUITE 400
NEW YORK, NEW YORK 10281

NEAL JACOBSON
(212) 336-0095

November 8, 2013

**BY EMAIL**

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>SEC v. Amerindo Investment Advisors, Inc., et al., 05-Civ.- 5231 (RJS)</u>

Dear Judge Sullivan:

    The staff of the Securities and Exchange Commission ("Commission") respectfully submits this letter in opposition to the request by Defendants Alberto Vilar and Gary Tanaka (collectively, the "Defendants") for a pre-motion conference in anticipation of filing a motion seeking the Court's recusal from this case.[1]  The requested recusal is frivolous and nothing more than the Defendants' continued bad-faith attempt to delay these proceedings and a return of client assets to their rightful owners after losing the appeal from their criminal convictions.  Accordingly, the Court should deny the request to file the Recusal Motion in this case.

    This is not the first time the Defendants frivolously sought the Court's removal.  The Defendants already raised their allegations of impartiality with the United States Court of Appeals for the Second Circuit, which declined their request to remand this case and the parallel criminal case to another judge.  *See* Declaration of Vivian Shevitz, dated July 10, 2013, in *In re Gary Tanaka and Alberto Vilar*, 13-2550 (2d Cir.) (Docket No. 19-2) at ¶ 20 ("Because Judge Sullivan is disrespecting this Court's appellate authority and, respectfully, dealing with this case as if a prosecutor, instead of acting as a neutral judge, we are compelled to ask for remand to a different judge in the SEC case and in the criminal case.").

    The *only* legal authority cited by the Defendants in support of their request is the recent Second Circuit decision in *Ligon, et al. v. City of New York, et al.*, 2013 WL 5835441 (2d Cir., Oct. 31, 2013), in which the Second Circuit reassigned a trial court judge for an appearance of impropriety based on the judge's inviting a party to file litigation and to relate that litigation to her,

---

[1]     The Defendants filed a motion for recusal in the criminal case, 05-cr-621 (the "Recusal Motion"), and, in email correspondence, styled the motion as a request for a pre-motion conference in this case.  The Court's individual rules of practice require a response to a request for a pre-motion conference within three business days.  Individual Rule of Practice 2A.

Honorable Richard J. Sullivan
November 8, 2013
Page 2

and on the judge's "media interviews and public statements purporting to respond publicly to criticism of the District Court." *Id.* at *1, n.1 & 2.[2]  None of those facts are present in this case.[3]

Here, without citing to controlling law, the Defendants take issue with the Court's adverse rulings against them.  This simply is not a ground for recusal.  *See, e.g., Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (holding that bias or impartiality requires showing of an "extrajudicial source"; "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  *See also SEC v. Razmilovic*, 728 F.3d 71, 86 (2d Cir. 2013) ("To be disqualifying . . . the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.").

The only apparent allegation of an extrajudicial source appears to be the Defendants' frivolous accusation that the "Court made 'findings' on an *ex parte* basis that the defendants were 'cute' and intended to 'mess with the receiver'" based on newsletters that the Defendants mailed to their former, defrauded clients, which they audaciously refer to as merely "talking to their own clients."  Recusal Motion at ¶¶ 33-35.  The Defendants ignore the fact that the Receiver provided notice to all parties when it brought this matter to the Court's attention.  *See* Memo Endorsed Letter from the Receiver to the Court, dated July 30, 2013 (Docket No. 298) (authorizing Receiver to distribute notice to defrauded investors that Receiver was appointed and attaching newsletter from Vilar and Tanaka, with an "appendix" written by Ms. Shevitz).

The Defendants also misstate other crucial facts.  For example, in paragraph 13 of the Recusal Motion, Defendants allege that the Court "permitted and facilitated the SEC in confiscating the rights to manage and control th[e] assets [and] forced 'summary judgment' litigation so that it could appoint a Receiver."  This allegation is frivolous.  The Commission staff had always been prepared to file a motion for summary judgment, but refrained from doing so because it believed, incorrectly, that the Defendants, who had already been convicted in the criminal case, were negotiating in good faith to return the assets to investors without resort to unnecessary litigation in this civil action.  *See, e.g.,* Transcript of Proceedings, *SEC v. Amerindo Investment Advisors, Inc., et al.*, 05-cv-5231 (Sept. 23, 2011) Docket No. 168 at 24 ("Mr. Jacobson: [p. 24, line 20] One avenue we considered [to move the case along] was whether or not we should move forward with a summary judgment motion.; [p. 25, 11] [W]e're still giving it an additional few months or so to see . . . whether we can continue to speak with the defendants to try to reach some type of mutual consensual resolution to the matters that won't require litigation.").  It was only after the Commission was blindsided by the Defendants' motion for summary

---

[2]   Judge Cabranes was on the panel that declined to reassign the Court in connection with the Defendants' mandamus petition and on the panel that decided the *Ligon* case.

[3]   Here, by Order entered on March 19, 2012 (Docket no. 219), District Judge Swain *and* this Court together transferred this case, which had been pending since June 2005, from Judge Swain's docket to this Court "in light of the substantial overlap between" the criminal and civil cases.  In addition, the Department of Justice designated the Mayers' New York State action as related to the criminal case when it removed the case from the State Court.  The Court did not assign either case to itself.

Honorable Richard J. Sullivan
November 8, 2013
Page 3

judgment in the midst of settlement negotiations -- filed in contravention of Judge Swain's Individual Rules of Practice -- that litigation in this case was revived.  *See* Letter from Neal Jacobson to District Judge Swain, dated March 8, 2012.[4]

At paragraphs 17-19, the Defendants misleadingly allege that the Court sided with the Government and ordered that the Mayer family be paid a hardship distribution of $150,000 out of an account "the Court itself selected" while the criminal appeal was pending.  They fail to advise the Court that that payment was made pursuant to a voluntary stipulation signed by the Defendants' counsel.  (Docket No. 369 in the criminal case, 05 cr 621).[5]

Similarly, Defendants fail to cite to the record when alleging that the Court referred to them as "fraudsters."  Recusal Motion at ¶ 15.  In fact, it was the Second Circuit that referred to the Defendants as fraudsters when it denied their appeal from their criminal convictions.  *U.S. v. Vilar*, 729 F.3d 62, 78 n.12 (2d Cir. 2013).

Finally, the Defendants allege that "there is actual partiality" as the Court "has allowed 'understandings' from the criminal case that have not budged to drive this case."  Recusal Motion at ¶ 32.  The Defendants cite to no evidence to support this allegation.  But, even if it were true, it would not serve as a basis for the Court's recusal.  *Liteky*, 510 U.S. at  555 ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or prior proceedings, do not constitute a basis for a partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

For the reasons set forth above, the SEC respectfully requests that the Court deny Defendants' request for a pre-motion conference on the ground that the request is both frivolous and made in bad faith.

Respectfully Submitted,

Neal Jacobson
Senior Trial Counsel

---

[4]  The Court's subsequent appointment of a Receiver after the Defendants were convicted of securities fraud and the Court found civil liability in this case was well within the Court's broad equitable powers.  *See, e.g., SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010).

[5]  The Defendants and their counsel continue to show utter contempt for the victims of the Defendants' fraud by, once again, maliciously referring to the Mayer family as a "family of tax cheats."  Recusal Motion at n.2.

Honorable Richard J. Sullivan
November 8, 2013
Page 4


Cc (via email):

Vivian Shevitz, Esq.
Jane Simkin Smith, Esq.
Ian Gazes, Esq.
David C. Burger, Esq.