UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC., *et al.*,

Defendants.

---

05 Civ. 5231 (RJS)

ECF CASE

### RECEIVER'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, hereby submits this First Interim Application (the "Application") for compensation for services rendered in the amount of $60,840.50[1] and reimbursement of expenses in the amount of $439.76, subject to a 20% holdback, for the period October 18, 2012 through November 4, 2013 (the "Compensation Period"), and respectfully states as follows:

### PROCEDURAL BACKGROUND

1. On October 17, 2012, the Court entered an order appointing the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the [related] criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine

---

[1] The Receiver, in consultation with the SEC, has agreed to reduce the total fees sought from $64,197.50 to $60,080.50 by reducing the hourly rate of attorney David Dinoso from $250.00 to $245.00 and by withdrawing requests for compensation for time expended in preparing the Application. David Dinoso's normal hourly rate is $550.00 and the Receiver's usual hourly rate is $790.00

whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors." [ECF Doc. No. 267]

2.     On March 14, 2013, the Court entered an order in the related criminal case, *United States of America v. Alberto William Vilar and Gary Tanaka*, S3 05 Cr. 621 (RJS), modifying its previously entered Post-Conviction Restraining Order to authorize the withdrawal of $50,000.00 from a restrained account to provide for the Receiver's compensation (the "Compensation Order").

3.     On May 30, 2013, the Receiver filed his Initial Report and Recommendations ("R&R").  [ECF Doc. 283]

4.     On June 20, 2013, the Court signed two orders (together, the "Claims and Distribution Orders") adopting the R&R and directing the Receiver to "begin the process of establishing a distribution fund and a claims and interim distribution procedure" as set forth in the R&R. [ECF Doc. Nos. 290 and 291]

5.     On July 19, 2013, the Receiver filed his First Status Report which Report was "so ordered" by the Court on July 30, 2013. [ECF Doc. Nos. 296 and 297].  Among other things, the Report established (a) August 6, 2013 as the deadline for the Receiver to publish notice of the proof of claims Bar Date in the Financial Times and (b) September 20, 2013 as the Bar Date to file proofs of claim.[2]

6.     On September 30, 2013, the Court ordered that all objections to filed proofs of claim be submitted by November 8, 2013. [ECF Doc. 309].

---

[2] Capitalized terms not defined herein shall have the meanings accorded such terms in the R&R and/or First Status Report.

7. On October 2, 2013, the Court entered an order authorizing the Receiver to retain CBIZ Accounting and Tax Advisory of New York LLC and CBIZ Accounting and Tax Advisory of San Diego LLC (together "CBIZ") as financial advisor. [ECF Doc. No. 312].

8. On October 4, 2013, the Receiver filed his Second Status Report along with claims register setting forth a list of all proofs of claim received prior to the expiration of the Bar Date. The Second Status Report was "so ordered" by the Court on October 28, 2013. [ECF Doc. 322].

## CASE STATUS

9. Upon his appointment, the Receiver set out to determine the feasibility of establishing a claims and distribution process for the benefit of the Defendants' investors. This involved a preliminary valuation and disposition of assets as well as meeting with many of the major parties in interest including the criminal Defendants[3] to establish a claims and distribution process.

10. Following the Court's adoption of the R&R and the filing of his First Status Report, the Receiver gave notice of the Bar Date, communicated with numerous potential claimants, reviewed all filed proofs of claim, and compiled and filed the claims register.

12 Simultaneously with the foregoing, the Receiver established a Distribution Fund, which consists of the cash balances transferred from certain J.P. Morgan accounts in the approximate sum of $21,000,000.00. In addition, the Receiver worked with J.P. Morgan to cause the transfer of the four (4) Amerindo cash accounts transferred to accounts with the Receiver being the sole signatory thereof. The Receiver also began the process of securing the turnover of funds held in certain Miscellaneous Accounts as well as funds held by the Liquidator

---

[3] Although the defendants' did not enter into a consensual agreement the Receiver adopted and utilized the protocol set forth in a proposed agreement including the exhibits for the distribution process such as the protocol for the interim distribution, and the Notice of Bar Date and proof of claim forms.

3

for the Amerindo Internet Growth Fund in the Cayman Islands. Copies of the most recent J.P. Morgan Account Statements are attached to this Application along with the Standardized Fund Accounting Report for the Compensation Period as Exhibits "A".

### CERTIFICATION PURSUANT TO SEC BILLING INSTRUCTIONS

13. The Receiver's Certification required the SEC Receivership Billing Instructions is attached hereto as Exhibit "B".

### SUMMARY OF SERVICES RENDERED BY THE RECEIVER DURING THE COMPENSATION PERIOD

14. The Receiver has maintained contemporaneous records of the day-to-day services and the time expended for such services for which compensation is sought herein, which records are maintained in the ordinary course of Receiver's business and are annexed hereto as Exhibit "C". A summary of services rendered by project category are set forth in paragraphs "15" through "17" below. The time records detail the services rendered. This summary is not intended to incorporate each and every activity but rather provide a brief summary of those activities.

15. **Asset Analysis and Recovery (32.90 hours, 13% of total)**

The Receiver's services in this category included the review of financial statements and prior valuations of forfeited assets including the un-priced securities maintained in the Investor Accounts in order to determine the value of the Distribution Fund. The Receiver established the Distribution Fund by having the JP Morgan Accounts turned-over to the Receiver and continues to work to secure the turnover of funds in the Miscellaneous Accounts as well as some

...

$4,000,000[4] in funds allegedly being held in the Cayman Islands.  The Receiver has also consulted with various parties regarding the liquidation of the restricted and un-priced securities.

      16.    **Case Administration (96.60 hours, 37% of total)**

Upon his appointment and continuing since, the Receiver has reviewed various pleadings and other documents related to this case, the related criminal case, and appellate cases.  The Receiver has regularly consulted with the SEC and other parties in interest regarding the status of this case and the Receiver's progress towards an interim distribution.  The Receiver has also drafted and filed numerous reports with the Court, appeared before the Court at a recent status conference, and has responded to regular inquiries from investor claimants regarding the status of the case.

      17.    **Claims Administration and Objections (127.50 hours, 50% of total)**

Prior to the Court's adoption of the R&R, the Receiver consulted with numerous parties in interest including the SEC,  the U.S. Attorney, several Amerindo investors including counsel for Lisa and Debra Mayer, and counsel for the criminal defendants for the purpose of effectuating a consensual agreement for the claims process and distribution scheme.  Although the discussions did not ultimately yield an agreement, the issues and suggestions raised in these discussions later became an integral part of and laid the ground work for the claims and distribution procedures which were ultimately recommended by the Receiver and adopted by the Court.  The Receiver served notice of the proof of claim Bar Date, compiled a claims register, reviewed individual claims, and has met and/or consulted with several investor claimants regarding their claims.

---

[4] The Cayman Island receiver is preparing a report for the Receiver which will reflect the exact anticipated distributions.

## VALUE OF SERVICES RENDERED

18. The Receiver respectfully submits that his request for compensation and reimbursement of expenses is reasonable and that all services rendered on which this request is based have been consistent with and in furtherance of his duties as set forth in the Appointment Order and subsequent orders of the Court. The Receiver will request by separate Application that any shortfall of the awarded fees and expenses be paid from the Distribution Accounts as well as future awarded fees and expenses of the Receiver and his professionals.

19. To date the services rendered by the Applicant and his professionals have resulted in a significant benefit to the cases at hand. In particular, Applicant formulated and implemented a claims and distribution process to determine the amount of the claims. The Receiver has retained and will continue to retain qualified professionals to assist in the liquidation process. Further, the Receiver has been in contact with numerous investor claimants and parties in interest in an effort to provide transparency into the claims and distribution process. Most importantly the Receiver is creating that "pot" of funds from which the Receiver will ultimately seek authority to distribute a dividend to the investors/creditors.

## CONCLUSION

For all the foregoing reason the Receiver respectfully requests that this Court approve the payment of the fees and reimbursement of expenses sought herein.

New York, New York  
November 21, 2013

      /s/ Ian J. Gazes_____  
Ian J. Gazes, Receiver  
Gazes LLC  
151 Hudson Street  
New York, New York 10013  
(212) 765-9000