Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
Fax 888-859-0158
vivian@shevitzlaw.com

December 13, 2013

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

    Re:  SEC v. Amerindo, Vilar and Tanaka – 05 cv 5231 (RJS)
      Receiver's First Interim Application for Compensation

Dear Judge Sullivan:

  I write on behalf of defendants Vilar and Tanaka to object to the receiver's first interim application for compensation and reimbursement.  A full response is impossible not only because defendants are incarcerated (making it extremely difficult for them to review documents and communicate), but also because defendants have not been given any backup, and the supposed "claims" and "assets" referred to by the receiver are unclear, oblique, incomplete, and unsupported.

  Mr. Gazes has not performed the work assigned.[1]  He has exceeded the

---

[1] While his assignment was never "certain" in the first place (he is dealing with a pool called "substitute assets" from the criminal case, and, given the reversal of the forfeiture orders, there are no longer any "substitute assets").  Mr. Gazes' fee application reports his assignment this way (see his paragraph 1):

> 1.   On October 17, 2012, the Court entered an order appointing the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the [related] criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors." [ECF Doc. No. 267]
>
> 2. On March 14, 2013, the Court entered an order in the related criminal case,

compensation "cap" ($50,000) set carefully by this Court when it originally authorized a receivership; he has cut defendants out of the process and demonstrated a lack of knowledge about the privates that make up a portion of the specialized portfolio; and he has failed to take steps to maximize the assets (like demanding *interest* for the last 8 years' of use by JP Morgan or making sure accounts are not abandoned).

This "conduct" – or lack of it – by the receiver and other professionals he employed – is not indicative of a job of protecting or maximizing assets – *or* figuring out assets or claims.  The court, the parties, and the Amerindo investors are left not only in the dark, but without anyone who maximizes or reports fairly **and openly** on assets (like the Amerindo US Monitor Robert Knuts did early on in the case).

The most glaring example of this failure to comply with receivership duties came to my attention on December 10, 2013 – more than a *year* after Mr. Gazes began his duties. David Mainzer (formerly Amerindo US COO but obviously not acting as such for almost a decade) advised that he had been contacted by a representative of one of the former-privately held companies, now a public stock in the portfolio, and informed that the stock was about to be *escheated* as no one representing Amerindo had been in contact in such a long time:

> **From:** David Mainzer [mailto:mainzer@sposilco.com]
> **Sent:** Tuesday, December 10, 2013 4:16 PM
> **To:** David Dinoso
> **Cc:** 'pwb@begoshorgan.com'; 'Sharon.Levin@usdoj.gov'; 'aweiss@llf-law.com'; 'salzbergm@sec.gov'; 'jacobsonn@sec.gov'; 'vivian@shevitzlaw.com'; 'jssmith1@optonline.net'; 'dcb@robinsonbrog.com'; 'pcolbath@loeb.com'; 'agoldsmith@khhte.com'; 'hallt@hallandhalllaw.com'; 'ehestres@bbh-law.com'; 'twright@entecworks.com'; 'Rfryd@wbcsk.com'; 'jfriedman@stillmanfriedman.com'; 'jwebster@khhte.com'
> **Subject:** RE: Case 1:05-cv-05231-RJS Securities and Exchange Commission v. Amerindo Investment Advisors Inc. et al (3/3)
> **Importance:** High   …
>
> I spoke with Cheryllyn Deocampo from Therevance today.  She called me to let me know that one of the Amerindo entities owns some Therevance stock and, because the issuer and their transfer agent have not heard from anyone at Amerindo for so long, this stock is scheduled for **escheatment on December 13, 2013 (i.e. in 3 days**).  Somebody who has the authority/responsibility to do so should reach out to them as soon as possible.  You can reach Cheryllyn at [phone number omitted]

*United States of America v. Alberto William Vilar and Gary Tanaka*, S3 05 Cr. 621 (RJS), modifying its previously entered Post-Conviction Restraining Order to authorize the withdrawal of $50,000.00 from a restrained account to provide for the Receiver's compensation (the "Compensation Order").

Previously we pointed out that Mr. Gazes has also allowed a stock called 3PAR Data to lay fallow.  3PAR Data was purchased in a takeover fight and (as a google search reveals) is worth significant amounts of money; however, it remained "unpriced" as a "private" on Mr. Gazes' records.

As stated by the Court at the October 25, 2013 SEC case hearing, Mr. Gazes apparently told the Court that it is "hard" to value private equities.  It may be "hard" but that was the mandate.  Moreover, David Ross, the expert whose report was before Your Honor at sentencing in 2010 had been willing to update the valuation for a reasonable fee when we discussed this in early 2012.

The public disparagement of the Ross report by the receiver and the SEC led to this Court's using a receiver instead of having David Ross update the report and use a Magistrate to collect claims.  This is unfortunate.  It was and is a high quality report.  Mr. Ross did and could have evaluated the privates in a short time.   Now, no one has done so.  Despite the public disparagement, in fact Mr. Gazes has relied on and made full *use* of the Ross report and obviously he (as does investor Marcus, who also encouraged the Court to use Mr.  Ross) believes the report valid and useful.

A search of Mr. Gazes' time reports reveals 8 matches for Mr. Gazes' or his office's  interface with David Ross and his report.  It is obvious that people *have* relied on the Ross report and think it a substantial piece of work.

Over a year ago, 10/25/12, Mr. Gazes "review[ed] Ross analysis and docs sent by atty for investor"; here are other contacts:

| Date | Description | Time |
|---|---|---|
| 10/18/12 | Gazes had "conference" with Mr. Friedman re: Ross report | .50 |
| 10/25/12 | Gazes reviews Ross report | .50 |
| 1026/12 | Julian Friedman and David Ross conf call "re asset disposition" [at the time receiver was only on a reporting mission] | 1.40 |
| 3/15/13 | Gazes "conf call with David Ross re documentation for 2010 report" | .30 |
| 3/21/13 | Dinoso reviewed and reconciled valuations "including Ross report" | 2.30 |
| 4/08/13 | Gazes emails Ross "re private equities" | .10 |
| 4/10/13 | Gazes call to Ross re private equity contacts | .20 |
| 4/17/13 | Gazes entered some agreement about turnover of cash/equities to Goldman Sachs and "review[ed] Ross liquidation schedule (.3) | .70 |

The receiver makes claims for over a dozen contacts with Julian Friedman, going back to October 2012 and continuing into 2013 and numerous contacts with investors. Moreover, Mr. Gazes has spent an enormous amount of time talking with people who do *not* have claims for Amerindo assets, including Peter Lusk and his lawyer, who have a claim against Mr. Vilar because Mr. Lusk loaned Mr. Vilar

funds for legal fees.  (10/22/13)

      Mr. Gazes has also talked to the directors and attorneys for Munder Fund (10/28/13, 11/1/2013), to which the Amerindo Technology Fund (an Amerindo US asset) was *handed over* in 2005.  (By "agreement" between the SEC and an attorney -- who did not represent either Amerindo US or the defendants but appeared at the SEC hearing injunction/ receivership/ Monitorship hearing on June 1, 2005— the Amerindo Technology Fund was turned over to Munder for *no* consideration. This transaction was accomplished without defendants' knowledge or consent or approval: they were incarcerated on June 1, 2005, pending a detention hearing.   At the same time the SEC took over Mr. Tanaka's day to day management of the US entity and was allowed to take over the Panama operation as well). Apparently, according to the receiver's time records, Mr. Gazes is still trying to figure out the "difference" between the fund handed over to Munder (Amerindo Technology Fund) and ATGF (the Amerindo Technology Growth Fund, the name of a Panama fund). (Time records of 10/28/13 (*this year*) report his task as "Amerindo Technology Fund vs ATGF"). The bottom line:   Munder has *no claim* against Amerindo Panama; indeed Amerindo US has a claim against Munder but no one allowed the defendants to pursue it.   The fact that Mr. Gazes did not and does not *know* this, a year into his receivership, but still would "charge" the defendants for his time trying to figure it out, is revealing and counsels against awarding continued remuneration.

      Mr. Gazes has also spent time talking to other *non*-claimants, some possibly fraudulent.  We don't know.

      For example, Lucky Christov (sometimes spelled "Christoff" in the receiver's time sheets) apparently claims to be a creditor of Amerindo, and Mr. Gazes has spent time talking to Mr. Richman, his attorney  (5/23/13, and 6/13/13 and 6/17/13 (email Richman about report)).  One of the conferences (9/12/13) seems to be about "arbitration award", and the conversation seems to have been continued on 9/16/13. I do not have papers from that case and my clients lack and have lacked access to their own records.  Christov, a felon with a money laundering conviction (see *United States v. Christov*, 94 cr 981 (KTD)) (indictment charges he received and transferred narcotics proceeds) may have a claim, but we do not know what he claims, or the details.  I understand, however, that Mr. Christov was *overpaid* a finder's fee and hence there is a set-off against  any arbitration award (we do not know against which entity).

      We also believe Jim Charles, another claimant, has no claim as he was paid out previously.

      However, without access to the receiver's claims and their backup, we are *unable* to fairly contest all these claims or to evaluate them. What  we do know, however, is that, a year into the receivership,  the receiver has not done what he

was tasked to do: provide an analysis of claims *or* assets.  Mr. Gazes has allowed assets to be compromised.  He has failed to maximize them.

Mr. Gazes was obligated, so the Order read, to *collect and evaluate claims,* which must be determined by paperwork.  Instead, Mr. Gazes spent an enormous amount of time *talking* to alleged claimants and their counsel, and has joined in the fray of discounting defendants' inputs – but they have not only an interest but also valuable expertise and could facilitate the claims/valuation process.

Ian Gazes' request for remuneration should be denied. He has not completed *any* of the tasks assigned.   Bar dates have been set, then ignored, and then re-set, to the detriment of everyone.

On behalf of defendants I ask the Court to direct that Mr. Gazes provide me with all claims, claim backup, and backup about his findings and collecting assets.Without any of this, defendants are *unable* to comment or even consider a resolution of this case.[2]  At one point the SEC told the court that, in connection with a global resolution, the SEC "might" be willing to release the standalone pension plan account to its owner, a UK entity.  Now the SEC takes the position that defendants should have to pay huge penalties from it – before rights are fully litigated.  Defendants are interested in resolving the case, but the SEC/receiver's positions have made it impossible: There are no longer any "substitute assets."  The Court of Appeals not only issued a stay of any distribution of "substitute assets", but has now directed the government to respond to the Petitions for Rehearing.   There is also no disgorgement penalty.  Indeed, there are no penalties at all in place.

Mr. Gazes has failed to perform the tasks he was appointed to perform in October 2012.  There should be no distribution based on numbers as to which defendants are not privy. His application (which was submitted without a Motion) should be denied.   If we are ever to achieve a resolution, the Court should order the SEC to provide documents and notice of what is being determined vis-à-vis claims and assets.

            Very truly yours,
            /s/
            Vivian Shevitz

---

[2] We also continue to object to the use of JP Morgan with no public and open accountability.  Recent news reports as to JP Morgan confirm that the government and the receiver should shed *light* on the arrangements with JP Morgan here, not obfuscate – especially when JP Morgan has refused to credit back interest and has "abandoned" live accounts, and, as far as defendants know, no one has sought to compel addition of "withheld" interest (despite the enormous leverage of the US government's position vis-à-vis JP Morgan.).