UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-31-13
```

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiffs,

        -v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                              Defendants.

No. 05 Civ. 5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the Receiver's first interim application for compensation and reimbursement of expenses. (Doc. No. 336.) The Receiver seeks $60,840.50 in compensation and $439.76 in reimbursement of expenses. For the reasons set forth below, the application is approved.

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). Like fee awards in other contexts, the reasonableness of compensation is determined in the court's discretion, *SEC v. Northshore Asset Mgmt.*, No. 05 Civ. 2192 (WHP), 2009 WL 3122608, at *3 (S.D.N.Y. Sept. 29, 2009), and is judged by the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed for, *Byers*, 590 F. Supp. 2d at 644.

The Court determines that the amounts sought by the Receiver are reasonable for five reasons. First, and most importantly, the Receiver worked with the SEC before submitting his application and reduced some of his hourly rates and the number of hours billed at the SEC's

request. (Doc. No. 336 at 1 n.1); *see SEC v. Zurich Fin. Servs.*, No. 08 Civ. 10760 (WHP), 2012 WL 3599485, at *2 (S.D.N.Y. Aug. 21, 2012) (noting that "acquiescence by the SEC to a fee application is usually accorded deference"). Second, the hourly rate sought by the Receiver for himself ($250) and his staff ($245 for an attorney and $175 for a paraprofessional) are heavily discounted from their usual rates and are in keeping with amounts approved in other cases. (Doc. No. 336 at 1 n.1; *id.* at Ex. B at 2); *see Byers*, 590 F. Supp. 2d at 645 (finding an hourly rate of $250 to be reasonable for a receiver); *SEC v. Goren*, 272 F. Supp. 2d 202, 208 (E.D.N.Y. 2003) (finding hourly rates between $135 and $200 an hour to be reasonable for attorneys working for a receiver, in 2003 dollars). Third, the hours expended so far – 155 by the Receiver and 101 by an attorney, over the course of eleven-and-a-half-months – are fully documented, do not appear excessive, and omit time spent in preparing the application. (Doc. No. 336 at 1 n.1; *id.* at Ex. B at 2); *cf. Northshore Asset Mgmt.*, 2009 WL 3122608, at *4 (reducing a receiver's fee award in part because the receiver billed for time spent preparing the fee application). Fourth, no party has submitted any specific objections to anything in the receiver's application. Defendants Vilar and Tanaka submitted a letter arguing that the receiver should not be paid at all (Doc. No. 337), but this kind of broadly sweeping objection – which is no more than an attempt to relitigate the Court's decision to use a receiver – is unhelpful in determining reasonableness. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("[C]ourts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application."). And fifth, the Receiver has agreed to a 20% holdback of compensation (Doc. No. 336 at 1), which will help ensure that he continues working diligently until the job is done.

Accordingly, IT IS HEREBY ORDERED THAT the Receiver is awarded $48,672.40 in compensation and $496.76 in expenses, to be paid from the $50,000 that the Court has already authorized for receiver compensation (Doc. No. 272).  The remaining 20% of compensation, equal to $12,168.10, shall be held back and paid once the Receiver's work is satisfactorily completed.

SO ORDERED.

Dated:      December 30, 2013
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3