Exhibits to Shevitz Declaration in Opposition to Disgorgement and Penalties

Exhibit B – 1993 letter SEC to Amerindo
And creation of single client pool



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
SAN FRANCISCO BRANCH OFFICE
901 MARKET STREET, SUITE 470
SAN FRANCISCO, CALIFORNIA 94103

IN REPLYING PLEASE QUOTE

January 21, 1993

Mr. Alberto W. Vilar
Amerindo Investment Advisors, Inc.
388 Market Street, Suite 950
San Francisco, CA  94111

    Re: <u>Amerindo Investment Advisors, Inc.</u>
        <u>File No. 801-24922</u>

Dear Mr. Vilar:

    We recently conducted an examination of the books and records of Amerindo Investment Advisors, Inc. ("Registrant") pursuant to Section 204 of the Investment Advisers Act of 1940 ("the Act"). The examination disclosed the need for certain revisions in the practices and procedures of Registrant as enumerated below. These matters are brought to your attention for immediate corrective action to the extent such action has not been taken since the time of the examination, and without regard to any other additional corrective or enforcement action concerning these or other matters which the Commission may take or require to be taken as a result of the examination.

I.   <u>Books and Records</u>

    A.   <u>Trading Memoranda, Rule 204-2(a)(3)</u>

    Rule 204-2(a)(3) provides that memoranda of order be maintained for (i) each order given by the investment adviser for the purchase or sale of any security; (ii) any instruction received by the investment adviser from the client concerning purchase, sale, receipt or delivery of any security; and (iii) any modification or cancellation of any such order or instruction.

    In addition, the memoranda should contain (i) terms and condition of the order, instructions, and modification or cancellation; (ii) name of person who recommended the order; (iii) name of person who placed the order; (iv) date of entry; (v) name of bank, broker or dealer who executed the order; and (vi) discretionary powers designated.

Alberto W. Vilar, President
Page 6

  Absent evidence to the contrary, Registrant is in violation of Rule 206(4)-2(a)(4). Registrant should immediately begin to provide the limited partners with quarterly statements as required by the Rule.

V.  **Failure to Provide Requested Documents**

  During the examination of Registrant, the examiners requested the trading records for client accounts of off-shore investment advisory firms that are owned and managed by you and Mr. Tanaka. While Registrant provided the staff with the trading records of the affiliated advisory firm registered in the UK ("Amerindo UK"), Registrant declined to provide the staff with the trading records of the affiliated advisory firm registered in Panama ("Amerindo Panama").

  The Commission's Division of Investment Management has taken the position that, generally, the Act is applied to regulate activity taking place outside the United States where that activity produces substantial and foreseeable effects in the United States or involves conduct occurring in the United States.[1] Abusive practices such as front running and unauthorized principal and agency cross transactions involving the accounts of foreign clients or foreign affiliates could harm United States investors. For example, an adviser might sell a security from a foreign client's account to the account of a United States client without receiving written authorization from the United States client in contravention of Section 206(3) of the Act, which addresses such agency cross-transactions, or place foreign client transactions ahead of a large transaction by a United States client. The Act should be applied to such activities because they involve United States clients.

  Currently, Rule 204-2 of the Act requires, among other things, that registered advisers maintain records of not only their trades, but also of trades by any controlling persons or affiliates thereof who obtain information about investment advice.

  The San Francisco office requested guidance from staff in the Division's Washington office. The Washington staff has advised us that the operations of off-shore investment affiliates must be separate from the operations of the registered domestic investment adviser, particularly with regard to the persons providing advisory services, before there is a rational basis for

---

[1]  SEC Division of Investment Management, *Protecting Investors: A Half Century of Investment Company Regulation*, Chapter 5, The Reach of the Advisers Act of 1940 (May 1992) ["The IC Study"], p. 227.

Alberto W. Vilar, President
Page 7

excluding the off-shore affiliates from the jurisdictional scope of the Act.[2] Although the discussion of this matter set forth in no-action letters has largely addressed investment advisory entities that are parent/subsidiary affiliates, the Washington staff had advised us that the conditions set forth in those letters would be largely applicable to investment advisory entities that are sister affiliates.

To determine the extent of the overlap of advisory operations among Registrant and its two affiliated off-shore advisory affiliates, the staff sought from Registrant information regarding ownership, advisory responsibilities and commonality of client securities.

From discussions with you, Mr. Tanaka and Mr. Cohen, the staff understands, with regard to Panama Amerindo, that (1) you and Mr. Tanaka are sole owners and the only portfolio managers for the assets managed by Amerindo Panama; (2) securities purchased by Mr. Ciulla, Registrant's trader, can from time to time be allocated to clients of Amerindo Panama; (3) Amerindo Panama does not employ any research analysts other than you and Mr. Tanaka; and (4) there exists a very substantial degree of commonality between Registrant and Amerindo Panama as to both the identity of the issuers whose securities are purchased and the relative concentration of the specific issues which are purchased. With regard to (3) above, the staff notes that equity research provided by Registrant's New York based research analysts may be used by you or Mr. Tanaka in forming investment decisions for clients of Amerindo Panama.

Based upon this information, it appears that Registrant and its advisory affiliates share the services of key advisory persons and that Registrant fails to meet the standards of separation for its operations and those of its off-shore advisory affiliates. The advisory services provided by you and Mr. Tanaka, whether for Amerindo Panama, Amerindo UK or Registrant, are conducted in, and may have substantial effects in, the United States. Therefore, staff's concerns remain that United States investors may not be fully protected from the possible abusive trading practices described above.

Although the staff has reviewed the extensive comments presented by Registrant's counsel regarding this matter and acknowledges your concern for the privacy of your clients, the staff reiterates its request for information related to the trading activities of Amerindo Panama for the calendar year 1992.

---

[2]   See no-action letters cited in The IC Study, Chapter Five, and Uniao de Bancos de Brasilieros S. A. (July 28, 1992).

## WAIVER AND AUTHORIZATION

To whom it may concern:

I, Alberto W. Vilar, of age, a citizen of the United States of America and resident of the United Kingdom, a male person and holder of U.S. Passport No. Z5005498, acting on behalf and representation of the corporation named _____ duly organized and existing according to the laws of _____ (the "Company"), who entered into an advisory contact with AMERINDO INVESTMENT ADVISORS INC., a Panamanian corporation (hereinafter referred to as "Amerindo"), do hereby irrevocably authorize Amerindo and/or its representatives, without any limitation whatsoever, other than that all information, material, data and other items pertaining to the undersigned be provided only in a manner which will not disclose the identity of the undersigned, to furnish any third person, natural or juridical, public or private, local or international, as well as to any governmental authority of the United States of America (federal or state authorities), including without limiting the above, the Securities and Exchange Commission ("SEC"), any information, confidential or not (except as aforesaid), concerning all the Company's trading records and activities with you, as well as any other information required to be produced under Rule 204-2 of the U.S. Investment Advisors Act ("Rule 204-2"), and/or concerning the business affairs and investments made by the Company, and/or by the persons authorized to operate and administrate such investments, to the extent necessary to enable Amerindo Investment Advisors Inc., a California corporation ("Amerindo U.S."), to comply with Rule 204-2.

Amerindo is also empowered to submit any document to any of the persons and authorities referred to above, confidential or not (except as aforesaid), related to any of the above mentioned affairs.

I do hereby irrevocably renounce (except as aforesaid) any confidentiality laws applicable in Panama, in the United States of America and in any other jurisdiction to all matters pertaining to the Company's business and trading activities with Amerindo, to the extent necessary to enable Amerindo U.S. to comply with Rule 204-2.

I exonerate Amerindo from any liability and/or responsibility that could be derived against the Company or it for the release of any information or document, confidential or not (except as aforesaid), and the Company will indemnify it for any losses and damages which Amerindo may incur in case of providing any information referred to in this document, as well as in case of any proceedings, investigation, actions, inquiries, and inspections made by national or international authorities of any country, including the SEC, in relation to the investment account(s) maintained with Amerindo, to its owner, and/or to the person authorized to operate and/or manage it.

This document is signed and effective as of June 1, 1993.

_____
Signature

P 00691

## AMERINDO INVESTMENT ADVISORS INC.
P.O. Box 5168
Panama, Panama

September 28, 1993

Richard A. Castro, Chief, Branch of Regulation
United States Securities and Exchange Commission
San Francisco Branch Office
901 Market Street, Suite 470
San Francisco, CA 94103

RE: AMERINDO INVESTMENT ADVISORS INC ("REGISTRANT") - COMMISSION FILE NO. 801-24922

Dear Mr. Castro:

Reference is made to your letter to Rick Cohen dated June 16, 1993.

On behalf of Amerindo Investment Advisors Inc., a corporation organized and duly existing under the laws of Panama and on whose behalf I am duly authorized to act ("Amerindo Panama"), I am pleased to advise you as follows:

1. Amerindo Panama has adopted the Waiver and Authorization Form referred to in your letter.

2. The only remaining client of Amerindo Panama has duly executed that form effective June 1, 1993, and a copy of that duly executed form, with only the name of the client redacted, is enclosed herewith.

3. Any other clients which Amerindo Panama had ceased to be such on or before May 31, 1993.

4. Amerindo Panama's sole client will be identified for Rule 204-2 purposes as P1, and all information required under said Rule will be coded accurately and consistently.

If you require anything further, please do not hesitate to contact us through Registrant's counsel.

Very truly yours,

Alberto W. Vilar

P 00690