Exhibits to Shevitz Declaration in Opposition to Disgorgement and Penalties

                              Exhibit D – Vilar (Attorney Burger)
                                   -Motion to Vacate Mayer
                                   State Court Judgment
                                   (Noticed for February 20, 2014)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
LISA MAYER, DEBRA MAYER, DABA, INC.           :     Index No. 603234/2004
and ABA, INC.,                                      IAS Part 54
                                              :     (Hon. Shirley W. Kornreich)
                Plaintiffs,                         ECF Action
                                              :
       -against-
                                              :     NOTICE OF MOTION
                                                    BY DEFENDANT
ALBERTO VILAR, GARY TANAKA,                         ALBERTO VILAR TO
AMERINDO INVESTMENT ADVISORS,                 :     MODIFY JUDGMENTS
INC. (U.S.), AMERINDO INVESTMENT                    ENTERED IN THIS ACTION
ADVISORS, INC. (PANAMA),                      :

                Defendants.                   :
-----------------------------------------------------------------x

       PLEASE TAKE NOTICE, that, upon the annexed affidavit of David C. Burger, sworn to on January 29, 2014, and the exhibits annexed thereto, and the accompanying memorandum of law, and upon all prior papers and proceedings in this action, Defendant Alberto Vilar will move this Court, at the Motion Support Courtroom, located at 60 Centre Street, Room 130, New York, New York, on February 20, 2014, at 9:30 A.M., or as soon thereafter as counsel can be heard, for an order pursuant to CPLR 5015(a)(2) & (3), to modify the judgments previously entered in this action, and for such other and further relief as this Court deems just and proper.

       PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), answering affidavits, if any, must be served at least seven days before the return date.

Dated:  New York, New York
        January 29, 2014

                                              ROBINSON BROG LEINWAND GREENE
                                                 GENOVESE & GLUCK P.C.

                                              By: _____
                                                          David C. Burger
                                              875 Third Avenue
                                              New York, New York 10022-0123
                                              (212) 603-6300
                                              Attorneys for Alberto Vilar

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
LISA MAYER, DEBRA MAYER, DABA, INC. : Index No. 603234/2004
and ABA, INC.,     IAS Part 54
   : (Hon. Shirley W. Kornreich)
                        Plaintiffs,     ECF Action
   :
            -against-     **AFFIDAVIT OF DAVID C.**
   : **BURGER IN SUPPORT OF**
ALBERTO VILAR, GARY TANAKA,     **MOTION BY DEFENDANT**
AMERINDO INVESTMENT ADVISORS,     **ALBERTO VILAR FOR**
INC. (U.S.), AMERINDO INVESTMENT    : **RELIEF FROM JUDGMENTS**
ADVISORS, INC. (PANAMA),     **PURSUANT TO CPLR 5015**
   :
                        Defendants.    :
-----------------------------------------------------------------x

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK )

         **DAVID C. BURGER**, being duly sworn, deposes and says:

         1.     I am an attorney admitted to practice before the courts of the State of New York and am of counsel to the firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C., attorneys for Defendant Alberto Vilar in the above-captioned action. I submit this affidavit in support of a motion pursuant to CPLR 5015(a)(2) & (3) for relief from judgments previously entered in the above-captioned action.

         2.     There are two grounds for the instant motion. First, the SEC has acknowledged in a declaration, dated November 22, 2013, that the Mayers had received payments from Amerindo Investment Advisors Inc. totaling $1,460,728.74 between January 2004 and January 2005. The Mayers concealed those payments from this Court, and those payments reduce the judgment previously granted by this Court. Second, at all times from May 26, 2005 through to the present, it has been impossible for Vilar to take any action with respect to the Mayers' funds because they have been governed by a succession of federal court orders authorizing the funds to be subject to a monitor, then subject to the

1

SEC, and now subject to a receiver. Interest cannot properly be awarded against Vilar for any period that the Mayers' funds have been controlled by others appointed by court orders.

3.  By an Order, dated August 4, 2011 ("Summary Judgment Order"), this Court granted summary judgment as to certain causes of action and, in relevant part:

> "ORDERED that the cause of action for breach of contract on the Guaranteed Deposit is severed and the Clerk is directed to enter judgment in favor of these plaintiffs and against defendants Alberto Vilar, Gary Tanaka, Amerindo Investment Advisors, Inc. (U.S.) and Amerindo Advisors, Inc. (Panama) <u>in the amount of $11,224,936.46, together with interest at the rate of 9% per annum from the date of January 1, 2004 until the date of the decision on this motion, and thereafter at the statutory rate, as calculated by the Clerk,</u> together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs..." (emphasis added)

A copy of the Summary Judgment Order is attached hereto as Exhibit 1.

4.  The period for interest stated in the Summary Judgment Order commenced on January 1, 2004 and continued to the present.

**The $1,310,728.74 In Payments Concealed By The Mayers**

5.  Neal Jacobson, an attorney employed by the SEC, submitted a declaration, dated November 22, 2013 ("Jacobson Declaration"), in an action captioned <u>Securities and Exchange Commission v. Amerindo Investment Advisors, Inc., et al.</u>, 05 Civ. 5231, pending in the United States District Court for the Southern District of New York ("SEC Action"). The Jacobson Declaration was submitted in support of the SEC's motion seeking disgorgement and civil money penalties against Vilar and Gary Alan Tanaka.

6.  The Jacobson Declaration expressly noted that the amount due to the Mayers was reduced by over $1.46 million due to prior payments:

> "Between January 2004 through January 2005, Amerindo paid the Mayers a total of $1,310,728.74 in nine separate payments, and, by Stipulation and Order dated November 23, 2009, this Court authorized a payment to the Mayers in the amount of $150,000 from the Amerindo accounts (Docket No. 369 in *United States v. Vilar et al.*, 05-cr-621). Attached hereto as Exhibit F are transmittal letters reflecting Amerindo's payments to the Mayer family. Vilar and Tanaka's ill-gotten gain from

2

their fraud on the Mayer family thus totals $9,605,985 (rounded up from $9,605,984.70)($11,066,713.44 minus $1,460,728.74)."

A copy of the Jacobson Declaration, and only the referenced Exhibit F, is attached hereto as Exhibit 2.

7. The Mayers concealed those payments totaling $1,460,728.74 from this Court.

**Vilar Cannot Have Liability For Interest For**
**Any Period That The Funds Were Under The**
**Control Of A Monitor, The SEC Or A Receiver**

8. Unbeknownst to this Court at the time of the issuance of the Summary Judgment Order was the fact that a monitor had been appointed as to the client accounts for Amerindo Investment Advisors, Inc. on June 2, 2005 by an Order issued in the SEC Action ("Monitor Order"). A copy of the Monitor Order is attached hereto as Exhibit 3.

9. The Monitor Order contained a preliminary injunction against any purchase or sale of securities in violation of several statutory sections (on pages 1-2) and appointed a monitor to, inter alia, "review and monitor client requests to purchase, sell, transfer or redeem any securities or funds in accounts for which Amerindo serves as an investment advisor, or over which any Amerindo principals, officers, employees or agents exercise discretionary authority." (section E on page 4).

10. The transcript of the conference held in the SEC Action on June 2, 2005, at 4:45 P.M., reflects that it was attended only by two attorneys representing the SEC and Eugene Licker of Kilpatrick Lockhart representing Amerindo Investment Advisors that is stated in the caption of the transcript as being the sole defendant (a copy of the June 2, 2005 transcript is attached hereto as Exhibit 4).

11. There had been an application for an order to show cause in the SEC Action on the prior day, June 1, 2005, to obtain the relief granted the next day as noted above. The transcript of the application ("June 1, 2005 Transcript") bears a caption including all of the defendants listed in the caption to this affidavit, including Vilar. A copy of the June 1, 2005 Transcript is attached hereto as Exhibit 5. Judge Swain noted at the beginning of the transcript, at p. 4/18-21, that: "I do see that the relief that is being asked for here is essentially all the relief that would be asked for in a preliminary injunction and

3

includes very, very broad powers for a receiver." Near the end of the June 1, 2005 Transcript, at pp. 24/23-25/2, Judge Swain stated: "What Amerindo doesn't need is what I refer to as a lockdown receiver. There is no asset freeze here. When you do turn over all the assets to a receiver, <u>you have frozen the assets except in the hands of the receiver</u>, and I don't think that's justified here at all." (emphasis added). Notwithstanding the stated concern that appointing a receiver would freeze the assets, the SEC Order was issued the next day, on June 2, 2005.

   12. The docket sheet in <u>United States v. Vilar</u>, 1:05-cr-00621, reflects that Vilar had been arrested on May 26, 2005.

   13. As of May 26, 2005, it was impossible for Vilar to take any action with respect to the Mayers' funds.

   14. As of June 3, 2005, the monitor appointed at the request of the SEC controlled the Mayers' funds pursuant to an Order that froze the assets.

   15. By an Order, dated December 13, 2005, the intervention of the Department of Justice was granted and the SEC Action was stayed pending further order of the Court (copy attached hereto as Exhibit 6).

   16. By an Order, dated April 5, 2006, the monitor was discharged and Amerindo US was prohibited from acting as an investment adviser and taking any action with respect to purchasing, selling or transferring any securities or funds except on prior written notice to the SEC (copy attached hereto as Exhibit 7).

   17. It continued to be impossible for Vilar to take any action with respect to the Mayer's funds.

   18. An Order, dated February 6, 2012, was jointly issued in both the SEC Action and the criminal action against Vilar and Tanaka ("Joint Order"). That Joint Order directed the Office of the United States Attorney and the SEC to prepare a list of each investor account for the frozen funds (copy attached hereto as Exhibit 8).

19. A further joint Order in the SEC Action and the criminal action was issued on March 19, 2012, which: (a) concluded that "a consensual distribution of the Substitute Assets to investors is not achievable at this juncture, due to the parties' inability to agree on necessary terms", and (b) transferred the SEC Action to United States District Judge Richard J. Sullivan ("Judge Sullivan") who was the trial judge in the criminal case (copy attached hereto as Exhibit 9).

20. By an Order, dated October 16, 2012, Judge Sullivan appointed Ian Gazes ("Gazes") as a receiver "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and conclusions." (copy attached hereto as Exhibit 10).

21. By an Order, dated June 19, 2013, Judge Sullivan empowered Gazes to establish a distribution fund and authorized Gazes to distribute an attached claims form to investors (copy attached hereto as Exhibit 11). That claims process has not yet been completed.

22. At all times from May 26, 2005 to the present, it has been impossible for Vilar to take any action with respect to the Mayers' funds.

23. This Court's determination of the principal amount to be returned to the Mayers was incorrectly determined due to the failure of the Mayers' counsel to apprise this Court of $1,460,728.74 in payments acknowledged by the SEC. This Court awarded pre-judgment interest when it was impossible for Vilar to take any action with respect to the Mayers' funds. The judgment entered in this action should be modified accordingly.

_____
DAVID C. BURGER

Sworn to before me this
29th day of January, 2014

_____
Notary Public

JOANNE BRENNAN
Notary Public, State of New York
No. 01BR6173507 Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Sept. 10, 20__

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
LISA MAYER, DEBRA MAYER, DABA, INC. :   Index No. 603234/2004
and ABA, INC.,                                                      IAS Part 54
                                                              :     (Hon. Shirley W. Kornreich)
                              Plaintiffs,                           ECF Action
                                                              :
            -against-
                                                              :
ALBERTO VILAR, GARY TANAKA,
AMERINDO INVESTMENT ADVISORS,                :
INC. (U.S.), AMERINDO INVESTMENT
ADVISORS, INC. (PANAMA),                             :

                              Defendants.            :
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT ALBERTO VILAR PURSUANT TO CPLR 5015(a)(2) & (3) FOR RELIEF FROM JUDGMENTS

Defendant Alberto Vilar ("Vilar") submits this memorandum of law in support of his motion, pursuant to CPLR 5015(a)(2) & (3), to modify the judgments previously entered in this action due to the failure of plaintiffs to acknowledge prior partial payment recently affirmed by the SEC and due to the fact that interest was awarded for periods during which it was impossible for Vilar to take any action with respect to returning plaintiffs' funds.

### PRELIMINARY STATEMENT

This Court previously granted summary judgment awarding $11,224,936.46 on a breach of contract claim to plaintiffs, with interest commencing on January 1, 2004 ("Summary Judgment Order"). This Court was unaware of facts, now established by an affidavit recently submitted by the SEC in a related proceeding, that Lisa Mayer and Debra Mayer (the "Mayers") had received payment of $1,460,728.74 between January 2004 and January 2005 which reduced their claim from $11,460,728.74 to $9,605,984.70. The fact of those payments had been concealed from this Court by the Mayers. That concealment misled this Court into entering a judgment for an erroneously increased amount. In addition, this Court, and Vilar, were previously unaware of a series of orders whereby the SEC has had control of

any investment funds claimed by the Mayers since June 2, 2005 and continuing to the present. It is well-settled that the award of pre-judgment and post-judgment interest is the cost of having the use of another person's money for a specified period of time. Vilar has not had any use of the Mayers' money since June 2005. The Summary Judgment Order therefore also included an erroneous award of interest against Vilar. Accordingly, the judgments previously entered by this Court should be modified.

## STATEMENT OF RELEVANT FACTS

The Court is respectfully referred to the accompanying affidavit of David C. Burger, sworn to on January 29, 2014 ("Burger Affidavit") for a statement of the relevant facts and the exhibits supporting the instant motion.

## ARGUMENT

### I

### THE MAYERS CONCEALED PRIOR RECEIPT OF $1.46 MILLION

In-house counsel for the SEC is presumably adept at understanding financial transactions. Neal Jacobson, an attorney employed by the SEC, has concluded that between January 2004 and January 2005 the Mayers received $1,310,728.74 from Amerindo Investment Advisors Inc. and its affiliated entities, which he collectively defined as "Amerindo":

> "Between January 2004 through January 2005, Amerindo paid the Mayers a total of $1,310,728.74 in nine separate payments, and, by Stipulation and Order dated November 23, 2009, this Court authorized a payment to the Mayers in the amount of $150,000 from the Amerindo accounts (Docket No. 369 in United States v. Vilar et al., 05-cr-621). Attached hereto as Exhibit F are transmittal letters reflecting Amerindo's payments to the Mayer family. Vilar and Tanaka's ill-gotten gain from their fraud on the Mayer family thus totals $9,605,985 (rounded up from $9,605,984.70)($11,066,713.44 minus $1,460,728.74)."

See declaration of Neal Jacobson, dated November 22, 2013, and only the referenced Exhibit F, attached as Exhibit 2 to the Burger Affidavit.

The Mayers concealed those payments from this Court and thereby fraudulently induced this Court to enter an erroneously inflated judgment for the principal amount of $11,224,936.46. That amount should be reduced to $9,605,984.70.

2

II

**VILAR DID NOT HAVE USE OF THE MAYERS'
FUNDS FROM 2005 TO THE PRESENT**

It is extremely well-settled that pre-judgment and post-judgment interest "represents the cost of having the use of another person's money for a specified period." Mohassel v. Fenwick, 5 N.Y.3d 44, 51, 799 N.Y.S.2d 758, 832 N.E.2d 1174 (2005), quoting Aurecchione v. N.Y. State Div. of Human Rights, 98 N.Y.2d 21, 27, 744 N.Y.S.2d 349, 771 N.E.2d 231 (2002), quoting Love v. State of New York, 78 N.Y.2d 540, 544, 577 N.Y.S.2d 359, 583 N.E.2d 1296 (1991). See also, e.g., Downing v. First Lenox Terrace Assoc., 107 A.D.3d 86, 91, 965 N.Y.S.2d 9 (1st Dep't 2013) (quoting Mohassel).

It is incontestable that Vilar has not had the use of any of the Mayer's money from 2005 continuing to the present.

Vilar was arrested on May 26, 2005. Burger Affidavit, at ¶ 12. On June 1, 2005, the SEC filed a federal action against Vilar, his partner Gary Alan Tanaka ("Tanaka") and several corporations which they had formed ("SEC Action"). A monitor was appointed in the SEC Action as to the client accounts for Amerindo on June 2, 2005. Id., at ¶ 8. An Order, dated April 5, 2006, discharged the monitor but also prohibited Amerindo from taking any action with respect to the purchase, sale or transfer of any securities or funds except on prior written notice to the SEC. Id., at ¶ 16. A further Order, dated October 16, 2012, appointed a receiver to determine the value of investor assets that had been seized or frozen and consider what actions could be taken to avoid dissipation of those assets. Id., at ¶ 20.

Continuously from June 2005 to the present, Vilar has not had any use of any of the Mayer's money. It therefore is improper and inequitable for interest to be awarded against Vilar for that entire period of time.

3

## CONCLUSION

As the result of the Mayers' fraudulent concealment of payments that they received, this Court was induced to enter judgment for an erroneously inflated principal amount. That principal amount should now be reduced to $9,605,984.70. When the Summary Judgment Order was issued on August 4, 2011, no one anticipated that the investors' funds would still remain unpaid two and one-half years later. Vilar, however, has not had the use of the $9,605,984.70 owed to the Mayers at any time from 2005 to the present. Vilar therefore cannot be held liable for interest on that sum for that period of time.

Accordingly, relief should be granted from the existing judgments.

Dated: January 29, 2014

        ROBINSON BROG LEINWAND GREENE
        GENOVESE & GLUCK P.C.

By: _____
        David C. Burger
875 Third Avenue
New York, New York 10022-0123
(212) 603-6300
**Attorneys for Defendant Alberto Vilar**

4