

**GAZES LLC**
ATTORNEYS AT LAW

MAIN TEL: (212) 765-9000
FACSIMILE: (212) 765-9675
WRITER'S EMAIL:
ian@gazesllc.com

February 12, 2014

**By E-mail and ECF**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Securities and Exchange Commission v. Amerindo Investment Advisors Inc. et al.*; Case No. 05-cv-05231-RJS

Dear Judge Sullivan:

    J.P. Morgan as successor in interest to Bear Stearns ("Morgan") filed a proof of claim seeking indemnification of its legal fees and expenses in the sum of $123,802.37 resulting from the legal proceedings related to the Amerindo entities.[1]

    Morgan asserts that pursuant to Amerindo Account agreements between Bear Stearns and Amerindo Management Inc., *et al*, which are annexed to the proof of claim (Exhibits "A" and "B"), Morgan it has a valid, first priority, perfected, continuing security interest in the accounts, that all monies in the accounts are assigned to Morgan for payment of the Amerindo entities' obligations to Morgan (which obligations include payment of legal fees incurred by Morgan as a result of any investigation and litigation involving the Amerindo Accounts), and that Morgan is entitled to charge the Accounts for its legal fees and expenses before the Receiver can distribute any funds.[2]

    The Receiver has conducted a review of the underlying Amerindo Account agreements attached to the proof of claim and pursuant to the documents Amerindo did grant Bear Stearns a security interest in the respective Amerindo accounts for its fees and expenses, as stated above.

    Since the legal fees and expenses sought to be paid predominately predate the Receiver's appointment, the Receiver believes the amount of the claim pursuant to the Morgan indemnification claim should be on notice to creditors and be paid.[3]

---

[1] Due to the size of the proof of claim, it is being filed via ECF contemporaneously with this letter but not attached to the e-mail circulation of this letter.
[2] Morgan's claim for legal fees and expenses made in its proof of claim is distinct from monthly custodial fees for accounts over which I have assumed control, which I have separately sought permission to pay.
[3] Upon information and belief, Vilar and Tenaka assert a claim against Morgan for failing to pay interest on account of the Amerindo funds since May 2005.

By reason of the foregoing, the Receiver is requesting that the Court consider the Morgan claim in conjunction with the Receiver's Motion to allow an interim distribution to the investors.

Respectfully submitted,
Gazes LLC

By: __/s/ Ian J. Gazes____
Ian J. Gazes, Receiver

cc: (w/o attachment)
Patrick Begos, Esq. (pwb@begoshorgan.com)
AUSA Sharon Cohen Levin (Sharon.Levin@usdoj.gov)
Andrea L. Weiss, Esq. (aweiss@llf-law.com)
Mark D. Salzberg, Esq. (salzbergm@sec.gov)
Neal Jacobson, Esq. (jacobsonn@sec.gov)
Vivian Shevitz, Esq. (vivian@shevitzlaw.com)
Jane Simkin Smith, Esq. (jssmith1@optonline.net)
David C. Burger, Esq. (dcb@robinsonbrog.com)
Paula K. Colbath, Esq. (pcolbath@loeb.com)
Andrew E. Goldsmith, Esq. (agoldsmith@khhte.com)
Thomas J. Hall, Esq. (hallt@hallandhalllaw.com)
Eugene F. Hestres Velez, Esq. (ehestres@bbh-law.com)
Timothy Wright (twright@entecworks.com)
Robert Fryd (Rfryd@wbcsk.com)
Julian Friedman, Esq. jfriedman@stillmanfriedman.com)
David Mainzer, Esq. (mainzer@sposilco.com)
James Webster, Esq. jwebster@khhte.com)
Frederick Harvey Cohn, Esq.  (fcohn@frederickhcohn.com)