UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
................................................................................X

SECURITIES AND EXCHANGE COMMISSION

-against-                                            05 Civ. 5231 (RJS)

AMERINDO INVESTMENT ADVISORS INC., *et al.,*          ECF CASE

Defendants.
................................................................................X

## ROBIN SAYKO'S PARTIAL OPPOSITION TO RECEIVER'S AMENDED MOTION FOR AN ORDER (A) FIXING INVESTOR CLAIMS AND (B) AUTHORIZING INTERIM DISTRIBUTIONS

Robin Sayko, by her attorneys, The Law Firm of Hall & Hall, LLP, hereby submits the

following response and partial opposition to the Receiver's Motion and Amended Motion for an

Order Fixing Investor Claims and Authorizing Interim Distribution.

### PRELIMINARY STATEMENT

1.      First and foremost, Robin Sayko, an investor who submitted a claim to the Receiver

in this action, does <u>not</u> oppose, and is wholeheartedly in favor of, an interim distribution, as it is

long over due.   In addition, Robin Sayko does not oppose the Receiver's valuation of her ATGF

investment most recently set forth by the Receiver in his Amended Motion dated February 24, 2014

(the "Amended Motion").   However, Robin Sayko does oppose the valuation methodology as that

valuation method is applied to her GFRDA investment.

2.      On February 8, 2014, the Receiver filed a  motion (the "Original Motion") for an

order of the Court fixing Investor Claims and authorizing the Receiver to make an interim

1

distribution on account of allowed claims. The Original Motion set forth alternative methods of valuing Investor Claims and the Receiver in his Original Motion advocated for the Separation by Individual Investment Type ( "IIT") method over the Pooling Method of Net Contribution Amount ("NCA").

3.     The Receiver's Amended Motion now advocates for what the Receiver variously describes as "a valuation method more akin to the NCA method" or "a modified version of the NCA method" rather than the IIT method.

## ROBIN SAYKO'S CLAIM

4.     Robin Sayko timely submitted her claim to the Receiver and attached all of the account statements which she had in her possession.

5.     A review of those statements reveals that Robin Sayko originally (in 1995) had a portion of her investments in an entity called Rhodes Capital Group Ltd. ("Rhodes Capital")

6.     Significantly however, in 2002, her interest in Rhodes Capital was liquidated and the proceeds of that investment were transferred over to a Fixed Rate Deposit Account ("GFRDA"). The liquidation of the Rhodes Capital investment and the rolling over of the proceeds of that investment into a GFRDA are clearly demonstrated by Robin Sayko's statements ending 8/31/02 and 12/31/02 which are annexed hereto as Exhibit "A".

7.     A review of the statements annexed as Exhibit "A" show that as of 8/31/02, Robin Sayko had $143,784.00 invested in Rhodes Capital.  The 12/31/02 statement shows that there is no longer a Rhodes Capital investment, but instead shows the exact same amount ($143,784.00) invested in a GFRDA with the notation underneath it which reads: "(6% p.a. 08.31.02 - 08.30.03)".  Clearly this shows that Robin Sayko invested $143,784.00 in a GFRDA on August 31, 2002.

## THE RECEIVER'S TREATMENT OF ROBIN SAYKO'S CLAIM

8.      In his Original Motion, the Receiver calculated Robin Sayko's proposed allowed claim based, in part, by valuing Robin Sayko's GFRDA interest at $164,531.75.[1]

9.      In his Amended Motion, the Receiver, utilizing his "modified version" of the NCA method, now values Robin Sayko's GFRDA interest at $0.00 and instead gives her credit for $81,280.00 for her interest in Rhodes Capital from a statement which is now nearly twenty years old.

## THE RECEIVER FAILED TO VALUE ROBIN SAYKO'S GFRDA INVESTMENT IN ACCORDANCE WITH HIS OWN STATED CRITERIA

10.     In his Amended Motion, the Receiver states:

> Under the Receiver's Revised NCA Method, the allowed amount of a GFRDA based Investor Claim would consider the account balance as of the last available account statement but with no interest component subsequent to the statement date.

> Receiver's Amended Motion (Document #370) at ¶5.

11.     Clearly the Receiver failed to correctly apply his own valuation method to Robin Sayko.  Annexed hereto as Exhibit "B" is a copy of Robin Sayko's last account statement showing a GFRDA of $152,411.04.

12.     Since Robin Sayko's last statement shows a balance of $152,411.04, the Receiver's valuation method requires that her claim should reflect that amount.

13.     Instead, the Receiver has fundamentally treated Robin Sayko differently from the other GFRDA investors and has arbitrarily ignored her last statement (for the period ending 5/31/04) as well as the numerous prior statements showing that she was a GFRDA investor.

---

[1] This valuation was based upon the amount shown on Robin Sayko's latest statement ($152,411.04 as of 5/31/04) plus an interest factor.

## THE RECEIVER HAS FAILED TO TREAT ROBIN SAYKO EQUALLY AS COMPARED TO OTHER GFRDA INVESTORS

14.     The Receiver provides no justification for ignoring Robin Sayko's 5/31/04 statement.

15.     The effect of the Receiver's Amended Motion is to treat Robin Sayko differently than other GFRDA investors, based on arbitrary factors such as how good a particular investor is at record keeping or when and whether Amerindo ceased sending account statements to the various investors.

16.     This Receiver's arbitrary treatment of Robin Sayko's claim is especially puzzling in light of the Receiver's statements in Paragraph 13 of his Amended Motion:

> It is clear that all investor claimants are for the most part similarly situated in that all have been deprived of their investments as a result of Amerindo's mismanagement of those funds. Moreover, *there is substantial evidence that Amerindo commingled investor funds regardless of the underlying investment. Most notably, there were no accounts specifically designated for GFRDA funds.* In fact, the majority of the assets remain concentrated in the ATGF II Account at JP Morgan.

Receiver's Amended Motion (Document 370) at ¶ 13 (emphasis added).

17.     If there is evidence of substantial commingling and no accounts specifically designated for GFRDA funds, then the account statement of **every** GFRDA investor is false and a fraud.   When Robin Sayko invested in the GFRDA, she undoubtedly had the same investment expectations of every other GFRDA investor.   She undoubtedly believed her account statements as much as the other GFRDA investors.   If every GFRDA statement is false and phony, it is fundamentally unfair and inequitable to allow some GFRDA investors to receive the benefit of their latest false and phony statements while denying Robin Sayko that very same benefit.

18.     On the one hand, the Reciever's method has allowed the other GFRDA investors to enjoy the benefit of the phony growth on their phony GFRDA investments by utilizing their latest statements.   On the other hand, the Receiver's method has unfairly penalized Robin Sayko by

valuing her claim based on statements nearly ten years prior to the valuation date and denying her the benefit of any growth on that investment.[2]

19.     Once Robin Sayko invested in the GFRDA, she became similarly situated with the other GFRDA investors. The Receiver is now seeking to make a pro rata distribution among some GFRDA investors, while excluding Robin Sayko even though she is also in fact a GFRDA investor.

20.     Because, pro rata distributions can create significant inequities among the investors, in the Second Circuit, pro rata distributions are only permitted where (1) the investors are "similarly situated" with respect to their relationship to the defrauders and (2) where commingling has occurred. *See*, S.E.C. v. Credit Bancorp, Ltd., 290 F.3d 80, 88-89 (2d Cir. 2002).

21.     Investors are similarly situated where (a) the investments are similar as a matter of law, (b) the investments share a "reasonably close resemblance of facts and circumstances," (c) the investments have common levels of risk and reward, (d) the investors give control over their assets to the same entities, (e) the investors have similar relationships to the defendant, and (f) the investors understand that they share a common fate. See, e.g., Credit Bancorp I, 290 F.3d at 88-89; Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001); CFTC v. Rolando, No. 3:08-CV-0064, 2008 WL 5225851, at *3-4 (D. Conn. Dec. 10, 2008); SEC v. Enterprise Trust Co., No. 08 C 1260, 2008 WL 4534154 (N.D. Ill. Oct. 7, 2008); CFTC v. Eustace, No. 05-2973, 2008 WL 471574, at *8 (E.D. Pa. Feb. 19, 2008).

22.     Simply stated, Robin Sayko is entitled to be treated the same as (and be similarly situated to) those whose initial investment was in GFRDA as she too made a conscious and

---

[2] Robin Sayko's statements reveal that from 12/31/95 to 8/31/02, the investment in Rhodes Capital went from $81,280.52 to a high of $180,101.02 and ultimately down to $143,784.00, when she liquidated the investment and moved it to a GFRDA

definitive investment decision to place her funds in to GFRDA.

## ROBIN SAYKO'S ALLOWED CLAIM MUST BE CALCULATED BY GIVING CREDIT TO HER GFRDA INVESTMENT AS OF HER LAST STATEMENT

23.   In view of the foregoing, Robin Sayko's allowed claim should be calculated as

follows:

        a.   ATGF- $117,748.48 (as per her last statement attached as Exhibit B)

        b.   GFRDA- $152,411.04 (as per her last statement attached as Exhibit B)

        **TOTAL- $270,159.52**

**WHEREFORE,** it is respectfully requested that the Receiver's Amended Motion be denied

as to its calculation of Robin Sayko's allowed claim and that her allowed claim be $270,159.52, and

for such other and further relief as the Court deems just and proper.

Dated: Staten Island, New York
      February 28, 2014

/s/ Thomas J. Hall
Thomas J. Hall
Hall & Hall, LLP
*Attorneys for Robin Sayko*
57 Beach Street
Staten Island, NY 10304
(718) 447-8700

# EXHIBIT A

# AMERINDO INVESTMENT ADVISORS, INC.

AVENIDA SAMUEL LEWIS,
EDIFICIO PLAZA OBARRIO
APARTADO 5215
PANAMA 5 PANAMA
TEL: (507) 264-9673
FAX: (507) 264-9667

## STATEMENT OF ACCOUNT

Mrs Robin Sayko
4 Sycamore Place
Colts Neck
NJ 07722-1133
USA

| Client Account Number | Reference |
|---|---|
| ████ 251F | F |

| Statement Period | |
|---|---|
| Opening 10.01.01 | Closing 08.31.02 |
| Closing Account Balances | |
| Cash ------------- | Equities $69,548.22 |
| Fixed Deposits ----------- | External $143,784.00 |
| Financial Account Summary | |
| $213,332.22 | |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| EQUITIES | | |
| AMERINDO TECHNOLOGY GROWTH FUND | | |
| (5,400.00 shares) | $12.8793 | $69,548.22 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS / CASH | | |
| 0.05 SHARE IN RHODES CAPITAL GROUP LTD | | |
| + DIVIDENDS + ACCUMULATED INTEREST FROM | | |
| INCEPTION TO 08.31.02 | | $143,784.00 |
| TOTAL | | $213,332.22 |

# AMERINDO INVESTMENT ADVISORS, INC.

AVENIDA SAMUEL LEWIS,
EDIFICIO PLAZA OBARRIO
APARTADO 5215
PANAMA 5 PANAMA
TEL: (507) 264-9673
FAX: (507) 264-9667

## STATEMENT OF ACCOUNT

Mrs Robin Sayko
4 Sycamore Place
Colts Neck
New Jersey NJ 07722-1133
USA

| Client Account Number | Reference |
|---|---|
| ~~████~~ 251F | F |

| Statement Period | |
|---|---|
| Opening 09.01.02 | Closing 12.31.02 |
| Closing Account Balances | |

| ~~XXXX~~ Cash INTEREST $2,875.65 | Equities $75,710.16 |
|---|---|
| Fixed Deposits $143,784.00 | External -------- |

| Financial Account Summary |
|---|
| $222,369.81 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS AMERINDO FIXED RATE DEPOSIT ACCOUNT (6% p.a. 08.31.02 - 08.30.03) | | $143,784.00 |
| EQUITIES AMERINDO TECHNOLOGY GROWTH FUND (5,400.00 shares) | $14.0204 | $75,710.16 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS / CASH ACCRUED INTEREST 08.31.02 - 12.31.02 | | $2,875.65 |
| TOTAL | | $222,369.81 |

# EXHIBIT B

# AMERINDO INVESTMENT ADVISORS, INC.

AVENIDA SAMUEL LEWIS,
EDIFICIO PLAZA OBARRIO
APARTADO 5215
PANAMA 5 PANAMA
TEL: (507) 264-9673
FAX: (507) 264-9667

## STATEMENT OF ACCOUNT

Mrs Robin Sayko
4 Sycamore Place
Colts Neck
New Jersey NJ 07722-1133
USA

| Statement Period | |
|---|---|
| Opening 09.01.03 | Closing 05.31.04 |

| Closing Account Balances | |
|---|---|
| Cash INTEREST 5,143.87 | Equities $117,748.08 |
| Fixed Deposits $152,411.04 | External ---------- |

| Client Account Number | Reference |
|---|---|
| ████-251F | F |

| Financial Account Summary |
|---|
| $274,732.99 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS AMERINDO FIXED RATE DEPOSIT ACCOUNT (4.5% p.a. 08.31.03 - 08.30.04) | | $152,411.04 |
| EQUITIES AMERINDO TECHNOLOGY GROWTH FUND (5,400.00 shares) | $21.8052 | $117,748.08 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS / CASH INTEREST 09.01.03 - 31.05.04 | | $5,143.87 |
| | | $274,732.99 |
| TOTAL | | |