UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH  FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. VILAR, and
GARY ALAN TANAKA,

Defendants.

05 Civ. 5231 (RJS)
ECF CASE

---

ATTORNEY DECLARATION OF NEAL JACOBSON IN
SUPPORT OF SECURITIES AND EXCHANGE
COMMISSION'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Neal Jacobson declares under penalty of perjury as follows:

1.    I am a member of the bar of this Court and a lawyer employed by the New York

Regional Office of the Securities and Exchange Commission (the "Commission"), the Plaintiff in

this action.

2.    I submit this declaration in support of the Commission's motion for entry of a

default judgment against Amerindo Investment Advisors Inc. ("Amerindo US"), Amerindo

Investment Advisors, Inc. ("Amerindo Panama"), Amerindo Advisors UK Limited ("Amerindo

UK"), Amerindo Management Inc. ("AMI"), Amerindo Technology Growth Fund, Inc.

("ATGF"), Amerindo Technology Growth Fund II, Inc. ("ATGF II"), and Techno Raquia, S.A. ("Techno Raquia"), defendants in this action (collectively, the "Amerindo Entity Defendants").

3.      As discussed in detail below, the Commission seeks entry of a default judgment because none of the Entity Defendants have answered or otherwise moved with respect to the Commission's amended complaint or second amended complaint filed in this action. With the exception of Amerindo US, none of the Entity Defendants have appeared in the action.[1]

**History of the Action and Service of Process**

4.      The action against Alberto W. Vilar ("Vilar"), Gary Alan Tanaka ("Tanaka"), and Amerindo US was commenced on June 1, 2005 by the filing of a complaint (the "Complaint"). (Docket No. 1)

5.      On June 25, 2005, Eugene R. Licker, Esq., counsel to Amerindo US, acknowledged acceptance of service of the summons and Complaint on behalf of Amerindo US. (Docket No. 23 and Exhibit A hereto)  Amerindo US answered the Complaint on August 19, 2005.  (Docket No. 28)

6.      On November 17, 2005, the Commission filed an amended complaint (the "Amended Complaint") against Vilar, Tanaka and Amerindo US, and also named all of the other Entity Defendants.  (Docket No. 44)  On November 21, 2005, Eugene R. Licker, Esq., counsel to Amerindo US, acknowledged acceptance of service of the Amended Complaint on behalf of Amerindo US.  (Docket No. 62 and Exhibit B hereto)

---

[1]      Although Amerindo US answered the original complaint in this matter, it failed to answer the amended complaint and the second amended complaint.  Accordingly, it is appropriate to find Amerindo US in default.  *SEC v. Anticevic*, 2009 WL 4250508 at *2 (S.D.N.Y. 2009) (Wood, D.J.) ("Default is proper where a defendant fails to answer an amended complaint, even where the defendant has answered the original complaint."), *citing Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987).

7.      The summons and Amended Complaint were served on Tanaka and Vilar, officers

of all of the Entity Defendants, on November 22, 2005 and November 30, 2005, respectively.

(Docket Nos. 50 & 51 [Amerindo Panama]; Docket Nos. 52 & 53 [Amerindo UK]; Docket Nos.

54 & 55 [AMI]; Docket Nos. 56 & 57 [ATGF]; Docket Nos. 58 & 59 [ATGF II]; and Docket

Nos. 60 & 61 [Techno Raquia]). Copies of the affidavits of service are annexed hereto as

Exhibit C.

8.      Annexed hereto as Exhibit D is the January 24, 2006 sworn affidavit of Anibal

Galindo, an attorney duly licensed to practice under the laws of the Republic of Panama, who

analyzed the incorporation documents for Amerindo Panama, AMI, ATGF, ATGF II  and

Techno Raquia (collectively, the "Panamanian Entity Defendants") and opined, based on the

exhibits attached to the affidavit, that service of process on Alberto Vilar is sufficient to effect

service of process on the Panamanian Entity Defendants. (Galindo Aff. at ¶¶ 11-16)

9.      In addition, Amerindo US's form ADV confirms that Vilar and Tanaka are each

listed as an officer and director of Amerindo US.  Similarly, the United Kingdom Financial

Services Authority's register entry confirms that Vilar and Tanaka are each listed as an officer

and director of Amerindo UK. Copies of the form ADV of Amerindo US and the Financial

Services Authority register entry concerning Amerindo UK are attached hereto as Exhibit E.

10.     On July 14, 2010, the Court granted the motion of Eugene R. Licker, Esq.,

counsel to Amerindo US, to withdraw his appearance. (Docket No. 143)

11.     On May 25, 2012, the Commission filed its second amended complaint (the

"Second Amended Complaint"). (Docket No. 229 and Exhibit F hereto) The Second Amended

Complaint was served on Vilar and Tanaka, officers of all of the Entity Defendants, on July 3,

2012 and July 24, 2012, respectively. (Docket Nos. 233 & 255 and Exhibit G hereto)

12.     Each of the Entity Defendants has failed to answer the Amended Complaint and the Second Amended Complaint or to otherwise move as provided for by the Federal Rules of Civil Procedure and the Local Civil Rules.

13.     Each of the Entity Defendants, with the exception of Amerindo US, has failed to appear in this action.

14.     None of the Entity Defendants are minors, mentally incompetent, nor are they in the military service of the United States.

15.     On September 11, 2013, the Clerk of the Court noticed the defaults of each of the Entity Defendants. (Exhibit H hereto)

16.     The Court may enter default against the Entity Defendants. The Court previously entered summary judgment against Vilar and Tanaka, the remaining defendants in this action, on all claims against them with the exception of the Commission's allegation that they violated Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)]; and Rule 206(4)-2(a) thereunder [17 C.F.R. §275.206(4)-2(a)].

**Requested Disgorgement and Civil Money Penalty**

17.     The Commission seeks disgorgement against all of the Entity Defendants for their fraud on Lily Cates and the Testifying GFRDA Investors, jointly and severally with Vilar and Tanaka, in the amount of $14,805,985, plus prejudgment interest in the amount of $6,497,467, for a total judgment of $21,303,451, to be offset by any restitution paid in the parallel criminal action. The Commission also seeks the entry of a judgment for third tier civil money penalties against each of the Entity Defendants in an amount to be determined in the Court's discretion.

18.     The basis for this judgment is set forth in the Commission's November 22, 2013 motion to set disgorgement and civil money penalties against Vilar and Tanaka (the

"Disgorgement and Penalties Motion," Docket # 332 & 334), and the accompanying declaration

of Neal Jacobson with supporting documentation in support of the Disgorgement and Penalties

Motion (Docket # 333). Because the Disgorgement and Penalties Motion and accompanying

declaration provide ample evidence and a detailed calculation of the disgorgement, prejudgment

interest and civil money penalties sought by the Commission, the Court is not required to

conduct an inquest to determine the amount of the appropriate money judgment. *Transatlantic*

*Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("[U]nder

Rule 55(b)(2), it is not necessary for the District Court to hold a hearing, as long as it ensured

that there was a basis for the damages specified in the default judgment.").

19.     In addition to disgorgement, prejudgment interest, and civil money penalties for

their fraud on Lily Cates and the Testifying GFRDA Investors, the Commission also seeks the

imposition of disgorgement in the amount of $11,337,385, and prejudgment interest in the

amount of $7,430,775, for total disgorgement and prejudgment interest in the amount of

$18,768,160, for the Entity Defendants' fraud on investors in ATGF and ATGF II securities

named in the Commission's Second Amended Complaint.

20.     Specifically, these amounts were calculated by adding up the ill-gotten gains

received by the Entity Defendants from Ronald Salvitti, John Sweetland, and Paul Marcus, the

ATGF and ATGF II investors named in the Second Amended Complaint, plus prejudgment

interest from the time they made their respective investments through May 2005. The amounts

of each of these investors' investments is taken from their proofs of claim filed in this case and

attached to the February 17, 2014 Declaration of Ian Gazes, Receiver, in support of the

Receiver's motion to fix investor claims, as amended on February 24, 2014 (the "Gazes

Declaration," Docket ## 363, 370).  The prejudgment interest calculations are annexed hereto as Exhibit I.

21.    Ronald Salvitti (claim # 1, annexed to the Gazes Declaration) invested $5 million in ATGF in August 1999 and $1 million in ATGF in November 1999 and received no distributions subsequent to his investment. Prejudgment interest on $6 million, calculated from December 1999 through May 2005, equals $2,416,631 (rounded up from $2,418,630.82).

22.    John Sweetland (whose claim is annexed as Exhibit A to the amended motion to fix investor claims, Docket # 370) invested $1 million in ATGF in January 1990, $500,000 in ATGF in July 1990, and $500,000 in ATGF in February 1991, and he received no distributions subsequent to his investment. Prejudgment interest calculated on $2 million, from February 1991 through May 2005, equals $3,809,994 (rounded down from $3,809,994.38).

23.    Between 1996 and 1999, Paul Marcus (claim # 29 annexed to the Gazes Declaration) invested $8,451,041 in ATGF and redeemed $5,113,656.20 from ATGF, resulting in a net investment of $3,337,385 (rounded up from $3,337,384.76). Prejudgment interest calculated on $3,337,385, from January 2000 through May 2005, equals $1,204,150 (rounded up from $1,204,149.80).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

24.     Because the ATGF and ATGF II investors named in the Second Amended

Complaint invested their funds outside of the five-year statute of limitations applicable to

penalties, the Commission is not seeking the imposition of any additional penalty on the Entity

Defendants for their fraud on those investors.

Dated: New York, New York
        February 28, 2014

/s/Neal Jacobson

By:  Neal Jacobson
Securities and Exchange Commission
New York Regional Office
3 World Financial Center, Suite 400
New York, New York  10281
Telephone: (212) 336-0095
Facsimile:  (212) 336-1324
Email: Jacobsonn@sec.gov