UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                   v.<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>                              Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

**RECEIVER'S REPLY TO MEMORANDUM OF ALBERTO VILAR and GARY TANAKA IN OPPOSITION TO RECEIVER MOTION TO PAY JP MORGAN**

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, respectfully submits this ("Reply") to the Memorandum of Alberto Vilar and Gary Tanaka (the "Individual Defendants") in Opposition to Receiver Motion to Pay JP Morgan (Doc. No. 379) and respectfully states as follows.

As stated in his letter to the Court dated February 12, 2014, the Receiver advised the Court that "J.P. Morgan as successor in interest to Bear Stearns ("Morgan") filed a proof of claim seeking indemnification of its legal fees and expenses in the sum of $123,802.37 resulting from the legal proceedings related to the Amerindo entities." (Doc. No. 359), arising principally before the Receiver's appointment. The Receiver's letter further stated that Morgan claimed a security interest in the Receiver accounts and by reason thereof is entitled to payment/setoff of its non-investor Morgan claim ahead of any interim distribution to Amerindo investors. As Morgan's claim potentially impacts the viability of the Receiver's proposed distribution, the Receiver undertook a review of the Morgan claim and advised the Court of his findings.

The Receiver has not submitted to date a position regarding potential claims by the receivership or other parties against Morgan and, more importantly, has not waived any such claim(s). Payment of the Morgan claim, if valid, would not operate as a waiver of parties' rights or claims against Morgan.

While on the one hand arguing that the Receiver lacks authority to take notice of the Morgan's claim against receivership assets, the Individual Defendants, on the other hand, assert that the Receivership ought to be pursuing claims against Morgan.  Contrary to the Individual Defendants' accusations, the Receiver has been advised by Morgan that Morgan did pay interest on the Amerindo account after May 2005; however, interest ceased after the interest rate fell below 50 basis points, which Morgan advised is customary in the industry.  Also contrary to the Individual Defendants' accusations, the Receiver has been pursuing abandoned assets and escheated funds.

Moreover, the Receiver respectfully submits that Morgan is a viable financial institution financially capable of paying on any allowable claim held by the Receiver. Since payment of the Morgan claim does not constitute a waiver of any claims against Morgan there is no prejudice to paying the Morgan claim now and avoid costly litigation over Morgan's right of setoff versus a potential claim for allegedly keeping the funds in non-interest bearing accounts since May 2005 to the time the Receiver took control of the accounts.

Dated: New York, New York                     GAZES LLC
      March 7, 2014                                  Attorneys for Ian J. Gazes, Receiver

                                                                    /s/ Ian J. Gazes_____
                                                                    Ian J. Gazes
                                                                    Gazes LLC
                                                                    151 Hudson Street
                                                                    New York, New York 10013
                                                                    (212) 765-9000