UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

        Plaintiff,                     05 cv 5231 (RJS)
                                       ECF case

-against –

                                       Opposition to
AMERINDO INVESTMENT ADVISORS INC. et al.    Default Judgments

        Defendants.

VIVIAN SHEVITZ declares under penalty of perjury as follows:

    1.    I am a member of the bar of this Court and represent Gary Tanaka and for some purposes Alberto Vilar.

    2.    In September 2013, I filed a document (ECF 301) opposing the certificate of default against Amerindo Investment Advisors Inc. ("Amerindo US), Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., and Techno Raquia, S.A. (which the SEC calls the "Entity Defendants").

    3.    By Order dated February 28, 2014, and filed on March 4, 2014, the Court ordered the Entity Defendants to "obtain counsel" and directed that the Entity Defendants "through counsel" respond to the SEC's request that the Court enter a default judgment.  As set forth below, the Entity Defendants cannot retain counsel.  My clients, Gary Tanaka and Alberto Vilar (whom I am representing in this civil case without payment) oppose the request for default judgments against the Entity Defendants.  They have requested that I submit this declaration in order to let the Court know that its Order To Show Cause is not being ignored.

4. Although the SEC claims it served officers of the entities, as the SEC knows and knew, Gary Tanaka and Alberto Vilar were made to give up control of the entities and the government has made it impossible for them to act as officers and to defend the entities. (June 1, 2005 and June 2, 2005 SEC case transcript). Service (if any) on them is lip service to a notion of "due process", and notice and an opportunity to be heard, because at the same time these alleged "officers" were supposedly "served" they could do nothing to defend.

5. This court has now ordered that the corporations "appoint" counsel to defend against a default. They cannot do so. The corporations and the individual defendants have no funds because JP Morgan froze their funds in 2005 and all funds are still frozen – at the request of the government. GX 3582-16, TR.3486.

6. At the SEC's first hearing in court on June 1, 2005, the SEC told the Court it was replacing Gary Tanaka. The SEC also allowed a lawyer who was not actually hired to represent Amerindo US (i.e., Eugene Licker) to make agreements and "bind" Amerindo US.

7. Eugene R. Licker, Esq., was never properly counsel to Amerindo US. Any acknowledgment of service is VOID and VOIDABLE. (Docket No. 28)

8. The SEC states "on information and belief" only that Mr. Vilar and Mr. Tanaka were properly served as officers. The information and belief is wrong.

9. This is especially so as to the SEC's "information" about its May 4, 2012 Second Amended Complaint. There was a forfeiture order in effect and Alberto Vilar and Gary Tanaka's interests in all the Amerindo entities were taken from them.

10. No Amerindo entity was able to answer or move. These entities were *de facto incompetent.*

11. Further the entities did no business in the United States and under *Daimler* should not be subject to personal jurisdiction.

12. And, they did not commit wrongdoing. *Morrison* says that they are not subject to the US securities laws.

13. Any notion that penalties and disgorgement can be obtained from these entities in connection with the ATGF fraud alleged in the second amended complaint is also belied by *Gabelli v. SEC,* 133 S.Ct. 1216 (2013).

14. *Gabelli* holds that the statute of limitations for an SEC enforcement action for fraud is 5 years from the date when the claim first accrued. The first time the SEC alleged fraud in connection with ATGF was in the second amended complaint.

15. The second amended complaint was filed in May 2012 – more than 5 years from *any* action *any* defendant took in connection with ATGF.

16. Indeed, defendants Vilar and Tanaka were arrested and put out of business in May 2005.

17. In addition, fraud in connection with ATGF was not charged in the criminal case; it was not proved in the civil case; and there is no basis for finding liability of the Entity Defendants relating to ATGF because there was no fraud, and under *Morrison* because these is nothing in the record showing any domestic transactions.

WHEREFORE, defendants oppose a Default judgment against ANY entity defendant, including defendants Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., and Techno Raquia, S.A., as

3

to which defendants' interests are reinstated given the vacatur of forfeiture.   (Yet they still cannot defend because of the inability to pay counsel).

Dated: New York, New York
March 9, 2014

_____/s/_____
Vivian Shevitz
Attorney for defendants Tanaka and Vilar
46 Truesdale Lake Drive
South Salem, NY 10590
(914) 763 2122
Vivian@shevitzlaw.com

4