### EDWARD T. SWANSON
Attorney At Law
2071 N. Altadena Drive
Altadena, California 91001
Phone: (310) 283-1035      Fax: (866) 397-0114
etswanson@att.net

March 11, 2014

*Via Email and Electronic Filing*

Honorable Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007

Ian J. Gazes, Receiver
Gazes LLC
151 Hudson Street
New York, New York 10013

          Re:    SEC v. Amerindo Investment Advisors Inc., et al.
                 05 Civ. 5231 (RJS) ECF CASE:

                 Revised Proof of Claim With Respect to Anna Gladkoff

Judge Sullivan and Mr. Gazes:

      The undersigned represents Ms. Lily Cates, who has an outstanding claim against Amerindo Investment Advisors Inc. Ms. Cates, as heir of her deceased mother, hereby requests that the attached amended proof of claim with respect to her mother, Anna Gladkoff, be approved.

      Pursuant to a letter dated February 27, 2014, I provided to the Receiver and to the Court a proof of claim on behalf of Lily's deceased mother, Anna Gladkoff. Lily had recalled in mid February that her mother had an account at Amerindo Investment Advisers separate from Lily's personal account. Lily had located a note from a clerk at Amerindo dated January 16, 2001 confirming receipt of $250,000 for Anna Gladkoff. After my letter dated February 27, 2014, I contacted both accountants for Anna Gladkoff, but was told that they no longer held any files for Anna Gladkoff since so much time had passed.

      Lily also continued to search diligently for additional documents regarding her mother's account at Amerindo, and this morning located a cancelled check dated November 27, 2000 to Amerindo Investments for $300,00 for Anna's Amerindo B2B Mutual Fund account. Lily had not remembered this first deposit by her mother when the February 27, 2014 statement of claim

The Honorable Richard J. Sullivan
Ian J. Gazes, Receiver
March 11, 2014
Page 2 of 2

was filed. Lily now recalls that there were two payments made to Amerindo for her mother's account: the first, on November 27, 2000, in the amount of $300,000, for which a cancelled check is evidence, and the second, in January 2001, in the amount of $250,000, for which the note from the Amerindo employee Heather is evidence. Consequently, Lily hereby amends her claim on behalf of her deceased mother Anna Gladkoff to $550,000.

A letter from Lily Cates is attached to this letter in which Lily confirms what happened and that neither her mother nor Lily ever withdrew or transferred any of the funds in the mother's account at Amerindo, as well as the cancelled check and the note from the Amerindo employee.

In light of the above, Ms. Cates hereby requests that the pending Amended Motion for an Order (A) Fixing Investor Claims and (B) Authorizing Interim Distribution be modified by the Court to include a claim of $550,000 with respect to Anna Gladkoff.

Very truly yours,

Edward T. Swanson

Enclosures

cc: Ms. Lily Cates

March 11, 2014

To the Receiver and Judge Sullivan,

I found the note several weeks ago from Heather acknowledging that Amerindo had received the $250,000.- to invest on my Mother's behalf in January of 2001. Unfortunately, I had totally forgotten about the original check of $300,000; which I just found this morning. When my Mother was in the hospital and subsequently moved to a nursing home in 2000. We sold her home and decided to invest it. Originally I had called Amerindo for advice and was told that they did not accept any amount less than $500,000; but then someone called me and said that because I was one of their favorite clients that they would accept $300,000.

Those were extremely stressful and depressing times for me as my husband Marshall died in April of 2000. My attorney Ed Swanson has since checked with my Mother's accountants and they were not able to find any statements or files. I had never received any statements from Amerindo and I assumed they were sent to her accountants.

My Mother never took any money out of any of these accounts. I never took any money either and I did not transfer any of these funds to my own accounts.

I hope it is not too late to make the court realize that sometimes these things happen.

Sincerely,
Lily Cates