UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| AMERINDO INVESTMENT ADVISORS INC., | : 05 Civ. 5231 (RJS) |
| AMERINDO INVESTMENT ADVISORS, INC., | : |
| AMERINDO ADVISORS UK LIMITED, | : ECF Case |
| AMERINDO MANAGEMENT INC., | : |
| AMERINDO TECHNOLOGY GROWTH FUND, INC., | : |
| AMERINDO TECHNOLOGY GROWTH FUND II, INC., | : |
| TECHNO RAQUIA, S.A., | : |
| ALBERTO W. VILAR, and | : |
| GARY ALAN TANAKA, | : |
| Defendants. | : |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS AMERINDO INVESTMENT ADVISERS INC., AMERINDO INVESTMENT ADVISORS, INC., AMERINDO ADVISORS UK LIMITED, AMERINDO MANAGEMENT INC., AMERINDO TECHNOLOGY GROWTH FUND, INC., AMERINDO TECHNOLOGY GROWTH FUND II, INC., AND TECHNO RAQUIA, S.A.,**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this reply memorandum of law in support of its motion ("Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b), for a default judgment against defendants Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., and Techno Raquia, S.A. (collectively, the "Amerindo Entity Defendants") to address certain arguments raised by Alberto Vilar and Gary Tanaka (the

"Individual Defendants") in the March 9, 2014 declaration of Vivian Shevitz, Esq. ("Shevitz Declaration").

As a preliminary matter, the Amerindo Entity Defendants failed to respond to the Motion through counsel by March 21, 2014, as directed by the Court. Ms. Shevitz, counsel to the Individual Defendants, is not competent to oppose the Commission's motion for a default judgment as she expressly admits that she does not represent the Amerindo Entity Defendants. Nevertheless, Ms. Shevitz submitted a declaration and the staff believes it is necessary to correct certain of the misstatements therein.

Paragraph 4 of the Shevitz Declaration states that "Gary Tanaka and Alberto Vilar were made to give up control of the entities and the government has made it impossible for them to act as officers and to defend the entities." This is a frivolous argument. On June 3, 2005 (Dkt. # 10), Judge Swain appointed a monitor for Amerindo US, the only entity defendant named in the Commission's initial complaint. The Court appointed the monitor on consent of Amerindo US and, most importantly, the monitor did not displace the Individual Defendants in their capacities as officers and directors of Amerindo US.

Paragraph 5 of the Shevitz Declaration states that the Amerindo Entity Defendants could not hire counsel because "JP Morgan froze their funds in 2005." However, no funds were "frozen" until the Court entered the post-conviction restraining order in the criminal case on October 26, 2009. (Dkt. # 364 in the criminal case) Moreover, the Individual Defendants hired private counsel in both the criminal case and, with respect to Vilar, this action. In any event, the lack of resources to hire counsel is not an exception to the rule that a corporation can only appear through counsel. *See Rowland v. CA Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-202 (1993) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that

28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations . . . to appear in federal court otherwise than through a licensed attorney."); *Samuel Adams Enters., LLC v. Mountain One* Bank*,* 2013 WL 6712566 at * 2 (S.D.N.Y. 2013) (lack of funds to hire counsel not an exception to the general rule that corporations must appear through counsel); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004) (granting default judgment against corporation for failure to hire counsel and rejecting argument that counsel could not be retained "due to lack of resources" and noting that, like the case here, "defendants cite no case law in support of their argument."); *Brown v. John H. Beyer, Inc.*, 1998 U.S. Dist. LEXIS 19556 at *9 (S.D.N.Y. 1998) ("[D]efendant's lament of financial disability" is not an exception to the general rule that corporations may not appear *pro se.)* (Westlaw citation unavailable).

Paragraph 7 of the Shevitz Declaration states that "Eugene R. Licker, Esq., was never properly counsel to Amerindo US [and a]ny acknowledgement of service is VOID and VOIDABLE."  Although this statement is belied by the docket in this case, if Amerindo US never properly appeared through counsel, then entry of a default judgment is further warranted on this ground.

Paragraph 9 of the Shevitz Declaration states that Vilar and Tanaka could not have been properly served with the Second Amended Complaint because Vilar and Tanaka's "interests in all the Amerindo entities were taken from them" by virtue of the Court's order of forfeiture in the criminal case.  However, nothing in the forfeiture orders affected the corporate governance of the Amerindo Entity Defendants or had the effect of removing Vilar and Tanaka from their respective positions as officers of the Amerindo Entity Defendants.

3

The remaining statements in the Shevitz Declaration appear to raise defenses to the allegations in the second amended complaint.  However, due to the default, the Commission's allegations against the Amerindo Entity Defendants are deemed to be admitted by them.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir.2004) ("[A] default is an admission of all well pleaded allegations against the defaulting party.").

## CONCLUSION

The Amerindo Entity Defendants previously defaulted in this action and have also failed to appear in this action through counsel, as ordered by the Court.  Accordingly, the Commission respectfully requests that the Court enter a default judgment against the Amerindo Entity Defendants, and grant the Commission such other and further relief as is just and proper.

Dated:  New York, NY
        March 24, 2014

                    Respectfully submitted,

                     /s/ Neal Jacobson_____
                    NEAL JACOBSON
                    MARK D. SALZBERG
                    Attorneys for Plaintiff
                    Securities and Exchange Commission
                    Brookfield Place, 200 Vesey Street
                    Room 400
                    New York, NY  10281-1022

Of Counsel:
Alistaire Bambach