Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
FAX 888 859 0158
Vivian@shevitzlaw.com

March 31, 2014

Hon. Richard J. Sullivan
Southern District of New York
40 Centre Street
New York, New York 10007

      Re:  SEC v. Amerindo   05 cv 5231 (RJS)
          United States v. Vilar  05cr621 (RJS)

Dear Judge Sullivan:

I write to bring to the Court's attention information suggesting a fraud upon the Court by Lily Cates.

By letter addressed to Your Honor and to Ian Gazes dated February 27, 2014, Ms. Cates' attorney Edward Swanson submitted a proof of claim for $250,000 on behalf of Ms. Cates.  (DOC 394, filed March 7, 2014)   In that letter, Mr. Swanson advised that one week earlier Ms. Cates "remembered" that she had opened an account with Amerindo Investment Advisors Inc. on behalf of her mother Anna Gladkoff in January 2001. Cates supported the claim, according to Mr. Swanson, with "a handwritten note from Heather at Alberto Vilar's office of Amerindo confirming receipt of the $250,000." We are providing the Court with documents that cast doubt on the authenticity of that note and the *bona fides* of the claim.

As part of the proof of claim, Mr. Swanson included an "Attachment To Proof Of Claim On Behalf Of Lily Cates As Heir to Anna P. Gladkoff."  That document stated that Ms. Cates "delivered $250,000 to Amerindo Investment Advisors Inc. in January 2001 to open an account in her [mother's] name," and that "Heather, who worked under Johanna Olsher in Alberto Vilar's office in New York City, confirmed receipt of the funds to Lily, who was acting as trustee for her mother .... A copy of the handwritten confirmation from Heather that Amerindo received the $250,000 is attached."  (DOC 394, 05 cv 5231, p.8).

The handwritten note purportedly signed by "HEATHER", on a notepad with the title "Amerindo Investment Advisors Inc., Johanna Olsher, Office of Alberto W.

Vilar", states (in hand-printed letters):  "MRS. CATES, WE HAVE RECEIVED $250,000.000 TO INVEST IN THE NAME OF; MRS. ANNA P. GLADKOFF, C/O LILY CATES (TRUSTEE) ...."  (DOC 394 p.9 of 9).  (Attached)

On March 11, 2014, Mr. Swanson filed a "revised proof of claim" to include another $300,000 (DOC 402).  Again writing to the Court and to the Receiver, Mr. Swanson asserted that Ms. Cates continued to search for additional documents concerning her mother's account and located a canceled check for $300,000. Attached to Mr. Swanson's letter is a copy of the canceled check as well as a handwritten letter from Lily Cates "To the Receiver and Judge Sullivan" reiterating that she had "found the note several weeks ago from Heather acknowledging that Amerindo had received the $250,000", and adding that she had "totally forgotten about the "original check of $300,000" which she "just found this morning."  Ms. Cates now claims $550,000 from her mother's estate.[1]

Johannah Olsher (the person on whose stationery the handwritten note allegedly from Heather was written and for whom, according to the proof of claim, Heather worked) was a government witness at the criminal trial.  We are in receipt of copies of letters dated March 19 and 28, 2014 from Johannah Olsher "To Whom It May Concern."  We understand she sent the first letter to AUSA Benjamin Naftalis, and then, at Mr. Naftalis' suggestion, she wrote to Neal Jacobson, and Ian Gazes regarding the note from "Heather".  Copies of those letters are attached.

Ms. Olsher states that no one named "Heather" worked for her and that no one was authorized to access her (Ms. Olsher's) notepads, which were "stored within the confines of [her] desk."  Ms. Olsher further states that she is familiar with Lily Cates, "an important former Amerindo private client, because she frequently saw Mr. Vilar, and called and visited the Amerindo offices on numerous occasions."  Ms. Olsher states that Lily Cates "had an Amerindo business card, and was given a company magnetic main-entrance security swipe-card so she could 'drop in' at the offices whenever she wished."  Ms. Olsher also stated that it was unlikely that *anyone* working for Amerindo would accept funds destined for Amerindo on Ms. Olsher's personal stationery.

Yesterday, on March 30, 2014, Heather Tardif (maiden name Lewis), provided a sworn declaration after reviewing the note that Ms. Cates submitted as purported substantiation of her claim for $250,000 "plus estimated profits".  Ms. Tardif states that she worked for Amerindo in marketing from 1999-2004 and, to her knowledge, there were no other employees named "Heather" working there at the time.  Ms. Tardif swears that she never received $250,000 from Ms. Cates, and

---

[1] In a submission dated and filed March 20, 2014, defendants advised the Court that any investment of funds for Ms. Cates' mother was in a US fund that was taken over by Munder Capital.  (DOC 408, 05 cv 5231, at pp. 4-5)

did not write the handwritten note attached to Lily Cates' claim.  Indeed, she does not recall *any* contact with Lily Cates during her employment at Amerindo Investment Advisors Inc.  Ms. Tardif's sworn declaration is also attached.

We are not aware of what, if anything, the prosecutors, the SEC or the Receiver is doing or planning to do given these serious challenges to the *bona fides* of Ms. Cates' representations to the Court and claim to receivership funds. However, we believe the Court should have this information while considering the important ongoing matters in these cases, which were instigated by Ms. Cates with her 2005 complaint.  Defendants reserve their rights to seek additional remedies.


Very truly yours,

/s/
Vivian Shevitz


Attached:  Pages from Swanson/Cates' proof of claim (DOC 394)
                 Page 3 of Swanson/Cates' revised proof of claim (DOC 402)
                 Letters of Johannah Olsher dated March 14 and 28, 2014
                 Sworn Declaration of Heather Tardif dated March 30, 2014

# EDWARD T. SWANSON

Attorney At Law

2071 N. Altadena Drive
Altadena, California 91001
Phone: (310) 283-1035       Fax: (866) 397-0114
etswanson@att.net

February 27, 2014

***Via Federal Express***

Honorable Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007

Ian J. Gazes, Receiver
Gazes LLC
151 Hudson Street
New York, New York 10013

Re:     SEC v. Amerindo Investment Advisors Inc., et al.
        05 Civ. 5231 (RJS) ECF CASE

Judge Sullivan and Mr. Gazes:

The undersigned represents Ms. Lily Cates, who has an outstanding claim against
Amerindo Investment Advisors Inc.  Ms. Cates, as heir of her deceased mother, hereby requests
that the attached proof of claim with respect to her mother, Anna Gladkoff, be approved.

Lily remembered approximately one week ago that an account had been opened with
Amerindo Investment Advisors Inc. on behalf of her mother, Anna Gladkoff, in January 2001.
Only this afternoon was Lily able to locate any document relating to this account, namely a
*handwritten note from Heather at Alberto Vilar's office of Amerindo confirming receipt of the*
$250,000.  Her mother had sold her home in California in the fall of 2000 and had desired to
invest $250,000 with Amerindo.  Alberto Vilar advised Lily that normally a new account needed
to be at least $500,000, but that this would be waived for Lily's mother. Consequently, after the
house was sold, $250,000 was delivered to Amerindo from the sale of the home to open the
account. Lily has advised me that no funds were withdrawn from the account before or after her
mother's death.  Lily did not receive any statements for her mother's account.  As indicated in
the note, Amerindo was going to send to her mother's accountants.  I have contacted the
accountants to see whether they still retain any of the statements, but do not know whether any
still exist.  Nevertheless, I believe the letter confirms that such funds were delivered to
Amerindo, and that this should be sufficient to establish this claim.

The Honorable Richard J. Sullivan
Ian J. Gazes, Receiver
February 27, 2014
Page 2 of 2


      Consequently, I hereby request that a claim be approved with respect to Lily Cates, as heir to the deceased Anna P. Gladkoff, in the amount of $250,000 plus estimated profits from January 16, 2001 through May 25, 2005. A Proof of Claim relating to Anna P. Gladkoff is attached, and includes a copy of the acknowledgement letter from Heather with respect to the funds in question.

      Subject to the above claim, Ms. Cates hereby supports the Receiver's Amended Motion for an Order (A) Fixing Investor Claims and (B) Authorizing Interim Distribution. Mr. Gazes has been very thorough in analyzing the many claims in this matter, and I believe he has done an outstanding job.


              Very truly yours,


              Edward T. Swanson


Enclosures

cc: Ms. Lily Cates

ATTACHMENT TO PROOF OF CLAIM ON BEHALF OF LILY CATES AS HEIR TO
ANNA P. GLADKOFF

1.      Lily Cates, as heir to her mother Anna P. Gladkoff, deceased
        c/o Edward T. Swanson, Esq.
        2071 N. Altadena Drive
        Altadena, CA 91001
        Telephone: 310-283-1035
        Email: etswanson@att.net
        Facsimile: 866-397-0114

2.      After Anna sold her home in late 2000, she delivered $250,000 to Amerindo
Investment Advisors Inc. in January 2001 to open an account in her name.  Heather, who
worked under Johanna Olsher in Alberto Vilar's office in New York City, confirmed receipt
of the funds to Lily, who was acting as trustee for her mother.  However, Lily never
personally received any statements relating to this account, which apparently went directly
to her mother's accountants.

2-5.    A copy of the handwritten confirmation from Heather that Amerindo received the
$250,000 is attached.  Lily has not been able to locate any statements from the accountants.
Lily has confirmed that no funds were ever withdrawn from the account.

AMERINDO
INVESTMENT ADVISORS INC.

JOHANNA OLSHER
Office of Alberto W. Vilar
Tel: (212) 371-6360
Fax: (212) 753-3539
jolsher@amerindo.com

1·16·01

MRs Cates,
   WE hAVE RECEIVED $250,000.00
TO iNVEST iN THE NAME OF;
  MRs. ANNA P. GLADKOFF
c/o LiLY Cates (TRUSTEE)
  135 WEST 70 STREET
  NEW York, NEW York

Copies of STATEMENTS WiLL
BE SENT to hER AccounTANTs
BiLLShiNE ANd Bob CARiLLO
ON A QuATERLY BASiS.

    HEATHER

399 Park Avenue, 22nd Floor, New York, NY 10022

March 11, 2014

To the Receiver and Judge Sullivan,

I found the note several weeks ago from Heather acknowledging that Amerindo had received the $250,000. to invest on my Mother's behalf in January of 2001. Unfortunately, I had totally forgotten about the original check of $300,000; which I just found this morning. When my Mother was in the hospital and subsequently moved to a nursing home in 2000. We sold her home and decided to invest it. Originally I had called Amerindo for advice and was told that they did not accept any amount less than $500,000; but then someone called me and said that because I was one of their favorite clients that they would accept $300,000.

Those were extremely stressful and depressing times for me as my husband Marshall died in April of 2000. My attorney Ed Swanson has since checked with my Mother's accountants and they were not able to find any statements or files. I had never received any statements from Amerindo and I assumed they were sent to her accountants. My Mother never took any money out of any of these accounts. I never took any money either and I did not transfer any of these funds to my own accounts.

I hope it is not too late to make the court realize that sometimes these things happen.

Sincerely,

Lily Cates

Johannah Olsher
2200 Rabbit Hollowe Circle
Delray Beach, FL  33445

March 28, 2014

To Whom It May Concern:

I was a fact witness for the prosecution in November 2008 in the case United States v. Vilar & Tanaka.  I was employed at Amerindo Investment Advisors in New York in the position of Mr. Vilar's business assistant from February 1999 to November 2002.

It has come to my attention that Ms. Lily Cates has made sworn statements through her lawyer, Mr. Edward Swanson, concerning events, purportedly occurring in the offices of Amerindo on January 16, 2001.  I have reviewed her supporting statements and can truthfully attest to the following:

1.  I was employed full-time as business assistant to Mr. Vilar.  My desk was situated in an adjacent office, separated by a glass wall in direct view of Mr. Vilar at all times.

2.  I worked closely at that time with Mr. Vilar's staff consisting of Diane Cooper, Carol Ibsen, Jillian Greene and Bobbi Owens.

3.  No person ever "worked under me" named Heather.

4.  The only Heather I recall who worked at Amerindo was in the marketing area which was on the other side of the floor from my office.

5.  I am familiar with Ms. Cates, an important former Amerindo private client, because she frequently saw Mr. Vilar, and called and visited the Amerindo offices on numerous occasions. She had an Amerindo business card, and was given a company magnetic main-entrance security swipe-card so she could 'drop in' at the offices whenever she wished.

6.  No person was ever authorized to access, or to use my personal note pads which were stored within the confines of my desk, or to write declarations on my behalf.

7.  It is unlikely a person working for Amerindo named Heather would acknowledge receipt of personal investment funds destined for Amerindo on my personal notepad paper instead of on official company stationery which was accessible to all administrative staff.

I will certainly communicate any further facts if, and when, I recall them later.

Sincerely,

Johannah Olsher

Johannah Olsher
2200 Rabbit Hollowe Circle
Delray Beach, FL  33445
561-498-7270

March 19, 2014

To Whom It May Concern:

I was a fact witness for the prosecution in November 2008 in the case United States v. Vilar & Tanaka.  I was employed at Amerindo Investment Advisors in New York in the position of Mr. Vilar's business assistant from February 1999 to November 2002.

It has come to my attention that Ms. Lily Cates has made sworn statements through her lawyer, Mr. Edward Swanson, concerning events, purportedly occurring in the offices of Amerindo on January 16, 2001.  I have reviewed her supporting statements and can truthfully attest to the following:

1.  I was employed full-time as direct business assistant to Mr. Vilar.  My desk was situated in an adjacent office, separated by a glass wall in direct view of Mr. Vilar at all times.

2.  I worked closely at that time with Mr. Vilar's staff consisting of Diane Cooper, Carol Ibsen, Jillian Greene and Bobbi Owens.

3.  No person ever "worked under me" named Heather.

4.  I do not even remember anyone named "Heather" who worked at Amerindo.

5.  I am familiar with Ms. Cates, an important former Amerindo private client, because she frequently saw Mr. Vilar, and visited the Amerindo offices on numerous other occasions.  She had an Amerindo business card, and was given a company magnetic main-entrance security swipe-card so she could 'drop in' at the offices whenever she wished.

6.  No person was ever authorized to access, or to use my personal note pads which were stored within the confines of my desk, or to write declarations on my behalf.

7.  It is unlikely a person working for Amerindo named Heather would acknowledge receipt of personal investment funds destined for Amerindo on my personal notepad sheet instead of on official company stationery which was accessible to administrative staff.

I will certainly communicate any further facts if, and when, I recall them later.

Sincerely,

Johannah Olsher

**DECLARATION OF HEATHER TARDIF (maiden name Lewis)**


I, Heather Tardif (maiden name Lewis), declare the following under the penalty of perjury:

1.  I currently reside in Atlanta, Georgia.

2.  Since 2006, I have worked in various capacities for Delta Air Lines. Presently, I am the General Manager in the Financial Planning Department of Delta Air Lines.

3.  From approximately October 1999 through August 2004, I was employed at Amerindo Investment Advisors Inc. in New York City.  To my knowledge there were no other employees named Heather working there at the time.

4.  While employed at Amerindo Investment Advisors Inc., I was the Senior Client Service/Marketing Associate.

5.  As the Senior Client Service/Marketing Associate at Amerindo Investment Advisors Inc., I supported client services and marketing efforts for the firm's institutional accounts and supported Amerindo's family of US mutual funds.

6.  I have reviewed the handwritten note to Ms. Lily Cates (attached to this declaration), that indicates $250,000 was received by "Heather" on behalf of Amerindo Investment Advisors Inc.

7.  I never received $250,000 from Ms. Cates during my employment at Amerindo Investment Advisors Inc. and I did not write that handwritten note.

8.  During my employment at Amerindo Investment Advisors Inc., I do not recall having any contact with Lily Cates.


Dated: Atlanta, Georgia
      March 30, 2014


Heather Tardif

**AMERINDO**
INVESTMENT ADVISORS INC.

JOHANNA OLSHER
Office of Alberto W. Vilar
Tel: (212) 371-6360
Fax: (212) 753-3539
jolsher@amerindo.com

1·16·01

Mrs Cates,
  We have received $250,000.00
to invest in the name of;
  Mrs. Anna P. Gladkoff
c/o Lily Cates (Trustee)
  135 West 70 Street
  New York, New York

Copies of statements will
be sent to her Accountants
Bill Shine and Bob Carillo
on a quaterly basis.

                              Heather

399 Park Avenue, 22nd Floor, New York, NY 10022