UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

                                 v.

AMERINDO INVESTMENT ADVISORS INC., *et al.*,

                              Defendants.

05 Civ. 5231 (RJS)

ECF CASE

### AFFIDAVIT OF IAN J. GAZES, RECEIVER

STATE OF NEW YORK    )
                                 ) SS."
COUNTY OF NEW YORK  )

    IAN J. GAZES, being duly sworn, deposes and says:

1. Affiant is the Court appointed receiver in the above-captioned cases.

2. In connection with the Receiver's Amended Motion dated February 24, 2014 (the "Amended Motion") the Receiver is supplementing the Amended Motion with the following Exhibits:

**Exhibit A – Interim Distribution**. This Exhibit sets forth in the column entitled "Revised Interim Distribution Amount" the recalculated interim distribution to reflect the conversion of Rhodes Capital investment vehicles into GFRDA investments by certain claimants[1].

**Exhibit B – Management Fees**. Although Alberto W. Vilar ("Vilar") and Gary Alan Tanaka ("Tanaka") have not filed a claim with the Receiver, the Receiver calculated what might

---

[1] The claimants are Michael Walsh, claim no. 7; Robin Sayko, Claim no. 12; Donald and Marilyn Walsh, Claim no. 13 and Patricia Kabara, Claim no. 23. The claim of Elizabeth Knopes was not converted because the claimant did not submit any documentation reflecting the conversion of the Rhodes investment vehicle to GFRDA investment vehicle.

have been Amerindo management fees for the period commencing with 2005 through 2013. This submission should not be deemed an admission that any management fees are due the Amerindo entities or Vilar or Tanaka and, therefore, is without prejudice to and with full reservation of the Receiver's right to object to any claim of the Amerindo entities and/or Vilar and/or Tanaka for management fees.

**Exhibit C – Summary of Claims and Distribution Scenarios**. This Exhibit reflects the aggregate of investor claims by investment vehicle known to the Receiver as well as the percentage of claims in each investment vehicle category.

**Exhibit D – Analysis of Distribution of Funds**. Paul Marcus "(Marcus)", an investor and claimant, opposed the relief sought in the Receiver's Amended Motion proposing in substance that the GFRDA investors receive interest and the ATGF investors receive the benefit/detriment of market conditions all of which is premised on the type and risk for each investment vehicle earmarked by each investor. This Exhibit reflects a summary of the distribution scenario if (a) we utilized the Marcus methodology, and (b) the Marcus methodology plus interest to the ATGF investors. Under either (a) or (b) the calculations are based upon the anticipated recoveries from the liquidation of certain known assets as reflected in the "Notes/Comments" section of this Exhibit.

**Exhibit E – J.P. Morgan**. J.P. Morgan filed a proof of claim with supplemental claims reflecting the legal fees/expenses incurred to date in connection with these proceedings. A copy of the proof of claim and supplements are attached to this Exhibit, which aggregates $149,734.06.  In addition J.P. Morgan has a claim for custodial fees since the Receiver's appointment in the aggregate amount of $30,000.00, reflecting an agreed upon custodial fees through March 2014. The monthly custodial fees are $5,000 and it is anticipated that the Receiver will continue to accrue the custodial monthly fee until such time as the accounts are closed. The Custodial Statements are also

attached to this Exhibit as well as the costs the Receiver needs to incur to liquidate the public traded equities.

                                                      __/s/ Ian J. Gazes_____ _____
                                                            Ian J. Gazes

Sworn to me before this
17th day of April 2014


__/s/ David Dinoso_____
Notary Public - State of New York
No. 02DI6252033
Qualified in Rockland County
My Commission Expires November 28, 2015