

2425 Post Road, Suite 205
Southport, CT 06890
(203) 254-1900 Office
(203) 222-4833 Fax
www.bbgllp.com

**Patrick W. Begos**
**Christopher G. Brown**
**Daniel Green**

April 22, 2014

**By ECF and Email**
Hon. Richard J. Sullivan
United States District Court
500 Pearl Street
New York, NY 10007

    Re:    **SEC v. Amerindo (1:05-cv-05231-RJS)**

Dear Judge Sullivan:

    This firm represents Lisa and Debra Mayer. I write regarding two of the various submissions that have been made regarding the receivership proceedings after the argument on the Receiver's amended motion to approve an interim distribution.

    Ms. Shevitz has submitted to the Court a copy of the transcript of the April 1, 2014 argument on Vilar's and Tanaka's motions to vacate one of the Mayers' three judgments (she has also made various remarks about the purported contents of this transcript in Vilar's sentencing memorandum). Because it is my understanding that Justice Kornreich intends to speak to you directly, I will not engage in a dispute with Ms. Shevitz about what Justice Kornreich said or meant. I will say only two things: First, the Mayers' judgments are final and enforceable unless and until Justice Kornreich modifies or vacates any of them. Second, Justice Kornreich made clear that she is not revisiting the principal amount of the Mayers' primary judgment (for $11,224,936.46), but is considering whether she might have made a mistake in calculating interest (possibly by not adding accrued unpaid interest, and/or not deducting paid interest). If there were to be a change in calculation of interest, it likely would be relatively insignificant to the overall amount of the judgment.

    Ian Gazes, the Receiver, has submitted an affidavit (Doc. No. 422) which recalculates, again, his amended proposed interim distribution, and submits other analysis and correspondence regarding claims.

    Mr. Gazes' submission perpetuates an error in which he does not calculate the Mayers' GFRDA claim in the way that he *says* he is calculating that claim. Specifically, he has asserted that he calculated all GFRDA claims by taking the "Last Known GFRDA Account Balance," which, for the Mayers, he states is found on a June 30, 2004 statement, and then deducts "Distributions Subsequent to Last Known Balance." *See* Receiver's Amended Motion, Ex. A. The "Last Known Balance" on that June 30, 2004 statement (copy attached) is $11,224,936.46, not the $11,066,713.00, figure that he uses to calculate the Mayers' claim. Mr. Gazes then does use the June 30, 2004 statement to adopt the interest rate of 5% that the defendants unilaterally (and im-



properly) imposed without any agreement from the Mayers. But then he again disregards the June 30, 2004 statement by deducting $3,749,683.77 in "Distributions Subsequent to Last Known Balance." No one has contended that the Mayers received more than $3,000,000 after June 30, 2004. Neal Jacobson, in a Declaration in Support of Disgorgement (Document No. 333), has claimed that the Mayers received $806,846.48 in interest after June 30, 2004. If Mr. Jacobson's figure is accurate (and Vilar and Tanaka claim it is), then the Mayers' GFRDA claim, calculated as Mr. Gazes *says* he is calculating all GFRDA claims, is $10,418,089.98, not $7,658,501.23, a difference of more than $2,750,000.

The Mayers have objected to Mr. Gazes' methodology for valuing GFRDA claims. But even if the Court approves the methodology he has proposed, he should be obligated to apply it to the Mayers correctly, by using the actual "Last Known Balance" from June 30, 2004, and only deducting payments made after the date of that "Last Known Balance."

Mr. Gazes' affidavit also contains an exhibit discussing hypothetical distributions using the methodology proposed by Paul Marcus (Doc. No. 422-4). I recognize that this is not something Mr. Gazes is advocating. Nonetheless, there is a conceptual mistake in the calculation. The Marcus proposal would give ATGF investors the "full value" of their shares by dividing among them the balance in the accounts at issue after the non-ATGF investors are paid in full. But, in Mr. Gazes' calculation, the sums he uses for "full payment" to GFRDA investors reflects only payment of the artificially reduced amounts he calculated for purposes of making an interim distribution. For the Mayers, for example, he has reduced their GFRDA claim by more than $3,000,000 by recharacterizing interest payments as a return of principal, and by accruing interest at a non-contract rate unilaterally and improperly imposed by defendants. Before concluding that there is a "surplus" in the accounts at issue that can be divided among ATGF investors, Mr. Gazes and the Court must first ensure that the non-ATGF investors are paid in full.

Respectfully submitted,

Patrick W. Begos

Enclosure

cc: Distribution List (by email)

# AMERINDO INVESTMENT ADVISORS, INC.

AVENIDA SAMUEL LEWIS,
EDIFICIO PLAZA OBARRIO
APARTADO 5215
PANAMA 5 PANAMA
TEL: (507) 264-9673
FAX: (507) 264-9667

## STATEMENT OF ACCOUNT

| | |
|---|---|
| Mayer - Family<br>DABA<br>Leadenhall Bank & Trust Company<br>PO Box N-1965<br>One Montague Place, 2nd Fl<br>East Bay Street<br>Nassau N.P. Bahamas | |

| Client Account Number | Reference |
|---|---|
| 0798Z-202F | F |

| Statement Period | |
|---|---|
| Opening 02.01.04 | Closing 06.30.04 |
| Closing Account Balances | |
| CASH XX INTEREST<br>$46,501.81 | Equities<br>------------ |
| Fixed Deposits<br>$11,160,434.65 | External<br>------------ |
| Financial Account Summary | |
| $11,224,936.46 | |

| Type of Investment | Price | Amount |
|---|---|---|
| **FIXED DEPOSIT ACCOUNTS**<br>AMERINDO FIXED RATE DEPOSIT ACCOUNT | | $11,160,434.65 |
| **EQUITIES** | | |
| **EXTERNAL CUSTODY ACCOUNTS** | | |
| **MISCELLANEOUS / CASH**<br>INTEREST EARNED @ 5% P.A. (01.01.04 - 06.30.04) | | $279,010.86 |
| LESS PAYMENT OF INTEREST (01.01.04 - 05.31.04) | | ($232,509.05) |
| TOTAL | | $11,224,936.46 |