# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

April 24, 2014

Via ECF
Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Amerindo Investment Advisors, Inc.* 05 cv 5231 (RJS)

Dear Judge Sullivan:

This firm represents non-party J.P. Morgan Securities LLC ("JPMorgan"). I write with respect to the hyperbolic and false statements made by Vivian Shevitz regarding JPMorgan in her April 21, 2014 letter (the "Letter"). Ms. Shevitz's statements, some of which were reported in the legal press, go so far beyond acceptably zealous advocacy that we are compelled to correct the record with respect to some of her more egregious statements.

Ms. Shevitz accused JPMorgan of stealing funds in the Amerindo Master Venture Fund LLC Account, a statement that was reported earlier this week in Law 360. *See* Letter at 1: "JPMorgan simply – and effectively – *stole* this property" (italics in original); *see also*, Letter at 3: "It [JPMorgan] deemed 'live' accounts 'abandoned' and took the funds, and interest, for itself." As the account statement she attached to her letter shows, the funds in the Amerindo Master Venture Fund account were deemed "abandoned property" in 2012. As stated in JPMorgan's Third-Party Complaint in *Mayer v. J. P. Morgan Securities*, LLC, 12 Civ. 5240 (RJS) (KNF), at 16 n.1 (ECF No. 19), of which Ms. Shevitz is well aware, these funds *escheated to the state*. If Ms. Shevitz has any evidence to support her false statement that JPMorgan stole this money, *i.e.*, took the $26,613.00 in the account for itself, she should be required to produce it to the Court. If she has no such evidence – which she does not, because that did not happen and there is none – the statements in her letter are in clear violation of Federal Rule of Civil Procedure 11, as well as a slew of New York's Rules of Professional Conduct, including Rule Nos. 3.1(b)(2) (conduct serving no purpose other than to maliciously injure another), 3.3(a)(1) (making a false statement to the tribunal), 3.3(f)(2) (engaging in undignified and discourteous conduct), and 3.4(d)(1) (stating or alluding to a matter that will not be supported by admissible evidence).

      Ms. Shevitz also made the inflammatory accusation that JPMorgan "hijacked this case." Letter at 3. She apparently bases that claim on the fact that, after Alberto Vilar and Gary Tanaka were arrested and indicted in 2005, JPMorgan restricted their access to the Amerindo accounts. The fact is that JPMorgan had a legal right to take that action under the circumstances – and well that it did, as Vilar and Tanaka have now been convicted and investors have made claims to tens of millions of dollars in the accounts. Ms. Shevitz persists in claiming that JPMorgan wrongfully failed to pay interest after 2005, *id.*, when the account statements she subpoenaed and received in 2012 plainly show that interest *was* credited. And she baselessly claims that JPMorgan has acted wrongfully by not sending account statements to her on an ongoing basis, when in fact this Court denied her request to receive them. *See* ECF No. 293.

      Finally, Ms. Shevitz argues that JPMorgan is somehow improperly "managing" the Amerindo Accounts because it "opt[ed]" to provide counsel for the Trustee for the UK Pension fund account copies of the statements. Letter at 3. As my email, which she included in her letter, shows, the Trustee's counsel requested the records and neither Ms. Shevitz nor anyone else with an interest in that account objected. *Id.* at 3-4. Indeed, I was informed by counsel for the Trustee that Ms. Shevitz specifically told him she had no objection. Nor did Ms. Shevitz ever contact me to object after receiving my email. That Ms. Shevitz has now used my email as evidence that JPMorgan has "hijacked" this matter is simply beyond the pale.

      In summary, Ms. Shevitz's Letter far exceeded the bounds of permissible advocacy. Particularly in falsely and baselessly accusing JPMorgan of a crime, she crossed the line into improper and unprofessional conduct. We respectfully suggest that the Court should not let her conduct go unheeded, so as to prevent its recurrence.

                                    Respectfully submitted,

                                      Andrea Likwornik Weiss

cc: All Counsel of Record (by ECF)