# ALFRED HEITKONIG
PO Box 9024038  San Juan, PR  00902
alfredo@ahfs.biz

April 29, 2014

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street
NY, NY 10007

RE: SEC v. Amerindo Investment Advisors Inc. et al.<br>Case No. 05-cv-05231-RJS

Dear Judge Sullivan,

I recently reviewed Mr. Ian Gazes' (the Receiver) letter to you dated April 28, 2014, which states that the Mayer account is granted an additional $2,874,431 and stands to receive $1,163,911 more in the interim distribution.

As I explained in my letter to you dated March 11, 2014, I find the Receiver's methodology and actions inequitable as a select few investor claimants are favored and stand to cash in at other investor claimants' (and my) expense. My position and logic is clearly stated in my letter to you and in the Heitkoenig Opposition to Claims.

I would like to reiterate that it is illogical, inequitable and incomprehensible that the Receiver continues to support assigning different ATGF per share valuations (NAV) to each ATGF investor claimant. One ATGF investor claimant cannot and must not be favored over another. If one ATGF investor claimant is allowed and assigned a higher NAV than another, that ATGF investor claimant is clearly being favored. Under the Receiver's proposed solution all NAVs are different to each ATGF investor claimant; obviously certain investor claimants stand to gain at other's expense and that simply put, is wrong. There must be only one ATGF per share price or NAV applicable to the universe of ATGF shareholders.

The Receiver should be investigating the ATGF custodial funds and accounts, and as additional monies come available, all ATGF investor claimants should share equally, proportionally to their share holdings and prosper together as a group. We were a group that invested in exactly the same vehicle: ATGF.

I am not opposing the Mayer's newly gifted good fortune. I just seem to find myself as a bystander observing the Receiver's methodology that promotes certain investor claimants disproportionally huge benefits.

With respect to the Heitkoenig ATGF claim, since the Receiver continues to allow many ATGF investor claimants to greatly profit by claiming ATGF NAV in the years 1999 and 2000, I believe that I also should be allowed the same largess and therefore have respectfully submitted the Heitkoenig 3.31.00 Amerindo Statement of Account as per my attached letter to the Receiver. As your Honor can clearly see, my ATGF NAV substantially increases from $21.80 to $127.68 and multiplied by 90,000 ATGF shares, this would increase our interim distribution (including our accepted GFRDA claim) from $2,166,107 to $5,298,920, and that would be a gift of good fortune welcomed by my family. I have requested a meeting with the Receiver and stand ready to meet with him at his earliest convenience.

I would like to conclude by again stating that it is my firm belief that the only true equitable methodology to fairly reimburse the universe of ATGF investor claimants through distribution is that we all share the same NAV multiplied by the number of shares we own. However, since the Receiver persists with his flawed methodology, the Heitkoenig account also has an Amerindo Statement of Account in 2000, and that statement shows an NAV of $127.68; and since the Receiver is accepting such as proofs of claim and allowing such for other ATGF investor claimants by approving their claims, then it is only fair that I receive like treatment and be approved by the Receiver to be granted the ATGF NAV of $127.68 shown on my 3.31.00 Amerindo Statement of Account as a basis for my distribution.

I again thank your Honor for allowing me to express my opinion.

Respectfully submitted,

Alfred Heitkonig