UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/14

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. TANAKA, and
GARY ALAN TANAKA,

Defendants.

05 Civ. 5231 (RJS)
ECF CASE

## FINAL JUDGMENT AGAINST GARY ALAN TANAKA

For the reasons set forth in the Court's Memorandum and Order, dated March 11, 2013 [Docket # 272], as modified on reconsideration by the Court's Memorandum and Order, dated February 3, 2014 [Docket # 348], and in the Court's Memorandum and Order, dated May 6, 2014 [Docket # 432]; it is hereby:

I.

ORDERED, ADJUDGED, AND DECREED that Gary Alan Tanaka ("Tanaka") and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tanaka and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tanaka and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting violations of Sections 206(1) and 206(2) of the Advisors Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of any means of or instrumentality of interstate commerce, by knowingly providing substantial assistance:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tanaka is liable (i) for disgorgement of $10,005,984.70, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $3,112,709.26, for a total of $13,118,693.96, which is a joint and several obligation with Alberto W. Vilar, Amerindo Investment Advisors Inc., Amerindo Investment Advisors, Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Amerindo Technology Growth Fund II, Inc., and Techno Raquia, S.A.; and (ii) for a civil money penalty in the amount of $10,000,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209 of the Advisers Act [15 U.S.C. § 80b-9]. Tanaka shall satisfy

this obligation by making payment of the amounts set forth herein to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Tanaka's liability for disgorgement and prejudgment interest shall be offset by any distributions made by the Receiver appointed in this case to Lily Cates, members of the Mayer family, and the estate of Tara Colburn. The Receiver shall promptly notify the staff in writing and in a form reasonably acceptable to the staff whenever any distribution is made to any of the foregoing.

Tanaka may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Tanaka may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tanaka as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Tanaka shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Tanaka relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Tanaka.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment. Tanaka shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Tanaka shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Tanaka's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Tanaka's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Tanaka shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Tanaka by or on behalf of one or more investors based on substantially the same facts as alleged in the Second Amended Complaint in this action.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
       May 15, 2014

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE