

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0095

June 11, 2014

**BY EMAIL**

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: <u>SEC v. Amerindo Investment Advisors Inc., et al., 05-Civ.- 5231 (RJS)</u>

Dear Judge Sullivan:

  The staff of the Securities and Exchange Commission ("Commission") respectfully submits this letter in response to the June 9, 2014 request by the Mayer family for certification of a portion of the Court's May 6, 2014 Memorandum and Order (the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the reasons set forth below, the Commission staff believes that the Mayer family has not met its burden for certification for interlocutory appeal, and respectfully requests that the Court deny the application.

### The Standard for Certification Under 28 U.S.C. § 1292(b)

  28 U.S.C. § 1292(b) provides for certification of an order for interlocutory appeal when the court determines "(1) that such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 2013 WL 6621024, at * 36 (S.D.N.Y. Feb. 14, 2014) (citing 28 U.S.C. § 1292(b) (1992)).  "These three prerequisites create a significant hurdle to certification, and the barrier is only elevated by the mandate that Section 1292(b) be 'strictly limited' because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." *Id.* (citing *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.)).  Indeed, "[e]ven where the three legislative criteria of Section 1292(b) appear to be [met], the district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." *Id.* (internal citations omitted). Finally, "[a] district court should 'ordinarily . . . refuse to certify' matters that lie within the district court's discretion." *Aguilos*, 820 F. Supp. at 79.

### The Order Does not Involve a Controlling Question of Law

  The Mayer family contends that the Order raises two questions of controlling law: (1) whether the Court is bound by the Mayers' state court judgments in determining the value of their

Honorable Richard J. Sullivan
June 11, 2014
Page 2

claim; and (2) whether the Court may order equal calculation and distribution of claims of GFRDA and ATGF investors merely because assets were commingled and investors were defrauded, without regard to other differences between those two groups.  Mayer Letter at 3.

First, as the Mayers readily admit, the Court's determination to treat the ATGF and GFRDA investors similarly was limited to the interim distribution (which is substantially complete), and the Court has explicitly stated that it will revisit that determination in connection with the final distribution.  Mayer Letter at 4; Order at 17.  Thus, by its own terms, the determination in the Order that the Mayers seek to appeal is not controlling for purposes of the final distribution in this case.

Second, the Court reached this determination as part of its equitable discretion in supervising a receivership, and did not apply a question of controlling law.  As the Court noted in the Order, a district court has discretion to approve a receiver's plan of distribution so long as the plan is "fair and reasonable."  See Order at 15; see also SEC v. Malek, 397 Fed. App'x 711, 715 (2d Cir. 2010) ("[W]e review a district court's decision relating to the choice of distribution plan for a receivership estate for abuse of discretion.") (citing SEC v. Bancorp, Ltd., 290 F.3d 80, 87 (2d Cir. 2002)).  In exercising its equitable discretion, the Court evaluated the potential unequal treatment of investors; the fact that none of the investors bargained for the risk of fraud; and the fact that all of the funds were deposited into a single account that was pilfered, to determine that the ATGF and GFRDA investors should be treated equally in the interim distribution.  See Malek, 397 Fed. App'x at 715-16 (affirming district court's approval of a distribution plan that treated claimants and other defrauded investors, who believed their funds were segregated, equally, where funds were commingled and controlled by the same wrongdoers).  Because the Court merely exercised its discretion in applying equitable principles to approve a plan of distribution, there is no controlling question of law to be certified for interlocutory appeal.  See Aguilos, 820 F. Supp. at 79; see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (explaining that interlocutory appeals under Section 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts").

This same reasoning applies to the Mayers' second question of law as well: whether the Court could ignore the Mayers' state court judgment and attachment (that was obtained in direct violation of the Court's post-conviction restraining order).  The Court merely applied its equitable discretion to determine that it would be inequitable to permit the Mayers' claim to be paid in the amount of the state court judgment from the receivership estate assets.  The Court cited to a controlling case, United States. v. Benitez, 779 F.2d 135 (2d Cir. 1985), and to Rafkind v. Chase Manhattan Bank, N.A., 1992 WL 380291 (S.D.N.Y. 1992), in support of its holding.  The Mayers did not attempt to distinguish this authority, which amply supports the Court's application of equitable principles to deny the Mayers a priority from the receivership assets.

Moreover, the Court's determination to deny the Mayers a priority in payment from the receivership estate relied on an alternative ground: the Mayers' judgment against Alberto Vilar and Gary Tanaka did not provide the Mayers with any right to be paid from investor funds.  See Order at 18.  The Mayers contend that the Court had previously entered a preliminary forfeiture order

Honorable Richard J. Sullivan
June 11, 2014
Page 3

that stated that the assets that are now in the receivership estate were substitute assets of Messrs. Vilar and Tanaka, and, accordingly, that the Court is now bound by that prior finding. The Mayers, however, are wrong. The Court entered the preliminary forfeiture order - at the Government's request with no opposition – and, significantly, never entered a final order of forfeiture that would have finally determined Messrs. Vilar and Tanaka's rights in the accounts. *See* Fed. R. Crim. P. 32.2(c)(2) ("[T]he preliminary order becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute."). Indeed, Messrs. Vilar and Tanaka themselves have repeatedly argued before the Court that their only interest in the receivership assets was a residual interest after all investors were paid.

**There is no Substantial Ground for a Difference of Opinion**

As shown above, there are no questions of controlling law for the Court to certify. Rather, the Court merely applied equitable principles in the exercise of its broad discretion in administering receivership assets to determine that it would be inequitable to allow the Mayers' claim to receive preferential treatment over other defrauded investors' claims. Although the Mayers themselves may disagree with the Court's application of its equitable discretion, such disagreement does not amount to a substantial ground for a difference of opinion regarding a controlling question of law.

**Immediate Appeal Will not Advance Termination of the Litigation**

Finally, certification of the Mayers' questions for appeal will not advance termination of the litigation. *See, e.g., In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (explaining that Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation"). Here, there are no specific controlling questions of law, the resolution of which would hasten the termination of this litigation. Rather, the Mayers would have the Court of Appeals delve into the Court's findings of fact that supported its equitable determination regarding the Mayers' claim. Accordingly, certification of the questions for appellate review is more likely to further delay the case and the return of assets to harmed investors. *See Aguilos*, 820 F. Supp. at 80 ("Since the chances are overwhelming that the plaintiff would not prevail in an interlocutory appeal, certification would far more likely delay the case than hasten its disposition.").

For all of the foregoing reasons, the Commission staff respectfully requests that the Court deny the Mayers' application to certify the Order for appeal.

Respectfully Submitted,

/s/

Neal Jacobson

Honorable Richard J. Sullivan
June 11, 2014
Page 4


Cc (via email):

Vivian Shevitz (Vivian@shevitzlaw.com)
Jane Simkin Smith (jssmith1@optonline.net)
David C. Burger (dcb@robinsonbrog.com)
Ian Gazes (Ian@gazesllc.com)
Patrick W. Begos (PBegos@bbgllp.com)