UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMISSION,

                 Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                 Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/14

No. 05 Civ. 5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the motion of Lisa Mayer and Debra Mayer (the "Mayers") seeking certification that an interlocutory appeal of the Court's May 6, 2014 Order (Doc. No. 432) is proper pursuant to 28 U.S.C. § 1292(b). (Doc. No. 440.) For the reasons set forth below, the motion is denied.

I. LEGAL STANDARD

Litigants are generally required to wait for a final judgment before they may appeal. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). However, a district court may certify an immediate appeal of an interlocutory order if the court finds that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"In determining whether a controlling question of law exists[,] the district court should consider whether . . . reversal of the district court's opinion could result in dismissal of the action . . . . [or whether] reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action . . . ." *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d

223, 227 (S.D.N.Y. 2000). As for the second criterion, "[f]or there to be a 'substantial ground for difference of opinion' under the law . . . there must be substantial doubt that the district court's order was correct." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (internal quotation marks omitted). The third criterion is primarily concerned with judicial efficiency and is the "most important" of the three factors. *SEC v. Gruss*, No. 11 Civ. 2420 (RWS), 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012). Thus, "it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or . . . shorten the time required for trial." *Id.* (internal quotation marks omitted). These three criteria are "conjunctive, not disjunctive," and courts may only certify an interlocutory appeal where all three are satisfied. *Id.* at *1 (internal quotation marks omitted).

"[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008) (internal quotation marks omitted). Indeed, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer*, 921 F.2d at 25 (internal quotation marks omitted). The Second Circuit has noted that "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.'" *Weber v. United States Trustee*, 484 F.3d 154, 159 (2d Cir. 2007) (internal quotation marks omitted). Therefore, interlocutory appeal is "'a rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler*, 101 F.3d at 865–66 (2d Cir. 1996)). Consequently, "federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the

precedential value of judicial opinions." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 144.

## II. DISCUSSION

Here, neither the second nor the third prongs are met. The Mayers cite no authority that creates a substantial doubt as to the correctness of the Court's decisions that the Mayers were not entitled to priority, that the Court was not bound by the amount of the Mayers' state court judgment, or that the assets should be distributed pro rata to all investors. Moreover, allowing an appeal at this time could only serve to extend the litigation. The Court has made only an interim distribution, and no matter how the circuit rules on the issues raised by the Mayers, further distributions will be necessary. Further, depending on the circumstances, it is still possible that the Court will allow different treatment of GFRDA and ATGF investors, thus mooting the Mayers' argument that the Court erred by distributing assets among all investors pro rata.

Finally, even if the statutory factors had been met, the Court would not certify the order for an interlocutory appeal. Because the Court has authorized only an interim distribution, there are still assets remaining to satisfy any claim the Mayers assert. As such, there is no prejudice to the Mayers from waiting to appeal the final distribution plan.

## III. CONCLUSION

IT IS HEREBY ORDERED THAT the Mayers' motion is DENIED.

SO ORDERED.

Dated:   June 10, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE