UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

              v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH  FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. VILAR, and
GARY ALAN TANAKA,

                    Defendants.

05 Civ. 5231 (RJS)

ECF CASE

---

**PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S MEMORANDUM IN SUPPORT OF THE FEE
APPLICATION OF FINANCIAL ADVISOR TO THE RECEIVER**

      The staff of the Securities and Exchange Commission ("Commission") respectfully submits this memorandum in support of the  Application for Compensation and Reimbursement of Expenses of the Financial Advisor to the Receiver, filed July 11, 2014 (Dkt. # 448) (the "Fee Application").  The Fee Application was filed after review by the Commission staff and after the Financial Advisor reduced its requested fees in response to the Commission staff's comments.  The staff believes that the Fee Application is reasonable and commensurate with the services provided by the Financial Advisor.

      On July 14, 2014, Vivian Shevitz, Esq., filed a declaration on behalf of all of the named defendants in the case, and opposed the Fee Application by arguing that the defendants' filing of a notice of appeal deprived the Court of jurisdiction to rule on the Fee Application (Dkt # 449)

(the "Opposition") based on the Supreme Court's decision in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), which stated the general proposition that the filing of a notice of appeal deprives a district court of jurisdiction over those aspects of a case that are the subject of the appeal.  The defendants' position appears to be that the mere filing of the notice of appeal stops the receivership in its tracks until such time as the appeal is determined.  The defendants have cited no authority to support such a broad proposition.

Indeed, the defendants' Opposition here is frivolous, and further confirms that Ms. Shevitz and Messrs. Vilar and Tanaka will continue to take any opportunity to interfere with the receivership and impede the return of assets to defrauded investors in this case.  Fed. R. Civ. P. 62(a), which defendants strikingly fail to cite to the Court, specifically provides, in relevant part, as follows:

> AUTOMATIC STAY; EXCEPTIONS FOR INJUNCTIONS, RECEIVERSHIPS, AND PATENT ACCOUNTINGS.  Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.  But unless the court orders otherwise, the following are not stayed after being entered, *even if an appeal is taken:*
>
> *(1) an interlocutory or final judgment in an action for an injunction or a receivership.*

Fed. R. Civ. P. 62(a) (emphasis added).[1]  Unless the Court orders otherwise, Rule 62(a) thus clearly permits a receiver and its agents to continue their Court-supervised work on behalf of investors, notwithstanding a pending appeal.  *See, e.g, FTC v. IAB Marketing Assocs., LP*, 2013 WL 5289090 at *1 (S.D. Fla., Sept. 19, 2013) (over defendant's objection, court permitted receiver to surrender defendant's whole-life insurance policy so receivership could obtain

---

[1] This is not the first time that Ms. Shevitz has failed to cite applicable rules or case law to the Court.  *See*, *e.g., SEC v. Amerindo Investment Advisors Inc.*, 2014 WL 2112032 at *7 (S.D.N.Y., May 6, 2014) (noting that defendants advanced argument that "was considered by the Second Circuit and rejected," in "a case the Individual Defendants do not cite or acknowledge.").

2

surrender value of policy; citing to Rule 62(a), court rejected defendant's argument that defendant's pending appeal prevented court from authorizing the receiver to surrender the policy); *Maid of Mist Corp. v. Alcatraz Media, LLC,* 2010 WL 1687810 at *12-13 (N.D. Ga., Apr. 26, 2010) ("Federal Rule 62(a) carves out an exception to the general *Griggs* rule."); *In re All Funds on Deposit in Account Number 000669829075 In the Bank of MM ACMC Banque De Commerce, Inc. v. United States*, 2007 WL 610658 at *1-2 (W.D.N.C., Feb. 23, 2007) (court denied claimant's motion for stay pending appeal and authorized payment to receiver; "[U]nless otherwise ordered by the Court, the presumption is that the final judgment in a receivership action shall not be stayed pending appeal."); *United States v. Alisal Water Corp.*, 326 F. Supp. 2d 1032, 1039  (N.D. Cal. 2004)  (court denied motion for stay pending appeal of order appointing receiver and sale of defendant's assets; "Pursuant to Fed. R. Civ. P. 62(a), there is no automatic stay pending appeal in receivership actions; orders and judgments in such actions are stayed only upon order of the court.").  *See also*, *SEC v. Mutual Benefits Corp.*, 2008 WL 906764 at *3 (S.D. Fla., April 3, 2008) (order authorizing receivership's sale of life insurance policy became "effective immediately upon its entry as provided in Rule 62(a) of the Federal Rules of Civil Procedure.").

  The Court has not issued an order staying the action or the receiver's activities pending the appeal.  Indeed, the *only* continuing activity in this case relates to the Court's supervision of the receivership, including the distribution of assets to investors harmed by Ms. Shevitz's clients' fraud, whose criminal convictions, which formed the basis for the final orders against them in this case, have been affirmed on appeal.  The Fee Application filed on behalf of the Receiver's financial advisor clearly relates to the receivership in this case.  Accordingly, the Commission

respectfully requests that the Court approve the Fee Application and grant such other and further relief as is just and proper.

Dated: New York, New York
July 16, 2014

/s/ Neal Jacobson
Neal Jacobson
Mark Salzberg
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street
Room 4300
New York, New York 10281

**Of Counsel:**

Alistaire Bambach