UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

## RECEIVER'S THIRD STATUS REPORT

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, submits this Third Status Report and respectfully states as follows:

### I. PROCEDURAL BACKGROUND

1. On October 17, 2012, the Court entered an order appointing the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the [related] criminal case, to consider what actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors" [ECF Doc. No. 267].

2. On May 30, 2013, the Receiver filed his Initial Report and Recommendations ("R&R") [ECF Doc. No. 283].

3. On June 20, 2013, the Court signed two orders adopting the R&R and directing the Receiver to "begin the process of establishing a distribution fund and a claims and interim distribution procedure" [ECF Doc. Nos.290 and 291].

4. On July 19, 2013, the Receiver filed his First Status Report which the Court "so ordered" on July 30, 2013 [ECF Doc. Nos. 296 and 297]. Among other things, the Report established (a) August 6, 2013 as the deadline for the Receiver to publish notice of the proof of claims bar date and (b) September 20, 2013 as the bar date to file proofs of claim.

5. On October 4, 2013, the Receiver filed his Second Status Report [ECF Doc. No. 314]. The Court "so-ordered" the Receiver's Second Status Report and adopted the Receiver's proposals set forth therein on October 28, 2013 [ECF Doc. No. 322].

6. On February 8, 2014, the Receiver moved the Court for an order (a) Fixing Investor Claims and (b) Authorizing the Receiver to Make an Interim Distribution (the "Distribution Motion") [ECF Doc. No. 355].

7. On February 24, 2014, the Receiver filed an amended motion for an order (a) Fixing Investor Claims and (b) Authorizing the Receiver to Make an Interim Distribution (the "Amended Distribution Motion") [ECF Doc. No. 370].

8. On April 18, 2014, the Receiver filed an affidavit which, among other things, further revised the amounts of his proposed first interim distribution as set forth in the Amended Distribution Motion [ECF Doc. No. 422].

9. On May 6, 2014 the Court entered a memorandum and order (the "May 6th Order") which, *inter alia*, ordered that:

> The Receiver shall distribute funds according to the schedule set forth in the Revised Interim Distribution Schedule. Before distributing any funds to a claimant, however, the Receiver must obtain an affidavit from that

claimant swearing to the accuracy of the claim and statements made in connection with the claim.

[ECF Doc. No. 432]

## II.  STATUS

**First Interim Distribution**

10. In accordance with the May 6th Order, the Receiver requested and received from each investor claimant the required affidavit. Thereafter, between May 30, 2014 and June 18, 2014, the Receiver completed the First Interim Distribution by disbursing the aggregate amount of $18,718,060.86 ("First Interim Distribution"). A schedule of the First Interim Distribution is attached hereto as Exhibit "A". Following the First Interim Distribution, the aggregate unpaid balance of allowed investor claims is $30,952,721.91or 62% of the aggregate allowed claims.

**Additional Distributions**

11. In addition to the First Interim Distribution, the Receiver has disbursed the aggregate sum of $206,047.81 representing payment for bank custodial fees, JPMorgan legal fees and expenses, and other expenses related to the Receivership. *See* Exhibit "B".

**Additional Claimants**

12. In addition to the investor claims that were the subject of the First Interim Distribution, the Receiver has received seven (7) additional potential investor claims (the "Additional Claims"). Although the Receiver has not completed his review of the Additional Claims or made a final determination as to the allowability of the Additional Claims, the aggregate amount of the Additional Claims, as submitted, is $3,030,295.26. A schedule of the Additional Claims is attached to this report as Exhibit "C".

**Identification and Liquidation of Receivership Assets**

13. The receivership assets can be divided into four categories as set forth below.

A.   Shares of Public Companies

14.   This category consists of shares of seven (7) publicly traded companies. Of these, the shares of Theravance, Inc., Theravance Biopharma, Inc., Financial Engines, Inc. (Series D and E preferred), and Sirius XM Radio Inc., which were held in the investor accounts at J.P. Morgan Securities LLC, have been liquidated by the Receiver resulting in aggregate proceeds of $15,472,282.38. *See* Exhibit "D".

15.   In addition, to the above liquidated shares, there remain: (a) additional shares of Sirius XM Radio Inc. held in a custodial account at Cowan Investments valued at an estimated amount of $108,480.00, (b) shares of Illumina Inc. previously held at JPMorgan but subsequently escheated to New York State as unclaimed property valued at an estimated amount of $1,227,598.00, (c) an undetermined number of shares in Alexion Pharmaceuticals, Inc., which have been escheated to New York State as unclaimed property, and (d) shares of Dick's Sporting Goods, Inc. held in an account at Merrill Lynch valued at an estimated amount of $248,435.00. *See* Exhibit "E". Exclusive of the Alexion shares, the estimated gross aggregate value of the aforementioned shares as of July 15, 2014 is $1,584,513.00. In each instance, the Receiver is in the process of collecting and liquidating these shares. As to the escheated assets, the Receiver has filed applications with the Office of the New York State Comptroller, Office of Unclaimed Funds, who has advised that they are examining their files and will respond on or about September 15, 2014. The Receiver supplemented the applications for unclaimed funds with identifiable account numbers believed to correspond to the escheated funds. At this time, the Receiver believes the escheated funds will be recoverable in full and that this process may take up to four (4) months from the date of this Report to conclude. As to the shares of Sirius XM

Radio Inc. and Dick's Sporting Goods, Inc., the Receiver has only recently learned of the existence of these shares and is in the process of making a demand for their return.

        B.        <u>Shares of Companies Subsequently Acquired by Other Companies</u>

        16.       The Receiver has identified shares of eighteen (18) private companies each of which were previously acquired by another company. Upon information, the Receiver believes the sale proceeds either remain in the possession of the acquiring company, the transfer agent, or have been escheated to New York State as unclaimed property.[1] *See* Exhibit "F". The current estimated aggregate value of these funds is $15,816,682.00. As set forth in paragraph 15 above, the Receiver has submitted the necessary applications for the return of the escheated funds from New York State. Applications for the return of certain unclaimed funds have also been filed with the State of California. As to the balance of the acquired company funds, the Receiver has consulted with and is preparing the necessary documentation for the transfer agents holding the sale proceeds or, where the transfer agent is unknown, demanded that the acquiring companies remit the funds due to Amerindo on account of the sales.

        C.        <u>Shares of Private Companies</u>

        17.       This category consists of shares of thirteen (13) privately-held companies. *See* Exhibit "G". The Receiver has been in contact with various third-party companies who specialize in the liquidation of privately-held shares, and will soon be filing an application to retain a company to liquidate the shares.

---

[1] Initially these companies were bundled with the private securities group and it was anticipated that the Receivership interests would be sold through a secondary marketer. However, investigations revealed that some of these privately held securities were sold and therefore the Receiver's duty would be to collect the share value of the securities as of the sale date.

D.  Cash

18. As of July 23, 2014, the receivership is holding $17,096,875 in cash at JPMorgan. Additionally, the Receiver has identified $3,147,560.00 in cash belonging to the receivership which is being held by Cowan Investments in an account maintained at S.G. American Securities LLC.  Similarly, the Receiver has identified two cash funds previously held by the Yantra Corporation that have been escheated to New York State as unclaimed funds, and cash previously held by @Ventures LP that has been deposited with the Court.  Finally, the Receiver has retained the Cayman Island law firm of Solomon Harris, pursuant to Court order dated November 22, 2013, in connection with the receivership's interest in some $4,000,000.00, which is the subject of a liquidation proceeding in the Grand Court for the Cayman Islands.  A hearing on the Receiver's application for recognition and turnover of all funds owed to the receivership is scheduled for August 27, 2014.  A schedule of all actual and potential cash assets in the estimated aggregate amount of $24,904,396.00 is attached as Exhibit "H".

### III.  RECOMMENDATIONS

19. Based on the foregoing, the Receiver respectfully submits the following recommendations.

A.  Fixing of the Additional Claims

20. As the formula for fixing the amount of investor claims for the purposes of interim distributions has already been determined by the May 6th Order, the Receiver believes that the Additional Claims can be reconciled and objections, where necessary, filed in fairly short order.  Accordingly, the Receiver proposes that the Court fix the date for the filing of objections to the Additional Claims as August 29, 2014.

B.  Second Interim Distribution

21. After consulting with the SEC staff, and based upon the cash on hand and anticipated recoveries in the near term, the Receiver recommends that the Court authorize a second interim distribution, utilizing the same formulae approved by this Court for the First Interim Distribution, which will further compensate investors for the loss of the principal amount of their claims but will not pay any interest or profit on such claims. The Receiver recognizes that the Court may apply a different formula for the distribution of any funds remaining after the principal amount of investor claims are paid. However, the proposed second interim distribution would not pay any investor an amount in excess of his or her principal claim. At present, it appears that the amount of the Second Interim Distribution would be roughly equal to or greater than the amount of the First Interim Distribution. Accordingly, the Receiver proposes that the Court fix a date for the Receiver to submit a proposed Second Interim Distribution application by September 30, 2014.

New York, New York
July 29, 2014

        /s/ Ian J. Gazes_____
Ian J. Gazes, Receiver
Gazes LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000