UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH  FUND II, INC.,
TECHNO RAQUIA, S.A.,
ALBERTO W. VILAR, and
GARY ALAN TANAKA,

Defendants.

05 Civ. 5231 (RJS)

ECF CASE

---

## PROOF OF CLAIM FORM

**Please fill in the information below and supply the supporting documents requested as an attachment to this proof of claim form.  This should be received in hand by the Court appointed Receiver for Amerindo Investment Advisors (Panama) *et al.*, whose name and address is below, so as to be received in hand on or before September 20, 2013, 5:00 P.M. (Eastern Standard Time) by (a) certified mail, return receipt requested, or (b) overnight courier, or (hand delivery):**

**Ian J. Gazes, Esq.
Gazes LLC
151 Hudson Street
New York, New York 10013**

<u>Debtor</u> means one or more of the Amerindo entities captioned above in which you gave Principal Funds.

<u>Principal Funds</u> means all funds given to the Debtor(s) and NOT returned to you.

<u>Profits</u> mean the appreciated value of the Principal Funds. By way of example only, earned interest if you held promissory notes and NOT paid to you.

**If you are not sure of a fact, please so state the fact you are not sure about, and provide the best documentation you have including copies of Amerindo**

statements for at least three months prior to and after the dates indicated below.

---

## PART A

Please answer the questions below and submit together with this completed form any written agreements between you and the Debtor(s) as concerns the establishment and/or opening of an account with the Debtor(s) (include Amerindo statements for three (3) months prior to the date indicated and after) and Profits prior to May 25, 2005.

## THIS PORTION OF THE PROOF OF CLAIM ONLY COVERS PRINCIPAL FUNDS AND PROFITS AS OF MAY 25, 2005

1.  Your name, address, email address and phone number, including the name of any entity through which you provided Principal Funds with the Debtor(s).  If your name or address had changed, please specify.

    See Attachment 1.

2.  Name and address of Debtor(s) (Amerindo entity) in which you gave the Principal Funds and the intended Amerindo entity if the recipient entity is different.

    Amerindo Investment Advisors, Inc. (Fixed Rate Deposit).

    Please specify and provide documents reflecting the transmittal of Principal Funds to the Debtor(s).

    See Attachment 1.

3.  Details including the amount and supporting documentation related to Principal Funds you claim as of May 25, 2005 including any Amerindo statements for three (3) months prior to May 25, 2005 and after, if any:

    $1,000,000 principal investment in Fixed Rate Deposit made February 10, 2000.  See Attachment 1.

4.  Details including the amount and supporting documentation related to any Profits you claim as of May 25, 2005: Not less than $486,371.78.  See Attachment 1.

5.  Did you receive any distributions from the Debtor on account of your Principal Funds you claim as of May 25, 2005?    See Attachment 1.

If yes please specify any and all distributions and include any payments to third parties by the Debtor(s) on your behalf.

See Attachment 1.

Please attach three (3) statements you received from the Debtor(s).
See Attachment 1.

Please provide copies of all documents that support your claim as of May 25, 2005.  Documents could include but are limited to promissory notes, itemized statements of your accounts, cancelled checks, wire transfer confirmations, letters, contracts, judgments, and security agreements. If the claim is secured please attached all document supporting same.

Please answer the questions below and submit together with this completed form any written agreements between you and the Debtor(s) as concerns the establishment and/or opening of an account with the Debtor and appreciated value after May 25, 2005.

## PART B

## THIS PROOF OF CLAIM ONLY COVERS PRINCIPAL FUNDS AND PROFITS AFTER MAY 25, 2005

1.  Your name, address, phone number, and email address including the name of any entity through which you gave Principal Funds to the Debtor(s) after May 25, 2005.   If your name or address had changed, please specify.

2.   Name and address of Debtor(s) (Amerindo entity) in which you gave the Principal Funds and the intended Amerindo entity if the recipient entity is different. .

    Please specify and provide documents reflecting the transmittal of Principal Funds to the Debtor(s).

3.  Details including the amount and supporting documentation related to Principal Funds you claim after May 25, 2005 (please attach any statements you received after May 25, 2005):

4.  Details including the amount and supporting documentation related to any Profits you claim after May 25, 2005:

5.  Did you receive any distributions from the Debtor on account of your Principal Funds you claim after May 25, 2005?

If yes please specify any and all distributions and include any payments to third parties by the Debtor(s) on your behalf.

Please attach the last three (3) statements you received from the Debtor(s).

Please provide copies of all documents that support your claim after May 25, 2005.  Documents could include but are limited to promissory notes, itemized statements of your accounts, cancelled checks, wire transfer confirmations, letters, contracts, judgments, and security agreements. If the claim is secured please attached all document supporting same.

## Please redact all account numbers other than the last 4 digits on the statement including personal identification numbers such as social security numbers and business EIN numbers.

**DO NOT SEND ORIGINAL DOCUMENTS.**

Signature:

  X   I am the account owner      ____  I am the account owner's authorized agent

Please note that, although you may make a claim through an agent, you DO NOT NEED TO HAVE AN AGENT to make this claim, and pay or offer to pay an agent merely to make this claim or obtain payment on your account. Your claim will not be reduced if you do not have an agent.

Print Name:     Nicholas G. Ciriello
Title:          Trustee
Company:        Tara Glynn Colburn Trust
Email:          ciriello@aol.com
Telephone Number:  323.931.1589

Signature, as Trustee                    Date  6/19/14

If claim has been assigned please provide the following information:

Name of Assignee:      Los Angeles Opera Company as beneficiary (See Attachment 1)
Address of Assignee:   c/o Howard Moss, 135 North Grand Ave, Los Angeles, CA 90012
Email of Assignee:     hmoss@laopera.com
Tel No. Of Assignee:   213.972.3141
Date of Assignment:    See Attachment 1

# ATTACHMENT 1
## TO PROOF OF CLAIM

### Amount of Claim

$936,371.78 (Fixed Rate Deposit).

### Basis of Claim

On or about February 10, 2000, Ms. Tara Colburn opened a $1,000,000 Fixed Rate Deposit account (the "Fixed Rate Deposit") with Amerindo Investment Advisors, Inc. ("Amerindo"). The Fixed Rate Deposit was to repaid with interest in the total amount of $1,271,240.25 on February 9, 2003. A letter of November 8, 2002 confirming these facts is attached hereto as Exhibit 1. Ms. Colburn's records identify the account number as F1002-TCO. In a letter of February 10, 2003 to Ms. Colburn attached hereto as Exhibit 2, Amerindo confirmed that $1,271,240.25 was owing as of that date, but notified Ms. Colburn that Amerindo was not able to pay the amount owing because Amerindo was unable to liquidate certain securities.

On or about June 1, 2002, Ms. Colburn established the Tara Glynn Colburn Trust (the "Trust"). Ms. Colburn died in May of 2003 and, after making certain other distributions, the Trust transferred certain remaining assets then in the Trust to the Los Angeles Opera Company prior to year-end 2005 (the "LA Opera"), which was and is the residual beneficiary of the Trust.

When Amerindo did not pay the amounts due in connection with the Fixed Rate Deposit in 2003, Nicholas G. Ciriello, as trustee of the Trust (the "Trustee") commenced an action entitled *Nicholas G. Ciriello, as Trustee of The Tara Glynn Colburn Trust, Plaintiff, against Amerindo Investment Advisors, Inc.*, in the Supreme Court of the State of New York, Index No. 604021/03 (the "Action").

On or about September 14, 2004, the Trustee settled the Action pursuant to a Mutual Settlement Agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit 3. Under the Settlement Agreement, and certain Confessions of Judgment in connection therewith, Amerindo was to pay a total of $1,486,371.78 (representing principal and interest then due on the Fixed Rated Deposit) in three installments:

    (a)    $100,000 to be wired no later than September 24, 2004;

    (b)    $450,000 to be wired no later than December 31, 2004; and

    (c)    $936,371.78 to be wired no later than August 15, 2005.

This amount represented the return of Ms. Colburn's Fixed Rate Deposit principal investment, as well as interest due and owing. Amerindo failed to make the final payment on account of Ms. Colburn's Fixed Rate Deposit in the amount of $936,371.78.

Accordingly, the Trustee and the LA Opera submit a claim to the Court appointed Receiver for Amerindo in the amount of $936,371.78 for the unpaid amount owing on account of Ms. Colburn's Fixed Rate Deposit.

## Distributions

Because the Trust has been substantially administered, the Trustee authorizes all distributions on account of this Claim and Ms. Colburn's Fixed Rate Deposit to be made payable to the "Los Angeles Opera Company" and sent to the following address:

Los Angeles Opera Company
c/o Howard Moss, Senior Planned Giving Officer
125 North Grand Avenue
Los Angeles, CA 90012
Tel. 213.972.3141
hmoss@laopera.org

Wire instructions can be made available by the LA Opera upon request.

## Reservation of Rights

The Trustee and the LA Opera reserve the right to amend and/or supplement this Proof of Claim at any time and in any manner and/or to file additional Proofs of Claim for additional claims that may be based on the same or additional documents or grounds of liability. The Trustee and the LA Opera further reserve the right to file additional claims or requests for payment on any basis.

The filing of this Proof of Claim is not: (a) a waiver or release of the Trustee or the LA Opera's rights against any person, entity or property; (b) a consent by the Trustee or the LA Opera to the jurisdiction of any court with respect to any matter other than the subject matter of this claim, (c) a consent by the Trustee or the LA Opera to any proceedings commenced in this case or otherwise involving the Trustee or the LA Opera; (d) a waiver of the right to challenge the jurisdiction of any court with respect to the subject matter of this claim, any objection or other proceedings commenced in this case against or otherwise involving the Trustee or the LA Opera; or (e) an election of remedy.

Any notices related to this claim should be directed to the LA Opera at the address above, with a copy (which shall not constitute notice) to Ted A. Dillman of Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, California 90071-1560 (ted.dillman@lw.com; Tel. 213.485.1234).

**<u>Exhibit 1</u>**

**Letter of November 8, 2002**

**(attached)**

LA\3595583.2

08-NOV-2002 21:52 FROM                    TO 0013102766950              P.02/02

# AMERINDO INVESTMENT ADVISORS, INC.

Avenida Samuel Lewis
Edificio Plaza Obario
Apartado 5215
Panama 5, Panama
Tel: (507) 264-9673
Fax: (507) 264-9667

November 8, 2002

Mrs Tara Colburn



Dear Tara:

### Re: Amerindo Fixed Rate Deposit Account

We are pleased to confirm that you have a Fixed Rate Deposit Account with Amerindo Investment Advisors, Inc.

The account was opened on February 10, 2000 with $1,000,000.00 deposit.

Your investment will mature on February 9, 2003. Unless otherwise instructed, the principal in the amount of $1,000,000.00 together with the three years accumulated interest in the sum of $271,240.25 will be wired to your bank on February 10, 2003.

We confirm that we have your bank details, however they are incomplete. Please provide us with your bank's ABA# or Swift #.

With kind regards,



Renata Tanaka

**<u>Exhibit 2</u>**

**Letter of February 10, 2003**

(attached)

LA\3595583.2

FEB-10-2003 01:42 PM  T/ \.COLBURN          310278^^50          P. 02

12-FEB-2003  20:25  FROM AMERINDO LDN 442074995165  TO  0213102766350       P.01/01

# AMERINDO INVESTMENT ADVISORS, INC.

Avenida Samuel Lewis,
Edificio Plaza Obarrio
Apartado 5215,
Panama 5, Panama
Tel: (507) 264-9673
Fax: (507) 264-9697

February 10, 2003

Tara Colburn



Fax: 001-310-276-6850

Dear Tara,

We acknowledge receipt of instructions for remitting the proceeds of your Fixed Deposit with us, which amounts to $1,271,240.25.

It has not been possible to liquidate all the securities underlying the deposit owing to the present and unforeseen market turbulence causing the extraordinary volatility and illiquidity in the capital markets. The global recession, the bear markets in equities, and the recent major downturn in all financial markets owing to concern over the impending Middle East war, have forced us to avail ourselves of the ninety day, force majeure provision to extend the redemption of your deposit. I understand Alberto discussed the delay provisions with you last week in Los Angeles. We believe that this would be preferable to having us send you the actual securities that have not yet been liquidated. These securities would have to be re-registered in your name, which would complicate the issue and cause an additional delay.

We will do everything possible to get your funds remitted in less than ninety days. The final remittance will, of course, include interest for the additional number of days of the deposit for this additional period.

Thank you for your understanding of this unprecedented situation in the capital markets. Please feel free to contact me at any time.

Sincerely yours,



Renata LePort-Tanaka

## Exhibit 3

**Mutual Settlement Agreement**

(attached)

# MUTUAL SETTLEMENT AGREEMENT

This Mutual Settlement Agreement (the "Agreement") is entered into by and between Nicholas G. Ciriello ("Ciriello"), as Trustee of the Tara Glynn Colburn Trust (the "Trust"), an individual residing Los Angeles, California, Amerindo Investment Advisors Inc. ("Amerindo-California"), a corporation organized and existing under the laws of the State of California, with its principal place of business located in New York, New York (collectively, the "Litigation Parties"), and Amerindo Investment Advisors, Inc., a corporation organized and existing under the laws of Panama, with its principal place of business located in Panama ("Amerindo-Panama") (collectively, the "Settling Parties").

WHEREAS, Ciriello has commenced an action against Amerindo-California in the Supreme Court of the State of New York, County of New York, entitled "Nicholas G. Ciriello, as Trustee of The Tara Glynn Colburn Trust, Plaintiff, against Amerindo Investment Advisors Inc., Defendant," bearing Index No. 604021/03 (the "Action") wherein he claims that Amerindo-California owes a debt to the Trust, due as of February 10, 2003, in the amount of $1,271,240.25 (the "Debt");

WHEREAS, Amerindo-California denies that it owes the Debt to the Trust, and asserts that any debt owing to the Trust is owed by Amerindo-Panama; and

WHEREAS, Ciriello has indicated an intention to bring an action against Amerindo-Panama to collect the Debt; and

WHEREAS, Amerindo-Panama denies that it owes the Debt to the Trust; and

WHEREAS, the Settling Parties wish to avoid the expense and inconvenience of litigation and to settle the claim in the Action, as well as all other potential claims arising out of the same nucleus of facts, including but not limited to the claim Ciriello has indicated an intent to bring against Amerindo-Panama, upon the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the terms of this Agreement, and upon the exchange of other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Settling Parties agree as follows:

1.      The Litigation Parties shall cause their attorneys to promptly execute and file with the Clerk of the Supreme Court of the State of New York, County of New York, a Stipulation to Stay the Action, or such other functionally equivalent document (the "Stay"), pending full compliance with the terms of this Agreement.

2.      Upon the execution of this Agreement, the Amerindo Parties, including their respective predecessors, successors and assigns, fully, absolutely, and unconditionally release and for all purposes forever discharge The Trust and its trustees, including without limitation Ciriello and Olga Chernov, from all causes of action, debts, contracts, agreements, promises, damages, claims and demands whatsoever, in law, admiralty or equity, arising out of or relating

Mutual Settlement Agreement
Page 2 of 14

to the prior course of dealing between the Litigation Parties, including, but not limited to, the circumstances described above regarding the Debt.

3.     The Stay shall not in any way prejudice Ciriello's right to move the Court to lift the Stay upon the failure of Amerindo-California and/or Amerindo-Panama (the "Amerindo Parties") to comply with any of the terms of this Agreement, for the purpose of pursuing the Action and seeking any and all relief available, whether legal or equitable.

4.     The Settling Parties hereby agree that timely payment is a material term hereof, going to the essence of this Agreement.

5.     The Amerindo Parties shall be in Default of this Agreement if the following two conditions are met:
        A.     The Amerindo Parties fail to timely make any of the payments called for in Paragraphs 10-12 hereof; and
        B.     Thereafter, the Amerindo Parties fail to remedy said failure of payment within ten (10) business days after Ciriello mails or causes to be mailed, by certified U.S. Mail, written notice of said failure, in a form substantially similar to that attached as Exhibit 1 hereto, to the following United States address:



6.     Amerindo-California shall not oppose or otherwise challenge any motion to lift the Stay on any grounds other than the Amerindo Parties' lack of Default under the terms of this Agreement.

7.     Within 20 days after the Amerindo Parties have fully complied with their obligations hereunder, the Litigation Parties shall cause their attorneys to execute and file with the Court a Stipulation of Discontinuance With Prejudice of the Action.

8.     In the event of Default, the Amerindo Parties hereby agree to submit to a general lien against all their property, real and personal, wherever it may be located, including without limitation outside the United States. For purposes of implementation and enforcement of this Paragraph 8, this Agreement shall constitute a security agreement in addition to a settlement agreement, and shall serve as a sufficient basis for the filing of a UCC Financing Statement (Form UCC1). For purposes of this Paragraph 8 only, the "Amerindo-Parties" includes the Amerindo Parties and all subsidiaries, successors, and assigns thereof.

9.     The obligations and debts arising hereunder shall be denominated senior debt of the Amerindo Parties, and no future debt incurred by the Amerindo Parties shall be more senior to the obligations and debts arising hereunder. Upon any violation of this provision by either or both Amerindo Parties, the payments required under Paragraphs 10-12 of this Agreement shall be accelerated and shall become due and payable immediately, regardless of whether or when the Trust became aware of such violation.

Mutual Settlement Agreement
Page 3 of 14

10. The Amerindo Parties shall wire or cause to be wired $100,000, no later than September 24, 2004, as follows:

> MELLON BANK
> PITTSBURGH, PA
> ABA# █████████
>
> CREDIT MERRILL LYNCH
> A/C# █████████
> FOR FURTHER CREDIT TO:
> A/C# ██████████████████

11. The Amerindo Parties shall wire or cause to be wired, as described in Paragraph 10 of this Agreement, $450,000.00, over and above the previously-mentioned $100,000, no later than December 31, 2004.

12. Amerindo Parties shall wire or cause to be wired, as described in Paragraph 10 of this Agreement, $936,371.78, over and above the previously-mentioned $100,000 and $450,000, no later than August 15, 2005, which, along with the payments described in Paragraphs 10 and 11 of this Agreement, represents the compromised amount of the Debt together with interest that has accumulated to the date of this Agreement and that will continue to accumulate until the Debt has been fully satisfied.

13. The Amerindo Parties are jointly and severally liable for the payments called for in Paragraphs 10-12 of this Agreement.

14. Amerindo-California and Amerindo-Panama agree to sign, after the signing of this Settlement Agreement, respective confessions of judgment identical or substantially similar to those attached hereto as Exhibits 2 and 3. The execution of both confessions of judgment is a material term of this Agreement. The failure of either or both of the Amerindo Parties to so execute a confession of judgment shall not, however, affect the obligations of the Amerindo Parties described in Paragraphs 10-12 hereof, but shall give Ciriello the sole right to void this Agreement.

15. This Agreement, and all disputes arising hereunder, or relating thereto, shall be interpreted, construed and governed exclusively by New York law. In the event that this provision is held unenforceable, the Settling Parties hereby agree that said unenforceability of this provision shall not affect the enforceability of any other provision of this agreement.

16. Any and all disputes arising from or relating to this Agreement shall be adjudicated, exclusively, in a state or federal court located in New York County, New York, regardless of the choice of law principles of this or any other jurisdiction. In the event that this provision is held unenforceable, the Settling Parties hereby agree that said unenforceability of this provision shall not affect the enforceability of any other provision of this agreement.

Mutual Settlement Agreement
Page 4 of 14

17.    The Amerindo Parties hereby admit and submit to the jurisdiction of both the United States Courts and the Courts of the State of New York for purposes of all disputes arising out of or relating in any way to this Agreement.

18.    No amendment or waiver of any provision of this Agreement, or consent by the Trust to any departure by the Amerindo Parties therefrom, shall in any event be effective unless the same shall be in writing and signed by the Trust.

19.    This Agreement may not be changed orally and shall bind and inure to the benefit of the heirs, administrators, successors and assigns of the Amerindo Parties and of the Trust, respectively.

20.    The Amerindo Parties agree that they shall reimburse the Trust for any legal expenses, including but not limited to reasonable attorney fees, incurred in connection with any successful legal action brought by the Trust for the purpose of enforcing this Agreement, including but not limited to the filing of any confession of judgment, and including but not limited to the execution of any judgment entered in connection with this Agreement or any confession of judgment.

21.    This Agreement may be signed in counterparts, and facsimile or similar true and correct copies of signed originals shall have the same effect as signed originals.

IN WITNESS WHEREOF, this Mutual Settlement Agreement is entered into as of the last date signed below.

Nicholas G. Ciriello, as Trustee of
The Tara Glynn Colburn Trust

STATE OF _New York_
COUNTY OF _New York_
DATE _9-14-04_

*************************************

Alberto Vilar, on behalf of Amerindo
Investment Advisors Inc.

STATE OF _New York_
COUNTY OF _New York_
DATE _September 13, 2004_

Alberto Vilar, on behalf of Amerindo
Investment Advisors, Inc.

STATE OF _New York_
COUNTY OF _New York_
DATE _September 13, 2004_

Mutual Settlement Agreement
Page 5 of 14

# EXHIBIT 1

Mutual Settlement Agreement
Page 6 of 14

### NOTICE OF NON-PAYMENT

____ . _____ _____, 200__

**Via Certified U.S. Mail**

Re:  *Nicholas G. Ciriello, as Trustee of the
     Tara Glynn Colburn Trust v. Amerindo Investment Advisors Inc.*

Dear Mr. Vilar:

This letter is to inform you that the Amerindo Parties have failed to make or cause to be made
the following payment, as required under the Mutual Settlement Agreement entered into on
_____ ___, ____ 2004 in connection with the above-referenced action:

Mutual Settlement Agreement Paragraph No.:  _____
Required Payment Amount:  _____
Required Payment Date:  _____ .

Under the terms of the Mutual Settlement Agreement, the Amerindo Parties will be in Default if
this failure of payment is not remedied within 10 days of the date of this letter.

Sincerely,

_____
On behalf of the Tara Glynn Colburn Trust

Mutual Settlement Agreement
Page 7 of 14

**EXHIBIT 2**

Mutual Settlement Agreement
Page 8 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- x

NICHOLAS G. CIRIELLO, as Trustee of The :
Tara Glynn Colburn Trust,                       :     Index No. 604021/03
                                                :
                        Plaintiff,              :     Affidavit of Confession
                                                :     of Judgment by Defendant
            -against-                           :     Amerindo Investment Advisors Inc.
                                                :
AMERINDO INVESTMENT                             :
ADVISORS INC.,                                  :
                        Defendant.              :
-------------------------------------------------- x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

ALBERTO VILAR, being duly sworn, deposes and says as follows:

1.      I am an officer of the defendant in this action, Amerindo Investment Advisors Inc.

("Amerindo-California"), a corporation organized and existing under the laws of the State of

California, with its principal place of business located in New York, New York.   I am fully

authorized by Amerindo-California to make this Confession of Judgment on its behalf.   I hereby

confess judgment herein and authorize entry of judgment against Amerindo-California, and in favor

of Nicholas G. Ciriello ("Ciriello"), as Trustee of the Tara Glynn Colburn Trust (the "Trust"), in the

State of New York, County of New York in the sum of $1,486,371.78, due and payable as follows:

            a.      $100,000 shall be wired, no later than September 24, 2004, as follows:

                    MELLON BANK
                    PITTSBURGH, PA
                    ABA# ███████████

                    CREDIT MERRILL LYNCH
                    A/C# ███████
                    FOR FURTHER CREDIT TO:
                    A/C# █████████████████

Mutual Settlement Agreement
Page 9 of 14

      b.    $450,000.00, over and above the previously-mentioned $100,000, shall be wired to the same account no later than December 31, 2004.

      c.    $936,371.78, over and above the previously-mentioned $100,000 and $450,000, shall be wired to the same account no later than August 15, 2005.

      2.    This Confession of Judgment is for a debt justly due or to become due to the Trust, arising out of the following facts:

      a.    Ciriello commenced an action on December 23, 2003 against Amerindo-California in the Supreme Court of the State of New York, County of New York, entitled "Nicholas G. Ciriello, as Trustee of The Tara Glynn Colburn Trust, Plaintiff, against Amerindo Investment Advisors Inc., Defendant," bearing Index No. 604021/03 (the "Action") wherein he claimed that Amerindo-California owed a debt to the Trust as of February 10, 2003 in the amount of $1,271,240.25 (the "Debt").

      b.    Ciriello indicated an intention to bring an action against Amerindo Investment Advisors, Inc. ("Amerindo-Panama") (with Amerindo-California, the "Amerindo Parties") to collect the Debt.

      c.    On September _13_, 2004, before this Confession of Judgment was executed, in order to avoid the expense and inconvenience of litigation and to settle the claim in the Action, as well as all other potential claims arising out of the same nucleus of facts, including but not limited to the claim Ciriello indicated an intent to bring against Amerindo-Panama, the Amerindo Parties and Ciriello (collectively, the "Settling Parties"), entered into a Mutual Settlement Agreement (the "Settlement Agreement"), which is attached hereto as Exhibit 1.

      d.    Pursuant to the Settlement Agreement, Amerindo-California is, with Amerindo-Panama, jointly and severally liable to the Trust in the amount of 1,486,371.78,

Mutual Settlement Agreement
Page 10 of 14

payable to the Trust according to the terms set forth in the Settlement Agreement. This amount, as described in the Settlement Agreement, represents the compromised amount of the Debt together with interest that had accumulated to the date of the Settlement Agreement and that would continue to accumulate until the Debt was fully satisfied.

        c.      Amerindo-California is a corporation organized and existing under the laws of California, with active status as a registered foreign business corporation in New York, with its Principal Executive Office located at 399 Park Avenue, Suite 1800, New York, New York.

    3.      Amerindo-California admits and hereby submits to the jurisdiction of this Court over this matter and over Amerindo-California personally.

    4.      This Confession of Judgment is not for the purpose of securing the Trust against a contingent liability, and is not an installment loan within the prohibition of CPLR 3201.

STATE OF _New York_
COUNTY OF _New York_
DATE _September 13, 2004_

_Alberto W. Vilar_
As an officer of and on behalf of
  Amerindo Investment Advisors Inc.

Sworn to before me this _13_ th
day of September 2004.

Notary Public

DANA E. SMITH
Notary Public, State of New York
No. 31-4838950
Qualified in New York County
Commission Expires April 11, 20——
             _June 27, 2006_

Mutual Settlement Agreement
Page 11 of 14

# EXHIBIT 3

Mutual Settlement Agreement
Page 12 of 14

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

### AFFIDAVIT OF CONFESSION OF JUDGMENT
### BY AMERINDO INVESTMENT ADVISORS, INC.

ALBERTO VILAR, being duly sworn, deposes and says as follows:

1.     I am an officer of Amerindo Investment Advisors, Inc. ("Amerindo-Panama"), a corporation organized and existing under the laws of Panama, with its principal place of business in Panama. I am fully authorized by Amerindo-Panama to make this Confession of Judgment on its behalf. I hereby confess judgment and authorize entry of judgment against Amerindo-Panama, and in favor of Nicholas G. Ciriello ("Ciriello"), as Trustee of The Tara Glynn Colburn Trust (the "Trust"), in the State of New York, County of New York in the sum of $1,486,371.78, due and payable as follows:

         a.     $100,000 shall be wired, no later than September 24, 2004, as follows:

                 MELLON BANK
                 PITTSBURGH, PA
                 ABA# ▮▮▮▮▮▮▮

                 CREDIT MERRILL LYNCH
                 A/C# ▮▮▮▮▮▮
                 FOR FURTHER CREDIT TO:
                 A/C# ▮▮▮▮▮▮▮▮▮▮

         b.     $450,000.00, over and above the previously-mentioned $100,000, shall be wired to the same account no later than December 31, 2004.

         c.     $936,371.78, over and above the previously-mentioned $100,000 and $450,000, shall be wired to the same account no later than August 15, 2005.

Mutual Settlement Agreement
Page 13 of 14

    2.      This Confession of Judgment is for a debt justly due or to become due to the Trust, arising out of the following facts:

          a.      Ciriello commenced an action on December 23, 2003 against Amerindo Investment Advisors Inc. ("Amerindo California") (with Amerindo-Panama, the "Amerindo Parties") in the Supreme Court of the State of New York, County of New York, entitled "Nicholas G. Ciriello, as Trustee of The Tara Glynn Colburn Trust, Plaintiff, against Amerindo Investment Advisors Inc., Defendant," bearing Index No. 604021/03 (the "Action") wherein he claimed that Amerindo-California owed a debt to the Trust as of February 10, 2003, in the amount of $1,271,240.25 (the "Debt"). Amerindo-California asserted that any debt owing to the Trust was owed by Amerindo-Panama.

          b.      Ciriello indicated an intention to bring an action against Amerindo-Panama to collect the Debt.

          c.      On September 13, 2004, before this Confession of Judgment was executed, in order to avoid the expense and inconvenience of litigation and to settle the claim in the Action, as well as all other potential claims arising out of the same nucleus of facts, including but not limited to the claim Ciriello indicated an intent to bring against Amerindo-Panama, the Amerindo Parties and Ciriello (collectively, the "Settling Parties"), entered into a Mutual Settlement Agreement (the "Settlement Agreement"), which is attached hereto as Exhibit 1.

          d.      Pursuant to the Settlement Agreement, Amerindo-Panama is, with Amerindo-California, jointly and severally liable to the Trust in the amount of $1,486,371.78, payable to the Trust according to the terms set forth in the Settlement Agreement. This amount, as described in the Settlement Agreement, represents the compromised amount of the Debt

Mutual Settlement Agreement
Page 14 of 14

together with interest that had accumulated to the date of the Settlement Agreement and that would continue to accumulate until the Debt was fully satisfied.

    3.    Amerindo-Panama hereby admits and submits to the jurisdiction of the Courts of the State of New York over this matter and over Amerindo-Panama personally with respect to the entry and enforcement of the judgment and debt acknowledged hereby.

    4.    This Confession of Judgment is not for the purpose of securing the Trust against a contingent liability, and is not an installment loan within the prohibition of CPLR 3201.

STATE OF _new york_
COUNTY OF _new york_
DATE _September 13, 2004_

Alberto W. Vilar
As an officer of and on behalf of
Amerindo Investment Advisors Inc.

Sworn to before me this 13th
day of September 2004.

Notary Public

DANA E. SMITH
Notary Public, State of New York
No. 31-4838950
Qualified in New York County
Commission Expires April 11, 20——

June 27, 2006