UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-18-14

No. 05-cv-5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of defense counsel's "Letter-Motion to withdraw in favor of pro bono counsel," which apparently conditions her motion to withdraw on the Court's "appointment of *pro bono* counsel." (Doc. No. 475.) Counsel bases her motion to withdraw in part on a "potential conflict that may be influencing [her] legal advice." (*Id.*) However, the Court finds numerous problems with counsel's request.

    First, this type of conditional withdrawal is not proper. If counsel believes she is not able to adequately represent her clients and serve their interests, she cannot extend the withdrawal inquiry beyond the two factors that the Court must consider, *i.e.*, the reasons for withdrawal and the disruptive impact of the withdrawal on the proceedings. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011). Counsel's request would have the Court add a third factor: whether additional counsel can be found to represent her clients. Indeed, counsel makes no argument, and the Court is not aware of any, that her reasons for withdrawal would go away or change in the future should pro bono representation not be found to take her place.

Secondly, the Court sees potentially serious ethical issues with counsel's assertion that she must withdraw based on a "potential conflict that may be influencing [her] legal advice," but that she should be able to continue her representation if pro bono counsel is not found. If counsel does not believe she can adequately represent her clients, based on a conflict or otherwise, the Court does not understand how a lack of replacement counsel would abate that inability.

Finally, while counsel insists that her withdrawal is merely a "preliminary step towards the[] *appointment* of *pro bono counsel*" (Doc. No. 475 (emphasis added)), even if the Court were ultimately inclined to agree that Defendants should have free representation, under the *in forma pauperis* statute, the Court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).

Accordingly, IT IS HEREBY ORDERED THAT defense counsel's request is DENIED without prejudice to renewal.

SO ORDERED.

Dated:     September 18, 2014
           New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE