**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SECURITIES & EXCHANGE COMMISSION,

                              Plaintiff,

                      v

AMERINDO INVESTMENT ADVISORS INC, ET AL.,

                            Defendants,

_____

§
§
§  05 Civ. 5231 (RJS) (DFE)
§
§  ECF CASE
§
§

## RESPONSE TO OBJECTIONS TO THE CLAIM OF THE LOS ANGELES OPERA

                The Los Angeles Opera Company (the "**LA Opera**"), as the beneficiary of the Tara Glynn Colburn Trust (the "**Colburn Trust**"), and Nicholas G. Ciriello as trustee of the Colburn Trust (the "**Colburn Trustee**"), submit this response to the objections (the "**Objections**") filed with respect to the Third Status Report of Ian J. Gazes, Receiver [Docket No. 455] (the "**Receiver's 3rd Status Report**"), the Receiver's Position in Response to Additional Investor Claims [Docket No. 466] (the "**Receiver's Statement of Position**"), and the claim submitted by the Colburn Trustee to Ian J. Gazes as Receiver (the "**Receiver**") on behalf of the LA Opera [Docket No. 466-6] (the "**Claim**"), and respectfully states as follows.

## I.      INTRODUCTION

        1.      Other than the Marcus Objection (discussed and defined below), the Objections reference prior objections, object generally to the distribution procedures addressed in the Receiver's 3rd Status Report and Receiver's Statement of Position, or address claims other than the LA Opera's Claim.  To the extent any of these objections have not already been overruled by

the prior orders of this Court and bear on the LA Opera's Claim, the LA Opera and Colburn Trustee reserve all rights.

2.       The Objection [Docket No. 464] (the "**Marcus Objection**") by Paul Marcus, the Deane J Marcus Trust, the Steven E Marcus Trust, the Cheryl Marcus-Podhaizer Trust and the Eve S. Marcus Children's Trust (the "**Marcus Objectors**") argues that the LA Opera's claim is untimely or should be allowed in a lesser amount than proposed by the Receiver in the Receiver's Statement of Position.  (*See* Marcus Objection, ¶24).    The Marcus Objection is without merit because (a) as noted in the Receiver's Response and the Distribution Motion (each as defined below), and based on diligent inquiry by the LA Opera and the Colburn Trustee, neither the LA Opera nor the Colburn Trustee received notice of the bar date, and (b) the Marcus Objectors' proposed methodology for allowing the LA Opera's Claim is inconsistent with the methodology approved by this Court's May 6, 2014 Order, which the Receiver has used in connection with all other allowed claims.

3.       Accordingly, the LA Opera and Colburn Trustee respectfully submit that the Claim be allowed for purposes of interim distributions in accordance with the Receiver's Statement of Position.

## II.       BACKGROUND

4.       On or about February 20, 2000, Ms. Tara Colburn opened a $1,000,000 Fixed Rate Deposit Account with Amerindo Investment Advisers, Inc. ("**Amerindo**"), which was to be repaid with interest in the total amount of $1,271,240.25 on February 9, 2003.  By letters of November 8, 2002 and February 20, 2003, Amerindo confirmed that this amount was due.  (*See* Exhibits 1 and 2 to the Claim).

5.     When Amerindo did not pay the amount due on February 9, 2013, the Colburn Trustee brought an action against Amerindo which resulted in a settlement agreement in which Amerindo agreed to pay a total of $1,486,371.78 (representing the $1,271,240.25 plus interest since the February 9, 2013 due date) in three distributions.  (*See* Claim Exhibit 3).  Although Amerindo paid the first two distributions totaling $550,000.00, Amerindo failed to make the final distribution owed of $935,371.78.  Accordingly, the Colburn Trustee, on behalf of the LA Opera, submitted the Claim in the amount due of $935,371.78.  The Receiver has requested approval of the Claim in the amount of $721,240.25 (the last known balance of $1,271,240.25 minus the subsequent distributions of $550,000).

6.     After a diligent inquiry, the undersigned counsel has confirmed that to the best of the knowledge of the Colburn Trustee and the LA Opera, neither the Colburn Trustee nor the LA Opera received a proof of claim form, or otherwise received notice of the claims bar date of September 20, 2013.  Moreover, the Receiver stated in the Receiver's Response to Objections to Additional Investor Claims [Docket No. 477] (the "**Receiver's Response**") that "[i]n reviewing the relevant mailing lists, it does not appear that a proof of claim form was sent to the LA Opera prior to the Bar Date."  (*See* Receiver's Response, ¶18).  Similarly, as noted in the February 7, 2014 Receiver's Motion for an Order (A) Fixing Investor Claims and (B) Authorizing Interim Distributions [Docket No. 355] (the "**Distribution Motion**"), the Receiver also noted that the LA Opera may not have received notice of the bar date, the Receiver was attempting to contact the LA Opera, and that the LA Opera should be given an opportunity to file a claim.  (*See* Distribution Motion at ¶10). Following this date (February 2014 – after the bar date), the Receiver contacted the LA Opera, and the LA Opera and Colburn Trustee filed the Claim.

### III.   RESPONSE TO THE MARCUS OBJECTION

7.      The Marcus Objection raises two arguments: (1) that the Claim should be barred by the claims bar date because other parties in interest were aware that the Claim might be filed, and (2) that the Claim inappropriately includes interest on the principal payment through the date of the last statement date.  Neither argument has merit.

8.      First, constitutional due process requires that a claim cannot be barred unless notice of the bar date is provided to the potential claimant.  As noted above, based on the pleadings filed by the Receiver and the investigation of the LA Opera and the Colburn Trustee, neither the LA Opera nor the Colburn Trustee received notice of the bar date.  As the Supreme Court has held, "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  For this reason, in the closely analogous bankruptcy context, courts have consistently held that failure to provide a creditor with personal notice of the claims bar date (through sending the creditor a proof of claim form or otherwise) prevents discharge of a claim.  *See In re Unioil, Inc.*, 948 F.2d 678 (10th Cir. 1991) (failure to give a creditor, who should have been known, formal notice of the deadline for filing claims and objections to confirmation and of the date of the confirmation hearing prevented the claims from being discharged by the confirmation of the chapter 11 plan); *Broomall Indus., Inc. v. Data Design Logic Sys., Inc.*, 786 F.2d 401 (Fed. Cir. 1986) (when debtor fails to inform known creditors of chapter 11 case, due process considerations prevail over chapter 11 discharge).

9.     The Marcus Objectors' argument that this Court's May 6, 2014 order, or this Court's March 11, 2013 order, made other parties aware that the Claim might be filed is simply irrelevant.   Those orders in no way constituted the required notice to the LA Opera and the Colburn Trustee of the claims bar date.   Indeed, the Supreme Court has made clear that publishing the bar date order, and even a creditor's actual knowledge of a bankruptcy proceeding itself, would be insufficient notice to bar a creditor's claim.   *See City of New York v. N.Y., N.H. & H. Ry. Co.*, 344 U.S. 293 (1952) ("But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred.'"); *In re Unioil, Inc.*, 948 F.2d at 684; *Levin v. Maya Constr. Co. (In re Maya Constr. Co.)*, 78 F.3d 1395 (9th Cir. 1996) ("Generally, if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations. The fact that a creditor has actual knowledge that Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice."); *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989) (discharge does not operate to bar claim of creditor who did not receive notice of claims bar date even if creditor knew of pendency of chapter 11 case); *cf. Mullane*, 339 US at 318 ("As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing….Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.").   These same due process concerns apply here.   *Cf. In re Spring Valley Farms*, 863 F.2d at 835 ("The language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act.   The Court's emphasis on notice and opportunity to be heard underlines a due process concern.").   In fact, the orders referenced in the Marcus Objection, which illustrate that the LA Opera and Colburn Trustee

were known creditors entitled to notice (which was not received), support allowance of the LA Opera's Claim.

10.     Moreover, equity favors allowance of the LA Opera's Claim even had the LA Opera or Colburn Trustee received notice (which both the Receiver's representations and the investigation of the LA Opera and Colburn Trustee shows did not occur).  As this Court noted in its May 6, 2014 Order (in the context of determining the appropriate distributions on investor claims), "a court's role is to do equity. In other words, a court should consider the facts of the case and the underlying merits of victims' claims, not technicalities or legal gamesmanship." (See May 6, 2014 Order at p. 18) The Marcus Objectors do not claim – nor could they – that the underlying basis of the LA Opera's Claim is different than the claims of other investors who made investments in Amerindo and whose investments were not returned.  As such, the LA Opera's Claim should be allowed on the same basis as the other investor claimants.[1]

11.     The Marcus Objectors' second argument – that the Claim should not be valued at the last statement amount because that amount includes interest on principal through the date of the last statement – has already been rejected by this Court.  In its May 6, 2014 order, the Court approved valuing claims "at the last account statement amount minus subsequent distributions" (May 6, 2014 Order at p. 4).  Here, the Receiver has done precisely that.  Amerindo's last statement confirmed the account amount of $1,271,240.25, which minus the subsequent distribution of $550,000 results in an allowed Claim of $721,240.25.  Although the Colburn Trustee and the LA Opera filed a Claim that implicitly included interest from the last statement

---

[1]     Indeed, the extent the May 6, 2014 order has any relevance, it demonstrates that there is no prejudice to allowing the Claim since, according to the Marcus Objectors, both they and the Receiver expected the Claim to be filed.  Moreover, as noted in the Distribution Motion, the Receiver was aware of the LA Opera's Claim and placed other claimants on further notice of the Claim.

date through the date of the settlement (*i.e.* the settlement amount of $1,486,371.78 minus the $550,000 in subsequent distributions), the Receiver instead has sought approval only of a Claim in the amount of the last statement, less subsequent distributions.  Accordingly, the Receiver's proposed treatment of LA Opera's Claim is (and should be) the same as all other investor claims. Whether or not the Receiver subsequently seeks interest for all claims from the date of the last statement through May 2005 or beyond is not at issue today, nor would it result in the Claim being treated differently from other claims.

12.     Nor is the Claim receiving any "special treatment" as a result of the Colburn Trustee having brought a lawsuit, as the Marcus Objection incorrectly asserts (*see* ¶31).  To the contrary, the Claim submitted was for the $935,371.78 unpaid settlement amount.  However, the Receiver proposes to treat the Claim as if no lawsuit or settlement had occurred, and instead allow the Claim based only on the last account statement minus distributions subsequently received.  Moreover, no priority is being afforded to the LA Opera's Claim as compared to other investor claims.

13.     Accordingly, the LA Opera and the Colburn Trustee respectfully request that the Marcus Objection be rejected and the Claim be allowed in the amount of $721,240.25 for purposes of interim distributions, as proposed in Receiver's Statement of Position.[2]

Dated:  October 2, 2014                    Respectfully submitted,

                                           LATHAM & WATKINS LLP


                                           By:  /s/ *Christopher Harris*
                                                Christopher Harris

---

[2]     The LA Opera and Colburn Trustee reserve all rights with respect to the allowed amount of the Claim for purposes of final or additional distributions.

885 Third Avenue
New York, New York 10022-4834
Telephone:  212-906-1200
Fax:  212-751-4864
Email: christohper.harris@lw.com

*Attorneys for the Los Angeles Opera
Company*