```
                                          U.S.
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #: _____
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 11/9/10
------------------------------------x

UNITED STATES OF AMERICA            :
                                         ORDER OF FORFEITURE OF
          -v.-                      :    SUBSTITUTE ASSETS

ALBERTO WILLIAM VILAR,              :    S3 05 Cr. 621 (RJS)
     a/k/a "Albert Vilar," and
GARY ALAN TANAKA,                   :

          Defendants.               :

------------------------------------x
```

WHEREAS, on or about August 15, 2006, defendants Alberto William Vilar ("Vilar") and Gary Alan Tanaka ("Tanaka") (collectively referred to as "the defendants"), were charged in a twelve-count Superseding Indictment (the "Indictment") with conspiracy to commit securities fraud, investment adviser fraud, mail fraud, wire fraud and money laundering; securities fraud; investment adviser fraud; mail fraud; wire fraud; and money laundering;

WHEREAS, the Indictment also contained forfeiture allegations pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, which provided notice that, as a result of the defendants' commission of one or more of the investment adviser fraud, securities fraud, mail fraud, wire fraud offenses charged in the Indictment, the United States intended to forfeit all proceeds traceable to the commission of those offenses, and that

1

as a result of the defendants' commission of one or more of the money laundering offenses charged in the Indictment, the United States intended to forfeit all property involved in those offenses and all property traceable to such property;

WHEREAS, the Indictment also contained a substitute assets provision, which provided that if the forfeitable property could not be located or had otherwise been made unavailable, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), the Government intended to seek forfeiture of other property of the defendants;

WHEREAS, on or about November 19, 2008, after a trial by jury, Vilar was convicted on all twelve counts of the Indictment and Tanaka was convicted of Counts One, Three, and Four of the Indictment (conspiracy, securities fraud, and investment adviser fraud);

WHEREAS, on or about October 26, 2009, the Court entered a post-conviction restraining order against the assets identified below as the "Substitute Assets" (the "Post-Conviction Restraining Order");

WHEREAS, on or about February 5, 2010, the defendants were sentenced to terms of imprisonment, as well as forfeiture and restitution, in amounts to be determined by the Court;

WHEREAS, on or about April 7, 2010, the Court entered Orders of Forfeiture against each of the defendants in the amount of $54,351,159 ("the "Money Judgments"); and

WHEREAS, the Government has identified the following assets as property of the defendants:

    a. Any and all assets of the following companies:

        i. Amerindo Investment Advisors Inc.;

        ii. Amerindo Investment Advisors, Inc.;

        iii. Amerindo Investment Advisors (UK) Ltd.;

        iv. Techno Raquia, S.A.;

        v. Amerindo Management Inc.;

        vi. Amerindo Technology Growth Fund Inc.;

        vii. Amerindo Technology Growth Fund II, Inc.;

        viii. Olafson, Inc.;

        ix. Amerindo Master Venture Fund LLC;

    b. J.P. Morgan Chase (f/k/a Bear Stearns & Co., Inc.) brokerage account numbers:

        i. 102-17995, held in the name of Techno Raquia, S.A. (the "Techno Raquia Account");

        ii. 102-01485, held in the name of Amerindo Management Inc., sub-Account M26 (the "M26 Account");

        iii. 102-01490, held in the name of Amerindo Technology Growth Fund Inc. (the "ATGF Account");

        iv. 102-01495, held in the name of Amerindo

          Technology Growth Fund II, Inc. (the "ATGF II Account");

    v. 102-15833, held in the name of Olafson, Inc.;

    vi. 102-05012, held in the name of The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme;

    vii. 102-25590, held in the name of Amerindo Master Venture Fund LLC; and

    viii. 102-25612, held in the name of Amerindo Investment Advisors Inc. Money Purchase Plan and Trust;

c. SG Americas Securities, LLC account number 64524357, held in the name of Amerindo Technologies Growth Fund (the "SG Account");

d. All right, title, and interest of the defendants in the following:

    i. The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme;

    ii. Amerindo Investment Advisors Inc. Money Purchase Plan and Trust;

e. Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.;

f. Approximately $1.6 million in funds on deposit at U.S. Bank for the benefit of Amerindo Technology Growth Fund II, Inc.;

g. Any and all right, title, and interest of Tanaka in one or more apartment units located at 860 United Nations Plaza, New York, New York; and

h. Any and all right, title, and interest of Vilar in 7 High Coombe Place, Warren Cutting, Kingston Upon Thames, Surrey, England; and

      i. Any and all right, title, and interest of Tanaka in approximately 32 race horses, including but not limited to, the horses known as Billy Allen, Debicki, Honimiere, King's Drama, Passager, Philatelist, Pressing, Simonas, Touch of Land, Shaker, Sudan, Gentlewave, Rakti, Epalo, Millkom, Donna Viola, Golden Apples, Gourmet Girl, Lovellon, Passinetti, Pico Central, Snow Polina, Squeak, Sarafan, Polaire, Star Parade, Queen Maud, Fruhlingssturm, Distant Valley, Agata, Riddlesdown, and Don Incuato

(collectively, the "Substitute Assets");

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

    1. All of the defendants' right, title, and interest in the Substitute Assets is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

    2. The Substitute Assets shall be applied towards the Money Judgments entered against the defendants.

    3. The aforementioned Substitute Assets are to be seized pursuant to this Order of Forfeiture of Substitute Assets and are to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control.

    4. All interests held by persons other than the defendants in Items (d)(i) and (d)(ii) above shall be released

from restraint under the Post-Conviction Restraining Order entered by this Court.

     5.    Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendants, claiming interest in the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

     6.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the

petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the assets to be forfeited, which are the subject of this Order of Forfeiture.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk is hereby directed to send four certified copies of this Order to Assistant United States Attorney Amy Lester at the United States Attorney's Office, One St. Andrews Plaza, New York, NY 10007.

Dated: New York, New York
       November 9, 2010

SO ORDERED:

HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE