UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

AMERINDO INVESTMENT ADVISORS INC., *et al.*,

                Defendants.

05 Civ. 5231 (RJS)

ECF CASE

## RECEIVER'S SUPPLEMENTAL POSITION REGARDING INVESTOR CLAIMS OF MARIA DICHOV AND ANNA ACEVEDO

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, submits this supplemental position regarding the investor claims of Maria Dichov and Ana Acevedo, respectfully states as follows:

### RECEIVER'S SUPPLEMENTAL STATEMENT

1.    On or about August 29, 2014 the Receiver filed the Receiver's Position in Response to Additional Investor Claims (the "Receivers Position") [ECF Doc No. 466] regarding the following additional investor claims:

    Claim No. 34 Christina Lohman
    Claim No. 35 Ana R. Acevedo
    Claim No. 36 Jacqueline A. Gaztambide, on behalf of Jacqueline A. Gaztambide, Ana
        R. Acevedo and Annette Acevedo
    Claim No. 37 Maria Dichov
    Claim No. 38 Los Angeles Opera Company
    Claim No. 39 Lily Cates through Anna Gladkoff
    Claim No. 40 David Mainzer

Unless otherwise noted below the Receiver does not alter or supplement the Receivers Position.

**Claim No. 37 Maria Dichov**

2.      Ms. Dichov asserts that she invested $500,000.00 in the Amerindo Guaranteed Hedged Equity Fund ("GHEF") on or about September 2, 1998 and purchased 69,166.54 ATGF shares for the sum of $2,520,000.00 on or about August 17, 2001.  *See* Exhibit "E" attached to the Receivers Position. Ms. Dichov submitted, among other documents, (a) Declaration Under Penalties of Perjury Pursuant to 28 U.S.C. Section 1746, (b) Proof of Claim Form, (c) Amerindo Statement of Account for the period July 20, 2003 through May 31, 2004, (d) Amerindo Investment Advisors, Inc. letter dated June 4, 2004 signed by Renata Tanaka, and (e) Share Certificate No. 227. Based upon the Proof of Claim and accompanying documents Ms. Dichov held $500,000.00 in the Guaranteed Hedged Equity Fund and 48,165.54 shares in Amerindo Technology Growth Fund valued at $1,050,259.23 for an aggregate account balance of $1,567,528.62.

3.      Ms. Dichov was Mr. Vilar's former wife and the acquisition of the ATGF shares represented consideration for Mr. Vilar monetary obligation under a divorce settlement pursuant to the letter dated August 17, 2001 wherein Mr. Vilar states in pertinent part "This is to confirm that I agreed to transfer the sum of $2,520,000 to you as part of the divorce settlement.  You, in turn, used these funds to purchase shares in The Amerindo Technology Growth Fund." In the Receivers Position, the Receiver sought to defer the allowance of the ATGF investment by reason of Ms. Dichov relationship with Mr. Vilar.

4.      In reviewing and determining the allowability of investor claims the Receiver relied upon Amerindo Statements and if possible proof of investment before determining the allowability of an investor claim. With regard to Ms. Dichov's proof of claim, the claimant has submitted proof of a wire transfer payment for the Guaranteed Hedged Equity Fund and

submitted a copy of the share certificate from Amerindo Technology Growth Fund and Amerindo Statement showing the net asset value of the ATGF shares net of redemptions. By reason of the foregoing, the Receiver respectfully submits that Ms. Dichov claim, which pre dates by years the arrest of Mr. Vilar, should be reviewed in the same manner as other similarly situated investor claims and, therefore, should be allowed in the sum of $1,567,528.62.

Claim No. 35 Ana R. Acevedo

5. Ms. Acevedo filed a proof of claim without stating a claim amount. *See* Exhibit "C" to the Receivers Position.  Ms. Acevedo included with her claim (a) copies of cancelled checks in the respective amounts of $100,000 and $60,000, (b) a letter on Amerindo stationary dated October 22, 1991 confirming her $60,000.00 investment in an Amerindo Fixed Rate Deposit Account and the purchase 10,164.19 ATGF shares for $100,000.00, and (c) three Amerindo account statements.  The last of these, dated March 31, 2002, showed balances of: $640,934.75 in the fixed deposit account; $239,800.65 representing 7,665.82 shares of ATGF; and accrued interest of $24,583.80 for a total account balance of $905,319.20.   The Receiver did not object to Ms. Acevedo claim in the Receivers Position.

6. Several questions have been raised as concerns the increase from Ms. Acevedo's initial investment in the GFRDA investment vehicle from $60,000 in 1991 to $640,934.75 in 2002. In evaluating the allowability of the GRFDA claims the Receiver utilized the last statement to reflect the claim amount. In light of the questions raised as concerns the increase in the value of the GFRDA account the Receiver has elected to obtain more information from Ms. Acevedo such as (a) whether there were additional contributions since 1991, (b) whether there were any sales/distributions since 1991, and (c) the annualized interest rates Amerindo guaranteed Ms. Acevedo.

7. By reason of the above the Receiver respectfully requests that for the next interim distribution Ms. Acevedo's claim be allowed in the amounts of $60,000 for the GFRDA account and $100,000 for the ATGF account for a total claim of $160,000 without prejudice to recompute the allowed claim amount once Ms. Acevedo submits additional documents including a Declaration to the Receiver.

## **CONCLUSION**

WHEREFORE, the Receiver requests for interim distribution purposes only, and subject to the Receiver's receipt of investor declarations required under the May 6th Order, that the Court entered an order allowing Ms. Dichov' s claim and Ms. Acevedo's claim in the amounts set forth above and grant such other and further relief as is just and proper.

New York, New York
October 15, 2014

_/s/ Ian J. Gazes_____
Ian J. Gazes, Receiver
Gazes LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000