UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-15-14
```

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS, *et al.*,

                Defendants.

No. 05-cv-5231  (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of an application (the "Application") of the Receiver, Ian J. Gazes (the "Receiver"), dated September 29, 2014, for the entry of an order authorizing and empowering the Receiver to employ Oxis Capital, Inc. ("Oxis Capital") to analyze, market and, if appropriate, sell through StillPoint Capital LLC "("StillPoint") receivership assets, as well as exhibits to the Application consisting of, *inter alia*, the Engagement Letter and Broker Dealer Addendum to Letter Agreement (collectively the "Engagement Letter") attached to the Application as Exhibit "C." (Doc. No. 487.) The Court is also in receipt of a letter from Defendants, dated October 6, 2014, objecting to the Application. (Doc. No. 489.) The Court has considered the Application and supporting documents, as well as the objection, and has concluded that the retention of Oxis Capital and StillPoint is in the best interests of the parties, the investors, and the public.

      Accordingly, IT IS HEREBY ORDERED THAT the Receiver is authorized to employ Oxis and StillPoint pursuant to the terms and conditions set forth in the Engagement Letter and Addendum attached to the Application as Exhibit "C", which is incorporated herein.

IT IS FURTHER ORDERED THAT the Receiver is authorized to pay Oxis Capital the Sum of $10,000 from the Amerindo Technology Growth Fund II account and $5,000 per month commencing thirty (30) days after entry of this Order for a period of six (6) months subject to a cap of $35,000.00 without further order of the Court. The payment of any Success Fee as that term is defined in the Engagement Letter may only be paid upon application to this Court and entry of a further order of this Court.

IT IS FURTHER ORDERED THAT neither the Receiver nor any professionals, entities, or parties retained or employed by the Receiver shall have or incur any liability to any entity/person for any action taken or omitted to be taken in connection with or related to the preparation, implementation, administration or liquidation of receivership assets including public and private securities except for willful misconduct or gross negligence.

IT IS FURTHER ORDERED THAT Oxis and StillPoint and their respective employees are under a continuing obligation to immediately notify in writing the Court, the Securities and Exchange Commission, and the Receiver of any potential conflicts that relate to or concern their employment authorized herein upon discovery thereof.

IT IS FURTHER ORDERED THAT Oxis and StillPoint are directed to turn over all realized funds from the sale or liquidation of receivership assets to the Receiver.

SO ORDERED.
Dated:    October 15, 2014
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2