EXHIBITS to OPPOSITION TO RECEIVER MOTION TO ENJOIN

SOLOMON HARRIS

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 11 of 2011 (ASCJ)**

**IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)**

**AND**

**IN THE MATTER OF AMERINDO INTERNET GROWTH FUND LTD. (IN OFFICIAL LIQUIDATION)**

**SUMMONS**

**LET ALL PARTIES CONCERNED** attend before the Honourable Chief Justice Smellie in Chambers at the Law Courts, George Town, Grand Cayman on the 27th day of *august* 2014 at 9:30 a.m./p.m. upon an application by Ian J. Gazes (the "Applicant") for the following orders:

1. that the appointment of the Applicant by the United States District Court for the Southern District of New York ("US Court") as receiver over the assets of Amerindo Technology Growth Fund II, Inc.("ATGFII") be recognised by the Court for the purposes of permitting the Applicant to receive all funds that are due to be distributed to ATGFII as a result of the liquidation of Amerindo Internet Growth Fund Ltd. (In Official Liquidation) (the "Company") (the "ATGFII Distribution");

2. that David Walker and Ian Stokoe, the joint official liquidators of the Company (the "JOLs"), be authorised and directed to pay the ATGFII Distribution to the Applicant, such funds to thereafter be distributed by the Applicant in accordance with the orders of the US Court;

3. such other orders or directions as the Court deems fit or appropriate.

**DATED** the 1st day of July 2014

*Solomon Harris*

**SOLOMON HARRIS**
**ATTORNEYS-AT-LAW FOR THE APPLICANT**

**TO**:      The Registrar of the Financial Services Division
**AND TO**:  The JOLs, c/o Walkers, 190 Elgin Avenue, George Town, Grand Cayman, KY1-9001, Cayman Islands

**TIME ESTIMATE**: The estimated length of the hearing of this Summons is 1 hour.

00311601-1   00297465-1 **THIS SUMMONS** was **FILED** by **SOLOMON HARRIS** whose address for service is 3rd Floor, FirstCaribbean House, P.O. Box 1990, KY1-1004, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys.

Exhibit 1 - Cayman Summonses

SOLOMON HARRIS

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 11 of 2011 (ASCJ)**

**IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)**

**AND**

**IN THE MATTER OF AMERINDO INTERNET GROWTH FUND LTD. (IN OFFICIAL LIQUIDATION)**

**SUMMONS**

**LET ALL PARTIES CONCERNED** attend before the Honourable Chief Justice Smellie in Chambers at the Law Courts, George Town, Grand Cayman on the 5th ~~27th~~ day of September ~~August~~ 2014 at 9:30 a.m./p.m. upon an application by Ian J. Gazes (the "Applicant") for the following orders:

1.  that the appointment of the Applicant by the United States District Court for the Southern District of New York ("US Court") as receiver over the assets of Amerindo Technology Growth Fund II, Inc.("ATGFII") be recognised by the Court for the purposes of permitting the Applicant to receive all funds that are due to be distributed to ATGFII as a result of the liquidation of Amerindo Internet Growth Fund Ltd. (In Official Liquidation) (the "Company") (the "ATGFII Distribution");

2.  that David Walker and Ian Stokoe, the joint official liquidators of the Company (the "JOLs"), be authorised and directed to pay the ATGFII Distribution to the Applicant, such funds to thereafter be distributed by the Applicant in accordance with the orders of the US Court;

3.  such other orders or directions as the Court deems fit or appropriate.

**DATED** the 1st day of July 2014

*Solomon Harris*

**SOLOMON HARRIS**
**ATTORNEYS-AT-LAW FOR THE APPLICANT**

**TO:**        The Registrar of the Financial Services Division
**AND TO**:   The JOLs, c/o Walkers, 190 Elgin Avenue, George Town, Grand Cayman, KY1-9001, Cayman Islands

**TIME ESTIMATE**: The estimated length of the hearing of this Summons is 1 hour.

00311601-1  00297465-1 **THIS SUMMONS** was **FILED** by **SOLOMON HARRIS** whose address for service is 3rd Floor, FirstCaribbean House, P.O. Box 1990, KY1-1004, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys.

Exhibit 1 - Cayman Summonses

**Vivian Shevitz**

| | |
|---|---|
| **From:** | Sam Dawson <SDawson@solomonharris.com> |
| **Sent:** | Friday, August 08, 2014 4:53 PM |
| **To:** | vivian@shevitzlaw.com |
| **Cc:** | Ian Gazes; David Dinoso; Tom Wright |
| **Subject:** | RE: Amerindo Technology Growth Fund II, Inc |
| **Attachments:** | Letter to Vivian Shevitz from SH (00323848xB0A16).pdf; Summons set for hearing on 5 September 2014 - SEALED (00323805xB0A16).pdf; _Certification_.htm |

Dear Ms Shevitz

Further to my email of yesterday, the hearing date of the Cayman recognition application has been moved from 27 August 2014 to **5 September 2014**.  I attach a letter and amended summons confirming this, hard copies of which are being couriered to you.

If you have any questions please do not hesitate to contact me.

Kind Regards
Sam Dawson

Sam Dawson
Partner
**SOLOMON HARRIS**
Cayman Islands
Telephone: + 1345-949-0488

www.solomonharris.com

**From:** Sam Dawson
**Sent:** Thursday, August 07, 2014 2:46 PM
**To:** 'vivian@shevitzlaw.com'
**Cc:** Ian@bazesllc.com; David Dinoso; Tom Wright
**Subject:** Amerindo Technology Growth Fund II, Inc

Dear Ms Shevitz

Please find attached letter and enclosures.  Hard copy will follow today by courier.

Kind Regards
Sam Dawson


**Sam Dawson**

**Partner**

**SOLOMON HARRIS**
A T T O R N E Y S - A T - L A W

CIBC FirstCaribbean House, 3rd Floor
PO Box 1990
Grand Cayman KY1-1104

Exhibit 1 - Cayman Summonses

Telephone:                          + 1345-949-0488
Facsimile:                          + 1345-949-0364


Web Page:                          www.solomonharris.com
*********************************************************************************************

**CONFIDENTIALITY : This email is only intended for the addressee named above. As this email may contain confidential or privileged information, if you are not the addressee, any disclosure, copying, distribution, or other use of this communication is strictly prohibited. If you have received this email in error please contact us immediately by telephone at 345-949-0488.**

**SECURITY WARNING: Please note that this e-mail has been created in the knowledge that Internet e-mail is not a 100% secure or error-free communications medium. Email messages could be intercepted, corrupted, lost or arrive late.**

**We advise that you understand and observe this lack of security when e-mailing us.**
**VIRUSES: Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free.**

Exhibit 1 - Cayman Summonses



# SOLOMON HARRIS
### ATTORNEYS-AT-LAW

FirstCaribbean House          Tel: 345-949-0488
PO Box 1990                   Fax: 345-949-0364
Grand Cayman  KY1-1104        www.solomonharris.com
Cayman Islands

Writer's Direct Email:
sdawson@solomonharris.com

8 August 2014

Vivian Shevitz                                    **By Email and Courier**
Attorney- at- Law
46 Truesdale Lake Drive
South Salem, New York 10590
United States of America

Dear Madam,

**Re:  In the matter of Amerindo Internet Growth Fund Ltd. (in official liquidation)(the "Company")**

Further to our letter dated 7 August 2014 with enclosures, which was sent to you by email and courier, we hereby advise you that the date of the relevant hearing has been moved from 27 August 2014 to **5 September 2014**. We therefore enclose an amended summons confirming same.

Yours faithfully,

**SOLOMON HARRIS**

Encl.

00323826-1

Exhibit 1 - Cayman Summonses

Affidavit of Ian J. Gazes
Sworn 18 June 2014
Exhibit "IG1"

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 11 of 2011 (ASCJ)

IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)

AND

IN THE MATTER OF AMERINDO INTERNET GROWTH FUND LTD. (IN OFFICIAL LIQUIDATION)



**AFFIDAVIT OF
IAN J. GAZES**



I, **IAN J. GAZES**, of Gazes LLC, 151 Hudson Street, New York, New York 10013, United States of America,
**MAKE OATH AND SAY** as follows:-

1.      I am the Managing Director of Gazes LLC, a New York law firm specializing in the area of
        Bankruptcy Law. I have practiced as an attorney since 1979 and am admitted to practice law in
        the courts of the state of New York, the United States District Courts for the Southern District of
        New York, the Eastern District of New York and the Northern District of California, and the
        United States Courts of Appeal for the Second Circuit. I am also a Panel Trustee for both the
        Eastern and Southern Districts of New York.

2.      I swear this affidavit in support of my summons seeking recognition by the Grand Court of the
        Cayman Islands ("Grand Court") of my appointment by the United States District Court for the
        Southern District of New York ("US Court") as receiver ("Receiver") over the assets of Amerindo
        Technology Growth Fund II, Inc ("ATGFII").   ATGFII is an open-ended investment fund
        incorporated in Panama.

3.      I seek recognition in order that I may take receipt of a distribution due to ATGFII as a
        shareholder of Amerindo Internet Growth Fund Ltd (in official liquidation) (the "Company").

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman
Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

1

**EXHIBIT 2 - Gazes' Cayman Affidavit**

Affidavit of Ian J. Gazes
Sworn    June 2014
Exhibit "IG1"

The Company is a Cayman registered exempt company which is currently being wound up by the Grand Court.

4.      Save where otherwise indicated the facts and matters to which I depose herein I derive from my own personal knowledge as the Receiver or from information supplied to me by others.  To the extent that the matters to which I depose are derived from my personal knowledge they are true, and to the extent that they are derived from information supplied to me, they are true to the best of my knowledge, information and belief.

5.      There is now produced and shown to me marked "**IG1**" a paginated bundle of true copy documents to which I shall refer herein.

**Background to Appointment of Receiver by US Court**

6.      On 1 June 2005, the Securities Exchange Commission (the "SEC") commenced proceedings (the "SEC Proceedings") by way of a complaint (the "SEC Complaint") against Amerindo Investment Advisors Inc ("Amerindo"), Alberto William Vilar ("Vilar") and Gary Alan Tanaka ("Tanaka") in the US Court.  Among the relief sought by the SEC was the following:

6.1     *"A Final Judgment ordering Amerindo, Vilar, and Tanaka to disgorge all ill-gotten gains, plus prejudgment interest that they obtained from their fraudulent conduct"*; and

6.2     *"A Final Judgment ordering Amerindo, Vilar, and Tanaka to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. §  78u(d)(3), and Section 209 of the Advisers Act, 15 U.S.C. § 80b-9"*.

There is now produced and shown to me at pages 1 to 21 of **IG1** a copy of the SEC Complaint.

7.      The full names of the statutes referred to above at paragraph 6.2 are the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Advisers Act of 1940.

00307812-1 **THIS AFFIDAVIT** was **FILED by SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

2

**EXHIBIT 2 - Gazes' Cayman Affidavit**

Affidavit of Ian J. Gazes
Sworn    June 2014
Exhibit "IG1"

8.      The SEC Complaint also sought an order for the appointment of a temporary receiver for Amerindo for the following purposes:

    8.1      *"to preserve the status quo"*;

    8.2      *"to ascertain the financial condition of Amerindo, and the disposition of client funds"*;

    8.3      *"to prevent further dissipation of Amerindo's property and assets, to prevent loss, damage, and injury to clients"*;

    8.4      *"to preserve Amerindo's books, records, and documents"*; and

    8.5      *"to be available to respond to investor inquiries"*.

9.      On 17 November 2005, the SEC amended the SEC Complaint (the "Amended Complaint") to add various entities linked to Vilar and Tanaka as defendants, including ATGFII. Amongst the relief sought in the Amended Complaint were final judgments ordering ATGFII and the other defendants to:

    9.1      *"disgorge all ill-gotten gains, plus prejudgment interest that they obtained from their fraudulent conduct"*; and

    9.2      *"pay civil monetary penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209 of the Advisers Act, 15 U.S.C. § 80b-9"*.

    A copy of the Amended Complaint is now produced and shown to me at pages 22 to 74 of **IG1**.

10.     On 15 August 2006, Messrs Vilar and Tanaka were both charged with *"engaging in a conspiracy to commit securities fraud, investment adviser fraud, mail fraud, wire fraud and money*

00307812-1 THIS AFFIDAVIT was FILED by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn    June 2014
Exhibit "IG1"

*laundering"* in separate criminal proceedings brought in the US Court (the "Criminal Proceedings") by the United States Attorney's Office (the "USAO").

11.   On 19 November 2008, Vilar and Tanaka were both found guilty in the Criminal Proceedings.

12.   On 26 October 2009, the US Court entered a post-conviction restraining order against certain assets of Vilar and Tanaka.  On 5 February 2010, Vilar and Tanaka were sentenced and ordered to forfeit an amount to be determined by the US Court.

13.   In conjunction with the 19 November 2008 indictment, on 7 April 2010, the USAO obtained judgment in the Criminal Proceedings against Vilar and Tanaka each in the amount of US$54,351,159 and orders of forfeiture (the "Forfeiture Orders") against each of them permitting the USAO wide-ranging powers to be used to investigate and locate property of Vilar and Tanaka to be forfeited to satisfy the monetary judgments against them. A copy of the respective Forfeiture Orders are now produced and shown to me at pages 75 to 82 of **IG1**.

14.   On 9 November 2010, the US Court ordered in the Criminal Proceedings that all right, title and interest in certain assets (the "Substitute Assets") be seized and forfeited *"for disposition in accordance with the law"* and applied towards the monetary judgments against both of them (the "Order of Forfeiture of Substitute Assets"). Among the Substitute Assets were:

14.1    Any and all assets of ATGFII;

14.2    Monies held in a J.P. Morgan brokerage account in the United States and held in the name of ATGFII;

14.3    Approximately US$1.6 million in funds on deposit at U.S. Bank for the benefit of ATGFII.

A copy of the Order of Forfeiture of Substitute Assets is now produced and shown to me at pages 83 to 90 of **IG1**.

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

4

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn     June 2014
Exhibit "IG1"

15. By Order dated 17 July 2012, the US Court in the SEC Proceedings directed the parties and interested investors to make submissions regarding the appointment of a receiver for the limited purposes of *"taking steps to value and preserve the assets that have been seized by the government in the related criminal case and beginning the process of determining how much is owed to victims and investors"*.

16. In its Order dated 17 October 2012, the US Court in the SEC Proceedings stated that it was *"in receipt of several letters and responses from the parties, setting forth various objections to the Court's proposed course of action, proposals for potential receivers, and counter-proposals. However, there appears to be broad agreement that some action is necessary to value the assets that are currently being held and to determine what actions must be taken to avoid their dissipation... ...The Court is therefore prepared to appoint Ian Gazes as receiver in this case... empowered only to investigate and determine the value of investor assets that have been seized or frozen pursuant to the forfeiture order in the criminal case, to consider that actions can and should be taken to avoid dissipation of those assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should be empowered to take broader action, such as managing the assets and beginning a claims process for investors"*.

17. On 11 March 2013, my appointment as Receiver was ratified in the Memorandum and Order dated 11 March 2013 in the SEC Proceedings, a copy of which is now produced and shown to me at pages 91 to 107 of **IG1**.

18. As ordered by the US Court, I filed in the SEC Proceedings my initial report (the "Initial Report") on 30 May 2013, the purpose of which was to allow the Court to determine whether I should be granted any powers in addition to those which had already been granted.  In the Initial Report, a copy of which is now produced and shown to me at pages 108 to 120 of **IG1**, I identified a number of assets which had not been explicitly identified in the Order of Forfeiture of Substitute Assets including approximately US$4,000,000.00 held by the JOLs of the Company which was attributable to ATGFII.

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

5

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn      June 2014
Exhibit "IG1"

19.    By order dated 19 June 2013 (the "Distribution Order"), a copy of which is now produced and shown to me at pages 121 to 139 of **IG1**, the US Court authorized me to implement a claims and interim distribution process (the "Claims Process").  The Distribution Order provides:

19.1    For the establishment of a distribution fund, under my sole control, into which all assets subject to the Order of Forfeiture of Substitute Assets (which included all assets of ATGFII) were to be deposited (the "Distribution Fund");

19.2    That all parties asserting claims against the various Amerindo entities including ATGFII ("Claims"), were to submit a prescribed claim form to me as Receiver for adjudication;

19.3    For the setting of a bar date by which all Claims were to be lodged (the "Claims Bar Date"), such bar date to be notified to all known investors and advertised in the Financial Times;

19.4    For the setting of a bar date for the lodging of any objection to a Claim ("Objection"); and

19.5    For the payment of an interim distribution to any Claims which were not subject to an Objection.

20.    By order of the US Court dated 30 July 2013 the Claims Bar Date was stipulated to be 20 September 2013.  By order of the US Court dated 30 September 2013, the final date for any Objection to be lodged was stipulated to be 8 November 2013.

21.    In my Second Status Report, filed on 4 October 2013 and "so ordered" by the US Court on 25 October 2013, I advised the Court that as at close of business on 20 September 2013:

21.1    the total value of assets in the Distribution Fund was approximately US$21,000,000.00, however I noted that there were further assets which I expected to receive into that fund, including approximately US$4,000,000 held by the liquidators of the Company attributable to ATGFII;

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn     June 2014
Exhibit "IG1"

21.2    I had received 30 Claims totaling US$100,208,291.74, however I expected that figure to increase as certain claimants had failed to fully quantify their Claims.

      A copy of my Second Status Report is now produced and shown to me at pages 140 to 144 of **IG1**.

22.    On 16 May 2014, the US Court entered final default judgment in the SEC Complaint against the defendants, including ATGFII. A copy of the final judgment is now produced and shown to me at pages 145 to 152 of **IG1**.

**Background to Application for Recognition**

23.    I am aware that on 11 October 2013 the Joint Official Liquidators ("JOLs") of the Company made an application for sanction to distribute certain surplus assets of the Company to its shareholders (the "Distribution Application"). ATGFII is a shareholder of the Company and I was informed by the JOLs that it is entitled to a distribution of US$3,938,246.81 from the surplus assets of the Company (the "ATGFII Distribution").

24.    I understand that at the hearing of the Distribution Application (the "Distribution Hearing") the Grand Court granted the Distribution Application in part, but was unwilling to order that the ATGFII Distribution be transferred to me as Receiver of ATGFII until such time as my appointment by the US Court had been recognised in the Cayman Islands. The Grand Court indicated that recognition of my appointment should be sought as part of a separate application. There is now produced and shown to me at pages 153 to 155 of **IG1** a copy of a note of the Distribution Hearing before the Grand Court on 17 October 2013 , prepared by the JOLs' Cayman attorneys.

25.    Pursuant to the direction of the Grand Court at the Distribution Hearing I now make application for recognition of my appointment in order that the JOLs may transfer the ATGFII Distribution to me as Receiver of ATGFII.

00307812-1 THIS AFFIDAVIT was FILED by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

7

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn   June 2014
Exhibit "IG1"

**Application for Recognition – "Sufficient Connection"**

26.     I have been advised by my Cayman attorneys, Solomon Harris, that the Grand Court has jurisdiction under the common law to recognize receivers appointed by foreign jurisdictions provided there is evidence of a *"sufficient connection"* between the entity to which the foreign receiver has been appointed, and the jurisdiction in which that receiver has been appointed.

27.     The Amended Complaint and the Second Amended Complaint set out certain information regarding the business activities of ATGFII in the United States of America which I would assert show a *"sufficient connection"* between ATGFII and the United States.   Specifically, the complaints confirm:

27.1    *"Vilar...was a resident of New York, New York...Vilar, together with Tanaka, is or was co-founder, director and/or principal of Amerindo US, Amerindo UK and Amerindo Panama, and various affiliated entities including AMI, Techno Raquia, ATGF and ATGFII."*[1]

27.2    *"Vilar is the President...of ATGFII, and both Vilar and Tanaka are directors of ATGFII."*[2]

27.3    *"According to ATGF offering circulars, ATGF's principal objective was purportedly "growth of capital through concentrated investment, primarily in U.S. publicly traded emerging growth companies that are principally in the fields of electronics and healthcare. ATFGII had similar investment objectives to ATGF."*[3]

27.4    *"Vilar and Tanaka and/or other Amerindo personnel solicited United States residents to purchase shares of ATGF and ATGFII funds."*[4]

27.5    *"ATGFII...solicited individuals and entities in the United States to invest in ATGFII".*[5]

---

[1] Second Amended Complaint, page 5, para 12
[2] Second Amended Complaint, page 7, para 19
[3] Second Amended Complaint, page 19, para 75
[4] Amended Complaint, page 35, para 163
[5] Amended Complaint, page 10, para 21

00307812-1 THIS AFFIDAVIT was FILED by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn    June 2014
Exhibit "IG1"

27.6    *"United States residents, including residents of New Jersey, Pennsylvania, and California invested in ATGF or ATGFII."*[6]

27.7    *"ATGFII is the owner of accounts at Bear Stearns, United States Trust Company of New York, New York ("US Trust"), and Smith Barney ("Smith Barney"), broker-dealers in New York, New York."*[7]

27.8    *"On or about January 21, 2005, ATGFII wired a second payment in the amount of $450,000 to the Trust from its account at the* [New York based] *Broker-Dealer."*[8] The aforementioned *"Trust"* was a trust established for the estate of a deceased investor, resident in Los Angeles.

27.9    *"...Tanaka directed ATGFII to transfer options on Google stock from its brokerage account at the Broker-Dealer to the AMI account."*[9] *"Google stock"* are shares in the company Google Inc which are traded on the NASDAQ stock exchange. The *"Broker-Dealer"* is defined in the Amended Complaint as "a broker-dealer located in New York, New York". The AMI account was an account in the name of Amerindo Management Inc., an entity defined as *"a Panamanian corporation"* and *"the owner of a brokerage account at the Broker-Dealer in New York, New York."*[10]

27.10   *"...Tanaka directed a transfer of 15,000 shares of OSI Pharmaceuticals from the AMI Account to the ATGFII Account on July 21, 2004, and a transfer of 34,100 shares of XM Satellite Radio stock from ATGFII to the AMI Account on the same date".*[11] Shares in both OSI Pharmaceuticals and XM Satellite Radio are traded on NASDAQ. As set out above the *"ATGFII Account"* and the *"AMI Account"* were both accounts at the New York based broker-dealer.

---

[6] Amended Complaint, page 35, para 164
[7] Second Amended Complaint, page 5, para 19
[8] Amended Complaint, page 26, para 108
[9] Amended Complaint, page 36, para 175
[10] Second Amended Complaint, page 7, para 19
[11] Amended Complaint, page 37, para 177

00307812-1 THIS AFFIDAVIT was FILED by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn     June 2014
Exhibit "IG1"

27.11   "...*Tanaka directed ATGF and ATGFII to transfer funds to repay redeeming GFRDA investors and Vilar directed ATGFII to transfer funds for his own personal benefit. In addition, Tanaka authorized ATGF and ATGFII to transfer funds to Amerindo US to, among other things, pay its operating expenses.*"[12]  "*Amerindo US*" is a reference to Amerindo Advisors Inc, a Californian corporation with a principal place of business in San Francisco, California.

27.12   "*JS, a resident of California, invested in ATGF on behalf of family trusts and corporations. JS executed the application form in California and, as designated by the application form, wired the funds from Bank of America to the ATGFII account at Bear Stearns*".[13]

27.13   "*On or about July 29, 1999, RS wired $4 million from PNC Bank to the ATGFII account. On or about July 30, 1999, RS wired an additional $1 million from Hilliard Lyons to the ATGFII account.*"[14] The Second Amended Complaint confirms that RS was a resident of Pennsylvania.  "*PNC Bank*" is based in the United States. Hilliard Lyons is a United States based wealth management company.

28.   In my view the above shows a substantial connection between ATGFII and the United States both in the sense of its seat of management and its business activities.  In summary:

28.1   Vilar, who was resident in the United States, was one of ATGFII's directors and/or principals, and was the person who directed much of the business activity of the Amerindo entities, including ATGFII;

28.2   ATGFII undertook most, if not all, of its business activities, both legitimate and otherwise, in the United States.  Specifically, ATGFII:

28.2.1   Solicited and received investments from United States citizens;

28.2.2   Invested in stock in United States companies, such stock being listed on NASDAQ;

---

[12] Second Amended Complaint, page 4, para 4
[13] Second Amended Complaint, page 29, para 142
[14] Second Amended Complaint, page 30, para 150
00307812-1 **THIS AFFIDAVIT was FILED** by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn      June 2014
Exhibit "IG1"

28.2.3   Operated its investments and business operations through United States based bank and broker-dealer accounts;

28.2.4   Transferred funds from its United States based bank and broker-dealer accounts to Amerindo US, a Californian corporation, to pay operating expenses of Amerindo US; and

28.2.5   Transferred funds from its United States based bank and broker-dealer accounts to Vilar, a United States resident, who used the funds *"for his own personal benefit"[15].*

**Distribution of the ATGFII Distribution**

29.   As is set out in the Initial Report, the First Status Report and the Second Status Report, and as explained in this affidavit, my role and obligation as Receiver of ATGFII is to establish and implement the Claims Process, under the supervision of the US Court, through which all Claims to the Distribution Fund may be adjudicated, and, where such Claims are found to be valid, admitted to receive a distribution from the Distribution Fund.

30.   Although the original order seizing the assets now held in the Distribution Fund was made in the Criminal Proceedings against Vilar and Tanaka, I can confirm that the proceeds of the Distribution Fund will be distributed only amongst those persons whose Claims have been validated through the Claims Process outlined above.

31.   By Motion dated 7 February 2014, and amended by Motion dated 24 February 2014, copies of which are now produced and shown to me at pages 156 to 184 of **IG1** (together, the "Interim Distribution Motion") I sought orders from the US Court fixing the Claims and authorizing an interim distribution to those claimants whose Claims have been allowed. In support of the Interim Distribution Motion, I filed an affidavit and exhibited thereto a schedule of all claims which have been allowed (the "Revised Interim Distribution Schedule"). True copies of my

---

[15] Second Amended Complaint, page 4, para 4

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

Affidavit of Ian J. Gazes
Sworn    June 2014
Exhibit "IG1"

affidavit and the Revised Interim Distribution Schedule are now produced and shown to me at pages 185 to 188 of **IG1**. The Interim Distribution Motion sets out in detail the Claims which have been lodged and the basis upon which competing Claims, including the Claims of investors in ATGFII, have been valued for the purposes of an interim distribution of some of the assets in the Distribution Fund. It will be clear from the Interim Distribution Motion that as a result of the paucity of available information and documentation regarding the operations of the various Amerindo entities, including ATGFII, I have not been able to conclusively reconstruct the various investors' accounts. Instead, I have sought to adopt a valuation methodology for the purposes of an interim distribution which I consider to be the most fair and equitable to all investors in all the circumstances.

32.    On 6 May 2014, the US Court granted the Interim Distribution Motion and the Revised Interim Distribution Schedule. There is now produced and shown to me at pages 189 to 211 of **IG1** a copy of the US Court's Memorandum and Order dated 6 May 2014.

33.    I have commenced the process of making the payment of Claims as detailed in the Interim Distribution Motion.

34.    If this Honorable Court is minded to recognize my appointment as receiver over the assets of ATGFII, the ATFGII distribution will be deposited into the Distribution Fund, and thereafter distributed in accordance with the Claims Process outlined above once I am in a position to apply to the US Court for a further distribution of assets to those persons whose Claims have been allowed.

35.    I therefore respectfully request that this Honourable Court make the following orders and direction:

35.1    That my appointment by the US Court as Receiver of the assets of ATGFII be recognized by this Honorable Court for the purpose of taking receipt of the ATGFII Distribution.

35.2    That the JOLs of the Company be authorised and directed to pay the ATGFII Distribution to me, such assets to thereafter be distributed in accordance with the orders of the US Court.

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3ʳᵈ Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

12

EXHIBIT 2 - Gazes' Cayman Affidavit

SWORN by IAN J. GAZES                    )
at 8:47 p·m                              )
this 18th day of June 2014               )
before me:                              )
                                        )
                                        )
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                     )
NOTARY PUBLIC

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
IAN J. GAZES

DAVID DINOSO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DI6252033
Qualified in Rockland County
My Commission Expires November 28, 2015

00307812-1 **THIS AFFIDAVIT** was **FILED** by **SOLOMON HARRIS** of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, KY1-1104, Cayman Islands, Attorneys-at-law for and on behalf of the Applicant whose address for service is that of its said Attorneys-at-law.

EXHIBIT 2 - Gazes' Cayman Affidavit

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 11 OF 2011 (ASCJ)

IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)

AND

IN THE MATTER OF AMERINDO INTERNET GROWTH FUND LTD. (IN OFFICIAL LIQUIDATION)

---

### NOTE OF HEARING (REDACTED)

### BEFORE THE HONOURABLE CHIEF JUSTICE SMELLIE

### IN CHAMBERS

### ON 17 OCTOBER 2013 AT 10.00 A.M.

---

#### Attendance

Fiona MacAdam (**"FM"**) and Peter Kendall of Walkers, representing the Joint Official Liquidators (the **"JOLs"**) of Amerindo Internet Growth Fund Ltd. (In Official Liquidation) (the **"Fund"**) at the hearing of the JOLs' sanction application made by way of summons dated 11 October 2013 (the **"Summons"**).

David Walker, one of the JOLs.

The hearing began at approximately 10.10am.

#### Application

FM addressed the Honourable Chief Justice Smellie (the **"Chief Justice"**) and made short submissions regarding the JOLs' application seeking sanction of the Grand Court of the Cayman Islands (the **"Cayman Court"**) to distribute certain assets of the Fund to:

1. Ian J.Gazes in his capacity as the US Court-appointed receiver of Amerindo Technology Growth Fund II, Inc. (**"ATGFII"**); █

█████████████████████████████████████████████████████████

#### Proposed distribution to ATGFII

FM explained that the former directors of the Fund (that is, Messrs Vilar and Tanaka) (the **"Former Directors"**) were also directors of ATGFII (a Panamanian company). FM further explained that ATGFII had been specifically named in the complaint filed by the United States Securities & Exchange Commission (the **"SEC"**) in the civil proceedings in the United States against, amongst others, the Former Directors (who were also the subject of criminal proceedings brought by the United States Attorney's Office (the **"USAO"**)) and other entities affiliated with the Fund (together, the **"US Proceedings"**).

Further, due to concerns expressed by the SEC and the USAO, that distributions made from the liquidation estate of the Fund should not be made to associates of the Former Directors, the JOLs agreed with the SEC and USAO that they would adopt the protocol (the **"Protocol"**) that was followed in the

EXHIBIT 3 - Redacted Cayman Court Notes

**153**

Optimum Fund liquidation (that was sanctioned by the Cayman Court in respect of the interim distribution that was paid by the JOLs in November 2011 (the **"Interim Distribution"**)). Prior to making any distribution to shareholders of the Fund, the Protocol required the JOLs to (i) provide notice to the SEC and the USAO of any prospective distribution to give the relevant US governmental departments an opportunity to object and (ii) satisfy themselves that the ultimate beneficiaries of the distribution were not subject to legal action and/or civil or criminal investigations by the SEC and/or USAO relating to the misconduct of the Former Directors.

FM submitted that in respect of the Interim Distribution and in keeping with the Protocol, the Interim Distribution due to ATGFII (in an amount of approximately US$3.9 million) (the **"ATGFII Distribution"**) was held back by the JOLs as the JOLs could not be satisfied as to who the ultimate beneficiaries of ATGFII would be if a distribution had been made.   It was further noted that the JOLs had been unable to make contact with any representatives of ATGFII and had been made aware that the registered office of ATGFII had resigned.

FM explained that in August 2013, the JOLs had been notified by their US counsel, Latham & Watkins, that pursuant to the order dated 17 October 2012, Ian Gazes of Gazes LLC had been appointed by the United States District Court for the Southern District of New York (the **"US Court"**) as the receiver of various entities related to the Fund, including ATGFII (the **"Receiver"**).

FM further explained that following recommendations made by the Receiver, the US Court ordered in June 2013 that all assets of, amongst others, ATGFII should be turned over to the Receiver (the **"Asset Turnover Order"**).   Accordingly, the JOLs (based on advice received from Latham & Watkins) were satisfied that the ATGFII Distribution could be made to the Receiver (on behalf of ATGFII).

The Chief Justice enquired on what basis the assets of the Fund were to be turned over to the Receiver as he could not see where the ATGFII Distribution was referred to in the Asset Turnover Order.

FM referred the Chief Justice to the terms of the Order of Forfeiture of Substitute Assets dated 9 November 2010 (the **"Forfeiture Order"**) pursuant to which the US Court had ordered that certain assets were to be seized and forfeited (including all assets of ATGFII) and that the assets of ATGFII were included within the definition of "Substitute Assets".

FM further referred the Chief Justice to the Asset Turnover Order (exhibited to David Walker's Fourth Affidavit).   Pursuant to the terms of the Asset Turnover Order, the US Court had ordered, amongst other things, that all cash and other assets held in any additional accounts not explicitly identified in but nevertheless subject to the Forfeiture Order should be turned over to the Receiver for deposit into appropriate distribution accounts.

FM also confirmed that at paragraph 7 of the Receiver's Report, the Receiver refers to those assets as forfeited as consisting of all of the Former Directors' right, title and interest in the assets of, amongst others, ATGFII.

The Chief Justice noted that there were no bankruptcy proceedings on foot in the US and queried why the JOLs should be handing over the ATGFII Distribution to the Receiver who had been appointed by the US Court in criminal proceedings when the Fund is in a Cayman liquidation.

In summary, FM confirmed to the Chief Justice that:

(i)     The JOLs had been advised by their United States legal counsel, Latham & Watkins, that they had received correspondence confirming that the Receiver had been validly appointed to act as the receiver of various entities related to the Fund (including ATGF II) by the US Court on 17 October 2012;

(ii)    Following his appointment, the Receiver had commenced an investigation into the affairs of the Fund and its affiliated entities and had identified that there were funds being held by the JOLs which were subject to the Forfeiture Order and the Asset Turnover Order;

## EXHIBIT 3 - Redacted Cayman Court Notes

6431055.2 P141.54398

**154**

(iii)     Following advice received from Latham & Watkins, the JOLs were satisfied that the Receiver was entitled to receive the sum of $3,938,246.81 on behalf of ATGFII in respect of the ATGFII Distribution; and

(iv)     Subject to the Cayman Court's approval, the JOLs proposed to make the ATGFII Distribution in accordance with the Protocol.  FM reiterated that the crux of the Protocol was that prior to distributing assets to the Fund's shareholders, the JOLs needed to be satisfied that such shareholders and/or ultimate beneficiaries are not persons or entities associated with the Former Directors (who are named defendants in the United States Proceedings).

The Chief Justice confirmed that he was aware of the background to the Summons but that he had one concern which, although not fundamental, needed to be addressed before he was willing to sanction the proposed ATGFII Distribution.

Whilst the Chief Justice accepted that there were assets to be distributed to the shareholders of the Fund, he queried how a Cayman Islands' liquidator could be directed to pay funds over to a receiver appointed by the US Court in criminal proceedings when the Receiver had not been formally recognised by the Cayman Islands' Court. In the Chief Justice's view, the evidence before the Cayman Court was insufficient to establish that the Receiver was entitled to collect in the ATGF II Distribution.

In light of this issue, the Chief Justice went on to say that the Receiver should make an application to the Cayman Court seeking recognition of his appointment prior to the JOLs being authorised to transfer the ATGFII Distribution to the Receiver. The Chief Justice added that he envisaged that such an application would be a formality and indicated that the application would be based upon common law principles in accordance with the decision in *Canadian Arab Financial Corporation (trading as Kilderkin Investments Grand Cayman) and Kilderkin Investments Limited v Player* [1984-85 CILR 63] The Chief Justice also suggested that Part XVII of the Companies Law (2013 Revision) might be of assistance.



The Chief Justice also indicated that when making an application for recognition in the Cayman Islands, he would expect the Receiver to provide undertakings confirming that the ATGFII Distribution would be paid out in accordance with the directions of the Cayman Court (that is, not to the Former Directors or associates of the Former Directors).

FM took instructions from Mr Walker and confirmed to the Chief Justice that the JOLs were minded to liaise with the Receiver to request that he makes an application for recognition in the Cayman Islands.

The hearing ended at approximately 10.25am

**Walkers**

**17 October 2013**

## EXHIBIT 3 - Redacted Cayman Court Notes

6431055.2 P141.54398

**155**

**Vivian Shevitz**

---

**From:**      Vivian Shevitz <vivian@shevitzlaw.com>
**Sent:**      Saturday, October 18, 2014 11:49 AM
**To:**        vivian@shevitzlaw.com
**Subject:**   Sharon Levin Cayman communication 2011

---

**From:** Levin, Sharon (USANYS) [mailto:Sharon.Levin@usdoj.gov]
**Sent:** Thursday, March 10, 2011 5:24 PM
**To:** scwolfe@hpplegal.com
**Cc:** ndershowitz@lawdea.com; vivian@shevitzlaw.com; Naftalis, Benjamin (USANYS)
**Subject:** Re:

Susan --

We did not provide the defendants with notice because we are not seeking to forfeit the account. Rather we are requesting that the Court vacate the restraining order and release the account. The account was never subject to the Order of Forfeiture of Substitute Assets. While we are simply seeking to release the restraint on the account, my understanding is that the account is subject to the Liquidation Proceeding in the Cayman Islands. In the stipulation, the Liquidator agrees to give the Government notice prior to distribution of the funds in the account. I am out of the office right now, but when I get back next week I can see if I can find out the balance in the account.  Feel free to call me with any other questions.

- Sharon

---

**From:** Susan C Wolfe [mailto:scwolfe@hpplegal.com]
**Sent:** Thursday, March 10, 2011 04:06 PM
**To:** Levin, Sharon (USANYS)
**Cc:** Nathan Z. Dershowitz <ndershowitz@lawdea.com>; vivian@shevitzlaw.com <vivian@shevitzlaw.com>
**Subject:**

Dear Sharon,

We have been looking at the Cayman Amerindo stipulation with some consternation, wondering primarily why we did not get notice of the matter.
Could you let us know what the amount involved is; whether the account is specified in the restraining order ( the stip says that the account is not a substitute asset); and why defendants are not parties to the proceedings? Since appellate counsel were not involved in any trial court proceedings on this, could you tell us if the trustee/receiver has succeeded the defendants in interest in some way, and how/when that happened?
Thank you,
Susan Wolfe

EXHIBIT 4 - Sharon Levin 2011 Cayman property email