**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**AMERINDO INVESTMENT ADVISORS INC.,** *et al.,*

**Defendants.**

---

**05 Civ. 5231 (RJS)**

**ECF CASE**

**RECEIVER'S MOTION FOR AN ORDER**
**AUTHORIZING AND DIRECTING A SECOND INTERIM DISTRIBUTION**

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case,

submits this motion for an order of the Court authorizing and directing the Receiver to remit a

second interim distribution on account of allowed investor claims (the "Second Distribution

Motion"), and respectfully states as follows:

### I.  BACKGROUND

1.     On February 24, 2014, the Receiver filed his amended motion for an order of the

Court fixing investor claims and authorizing the Receiver to make a first interim distribution on

account of allowed investor claims (the "First Distribution Motion") [ECF Doc No. 370].

Among other things, the First Distribution Motion recommended that the Court adopt the

Receiver's proposed Pooling Method of Net Contribution Amounts ("NCA") for valuing

investor claims and set forth a proposed first interim distribution based on this methodology.[1]

---

[1] To briefly recap, the NCA method values GFRDA-based investor claims based on the account balance reflected in
the last available statement with no amount allowed for any interest accruing after the statement date.   ATGF-based
investor claims are valued by either (a) the amount of an investor's contributions to the ATGF fund, less any
subsequent redemptions and /or distributions; or (b) if the amount of an investor's initial contributions could not be

2.     Pursuant to a Memorandum and Order dated May 6, 2014, the Court adopted the NCA method along with the Receiver's proposed first interim distribution (the "First Interim Distribution) [2] [ECF Doc No. 432].

3.     Between May 30, 2014 and June 18, 2014, the Receiver completed the First Interim Distribution by disbursing the aggregate amount of $18,718,060.86.[3] Following the First Interim Distribution, the aggregate unpaid balance of allowed investor claims was $30,952,721.91, or 62% of the aggregate allowed claims.

4.     On July 29, 2014, the Receiver filed his Third Status Report wherein the Receiver, among other things, advised the Court of seven (7) additional investor claims (the "Additional Claims") that were not included in the First Interim Distribution [ECF Doc No. 455].

5.     On August 29, 2014, the Receiver filed his position in response to the Additional Claims [ECF Doc. No. 466].  In addition to the Receiver's position, (a) Alfried Heitkonig, (b) Paul Marcus, the Deane J. Marcus Trust, the Steven E. Marcus Trust, the Cheryl Marcus-Podhaizer Trust, and the Eve S. Marcus Children's Trust, (c) Lisa Mayer and Debra Mayer, and (d) the Defendants each filed their own objections to the Additional Claims [ECF Doc. Nos. 463, 464, 467, and 468].  Thereafter, the Receiver filed his response to these objections and a supplemental position regarding the Additional Claims of Maria Dichov and Ana Acevedo [ECF Doc. Nos. 477 and 493].

---

verified, the ATGF statement balance reflected on the last available statement less any subsequent redemptions/distributions.  Finally, investor claims based on other investment types are valued as the sum of contributions, less any subsequent distributions and/or redemptions, and using the initial contribution amount as a starting point or the last available statement when initial contribution amounts could not be verified.

[2] Though the Court found that the NCA method was appropriate for interim distribution purposes, the Court noted that, in the event that all allowed investor claims were eventually paid in full, it would consider different methods for the distribution of surplus funds.

[3] Pursuant to the Receiver's memo endorsed letter dated June 9, 2014, the Receiver modified the Mayer's interim distribution by remitting an additional payment of $1,163,911.95 [ECF Doc No. 443].

6.      By Order dated October 16, 2014, the Court fixed the allowed amount of the

Additional Claims as follows:

| Additional Claimant | Allowed Claim Amount |
|---|---|
| Christina Lohmann | $0.00 |
| Ana Acevedo | $160,000.00 |
| Jacqueline A. Gaztambide, Ana R. Acevedo, and Annette Acevedo | $65,000.00 |
| LA Opera | $1,567,528.62 |
| Anna Gladkoff | $721,240.25 |
| David Mainzer | $0.00 |

## II.  PROPOSED SECOND INTERIM DISTRIBUTION

7.      Following remittance of the First Interim Distribution in the aggregate amount of

$18,718,060.86, the cash balance in the receivership distribution account was $2,757,066.95.  As

of September 30, 2014, the cash balance in the receivership distribution account was

$16,942,215.20, which amount reflects liquidation proceeds realized, less allowed administration

costs of $155,972.46, since the First Interim Distribution

8.      Based on the current cash balance in the distribution account, the Receiver

proposes a second interim distribution to holders of allowed investor claims in the aggregate

amount of $13,300,562.64.  If approved, all holders of allowed investor claims will have been

paid 61% of the total amount of their respective allowed claim amounts following remittance of

the second interim distribution.  A summary of allowed investor claims, distributions made to

date, and proposed second interim distribution amounts are attached hereto as Exhibit "A."

**WHEREFORE**, the Receiver respectfully requests that the Court enter an Order

authorizing the Receiver to make a second interim distribution as set forth on Exhibit "A", and

grant such other and further relief as to the Court deems just and proper.

Dated: New York, New York
      October 31, 2014                      _/s/ Ian J. Gazes_____
                                         Ian J. Gazes, Receiver
                                         Gazes LLC
                                         151 Hudson Street
                                         New York, New York 10013
                                         (212) 765-9000