UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                    v.<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>                              Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

**REPLY TO DEFENDANTS' OBJECTION TO RECEIVER'S MOTION FOR AN ORDER (A) CLARIFYING THE DESIGNATION OF RECEIVERSHIP ASSETS; AND (B) ENJOINING THE DEFENDANTS AND THEIR REPRESENTATIVES FROM INTERFERING WITH THE COURT'S JURISDICTION OVER THE RECEIVERSHIP ASSETS, INCLUDING IN THE PROCEEDING KNOWN AS "AMERINDO INTERNET GROWTH FUND LTD. (IN OFFICIAL LIQUIDATION)"**

TO:    THE HONORABLE RICHARD J. SULLIVAN
       UNITED STATES DISTRICT JUDGE

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, submits this reply to the Defendants' objection to the Receiver's motion (the "Motion") for entry of an order: (a) clarifying that the receivership assets (collectively, the "Receivership Assets") are the assets identified in the Order of Forfeiture of Substitute Assets; and (b) enjoining the Defendants and their representatives, including counsel to the Defendants, from interfering with this Court's jurisdiction over the Receivership Assets, including, without limitation, the Receiver's recovery of the Receivership Asset in the action entitled  "Amerindo Internet Growth Fund Ltd. (in Official Liquidation)" (the "Cayman Proceeding") for the benefit of Amerindo investors, without first seeking leave of this Court, and respectfully states as follows:

**RECEIVER'S RESPONSE**

1.      The Defendants' latest objection offers little more than incorrect assumptions and straw man arguments predicated on mischaracterizing the relief sought by the Receiver and, once again, constitutes little more than an attempt to interfere with the Receiver's ability to marshal and return assets to the Amerindo investors.

2.      As a preliminary matter, much of the Defendants' argument appears predicated on the incorrect assumption that the Dividend[1] "has never been subject to a substitute asset order in this Court[.]"  Opposition at 3 (emphasis in original).  This is simply incorrect.  While the Amerindo Internet Growth Fund ("AIGF") is not a Receivership Asset, the Receiver has not sought to include the entire AIGF fund in the Receivership estate; instead, the Receiver has appeared in the Cayman Proceeding for the express purpose of recovering receivership property in the form of the Dividend payable from AIGF to ATGF II, an entity that is clearly part of the Receivership.  The Defendants, however, have sought to interfere with the Receiver's attempt to recover this asset for investors.

3.      The Defendants first argument - that the Receiver's request for injunctive relief implicates due process concerns - misses the mark.  To the extent that any of the Defendants might have cause to appear in the Cayman Proceeding, the Receiver does not seek to abridge that right.  Here, however, the Defendants filed a letter to the Cayman liquidator (the "Cayman Letter") that misrepresented key facts and, ultimately, sought to interfere with the Receiver's ability to obtain the Dividend – a Receivership Asset – for the benefit of Amerindo investors.  Defendants' submission of the Cayman Letter is, in fact, little different than their previous deliberate attempts to interfere with the Receiver's instructions for the sale of certain securities

---

[1] All terms not defined herein shall have their respective meanings set forth in the Receiver's October 13, 2014 Motion.

2

held as Receivership Assets.[2]  (The only difference here is that the summons issued in the Cayman Proceeding provided the Defendants with a pretext for their interference.)

4. While the Cayman Letter was the impetus for the Receiver's request for injunctive relief at this time, it was not the sole factual basis for that request.  Nor is the Receiver's request limited to the Cayman Proceeding.  Rather, the request is predicated on a pattern of interference by the Defendants with the Receiver's administration of the Receivership Assets throughout the pendency of the Receivership.  The Defendants fail to point to any supporting law that would deny the Court's inherent authority "to issue orders preventing interference with its administration of the receivership property." *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985).  Here, the Defendants have repeatedly attempted to interfere with the Receiver's and the Court's jurisdiction over Receivership Assets.  To the extent the Defendants wish to argue that they are entitled to the Dividend, they may raise any such argument before this Court.

5. The Defendants next incorrectly assert that the Receiver seeks modification of various Orders that are the subject of the Defendants' pending appeal in the Second Circuit.  On the contrary, as is clear from the Motion, the Receiver is not requesting an amendment or modification of an existing Order, but instead only clarification as an aid to enforcing the provisions of the existing receivership Orders.  While the Order that defined the scope of Receivership Assets referenced the Order of Forfeiture of Substitute Assets (attached to the Motion as Exhibit B), the Receiver respectfully asserts that such reference was merely

---

[2]  In fact, on at least two prior occasions, counsel to the Defendants instructed counsel to J.P. Morgan to direct its client not to honor the Receiver's instructions regarding securities held in the receivership accounts. *See* Exhibit "A" hereto.

definitional and that the Second Circuit's subsequent rulings in the parallel criminal action (05 Cr. 621 (RJS)) did not, in any way, modify the scope of the Receivership Assets.

6.  Specifically, the Receiver seeks clarification that the Receivership Assets include all of the assets listed in the Forfeiture Order wherever held, and are to be broadly defined to include, without limitation, cash or its equivalent, securities, bonds, depository accounts, claims, causes of action, accounts, escheated assets, dividends, etc. wherever held. The Receiver's request is intended to provide entities holding Receivership Assets authority to release those assets to the Receiver. For example, the Receiver has previously demanded that SG America, which holds securities in a Receivership Asset account, turn over the securities in the account.[3] Given the Defendants' activities in this case, SG America has indicated to the Receiver that it is concerned that because the account includes securities – rather than cash - a release of the securities will result in litigation with the Defendants. Accordingly, the Receiver respectfully requests that the Court enter the proposed Order to clarify that the Receivership Assets include all of the assets of the Companies (in whatever form held).

WHEREFORE, the Receiver respectfully requests the Court grant the relief requested in the Motion and such other, further and different relief this Court deems just and proper.

Dated: New York, New York  
      October 31, 2014

Respectfully Submitted,

Gazes LLC

By: /s/ Ian J. Gazes  
Ian J. Gazes  
151 Hudson Street  
New York, New York 10013  
(212) 765-9000

---

[3] It appears that the Defendants somehow believe the SG America account is connected with the Cayman Proceeding. It is not.

# EXHIBIT A

**Ian Gazes**

| | |
|---|---|
| **From:** | Vivian Shevitz <vivian@shevitzlaw.com> |
| **Sent:** | Friday, June 28, 2013 11:34 AM |
| **To:** | aweiss@llf-law.com; Adam D. Weiss |
| **Cc:** | vivian@shevitzlaw.com; 'Jane Simkin Smith'; Ian Gazes |
| **Subject:** | JP Morgan / Amerindo |
| **Attachments:** | Mandamus + Appendix June 28 2013.pdf |

Andrea and Adam:

Please be advised that the attached document has just been filed by me in the Second Circuit, and served on Judge Sullivan and Ian Gazes, concerning case in which we seek a Writ of Mandamus.

As signatories on the accounts maintained by your clients, we direct your client to NOT sell securities without consulting with Mr. Tanaka and Mr. Vilar.


Vivian Shevitz
Attorney at Law *
401 Cumberland Ave. – Apt. 609
Portland, Maine 04101
207-899-2502
914-763-2122 (cell)
Fax: 888-859-0158
Vivian@shevitzlaw.com

   *Admitted in New York; United States Supreme Court; United
   States Courts Of Appeals for the First, Second, Third, Seventh, and
   Ninth Circuits; United States District Courts for the Southern District
   Of New York and the Eastern District of New York.

```
   ))((
  ( ' > ' )
 ~~(   )~~
    ^ ^
```

1

**Ian Gazes**

| | |
|---|---|
| From: | Vivian Shevitz <vivian@shevitzlaw.com> |
| Sent: | Thursday, November 14, 2013 5:15 PM |
| To: | Ian Gazes; aweiss@llf-law.com; Adam D. Weiss; 'Jacobson, Neal'; salzbergm@sec.gov |
| Cc: | rvanvoris@bloomberg.net; Randy Wyrick; norman@normanlebrecht.com; 'Naftalis, Benjamin (USANYS)'; Sharon.Levin@usdoj.gov; justin.anderson@usdoj.gov; 'David C. Burger'; 'Jane Simkin Smith'; Jane Fisher-Byrialsen; vivian@shevitzlaw.com |
| Subject: | Amerindo Panama and the "related" SEC "civil" case .... |

Ian Gazes filed something today showing there was a sale of assets (shares of Sirius) out of the Amerindo Panama accounts held as "substitute assets". This is the first information we are receiving about this (or about anything Mr. Gazes is doing).

Please inform us when you sold securities held within the "substitute assets".

We believe it in violation of the stay issued by the Court of Appeals. JP Morgan should reverse the trade and any other trade of Amerindo Panama-held securities as it violates the restraining order and the stay.

I am asking again for *all* back-up and other information concerning Amerindo Panama claims and assets, as well as all account statements – current ones and past – from JP Morgan.

You have no reason to withhold it.   We object to this violation of defendants' rights.
(Why are you afraid to give us information?)

Vivian Shevitz
Attorney at Law *
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122 (office and cell)
Fax: 888-859-0158
Vivian@shevitzlaw.com

*Admitted in New York; United States Supreme Court; United
States Courts Of Appeals for the First, Second, Third, Ninth, and
Eleventh Circuits; United States District Courts for the Southern District
Of New York and the Eastern District of New York.

))((

1