UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
SECURITIES and EXCHANGE              :
COMMISSION,                                       :         No. 05 Civ. 5231 (RJS)
                                                              :
             Plaintiff,                   :         Opposition to Receiver
                                                              :         Application For Order
    --against--                                 :         Authorizing
                                                              :         Second Distribution
AMERINDO INVESTMENT ADVISORS :
INC., et al.,                                           ;
                                                              :
             Defendants.            :
-------------------------------------------------X

VIVIAN SHEVITZ, ESQ., under penalty of perjury hereby declares:

1. This declaration is submitted in opposition to the Receiver's motion (DOC 499) for an order authorizing a second interim distribution.

2. Defendants have objected to the amounts accepted by the receiver as well as his methodology. Issues about the amounts accepted by the receiver, therefore, are under appeal.

3. Defendants renew and reiterate their objections. Specifically they object to a flawed and unconventional-by-securities-industry-standards methodology – adopted by Mr. Gazes (DOC 370, 2-24-14) without any adversarial discussion, to satisfy the SEC's (private) objections to the methodology he had just recommended in an official court filing (DOC 355, 2-8-14) – that now includes these arbitrary determinations:

   1. Paying back the GFRDA clients at inflated backdated interest rates-in a historically low interest rate environment though their investments carried agreed to per annum rates;

   2. Paying premiums of up to 300-500% to ATGF fund holders by assigning different NAVs for different investors (based

1

        on their initial investment cost (some invested at the height of the tech bubble)) in the same fund, which has (and had) one NAV as of the closing in 2005;[1]

3. Paying already redeemed former clients such as Jim Charles, Sweetland, Anna Gladkoff (a U.S. Mutual fund investor whose account went to Munder);

4. Not paying former clients whose names were presented to the receiver and the court several times over the past several years (despite a listing of clients submitted by and agreed to during proceedings before Judge Swain), and declining to pay them what they are owed (*e.g*., Ana Acevedo who according to her account (a debt acknowledged by defendants) is owed $905 thousand, but is being paid $160,000 (unless the receiver is later convinced she should be paid what she is due) under an arbitrary method of valuing the claim -- by avoiding use of Amerindo business records and playing favorites; and a couple in the Ukraine with a $15,000 account, who were not sent a claim form or contacted though they are in the government records;

5. Paying the Jordan Family in an arbitrary, incomprehensible fashion for a non-ATGF/ non-GFRDA account portfolio, such that the balance ballooned some 300% from the first and second receivership method of valuing claims, to over $3 million after originally valuing the claim (DOC 355) at $828,766.10.

4. Defendants also question the receiver's footnoted revelation on the Chart (Doc 499-1) accompanying the motion. He stated that "JP Morgan inadvertently paid the distribution amount in British Pounds in an amount equal to $60,997.00 rather than the allowed distribution amount of $35,655.93."

5. How did this happen? Apparently it was paid in that way to QCCI Nominees, an offshore entity, whose suggestion to Mr. Gazes that he adopt an inflated NAV was accepted by the receiver as described in the (first) motion for a payout, on

---

[1] For example, the Salvitti claims was more than tripled from $1,905,192 (DOC 355 p.8) to $6 million (DOCS 370, 499-1) using this flawed "logic."

2

February 4, 2014. Especially since other investors had protested Mr. Gazes repatriating their offshore funds, there should be an inquiry. Is JP Morgan acting on its own and making errors?

6. Additionally and specifically defendants renew an objection to the claim allowed as to Anna Gladkoff, Lily Cates' mother; Cates and her lawyer Swanson claim made an investment in an entity as to which the receiver holds funds that should be used for these purposes, and the receiver accepted it.

7. Defendants previously showed that the investment was made in a B2B Mutual fund, that it was a U.S. fund that merged into a U.S. fund -- and that that fund was among the property taken from defendants as an incident of the SEC removing them from their business and in June 2005 transferred to Munder Capital. (see DOC 471, 9/9/14). Defendants explained that the Gladokff claim pertains to the same fund of claimant Lohann, which the receiver rejected.

8. The receiver nonetheless accepted the Gladkoff claim based on "arguments" by her counsel Swanson that the claim is not against the Munder fund, which Ms. Cates theoretically knew nothing about.

9. Since that time I have come upon documents filed by Lily Cates in her state civil case – a case begun in 2007 against a number of Amerindo entities including The Amerindo Technology Fund. (Index 106670). On October 25, 2007, Cates (by her attorney, not Mr. Swanson) executed a stipulation of discontinuance as against the Amerindo Technology Fund, indicating that the fund is "now known as the Munder Internet Fund, a series of the Munder Series Trust"). A copy of that stipulation of discontinuance is attached as Exhibit 1.

3

10. This document demonstrates that Cates and her counsel understood that the mutual fund investment was with the U.S. firm, or at least understood it when they sued the Technology Fund and found out that Munder responded.

11. No one knows what happened to Gladkoff's funds because she is deceased. Paying her out of the Amerindo Panama funds on this record, is improper.

12. The Court should not allow a distribution that may diminish any lawful recovery by the defendants or by others whose claims were wrongfully diminished through the receiver's flawed methodology.

Dated: November 3, 2014                _____/s/_____
                                        Vivian Shevitz

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

LILY CATES,       Index No. 106670/07

      Plaintiff,

  -against-

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS (UK) LIMITED,
AMERINDO INVESTMENT ADVISORS
(CAYMAN) LIMITED, AMERINDO MANAGEMENT
INC. AMERINDO TECHNOLOGY GROWTH FUND I,   **STIPULATION OF**
INC., AMERINDO TECHNOLOGY GROWTH FUND II,   **DISCONTINUANCE**
INC., THE AMERINDO TECHNOLOGY FUND
TECHNO RAQUIA, S.A.,
AMERINDO SBIC VENTURE FUND LP
RHODES CAPITAL GROUP LTD.
STAR BASE CORPORATION
ALBERTO VILAR, and
GARY ALAN TANAKA, and
RENATA TANAKA.

      Defendants.

------------------------------------------------------------X

    IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Lily Cates ("Plaintiff") and Defendant The Amerindo Technology Fund (now known as the Munder Internet Fund, a series of the Munder Series Trust) ("Defendant") by their undersigned attorneys that:

1)    The above captioned action as against the Defendant The Amerindo Technology Fund only shall be and is hereby dismissed without prejudice and without costs to any party herein.

778188

EXHIBIT 1 - Cates' Discontinuance Against Munder

2) Service of process upon Defendant of the Amended and Supplemental Summons and Amended Complaint in this action was properly effected on September 5, 2007 when Defendant received and agreed to accept service of the Supplemental and Amended Summons and Amended Complaint. Defendant waives all defenses to personal jurisdiction based on service of process in this action.

3) Should Plaintiff restore the claims against Defendant in accordance with the terms of the Tolling Agreement, Defendant's acknowledgement, acceptance of, and agreement with respect to proper service of process upon it, and Defendant's waiver of certain jurisdictional defenses, as described hereinabove, shall not be disturbed, and the Supplemental and Amended Summons and Amended Complaint need not be re-served at that time.

Dated: October 25, 2007

_____
William K. Dodds, Esq.
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112-2200
Tel: (212) 698-3500
Fax: (212) 698-3599
*Attorneys for Defendant
The Amerindo Technology Fund
now known as the Munder
Internet Fund, a series of the
Munder Series Trust*

_____
Jenni Spiritis, Esq.
ROSEN GREENBERG LLP
40 Wall Street, 32nd Floor
New York, NY 10005
Tel: (212) 530-4835
Fax: (212) 530-4815
*Attorneys for Plaintiff Lily Cates*

So ordered:

_____
J.S.C.

778188

EXHIBIT 1 - Cates' Discontinuance Against Munder