UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

                Defendants.



No. 05-cv-5231 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a motion submitted by the Receiver, Ian J. Gazes (the "Receiver"), dated October 6, 2014, requesting that the Court enter an order (A) clarifying the designation of Receivership Assets, and (B) enjoining Defendants and their representatives from interfering with the Court's jurisdiction over the Receivership Assets, including in the proceeding known as "Amerindo Internet Growth Fund Ltd. (In Official Liquidation)" (the "Cayman Proceeding"), without first seeking leave of the Court. (Doc. No. 491.) The Court is also in receipt of a declaration in opposition to the motion, filed by Vivian Shevitz on behalf of Defendants (Doc. No. 496), a reply to the opposition filed by the Receiver (Doc. No. 500), and a supplemental reply filed by Ms. Shevitz (Doc. No. 502). As set forth below, the Receiver's motion is granted in part and denied in part.

    The Court notes that by Order dated October 17, 2012 (Doc No. 267), the Court appointed Mr. Gazes as receiver over all the assets (collectively, the "Receivership Assets") of Amerindo Technology Growth Fund II Inc. ("ATGFII"), Amerindo Investment Advisors Inc., Amerindo Advisors UK Limited, Amerindo Management Inc., Amerindo Technology Growth Fund, Inc., Techno Raquia, S.A., Olafson, Inc., and Amerindo Master Venture Fund LLC

(collectively, the "Companies"). The Court reaffirmed the Receiver's appointment in an Order dated March 11, 2013. (Doc. No. 272.) Although it should hardly be necessary given the breadth of the March 11, 2013 Order, IT IS HEREBY ORDERED THAT the Receivership Assets of the Companies over which the Receiver has been appointed include *all* assets of the Companies, wherever held.

IT IS FURTHER ORDERED THAT the Receiver is empowered to take all steps necessary to recover the Receivership Assets, including, where necessary, seeking recognition of his appointment in jurisdictions outside the United States where Receivership Assets are located, such as in the Cayman Proceeding.

IT IS FURTHER ORDERED THAT the term "assets" includes, but shall not be limited to, cash or its equivalent, securities, bonds, depository accounts, claims, causes of action, accounts, escheated assets, and dividends held by or for the benefit of the Companies wherever located, including the dividend due to ATGFII in the Cayman Proceeding.

IT IS FURTHER ORDERED THAT the Receiver is authorized to pay SG Americas Securities, LLC, or any other custodian of a Receivership Asset, the customary fees and expenses attendant to the liquidation of any Receivership Asset.

However, the Court finds that an order enjoining Defendants and their representatives from defending any property interests they may have in any proceeding throughout the world would be overly broad and is not necessary to effectuate the Court's jurisdiction over the receivership estate. Accordingly, IT IS FURTHER ORDERED THAT the Receiver's motion for a broad order enjoining Defendants from interfering with Receivership Assets is DENIED. With respect to the Cayman Proceeding, the Court is confident that this clarifying Order will be

sufficient to establish the Receiver's authority with respect to any and all Receivership Assets in that country.

SO ORDERED.

Dated:   November 20, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE