UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                *Plaintiff*,

           -against-

AMERINDO INVESTMENT ADVISORS,
INC., et al,

                *Defendants*.

05 Civ. 5231 (RJS)

ECF CASE

# RESPONSE OF CLAIMANTS MARIA DICHOV, JACQUELINE GAZTAMBIDE AND ANA R. ACEVEDO TO THE OBJECTIONS OF MARCUS CLAIMANTS TO THE RECEIVER'S MOTION FOR A SECOND INTERIM DISTRIBUTION

       Claimants Maria Dichov, Jacqueline Gaztambide and Ana R. Acevedo (collectively, "Responding Claimants"), by their counsel, Cahill Partners LLP, submit the following Response to the Objections of the Marcus Claimants to the Receiver's Motion For a Second Interim Distribution (Docket Nos. 504 and 504-1), dated November 14, 2014 (the "Marcus Objections")

**Introduction**

       1.     For the reasons explained below Responding Claimants take no position on whether the method of calculation proposed by the Marcus Claimants should be used for the Second Interim Distribution. Rather, this Response addresses the Objections of the Marcus Claimants to correct their calculation of the amount that Responding Claimant Maria Dichov's Claim amounts and distribution would be should the Court decide apply the Marcus Claimants' proposed distribution method.

**The Merits of the Marcus Objection**

2.     The Marcus Objections, and their proposed alternative methodology, are based upon their premise that the Receiver's use of the distribution formula currently approved by the Court for calculating the amounts for the Second Interim Distribution would present a risk that some Claimants with interests in ATGF might be paid more in total interim distributions than they would be entitled to receive over all for those interests.

3.     Evaluating whether such a risk exists depends upon a comparison of the total amount of the first and second distributions to a reliable understanding of the likely total recovery of funds after liquidation of all Amerindo investments, an amount that is not known with any certainty at this time.  The Marcus Claimants themselves observe that the total recovery could be 'substantially in excess' of the total amount of claims.

4.     The information needed to evaluate that risk is either best known, or best capable of estimation in the first instance by the Receiver, who is responsible for the liquidation of Amerindo assets, but is not known to Responding Claimants.  Accordingly, Responding Claimants are not able at this time to take a position concerning the risk that is at the heart of the Marcus Claimants' Objection.

**The Calculation of the amounts due to Responding Claimants Maria Dichov should the Marcus Claimants' proposed methodology be approved by the Court.**

5.     The Marcus Objector's calculation of the total amount of the Second Interim Distribution using their proposed methodology significantly understates the amount that Dichov would receive were the Court to adopt the proposed Marcus methodology and, thus, understates the amount of the Second Interim Distribution that would result were the Marcus Objector's

2

methodology to be utilized.

6.     An accurate statement of the amount of the Second Interim Distribution using the Marcus Objector's methodology is necessary both to ensure equitable and accurate treatment of all Claimants, and to allow an accurate assessment of the risk concern expressed in the Marcus Objection.   In Exhibit A hereto Responding Claimants have recalculated the claims of Maria Dichov to correctly utilize the Marcus Objector's proposed methodology.

7.     In their calculation, the Marcus Claimants correctly stated the allowed amount of the Dichov claim currently allowed by the Receiver, but characterized Ms. Dichov's claim as involving only GRFDA assets.  Exhibit A to Marcus Objections to Receiver's Motion for the Second Interim Distribution dated 10-13-14, p. 2, line 38,column I (hereinafter, "Marcus Exhibit A") (Docket No. 504-1).  However, both the Dichov Claim and supporting documentation make it clear that Dichov's Claim included shares of ATGF, and the Receiver clearly included Dichov's ATGF holdings in presenting the claim amount that the Court approved.  See Receiver's Supplemental Position Regarding Investor Claims of Maria Dichov and Anna Acevedo, October 15, 2014, at paras. 2 to 4.

8.     The net effect of the Marcus Objector's proposed methodology is to adjust the value of each Claimant's ATGF holding to reflect a share value of $29.95 per share.  Thus, the failure to characterize the correct portion of Dichov's approved claim amount as ATGF shares resulted in a miscalculation of her claim  and distribution amount under the Marcus Objector's proposed methodology.

9.     In Exhibit A, filed herewith, the Dichov claim and distribution was re-calculated to reflect Dichov's ownership of ATGF shares.  For ease of reference the Marcus Objector's calculation of the Dichov claim and distribution (taken from Marcus Exhibit A) is presented in

the row titled "MARCUS CALC, directly above Dichov's corrected calculation in the row titled

". This exhibit established that when Dichov's ownership of ATGF shares is included in the calculation as such, the total amount of her claim increases from $1,567,529 to $1,960, 986, an increase of $392,658.

9. The Claim of Ana R. Acevedo has a similar mischaracterization error in Marcus Exhibit A. In that document Acevedo's claim is characterized as being all related to ATGF shares. See, Marcus Exhibit A, Page 1, line35, Column D. In fact, the Acevedo claim is comprised party of an interest in GRFDA and partly of ATGF. Receiver's Supplemental Position Regarding Investor Claims of Maria Dichov and Anna Acevedo, October 15, 2014, at paras. 5 to 6.

10. The Acevedo allowed claim not been recalculated at this time because Acevdo has presented additional information to the Receiver to support re-computation of her Claim, as permitted by the Court's Order of October 17, 2014 (Docket No. 495). Once the Receiver's review of that information is complete, should his calculation of Acevedo's Claim change and the Court decide to adopt the alternate proposed methodology, a recalculation of Acedvedo's claim will be performed at that time.

Dated: New York, New York
      November 21, 2014                         **CAHILL PARTNERS LLP**

                                              By: ___s/_Paul A. Winick_____
                                                  Paul A. Winick
                                                  Ronald W. Adelman
                                                  70 West 40th Street
                                                  New York, NY 10018
                                                  Phone: (212) 719-4400
                                                  Fax: (212) 719-4440
                                                  *Attorneys for Claimants*
                                                  *Maria Dichov, Jacqueline*
                                                  *Gaztambide and Ana R.*
                                                  *Acevedo*