UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

**RECEIVER'S MOTION FOR AN ORDER DIRECTING AN ACCOUNTING AND THE TURN OVER OF ALL RECEIVERSHIP ASSETS HELD AT U.S. BANK N.A.**

TO:   THE HONORABLE RICHARD J. SULLIVAN
      UNITED STATES DISTRICT JUDGE

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned civil case, hereby moves this Court (the "Motion") for entry of an order directing an accounting and the immediate turnover of all receivership assets held at U.S. Bank N.A. ("U.S. Bank"), respectfully states as follows:

**I. BACKGROUND**

1.      On October 17, 2012, the Court entered an Order appointing the Receiver and empowered him "to investigate and determine the value of investor assets that have been seized or frozen pursuant to the post-conviction forfeiture order in the [parallel] criminal case to consider what actions can and should be taken to avoid dissipation of those assets identifying the receivership assets, and to submit a report to the Court regarding his findings and recommendations. Upon receiving his report, the Court will determine whether Mr. Gazes should

be empowered to take broader action, such as managing the assets and beginning a claims process for investors." (the "Appointment Order")  [ECF Doc. No. 267].

4.	The Receivership Assets identified in the Forfeiture Order include, without limitation, various assets held in the names of the various entity defendants including, without limitation, "Approximately $1.6 million funds on deposit at U.S. Bank for the benefit of Amerindo Growth Fund II, Inc."

5.	By Memorandum and Order dated March 11, 2013 (the "March 11th Order"), the Court "reaffirm[ed] its October 17, 2012 Order…appointing Ian Grazes [sic] as receiver" and directed the Receiver to "investigate and determine the value of investor assets and the value of the Individual Defendants' claims to monies that have been frozen pursuant to the restraining order in the criminal case; consider what actions can and should be taken to avoid dissipation of those assets; and submit a report to the Court regarding his findings and recommendations by April 22, 2013" [ECF Doc. No. 272].

6.	On May 30, 2013, the Receiver filed his Initial Report and Recommendations ("R&R") [ECF Doc. No. 283].

7.	On June 19, 2013, the Court signed two Orders (together, the "Claims and Distribution Orders") which, among other things, adopted the R&R and "directed that the entities holding on deposit the Miscellaneous Accounts turnover, at the Receiver's written direction, all cash held on deposit in the Miscellaneous Accounts."  Among the Miscellaneous Accounts, the R&R specifically identified, "Approximately $1.6 million in funds on deposit at U.S. Bank for the benefit of Amerindo Technology Growth Fund II, Inc." (the "U.S. Bank Funds").

8.	On October 6, 2014, the Receiver filed a motion seeking, among other things, the entry of an order clarifying which assets are subject to the receivership [ECF Doc. No.

9. On November 21, 2014, the Court entered an order (the "Clarification Order") decreeing:

> IT IS HEREBY ORDERED THAT the Receivership Assets of the Companies over which the Receiver has been appointed include all assets of the Companies, wherever held.
>
> IT IS FURTHER ORDERED THAT the Receiver is empowered to take all steps necessary to recover the Receivership Assets, including, where necessary, seeking recognition of his appointment in jurisdictions outside the United States where Receivership Assets are located, such as in the Cayman Proceeding.
>
> IT IS FURTHER ORDERED THAT the term "assets" includes, but shall not be limited to, cash or its equivalent, securities, bonds, depository accounts, claims, causes of action, accounts, escheated assets, and dividends held by or for the benefit of the Companies wherever located, including the dividend due to ATGFII in the Cayman Proceeding.

[ECF Doc. No. 507].

10. Over a several month period in 2014 both before and after the entry of the Clarification Order, the Receiver demanded that U.S. Bank turn over the U.S. Bank Funds. However, upon information and belief U.S. Bank believes it may be constrained from releasing the receivership assets based upon the inclusion of the U.S. Bank Funds in the Post-Conviction Restraining Order entered by the Court in the parallel criminal case on October 26, 2009 (the "Restraining Order"). It is thus clear that U.S. Bank will not turn over the U.S. Bank Funds to the Receivership absent a specific order directing it to do so.

## II. ARGUMENT

11. Pursuant to the Claims and Distribution Orders and the Clarification Order, it is clear that the U.S. Bank Funds are receivership assets, which must be turned-over to the Receiver. Moreover, this Court has inherent authority to enforce its own orders including the

Claims and Distribution Orders and the Clarification Order. *Degen v. United States*, 517 U.S. 820, 827 (1996). It is equally clear, that whatever the continuing effect of the Restraining Order might be, it does not prohibit U.S. Bank's compliance with the Receiver's demand. Indeed, all of the receivership assets that have been liquidated to date are specifically identified in the Restraining Order.

      WHEREFORE, the Receiver respectfully requests entry of an order directing that U.S. Bank immediately turn over and provide to the Receiver an accounting of all receivership assets in its possession including, without limitation, the U.S. Bank Funds and grant such other, further and different relief this Court deems just and proper.

Dated: New York, New York            Respectfully Submitted,
      February 18, 2015               Gazes LLC

                                                By: __/s/ Ian J. Gazes_____
                                                151 Hudson Street
                                                New York, New York 10013
                                                (212) 765-9000