UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>Defendants. | 05 Civ. 5231 (RJS)<br><br>ECF CASE |

**RECEIVER'S RESPONSE IN SUPPORT OF THE SECOND APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ ACCOUNTING TAX & ADVISORY OF SAN DIEGO, LLC, AS FINANCIAL ADVISOR TO THE RECEIVER OF AMERINDO INVESTMENT ADVISORS INC. *et al*,**

Ian J. Gazes, the Court appointed receiver (the "Receiver") in the above-captioned case, hereby submits this response in support of the Second Interim Application (the "Application") of CBIZ Accounting Tax & Advisory of New York LLC ("CBIZ NY") and CBIZ Accounting Tax & Advisory of San Diego LLC ("CBIZ SD", collectively "CBIZ"), financial advisor to the Receiver, for compensation for services rendered in the amount of $146,066.20 and reimbursement of expenses in the amount of $17.61 for the period January 1, 2014 through December 31, 2014 (the "Compensation Period").

1. The Receiver has reviewed the Application and submits that the requested fees and expenses are reasonable and relate to necessary services that fall squarely within the scope of CBIZ's employment as financial advisor to the Receiver pursuant to this Court's order dated October 2, 2013 (Doc. No. 312). To the extent necessary to comply with Rule 11 of the Federal

Rules of Bankruptcy Procedure, the Receiver adopts and incorporates the Application as if fully set forth herein.

2.      In response to the Application, the Defendants have submitted a Declaration in opposition (Doc. No. 538) that largely reprises arguments previously rejected by the Court on several occasions. In this go around, however, Defendants repurpose those same arguments to oppose the Application.

3.      First, Defendants again assert that this Court lacks jurisdiction to enter orders related to the receivership, a contention repeatedly rejected by this Court. Decl. at ¶ 2.  For example, approximately one month ago, the Court entered an order granting the Receiver's motion to compel turn-over of certain receivership assets (Doc. No. 536).

4.      Second, Defendants recycle their opposition to the Court approved method for assessing investor claims (the Pooling Method of Net Contribution Amounts or NCA) as a basis for disallowing CBIZ' requested fees and expenses. Decl. at ¶¶ 3-7.  In this renewed attempt to discredit the NCA, Decl. at ¶ 3, Defendants hope to also discredit any efforts undertaken by the Receiver and his retained professionals.

5.      Finally, Defendants portray communications among the Receiver, CBIZ, and SEC staff as no less than conspiratorial. Decl. at ¶¶ 8-9.  This is simply another old play from the Defendants' playbook.  As the Receiver stated in his Omnibus Reply to Opposition to the Receiver's Amended Motion for an Order (a) Fixing Investor Claims and (b) Authorizing Interim Distribution:

> [T]he Individual Defendants issue what amounts to no more than an *ad hominem* attack on the Receiver's integrity by casting his consultation with SEC staff in the most negative light possible. Throughout the pendency of the receivership, the Receiver has consulted with numerous parties in interest including the Mayers, Marcus, and SEC staff as well as the Individual Defendants themselves. The Receiver's consultation with SEC staff following the filing of the Initial Motion is

in keeping with the Receiver's approach to this case. Because the SEC's support for plan of distribution is one factor considered in approving such a plan, it was only reasonable that the Receiver consider the SEC's position. *See Byers*, 637 F. Supp. 2d at 166 (S.D.N.Y.) (distribution plan "formulated in cooperation with the SEC" found to be fair and reasonable). (Doc. No. 395)

5. For all their efforts, however, Defendants fail to address the legal standard governing the relief requested in the Application. In considering a request for compensation by a receiver or his or her professionals, the Court must determine whether the requested fees are reasonable. *See SEC v. Byers*, 590 F. Supp. 2d 637 (S.D.N.Y. 2008) (requested fees of receiver's accountants and financial advisers based on discounted hourly rate of $350.00 found to be reasonable). Where the receivership has not been fully administered, the lodestar method is to be employed in determining reasonable compensation. *Id*. Under the lodestar method, the court multiples the number of hours reasonably billed by a reasonable hourly rate. *Id*. Finally, the Court will strongly consider the SEC's support or opposition to a given fee application. *Id*.

6. Here, CBIZ' time records shows a total of 542.4 hours worked during the Compensation Period. The Receiver's review of those records indicate that all billed hours relate to actual and necessary services rendered by CBIZ in connection with the Receiver's administration of the receivership estate. The time records further show that CBIZ' discounted blended hourly rate for the Compensation Period was $269.30 per hour. As this represents a 30% discount to CBIZ' normal rates, the Receiver submits that CBIZ' blended hourly rate is more than reasonable. Under the lodestar method, CBIZ is thus entitled to its requested fees of $146,066.20. This conclusion is further bolstered by the fact that SEC staff have reviewed the Application and have no objection to CBIZ's requested fees and expenses.

**WHEREFORE**, the Receiver respectfully submits that the Court grant the Application.

New York, New York
June 29, 2015                                      /s/ Ian J. Gazes_____
                                                  Ian J. Gazes, Receiver
                                                  Gazes LLC
                                                  151 Hudson Street
                                                  New York, New York 10013
                                                  (212) 765-9000