UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

          Defendants.

No. 05-cv-5231 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

On July 14, 2017, the Court directed the Court-appointed Receiver Ian J. Gazes to make a fourth interim distribution to Defendants' investors and denied Defendants' motion to vacate the prior judgments in this case. (Doc. Nos. 665, 669.) Now before the Court is Defendants' motion for reconsideration of that Order. (Doc. No. 669.) For the reasons set forth below, Defendants' motion for reconsideration is DENIED.

The Court assumes the parties' familiarity with the facts and procedural history of this case, which are set forth in numerous prior orders (*see, e.g.*, Doc. Nos. 272, 348, 432, 510, 618, 669), as well as the Second Circuit's opinion affirming the final judgments against Defendants, *Sec. & Exch. Comm'n v. Amerindo Inv. Advs.*, 639 F. App'x 752 (2d Cir. 2016), *cert. denied*, 136 S. Ct. 2429 (2016). Accordingly, the Court will provide only the background necessary to decide the instant motion for reconsideration, which cites Local Rule 6.3 and appears to have been made pursuant to Federal Rule of Civil Procedure 60.

Defendants make two arguments in their motion for reconsideration. First, Defendants contend that the Court "should not have decided the receiver's motions [regarding the fourth

interim distribution] or imposed further penalty until after it considers [Defendants'] pending 2255 petition."[1] (Doc. No. 671 at 1–2.) Second, Defendants argue that the Supreme Court's recent decision in *Kokesh v. Sec. & Exch. Comm'n*, 137 S. Ct. 1635 (2017), "redefines SEC penalties as punitive and supports [D]efendants' showing that there was repetitive and excessive cumulative punishment, and that those punishments violate Double Jeopardy, Due Process and the 8th Amendment." (*Id.*) In addition to those two arguments, Defendants advance many of the same points found in their petitions to vacate their criminal convictions pursuant to 28 U.S.C. § 2255, in particular their claims of ineffective assistance of counsel. (*See* Doc. No. 1, *Vilar and Tanaka v. United States*, 17-cv-1492 (RJS).)

The standard for a motion to reconsider "is strict" and requires "deni[al] unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trasp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A party may not reargue "those issues already considered when the party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Furthermore, the party "may not advance new facts, issues, or arguments not previously presented to the court." *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996).

Here, Defendants' first argument – that this Court should resolve their pending habeas petition before continuing further disbursements in the civil matter – is easily dismissed. Defendants' criminal convictions are final. *See United States v. Vilar*, 729 F.3d 62 (2d Cir. 2013),

---

[1] On February 24, 2017, Defendants filed petitions to vacate their convictions pursuant to 28 U.S.C. § 2255. (Doc. No. 1, *Vilar and Tanaka v. United States*, 17-cv-1492 (RJS)). Citing those petitions, Defendants argue here: "This Court's rulings granting summary judgment *and* imposing penalties are premised on the collateral estoppel effect of [the Defendants' criminal convictions]. The 2255 and the Rule 60 objections in this case, [sic] challenge the reliability and integrity of the underlying judgment. The challenges should be considered first." (Doc. No. 671 at 1.)

2

*cert. denied* 134 S.Ct. 2684 (2014). Throughout these civil proceedings, this Court has afforded preclusive effect to those criminal convictions, *see Sec. & Exch. Comm'n v. Amerindo Inv. Advs.*, No. 05-cv-5231 (RJS), 2013 WL 1385013 at *4 (S.D.N.Y. Mar. 11, 2013), a decision consistent with longstanding precedent and affirmed on appeal, *Amerindo Inv. Advs.*, 639 F. App'x at 754 ("Appellants proffer no persuasive reason to depart from [the principle that a criminal conviction constitutes estoppel in favor of the United States in a subsequent civil proceeding]; they simply recite a string of unsubstantiated assertions . . . which do not . . . provide any reason to doubt the fairness of the prior criminal proceedings."), *cert. denied* 136 S. Ct. 2429. To the extent Defendants argue this Court is not permitted to continue disbursements until it resolves their pending habeas petitions, that argument is baseless.

If instead Defendants ask the Court to exercise discretion to stay any further disbursements until Defendants' habeas petition has been reviewed, the Court declines to do so. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (decision to stay civil proceedings in "the interests of justice" remains within discretion of district court (citations and quotations omitted)). Even in the context of an *ongoing* criminal prosecution, courts have been quite clear that a defendant has no right to a stay of civil proceedings pending the outcome of criminal prosecution. *See id.* (citing approvingly *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980), which relied on *United States v. Kordel*, 397 U.S. 1 (1970)). In this case, the criminal trial concluded with a conviction nearly a decade ago, and Defendants' appellate arguments to date have been rejected emphatically by the Second Circuit and Supreme Court. In the meantime, investors have waited patiently for the return of investments made as far back as 1986. *Vilar*, 729 F.3d at 68. In short, the Court can discern no persuasive reason to further delay these disbursements; indeed, Defendants themselves acknowledged the propriety of returning monies to

their investors at their initial sentencing in 2010. (*See* Doc. No. 434 (initial sentencing transcript), Doc. No. 694 at e.g., 49–55 (re-sentencing transcript), *United States v. Vilar, et al.*, 05-cr-621 (RJS).)

Defendants' second argument, which relies on the Supreme Court's decision in *Kokesh*, fares no better since Defendants simply restate the arguments made in their June 23, 2017 Rule 60 motion, each of which the Court already addressed in its July 14, 2017 Order. (Doc. No. 669.) There, the Court concluded that Defendants' request for vacatur was not viable under any provision of Rule 60(b). (*Id.* at 16-19.) The Court considered in detail each of the possible avenues to relief created by that rule and determined that none was available to Defendants. The Court further observed that Defendants' reliance on *Kokesh* – which held that "claims for disgorgement imposed as a sanction for violating federal securities law" are subject to the five-year statute of limitations for any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise set forth in 28 U.S.C. § 2426," 137 S. Ct. at 1639 – was futile because Defendants had already *waived* any statute of limitations defense in this case. (*Id.*); *see also Amerindo*, 639 F. App'x at 754 ("Vilar and Tanaka waived their statute of limitations defense by not raising it in their motion to dismiss the amended complaint," and the other Defendants "abandoned" "the statute of limitations defense . . . by their failure to appear and assert that defense.")

In sum, the instant motion for reconsideration simply presents the same arguments already rejected by this Court, as well as a prudential argument that the Court should stay any further distributions in this civil matter until after it has ruled on Defendants' pending habeas petitions. None of these arguments warrants reconsideration of the Court's July 17, 2017 Order, and

Defendants' motion is therefore DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 671.

SO ORDERED.

Dated: November 29, 2017
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE