

SEYMOUR J. REISMAN
DAVID H. PEIREZ *
JEROME REISMAN
MICHAEL J. ANGELO
JOSEPH CAPOBIANCO

GLENN S. FORSTNER °
LISA A. GIUNTA
JESSICA GOLDBERG
MATTHEW KELLY

\*    MEMBER NY AND FL BAR
°    MEMBER NY AND NJ BAR

**REISMAN PEIREZ REISMAN & CAPOBIANCO LLP**

1305 FRANKLIN AVENUE
PO BOX 119
GARDEN CITY, NEW YORK  11530
PHONE (516) 746-7799 | FAX (516) 742-4946
WWW.REISMANPEIREZ.COM

Direct E-Mail:
JReisman@reismanpeirez.com

SENIOR COUNSEL
HON. JOHN B. RIORDAN
NASSAU COUNTY SURROGATE
(2001-2010)

OF COUNSEL
ROBERT KLUGMAN

September 6, 2018

Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    ***United States v. Vilar and Tanaka***
> **Case No. 05-CR-621 (RJS)**
>
> ***SEC v. Amerindo Investment Advisors Inc., et al.***
> **Case No. 05-CV-5231 (RJS)**

Dear Judge Sullivan:

We represent Debra Mayer and Lisa Mayer (the "Mayers"), who are interested parties in the above-referenced civil action (the "Receivership Action"). Today we learned that on August 14, 2018 the Government filed a motion in the above-referenced criminal matter (the "Criminal Action") seeking a preliminary order of forfeiture as to substitute assets held by the Receiver Ian Gazes, Esq. (the "Receiver") in the Receivership Action. (Criminal Action, Dkt. No. 769.)

Neither the Mayers nor any of the other interested parties in the Receivership Action received any notice from the Government concerning its motion, despite the fact that the motion seeks to forfeit the substitute assets held by the Receiver. It was only through ancillary investigation that we learned about the motion.

Given the dramatic ramifications that the Government's motion may have upon the Receivership Action, the Mayers respectfully request an opportunity to be heard and to respond to the motion. Importantly, there are still outstanding unresolved issues in the Receivership Action, which the Government's motion seeks to unfairly circumvent.

For example, as the Mayers highlighted in their September 15, 2017 letter to the Court in the Receivership Action (Dkt. No. 681), the Mayers are still owed $190,674.44 in connection with the $13,255,770.98 in restitution awarded to them in the Criminal Action, plus post-judgment interest. In this regard, only $13,065,096.54 of the $13,493,329.03 distributed to

REISMAN PEIREZ REISMAN & CAPOBIANCO LLP

Honorable Richard J. Sullivan
September 6, 2018
Page 2

the Mayers in the Receivership Action actually went toward satisfying the loss reflected in the restitution judgment, leaving the above balance still due and owing.  The Mayers are thus seeking an extra distribution in the Receivership Action for this remaining balance, which the Court has yet to rule upon.  *See, e.g., United States v. McGinn*, 787 F.3d 116, 130 (2d Cir. 2015).

Additionally, in their September 15, 2017 letter, the Mayers raised issues with respect to their judgments, totaling $23,167,811.78, plus post-judgment interest at the New York statutory rate of nine percent, awarded to them in *Lisa Mayer, et al. v. Alberto Vilar, et al.*, Index No. 603234/2004, Supreme Court of the State of New York, County of New York (the "State Judgments").  These State Judgments have not been paid in full.  Importantly, this Court has held that "**to the extent Defendants retain any assets when this process [concerning repayment toward the defrauded investors] is complete, the Mayers and other creditors may seek to execute against those assets at that time.**" (Receivership Action, Dkt. No. 432, pg. 18, emphasis supplied.)  Therefore, the Mayers are also seeking a further distribution in the Receivership Action to cover the unsatisfied portion of their State Judgments, which again the Court has yet to rule upon.  *See Rafkind v. Chase Manahttan Bank, N.A.*, 1992 U.S. Dist. LEXIS 18625, at *2 (S.D.N.Y. Dec. 7, 1992).

The Government's motion, if granted, would hinder the resolution of the aforesaid issues, which have now been pending for almost a year.  Notably, the Mayers' State Judgments predate the money judgments obtained by the Government in the Criminal Action, which are the basis of the Government's motion.  The Mayers have been prevented from enforcing the State Judgments due to the restraining order issued by the Court on or about October 26, 2009. (Criminal Action, Dkt. No. 364.)  Moreover, the Mayers and others in the Receivership Action have appealed several of the Court's orders to the Second Circuit, and the Second Circuit has held that it will hear these appeals following the resolution of the Receivership Action. (Receivership Action, Dkt. No. 695.)  As such, granting the Government's motion for a preliminary order of forfeiture as to the substitute assets held by the Receiver and commencing a forfeiture proceeding at this juncture is entirely premature and unjust when there are issues that must still be resolved in the Receivership Action.

Based on the foregoing, the Mayers seek permission to file a response to the Government's motion on or before October 3, 2018 in order to, *inter alia*, further expound on the above arguments.  Thank you.

Respectfully yours,

Jerome Reisman

JR:213378v2
cc:  All parties (via ECF)