

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY ST., SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
TELEPHONE:  (212) 336-0095

October 4, 2018

**BY EMAIL AND ECF**

Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
40 Centre Street
New York, NY 10007

      Re:    **SEC v. Amerindo Investment Advisors Inc., et al., 05-Civ.-5231 (RJS)**

Dear Judge Sullivan:

      The Securities and Exchange Commission ("SEC") writes to state its position with respect to the August 14, 2018 motion by the United States of America for a proposed preliminary order of forfeiture as to substitute assets (the "Forfeiture Motion") filed in *United States v. Alberto William Vilar and Gary Alan Tanaka*, 05-cr-621 (RJS) (SDNY) (the "Criminal Action").   By letter dated August 11, 2017, and prior to the filing by the Government of the Forfeiture Motion, the SEC stated its position that continuation of the receivership would be preferable to the filing of a bankruptcy case or to consolidation of the case with a pending action that had been filed by the Mayers.

      In its Opinion and Order filed on July 14, 2017 (Dkt.#669), the Court ordered that allowed investor claims be paid an inflation adjustment on top of the principal amount of the claims that had already been paid in this case.  In its opinion, the Court noted the SEC's position that payment of an inflation adjustment is consistent with existing law, while it is unclear whether profits on a defendant's ill-gotten gain can be paid to harmed investors.  *Id.* at 3.  The Court also rejected certain investors' arguments that they should be paid profits on their claims.  *Id.* at 11-15.

      Because investors have been paid the full amount of their allowed claims in this receivership with an inflation adjustment, it appears that the only remaining claims pending in this receivership are claims held by the SEC, the Government, and potentially a number of unsecured creditors.[1]  Under these circumstances, the SEC sees no need for continuation of the receivership.  Accordingly, the SEC does not object to the Forfeiture Motion and consents to having its claim against the receivership assets to be determined in the context of that motion in the Criminal Action, along with any other claims that investors and other creditors may have against

---

[1] To the best of the SEC's knowledge, the unsecured creditors who have filed claims in the case have not otherwise appeared in the case to assert any rights they may have to a distribution from the receivership assets.

2

those assets that might be asserted in that forum.

Respectfully Submitted,

Neal Jacobson

cc:
by email
Vivian@shevitzlaw.com
Joshua.naftalis@usdoj.gov
aweiss@llf-law.com
pwinick@cahilllawfirm.com
Ian@gazesllc.com
leo@esseslaw.com
jreisman@reismanperiez.com
agoldsmith@khhte.com
jwebster@khhte.com
friedmanj@ballardspahr.com
pbegos@bbgllp.com
pcolbath@loeb.com
emassey@usdoj.gov
awilson3@usdoj.gov