UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

            Defendants.

No. 05-cv-5231 (RJS)

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR, *et al.*,

            Defendants.

No. 05-cr-621 (RJS)

ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/19

RICHARD J. SULLIVAN, Circuit Judge:

    The Court in receipt of (1) a letter from Vivian Shevitz, who represents Defendant Tanaka in this matter on appeal, *see* 2d Cir. Nos. 17-2534, 17-2541, 19-2492, 19-2602, dated December 10, 2019, requesting that the Court appoint counsel for Defendant Tanaka with respect to forfeiture in this matter and that it vacate the Second Preliminary Order of Forfeiture as to Substitute Assets (Doc. No. 849); (2) a letter from Defendant Vilar, dated December 10, 2019, also requesting that the Court vacate the Second Preliminary Order of Forfeiture (Doc. No. 852); (3) a letter from the government, dated December 11, 2019, responding to those letters (Doc. No. 853); and (4) a letter from Vilar, dated December 11, 2019, replying to the government's letter (Doc. No. 854). IT IS

HEREBY ORDERED THAT the motion to appoint counsel made by Ms. Shevitz, who does not represent Defendant Tanaka in this matter, is DENIED. Should Defendant Tanaka wish to make a motion requesting counsel, he may do so. However, the Court notes that it previously declined such a request in an Order dated September 7, 2018 in light of persuasive authority that a defendant has no right to counsel in such matters and the fact that Defendant Tanaka's prior counsel, the Federal Defenders of New York, declined to represent him in connection with the enforcement of forfeiture orders.[1] (Doc. Nos. 782, 774).

Regarding the motions to vacate the Court's Second Preliminary Order of Forfeiture as to Substitute Assets, Defendant Vilar and Ms. Shevitz point to no authority that requires Defendants be heard in such matters. *See* 21 U.S.C. § 853(p); *cf. United States v. Rosario*, 111 F.3d 124 (2d Cir. 1997) (summary order) (finding that a defendant had no right to a hearing to contest that substitute assets were not related to drug proceeds, as the "criminal forfeiture order entered against appellant under § 853 . . . reach[ed] any of appellant's assets" and substitute assets did not need to be sourced from the illegal act). Indeed, it bears noting that Defendants' convictions, including the forfeiture order, have been upheld on appeal. (Doc. No. 710.)

The Court further notes that the Second Preliminary Order of Forfeiture does not suggest that the *entirety* of the J.P. Morgan Chase brokerage account identified in that Order (the "Additional Assets") is subject to forfeiture; to the contrary, the Order merely states that "*Defendants' right, title and interest in* the Additional Assets are hereby forfeited to the United States of America . . . except to the extent that the total portion of the Substitute Assets and the

---

[1] According to a letter from Defendant Tanaka's prior counsel, "Once a conviction becomes final, it is the policy of Federal Defenders of New York not to represent our clients on the enforcement of money judgments that may have been imposed as part of the final judgment. In the present case, the conviction became final almost two years ago, and the Government's application involves only the mechanics of collecting the forfeiture that was imposed as part of that judgment. Special circumstances in a particular case may justify an exception to this policy, but none appears to be present here." (Doc. No. 774.)

2

Additional Assets ultimately forfeited to the United States in a Final Order of Forfeiture . . . exceeds the amounts of the Money Judgments." (Doc. No. 848 ¶ 1 (emphasis added).) As the government notes, the exact extent of Defendants' interests in the Additional Assets is a matter to be resolved in the ancillary proceeding. (*See* Doc. No. 853.)

Accordingly, IT IS FURTHER ORDERED THAT the motions to vacate the Second Preliminary Order of Forfeiture as to Substitute Assets are DENIED. The Clerk of the Court is respectfully requested to terminate the letter motions pending at docket entries 849, 851, 852, and 854.

SO ORDERED.

Dated: December 13, 2019
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation