UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES & EXCHANGE COMMISSION,

                Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS INC.,
AMERINDO INVESTMENT ADVISORS, INC.,
AMERINDO ADVISORS UK LIMITED,
AMERINDO MANAGEMENT INC.,
AMERINDO TECHNOLOGY GROWTH FUND, INC.,
AMERINDO TECHNOLOGY GROWTH FUND II, INC.,
and
TECHNO RAQUIA, S.A.,

                Defendant.

No. 05-cv-5231 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On March 5, 2021, Gary Tanaka and Alberto Vilar docketed the attached letter in their related criminal case, *United States v. Vilar*, No. 05-cr-621, Doc. No. 935, requesting to file an untimely objection to garnishment in this case. IT IS HEREBY ORDERED THAT the Securities and Exchange Commission shall respond to this letter by March 15, 2021.

SO ORDERED.

Dated:    March 8, 2021
             New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation

# LAW OFFICES OF DANIEL M. PEREZ, ESQ.
### ATTORNEYS AT LAW
93 SPRING STREET, SUITE 505
NEWTON, NEW JERSEY 07860
TELEPHONE: (973) 300-5135
FAX: (973) 300-5199
WWW.DANPEREZLAW.COM
E-MAIL: DAN@DANPEREZLAW.COM

March 5, 2021

Hon. Richard J. Sullivan, U.S.C.J.
United States District Court
United States Courthouse
40 Foley Square
New York, NY 10007

**Via ECF and Electronic Mail: sullivannysdchambers@nysd.uscourts.gov**

    Re:    United States v. Tanaka, No. 05-cr-621 (RJS)

Dear Judge Sullivan:

I write regarding the SEC's proposed disposition of three "newly discovered" assets in the SEC case (*United States v. Vilar*, 05-cv-5231 (RJS)), specifically, shares of Financial Engines, Inc. common stock valued at approximately $4.15 million (SEC Docket No. 767); shares of Costar Group valued at approximately $8.6 million (SEC Docket No. 770); and $12,964.22 held by Citibank (SEC Docket No. 769).

Defendants object to the SEC's proposed asset grab fewer than two months after discovering nearly $13 million in securities and cash, in a case that has been pending for nearly 16 years. To begin with, the receivership remains open, pending resolution of the ancillary forfeiture proceeding in the criminal action. *United States v. Vilar*, 05-cr-621 (RJS), Docket No. 800 at 11. The newly discovered assets should be added to the receivership, along with the rest of the substitute assets.

Second, the assets should have been discovered by the receiver. The Court ought to conduct an inquiry into why the receiver failed to locate these assets and what other assets may not have been discovered.

The SEC states those assets are the property of Amerindo Technology Growth Fund II, Inc. (ATGF II). See SEC Docket No. 773 at 2. In its letter dated March 5, 2021, the SEC further maintains that these assets were "never part of the forfeiture." SEC Docket No. 779 at 1.

That is false. On October 26, 2009, in the post-conviction restraining order filed in the criminal case, the Court listed "any and all assets of . . . .ATGF II" as substitute assets. Crim. Docket No. 364 at 2. Likewise, on November 9, 2010, the Court identified "any and all assets of . . . ATGF II" as substitute assets. Crim. Docket No. 463 at 3. *See also* Order, SEC Docket No. 507 at 1 ("The Court notes that by Order dated October 17, 2012 (Doc No. 267), the Court appointed Mr. Gazes as receiver over all the assets (collectively, the 'Receivership Assets') of Amerindo Technology Growth Fund II Inc. ('ATGF II')"); Order, Crim. Docket No. 571 at 2 ("Whereas the forfeiture allegation also included a substitute asset provision . . . including but not limited to any and all right, title, and interest in . . . ATGF II[.]").

Mr. Tanaka respectfully submits that these assets should be directed in the first instance to completely satisfying his outstanding restitution judgment.[1] As the Court is aware, the Amended Judgment in a Criminal Case directed Mr. Tanaka to pay restitution in the amount of $26,637,502.69, which amount was due immediately. Crim. Docket No. 754 at 6-7. The Amended Judgment indicates that "pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid." *Id*. at 6.

After the outstanding restitution amounts are satisfied, the remaining receivership assets should be applied to the outstanding criminal forfeiture judgments against the defendants. *See* Crim. Docket No. 754 at 7 (ordering forfeiture in the amount of $20,578,855.28).

Had the receiver identified and taken possession of these assets, they would have been used to pay down the outstanding restitution and forfeiture amounts. As the SEC notes in its letter of March 5, 2021 (SEC Docket No. 779 at 1 fn.1), the victims recovered their principal claims plus interest adjustments. The outstanding judgments in the criminal case are next in line. While we are unaware of the reasons why the receiver missed nearly $13 million in available assets, the disposition of them should remain unaffected. They should be utilized to satisfy the remaining restitution and forfeiture amounts, as the law requires, and as the Amended Judgment in a Criminal Case requires.

Finally, as for the SEC's anticipated argument that these objections are untimely, defendants had no idea that by not objecting in 20 days, they would be waiving their right to object to the disposition of nearly $13 million in assets. The parties have been working toward a resolution of these matters since approximately early January and these assets have been part of those discussions. At no point was the defense aware (or made aware, such as a notice warning them) that failure to object would be tantamount to consenting to the transfer of $13 million in substitute assets to the SEC while the receivership remains open and appeals are pending. Moreover, the undersigned is not on the distribution list of the SEC case (which will be remedied), and the SEC filed these materials only in the SEC case even though they are clearly interrelated with the criminal case.

---

[1] As noted below, Mr. Vilar joins in this request through his counsel, as it applies to his outstanding restitution amount.

      In short, these cases have been pending for over a decade and a half. We respectfully submit that the interests of justice support defendants' request to file this letter slightly out of time.

      Donna Newman, Esq. and Michael Bachrach, Esq., counsel for Alberto Vilar, have reviewed this letter and join it in its entirety.

      We thank the Court for its kind attention.

                                        Sincerely Yours,

                                        *s/ Daniel M. Perez*

                                        DANIEL M. PEREZ

cc:    Mr. Gary Tanaka
        Mr. Alberto Vilar
        Elizabeth Goody, Esq.
        All counsel (via ECF)