UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  -v-<br><br>ALBERTO WILLIAM VILAR, *et al.*,<br><br>  Defendants. | No. 05-cr-621 (RJS) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  - v -<br><br>AMERINDO INVESTMENT ADVISORS INC., *et al.*,<br><br>  Defendants. | No. 05-cv-5231 (RJS) |
| In the matter of the Application of LISA MAYER and DEBRA MAYER,<br><br>  Petitioners. | No. 12-cv-5240 (RJS)<br><br>  ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the government's December 14, 2021 letter requesting that the

Court (1) enter a Settlement Stipulation among the United States, the Trustees (the "Trustees") of

the Amerindo Advisors (UK) Limited Retirement Benefits Scheme (the "Benefits Scheme"), the

Securities and Exchange Commission (the "SEC"), various Amerindo corporate entities (the

"Amerindo Entities"), James Stableford, and Gary Tanaka (collectively, the "Settling Parties");
(2) vacate the Second Preliminary Order of Forfeiture as to Substitute Assets entered on
December 9, 2019 (05-cr-621, Doc. No. 848 (the "Second Substitute Asset Order")),[1] which
forfeited the defendants' right, title and interest in the assets held in J.P. Morgan Chase
brokerage account number 102-05012 MOD, held in the name of the Trustees of the Benefits
Scheme (the "Additional Assets"); and (3) terminate, with respect to the Additional Assets, the
Post-Conviction Restraining Order entered by the Court on October 26, 2009 (Doc. No. 364), so
that the Additional Assets may be repatriated to the United Kingdom.  (Doc. No. 992 ("Dec. 14
Letter"); *see* Doc. No. 992-1 (the "Settlement").)   Objections to the government's motion to
vacate the Second Substitute Asset Order were filed by Alfred Heitkonig (Doc. No. 1000); by
Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-
Podhaizer Trust, and The Eve S. Marcus Children's Trust (collectively, the "Marcus Claimants")
(Doc. No. 1004); and by Ronald Salvitti (Doc. No. 1005) (together, with the Marcus Claimants
and Heitkonig, the "Claimants").

    A non-party petitioner, however, lacks standing to contest the vacatur of a preliminary
order of forfeiture.  *See United States v. Hodgson*, No. 10-cr-818 (RWS), 2012 WL 3222312, at
*4 (S.D.N.Y. Aug. 7, 2012) *(*"Because a court may amend a preliminary or consent order on the
Government's motion, *see* Fed. R. Crim. P. 32.2(e), a third party does not have standing to object
to the vacatur of that forfeiture order or any part thereof."), *aff'd*, 531 F. App'x 174 (2d Cir.
2013); *United States v. Cone*, 627 F.3d 1356, 1359 (11th Cir. 2010) ("When, on the
government's motion, the district court vacated the preliminary orders of forfeiture, the ancillary
forfeiture proceeding ended – along with [the non-party petitioner's] right to be temporarily
involved in some way in this criminal case.").  Although the Claimants attempt to distinguish

---

[1] Unless otherwise noted, all record citations are to docket 05-cr-621.

*Hodgson* on the ground that it involved objections to a court's vacatur order (rather than to the government's *request* for a vacatur order) the court there expressly stated that "the Petitioner has no standing to contest the Government's application to vacate part of the Consent Order of Forfeiture." *Hodgson*, 2012 WL 3222312, at *4. Moreover, the Claimants cite to no authority for the proposition that a non-party petitioner can block the vacatur of a forfeiture order or compel the government to pursue forfeiture so that third parties may have a forum to litigate their interest in the property.

Nor can the Claimants find support for their position in 21 U.S.C. § 853, the statute governing criminal forfeiture and ancillary proceedings. The Claimants contend that they are entitled to litigate their claims to the Additional Assets in an ancillary proceeding under 21 U.S.C. § 853(n) (*see* Doc. No. 1004 at 6), but section 853 grants third parties only a right to litigate their interest in property that would otherwise be forfeited. *See* 21 U.S.C. § 853(n). Section 853 does not grant third parties a right to litigate claims against a criminal defendant as to property whose forfeiture the government does not seek; it merely protects third parties from forfeiture of their assets by the government. In fact, "[b]efore [this Court] entered preliminary orders of forfeiture, [the Claimants] had no right to participate in this criminal case at all." *Cone*, 627 F.3d at 1359.

The Claimants are similarly misguided in their attempt to rely on this Court's prior decisions stating that their "claims against the assets can and will be litigated in the context of the ancillary proceeding following entry of the preliminary order of forfeiture," *SEC v. Amerindo Inv. Advisors Inc.*, No. 05-cr-621 (RJS), 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019); (*see also* Doc. No. 972 at 9–10). (Doc. No. 1004 at 2–3.) That statement was made in response to the Claimants' opposition to the entry of a preliminary order of forfeiture; it merely expressed

that, at that stage in the litigation, only the Defendants' interests in the property were at issue, and any third party's interest in the property would be determined at a later stage.  *See Amerindo*, 2019 WL 3526590, at *4; *see also United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) (describing the two stages of criminal forfeiture).  But nothing in the Court's earlier decisions suggests that the Claimants are entitled to an ancillary proceeding for property the government no longer seeks to forfeit.  While the vacatur of the Second Substitute Asset Order would not preclude the Claimants from seeking relief in a separate proceeding, it is only the entry of an order of forfeiture that triggers their right to litigate their interest in an ancillary proceeding.  *See* 21 U.S.C. § 853(n).

Finally, the Court is not persuaded by the additional arguments made by Salvitti and Heitkonig.  Salvitti argues that forfeiture of the Additional Assets is mandatory pursuant to 18 U.S.C. § 982(a)(1) as property involved in money laundering.  (*See* Doc. No. 1005 at 2–3.) As the government points out, however, there has been no allegation or finding that the Additional Assets are directly forfeitable under section 982(a)(1).  (*See* Doc. No. 1006; *see also* Doc. No. 848.)  Heitkonig further opposes the Settlement Stipulation on the grounds that the Court has made various findings that the Substitute Assets are comprised of the Amerindo investors' money (*see* Doc. 1000 at 1), but at issue here are the Additional Assets, and the Court has never determined that the Additional Assets contain investor funds.

Accordingly, for the reasons set forth above, the Court GRANTS the government's motion to (1) vacate the Second Preliminary Order of Forfeiture as to Substitute Assets and (2) terminate the Post-Conviction Restraining Order as to the Additional Assets.  The government is hereby ORDERED to submit a proposed Order of Vacatur as to the Second Substitute Asset

Order by **Thursday, April 28, 2022**.  The Clerk of Court is respectfully directed to terminate the

motion pending at 05-cr-621, Doc. No. 992.

SO ORDERED.

Dated:          April 18, 2022
                    New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation